# 22-1426-cr

## United States Court of Appeals

### *for the*

## Second Circuit

UNITED STATES OF AMERICA,

*Appellee,*

– v. –

GHISLAINE MAXWELL, AKA Sealed Defendant 1,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## APPENDIX
### Volume 1 of 2 (Pages A-1 to A-204)

ARTHUR L. AIDALA
DIANA FABI SAMSON
JOHN M. LEVENTHAL
AIDALA BERTUNA & KAMINS PC
*Attorneys for Defendant-Appellant*
546 Fifth Avenue, 6th Floor
New York, New York 10036
(212) 486-0011

i

## TABLE OF CONTENTS

**Page**

United States District Court Docket Entries ............... A-1

Superseding Indictment, filed March 29, 2021 .......... A-114

Opinion and Order of the Honorable Alison J.
    Nathan, dated April 16, 2021 ................................. A-138

Omnibus Memorandum of Ghislaine Maxwell in
    Support of Her Supplemental Pretrial Motions
    Relating to S2 Superseding Indictment, dated
    May 7, 2021
    (Omitted herein)

    Exhibit B to Maxwell Memorandum -
    Non-Prosecution Agreement and Addendum,
    dated October 30, 2007 .......................................... A-172

Opinion and Order of the Honorable Alison J.
    Nathan, dated August 13, 2021 ............................. A-188

Excerpt from Transcript of Proceedings held the
    Honorable Alison J. Nathan, dated
    December 20, 2021 ................................................. A-202

Excerpt from Transcript of Proceedings held the
    Honorable Alison J. Nathan, dated
    December 27, 2021 ................................................. A-207

Letter from Christian R. Everdell to the Honorable
    Alison J. Nathan, dated December 27, 2021 ......... A-223

Excerpt from Transcript of Proceedings held the
    Honorable Alison J. Nathan, dated
    December 28, 2021 ................................................. A-230

Excerpt from Order of the Honorable Alison J.
    Nathan, dated February 4, 2022 ............................ A-238

ii

**Page**

Order of the Honorable Alison J. Nathan, dated
February 24, 2022 .................................................. A-239

The Government's Memorandum in Opposition to
the Defendant's Motion for a New Trial, filed
February 24, 2022
(Omitted herein)

Exhibit A to Government Memorandum -
Independent Online Article "Ghislaine Maxwell
Juror Breaks Silence to The Independent: 'This
Verdict is for All the Victims'", published
January 5, 2022 ...................................................... A-242

Exhibit B to Government Memorandum -
DailyMail Online Article "Exclusive: 'Ghislaine
was a Predator as Guilty as Epstein': Maxwell
Juror Describes Moment he 'locked eyes' with
Sex Trafficker and Reveals his Own Abuse
Ordeal", published January 5, 2022 ...................... A-248

Exhibit C to Government Memorandum -
Reuters Online Article "Some Ghislaine Maxwell
Jurors Initially Doubted Accusers, Juror Says",
published January 5, 2022 .................................... A-260

Transcript of Juror 50 Hearing held before the
Honorable Alison J. Nathan, dated March 8, 2022    A-264

Exhibit 1 to Hearing Transcript -
Questionnaire Form of Juror 50, dated
March 8, 2022 ...................................................... A-289

Opinion and Order of the Honorable Alison J.
Nathan, dated April 1, 2022 .................................. A-318

Opinion and Order of the Honorable Alison J.
Nathan, dated April 29, 2022 ................................ A-358

**iii**

|  | **Page** |
|---|---|
| Excerpt from Transcript of Sentencing, dated June 28, 2022 ......................................................... | A-403 |
| Notice of Appeal, dated July 7, 2022 ......................... | A-420 |

A-1

**Query**   **Reports**   **Utilities**   **Help**   **Log Out**

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CRIMINAL DOCKET FOR CASE #: 1:20-cr-00330-AJN-1

Case title: USA v. Maxwell                    Date Filed: 06/29/2020

                                             Date Terminated: 06/29/2022

---

**Movant**

**Jordana H. Feldman**                 represented by   **Patrick J. Smith**
                                                        Smith Villazor LLP
                                                        250 West 55th Street
                                                        30th Floor
                                                        New York, NY 10019
                                                        (212) 582-4400
                                                        Fax: (347) 338-2532
                                                        Email: patrick.smith@smithvillazor.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: Retained*

---

Assigned to: Judge Alison J. Nathan

Appeals court case numbers: 21-0058 U.S.
Court of Appeals, 2nd Circ., 22-1426 U.S.
Court of Appeals, 2nd Circ.

**Defendant (1)**

**Ghislaine Maxwell**                  represented by   **Christian R. Everdell**
*TERMINATED: 06/29/2022*                                Cohen & Gresser LLP
*also known as*                                         800 Third Avenue
Sealed Defendant 1                                      New York, NY 10022
*TERMINATED: 06/29/2022*                                212-707-7268
                                                        Fax: 212-957-4514
                                                        Email: ceverdell@cohengresser.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jeffrey S. Pagliuca**
                                                        Haddon Morgan and Foreman
                                                        150 East 10th Avenue
                                                        Denver, CO 80203
                                                        (303)-831-7364
                                                        Fax: (303)-832-2628
                                                        Email: jpagliuca@hmflaw.com

**A-2**

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura A. Menninger**
Haddon, Morgan and Foreman, P.C.
950 17th Street
Ste 1000
Denver, CO 80202
303-831-7364
Email: lmenninger@hmflaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark Stewart Cohen**
Cohen & Gresser, LLP (NYC)
800 Third Avenue
New York, NY 10022
(212) 957-7600
Fax: (212)957-4514
Email: mcohen@cohengresser.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bobbi C Sternheim**
Bobbi C. Sternheim, Esq.
225 Broadway
Suite 715
New York, NY 10007
212-243-1100
Fax: 888-587-4737
Email: bcsternheim@mac.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:371.F CONSPIRACY TO ENTICE MINORS TO TRAVEL TO ENGAGE IN ILLEGAL SEX ACTS (1ss) | Judgment not entered on 1 & 5 as multiplicitous, Dkt. No. 657. |
| 18:371.F CONSPIRACY TO TRANSPORT MINORS WITH INTENT TO ENGAGE IN CRIMINAL SEXUAL ACTIVITY (3ss) | IMPRISONMENT: The Defendant is sentenced to a term of 240 Months. Count 3 a sentence of 60 Months. Count 4 a sentence of 120 Months. Count 6 a sentence of 240 Months. All Counts to run concurrently. SUPERVISED RELEASE: 3 Years on Counts 3 and 4. 5 Years on Count 6 to run concurrently. FINE: $750,000.00 |
| 18:2423.F COERCION OR ENTICEMENT OF MINOR FEMALE (TRANSPORTATION OF A MINOR WITH INTENT TO ENGAGE IN CRIMINAL | IMPRISONMENT: The Defendant is sentenced to a term of 240 Months. Count 3 a sentence of 60 Months. Count 4 a sentence of 120 Months. Count 6 a sentence of 240 Months. All Counts to run concurrently. |

A-3

SDNY CM/ECF NextGen Version 1.6

SEXUAL ACTIVITY)

(4ss)

18:371.F SEX TRAFFICKING
CONSPIRACY

(5ss)

18:1591.F SEX TRAFFICKING OF
CHILDREN OR BY FORCE, FRAUD OR
COERCION

(6ss)

SUPERVISED RELEASE: 3 Years on
Counts 3 and 4. 5 Years on Count 6 to run
concurrently. FINE: $750,000.00

Judgment not entered on 1 & 5 as
multiplicitous, Dkt. No. 657.

IMPRISONMENT: The Defendant is
sentenced to a term of 240 Months. Count 3
a sentence of 60 Months. Count 4 a sentence
of 120 Months. Count 6 a sentence of 240
Months. All Counts to run concurrently.
SUPERVISED RELEASE: 3 Years on
Counts 3 and 4. 5 Years on Count 6 to run
concurrently. FINE: $750,000.00

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:371.F CONSPIRACY TO ENTICE MINORS TO TRAVEL TO ENGAGE IN ILLEGAL SEX ACTS<br>(1) | Dismissed |
| 18:371.F CONSPIRACY TO ENTICE MINORS TO TRAVEL TO ENGAGE IN ILLEGAL SEX ACTS<br>(1s) | Dismissed |
| 18:2422.F COERCION OR ENTICEMENT OFA MINOT TO TRAVEL TO ENGAGE IN ILLEGAL SEX ACTS<br>(2) | Dismissed |
| 18:2422.F COERCION OR ENTICEMENT OF MINOR TO ENGAGE IN ILLEGAL SEX ACTS<br>(2s) | Dismissed |
| 18:2422.F COERCION OR ENTICEMENT OF FEMALE (ENTICEMENT OF A MONOR TO TRAVEL TO ENGAGE IN ILLEGAL SEX ACTS)<br>(2ss) | Acquitted by Jury |
| 18:371.F CONSPIRACY TO TRANSPORT MINORS WITH INTENT TO ENGAGE IN CRIMINAL SEXUAL ACTIVITY<br>(3) | Dismissed |
| 18:371.F 18:371.F CONSPIRACY TO TRANSPORT MINORS WITH INTENT TO ENGAGE IN CRIMINAL SEXUAL ACTIVITY<br>(3s) | Dismissed |

| | |
|---|---|
| 18:2423.F COERCION OR ENTICEMENT OF MINOR FEMALE (TRANSPORTATION OF A MINOR WITH INTENT TO ENGAGE IN CRIMINAL SEXUAL ACTIVITY) (4) | Dismissed |
| 18:2423.F TRANSPORTATION OF A MINOR WITH INTENT TO ENGAGE IN CRIMINAL SEXUAL ACTIVITY (4s) | Dismissed |
| 18:1623.F FALSE DECLARATIONS BEFORE GRAND JURY/COURT (PERJURY) (5-6) | Dismissed |
| 18:1623.F FALSE DECLARATIONS BEFORE GRAND JURY/COURT (5s-6s) | Dismissed |
| 18:1623.F FALSE DECLARATIONS BEFORE GRAND JURY/COURT (PERJURY) (7ss-8ss) | Dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Interested Party**

| | | |
|---|---|---|
| **Reporters Committee for Freedom of the Press** | represented by | **Katielynn Boyd Townsend** Reporters Committee For Freedom of The Press 1156 15th Street NW Suite 1020 Washington, DC 20005 202-795-9300 Fax: 202-795-9310 Email: ktownsend@rcfp.org *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* *Designation: Retained* |

---

**Intervenor**

| | | |
|---|---|---|
| **Boies Schiller Flexner LLP** *And the Victims it Represents* | represented by | **David Boies , II** Boies, Schiller & Flexner LLP (Armonk) 333 Main Street Armonk, NY 10504 (914)-749-8200 |

A-5

Fax: (914)-749-8300
Email: dboies@bsfllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Sigrid S. McCawley**
Boies, Schiller & Flexner LLP
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, FL 33301
954-356-0011
Fax: 954-356-0022
Email: smccawley@bsfllp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

---

**Plaintiff**

**USA**                          represented by  **Alex Rossmiller**
U.S. Attorney's Office, Southern District of
New York
1 St. Andrew's Plaza
New York, NY 10007
(212)-637-2415
Email: alexander.rossmiller@usdoj.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Alison Gainfort Moe**
United States Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
(212)-637-2225
Email: alison.moe@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Maurene Ryan Comey**
United States Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
(212)-637-2324
Email: maurene.comey@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Andrew Rohrbach**

DOJ-USAO
1 St. Andrew's Plaza
New York, NY 10007
212-637-2345
Email: Andrew.Rohrbach@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Lara Elizabeth Pomerantz**
United States Attorney's Office
One St. Andrew's Plaza
New York, NY 10007
212-637-2343
Fax: 212-637-2527
Email: Lara.Pomerantz@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/29/2020 | 1 | SEALED INDICTMENT as to Sealed Defendant 1 (1) count(s) 1, 2, 3, 4, 5-6. (jm) (Main Document 1 replaced on 7/2/2020) (jm). (Entered: 07/02/2020) |
| 07/02/2020 | 2 | Order to Unseal Indictment as to Sealed Defendant 1. (Signed by Magistrate Judge Katharine H. Parker on 7/2/20)(jm) (Entered: 07/02/2020) |
| 07/02/2020 | | INDICTMENT UNSEALED as to Ghislaine Maxwell. (jm) (Entered: 07/02/2020) |
| 07/02/2020 | | Case Designated ECF as to Ghislaine Maxwell. (jm) (Entered: 07/02/2020) |
| 07/02/2020 | | Case as to Ghislaine Maxwell ASSIGNED to Judge Alison J. Nathan. (jm) (Entered: 07/02/2020) |
| 07/02/2020 | | Attorney update in case as to Ghislaine Maxwell. Attorney Alex Rossmiller,Maurene Ryan Comey,Alison Gainfort Moe for USA added. (jm) (Entered: 07/02/2020) |
| 07/02/2020 | 4 | MOTION to detain defendant . Document filed by USA as to Ghislaine Maxwell. (Moe, Alison) (Entered: 07/02/2020) |
| 07/02/2020 | | Arrest of Ghislaine Maxwell in the United States District Court - District of New Hampshire. (jm) (Entered: 07/06/2020) |
| 07/05/2020 | 5 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, and Alex Rossmiller dated July 5, 2020 re: Request to Schedule Initial Appearance Document filed by USA. (Comey, Maurene) (Entered: 07/05/2020) |
| 07/06/2020 | 6 | Rule 5(c)(3) Documents Received as to Ghislaine Maxwell from the United States District Court - District of New Hampshire. (jm) (Entered: 07/06/2020) |
| 07/06/2020 | 7 | ORDER as to Ghislaine Maxwell. This matter has been assigned to me for all purposes. In its July 5, 2020 letter, the Government on behalf of the parties requested that the Court schedule an arraignment, initial appearance, and bail hearing in this matter in the afternoon of Friday, July 10. See Dkt. No. 5. In light of the COVID public health crisis, there are significant safety issues related to in-court proceedings. If the Defendant is willing to waive her physical presence, this proceeding will be conducted remotely. To that end, defense counsel should confer with the Defendant regarding waiving her physical presence. If the Defendant wishes to waive her physical presence for this proceeding, she and her counsel should sign the attached form in advance of the proceeding if feasible.If this proceeding is to be conducted remotely, there are protocols |

| | | |
|---|---|---|
| | | at the Metropolitan Detention Center that limit the times at which the Defendant could be produced so that she could appear by video. In the next week, the Defendant could be produced by video at either 9:00 a.m. on July 9, 2020 or sometime during the morning of July 14, 2020. Counsel are hereby ordered to meet and confer regarding scheduling for this initial proceeding in light of these constraints. If counsel does anticipate proceeding remotely, by 9:00 p.m. tonight, counsel should file a joint letter proposing a date and time for the proceeding consistent with this scheduling information, as well as a revised briefing schedule for the Defendant's bail application.SO ORDERED. (Signed by Judge Alison J. Nathan on 7/6/2020)(jbo) (Entered: 07/06/2020) |
| 07/06/2020 | 8 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Mark S. Cohen dated July 6, 2020 re: Scheduling (Cohen, Mark) (Entered: 07/06/2020) |
| 07/07/2020 | 9 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Alex Rossmiller dated July 7, 2020 re: scheduling Document filed by USA. (Rossmiller, Alex) (Entered: 07/07/2020) |
| 07/07/2020 | 10 | ORDER as to Ghislaine Maxwell. An arraignment, initial conference, and bail hearing in this matter is hereby scheduled to occur as a remote video/teleconference using an internet platform on July 14, 2020 at 1 p.m. In advance of the conference, Chambers will email counsel with further information on how to access the video conference. To optimize the quality of the video feed, only the Court, the Defendant, defense counsel, and counsel for the Government will appear by video for the proceeding; all others may access the audio of the public proceeding by telephone. Due to the limited capacity of the internet platform system, only one attorney per party may participate by video. Co-counsel, members of the press, and the public may access the audio feed of the proceeding by calling a dial-in number, which the Court will provide in advance of the proceeding by subsequent order. Given the high degree of public interest in this case, a video feed of the remote proceeding will be available for viewing in the Jury Assembly Room located at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY. Due to social distancing requirements, seating will be extremely limited; when capacity is reached no additional persons will be admitted. Per the S.D.N.Y. COVID-19 Courthouse Entry Program, anyone who appears at any S.D.N.Y. courthouse must complete a questionnaire on the date of the proceeding prior to arriving at the courthouse. All visitors must also have their temperature taken when they arrive at the courthouse. Please see the instructions, attached. Completing the questionnaire ahead of time will save time and effort upon entry. Only persons who meet the entry requirements established by the questionnaire and whose temperatures are below 100.4 degrees will be allowed to enter the courthouse. Face coverings that cover the nose and mouth must be worn at all times. Anyone who fails to comply with the COVID-19 protocols that have been adopted by the Court will be required to leave the courthouse. There are no exceptions. As discussed in the Court's previous order, defense counsel shall, if possible, discuss the Waiver of Right to be Present at Criminal Proceeding with the Defendant prior to the proceeding. See Dkt. No. 7. If the Defendant consents, and is able to sign the form (either personally or, in accordance with Standing Order 20-MC-174 of March 27, 2020, by defense counsel), defense counsel shall file the executed form at least 24 hours prior to the proceeding. In the event the Defendant consents, but counsel is unable to obtain or affix the Defendant's signature on the form, the Court will conduct an inquiry at the outset of the proceeding to determine whether it is appropriate for the Court to add the Defendant's signature to the form. Pursuant to 18 U.S.C. § 3771(c)(1), the Government must make their best efforts to see that crime victims are notified of, and accorded, the rights provided to them in that section. This includes [t]he right to reasonable, accurate, and timely notice of any public court proceeding... involving the crime or of any release... of the accused and "[t]he right to be reasonably heard at any public proceeding in the district court involving release." Id. § 3771(a)(2), (4). The Court will inquire with the |

| | | |
|---|---|---|
| | | Government as to the extent of those efforts. So that appropriate logistical arrangements can be made, the Government shall inform the Court by email within 24 hours in advance of the proceeding if any alleged victim wishes to be heard on the question of detention pending trial. Finally, the time between the Defendant's arrest and July 6, 2020 is excluded under the Speedy Trial Act due to the delay involved in transferring the Defendant from another district. See 18 U.S.C. § 3161(h)(1)(F). And the Court further excludes time under the Speedy Trial Act from today through July 14, 2020. Due to the logistical issues involved in conducting a remote proceeding, the Court finds "that the ends of justice served by [this exclusion] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The exclusion is also supported by the need for the parties to discuss a potential protective order, which will facilitate the timely production of discovery in a manner protective of the rights of third parties. See Dkt. No. 5. SO ORDERED. (Signed by Judge Alison J. Nathan on 7/7/2020)(jbo) (Entered: 07/07/2020) |
| 07/08/2020 | 11 | MEMO ENDORSEMENT as to Ghislaine Maxwell on 9 LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Alex Rossmiller dated July 7, 2020 re: scheduling. ENDORSEMENT: The Court hereby sets the following briefing schedule. The Defense response is due by 1:00 p.m. on July 10, 2020. The Government reply is due by 1:00 p.m. on July 13, 2020. Additionally, defense counsel is ordered to file notices of appearance on the docket by the end of the day today. SO ORDERED. (Responses due by 7/10/2020. Replies due by 7/13/2020.) (Signed by Judge Alison J. Nathan on 7/8/2020) (lnl) (Entered: 07/08/2020) |
| 07/08/2020 | 12 | NOTICE OF ATTORNEY APPEARANCE: Mark Stewart Cohen appearing for Ghislaine Maxwell. Appearance Type: Retained. (Cohen, Mark) (Entered: 07/08/2020) |
| 07/08/2020 | 13 | NOTICE OF ATTORNEY APPEARANCE: Christian R. Everdell appearing for Ghislaine Maxwell. Appearance Type: Retained. (Everdell, Christian) (Entered: 07/08/2020) |
| 07/08/2020 | 14 | NOTICE OF ATTORNEY APPEARANCE: Laura A. Menninger appearing for Ghislaine Maxwell. Appearance Type: Retained. (Menninger, Laura) (Entered: 07/08/2020) |
| 07/08/2020 | 15 | MOTION for Jeffrey S. Pagliuca to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-20605229. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit Declaration of Jeffrey S. Pagliuca, # 2 Exhibit Certificate of Good Standing, # 3 Text of Proposed Order Proposed Order)(Pagliuca, Jeffrey) (Entered: 07/08/2020) |
| 07/08/2020 | 17 | (S1) SUPERSEDING INDICTMENT FILED as to Ghislaine Maxwell (1) count(s) 1s, 2s, 3s, 4s, 5s-6s. (jm) (Entered: 07/10/2020) |
| 07/09/2020 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 15 MOTION for Jeffrey S. Pagliuca to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-20605229. Motion and supporting papers to be reviewed by Clerk's Office staff. The document has been reviewed and there are no deficiencies. (aea)** (Entered: 07/09/2020) |
| 07/09/2020 | 16 | ORDER as to Ghislaine Maxwell. As discussed in its previous order, the Court will hold an arraignment, initial conference, and bail hearing in this matter remotely as a video/teleconference on July 14, 2020 at 1 pm. Members of the press and the public in the United States may access the live audio feed of the proceeding by calling 855-268-7844 and using access code 32091812# and PIN 9921299#. Those outside of the United States may access the live audio feed by calling 214-416-0400 and using the same access code and PIN. These phone lines can accommodate approximately 500 callers on a first come, first serve basis. The Court will provide counsel for both sides an additional dial-in |

A-9

| | | |
|---|---|---|
| | | number to be used to ensure audio access to the proceeding for non-speaking co-counsel, alleged victims, and any family members of the Defendant. The United States Attorney's Office should email Chambers with information regarding any alleged victims who are entitled, pursuant to 18 U.S.C. §3771(a)(4), to be heard at the bail hearing and who wish to be heard. The Court will then provide information as to the logistics for their dial-in access. As the Court described in a previous order, members of the press and public may watch and listen to the live video feed in the Jury Assembly Room, at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street. See Dkt. No. 10. However, in light of COVID-19, seating will be limited to approximately 60 seats in order to enable appropriate social distancing and ensure public safety. Counsel for the Defendant and the Government may contact Chambers by email if there is a request to accommodate alleged victims or family members of the Defendant. Members of the credentialed in-house press corps may contact the District Executive's Office about seating. Otherwise, all seating will be allocated on a first come, first serve basis and in accordance with the S.D.N.Y. COVID-19 Courthouse Entry Program and this Court's previous order of July 7, 2020. See Dkt. No. 10. If conditions change or the Court otherwise concludes that allowing for in-person viewing of the video feed at the courthouse is not consistent with public health, the Court may provide audio access by telephone only. Any photographing, recording, or rebroadcasting of federal court proceedings is prohibited by law. Violation of these prohibitions may result in fines or sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. SO ORDERED. (Signed by Judge Alison J. Nathan on 7/9/2020)(jbo) (Entered: 07/09/2020) |
| 07/10/2020 | 18 | MEMORANDUM in Opposition by Ghislaine Maxwell re 4 MOTION to detain defendant .. (Cohen, Mark) (Entered: 07/10/2020) |
| 07/10/2020 | 19 | NOTICE OF ATTORNEY APPEARANCE: Mark Stewart Cohen appearing for Ghislaine Maxwell. Appearance Type: Retained. (Cohen, Mark) (Entered: 07/10/2020) |
| 07/10/2020 | 20 | NOTICE OF ATTORNEY APPEARANCE: Christian R. Everdell appearing for Ghislaine Maxwell. Appearance Type: Retained. (Everdell, Christian) (Entered: 07/10/2020) |
| 07/10/2020 | 21 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Ghislaine Maxwell. (Everdell, Christian) (Entered: 07/10/2020) |
| 07/13/2020 | 22 | REPLY MEMORANDUM OF LAW in Support by USA as to Ghislaine Maxwell re: 4 MOTION to detain defendant . . (Moe, Alison) (Entered: 07/13/2020) |
| 07/13/2020 | | ORDER granting 15 Motion for Jeffrey Pagliuca to Appear Pro Hac Vice as to Ghislaine Maxwell (1). (Signed by Judge Alison J. Nathan on 7/13/2020) (kwi) (Entered: 07/13/2020) |
| 07/14/2020 | 23 | ORDER as to Ghislaine Maxwell. For the reasons stated on the record at today's proceeding, the Governments motion to detain the Defendant pending trial is hereby GRANTED (Signed by Judge Alison J. Nathan on 7/14/20)(jw) (Entered: 07/14/2020) |
| 07/14/2020 | | Minute Entry for proceedings held before Judge Alison J. Nathan:Arraignment as to Ghislaine Maxwell (1) Count 1s,2s,3s,4s,5s-6s held on 7/14/2020. Defendant Ghislaine Maxwell present by video conference with attorney Mark Cohen present by video conference, AUSA Alison Moe, Alex Rossmiller and Maurene Comey for the government present by video conference, Pretrial Service Officer Lea Harmon present by telephone and Court Reporter Kristine Caraannante. Defendant enters a plea of Not Guilty to the S1 indictment. Trial set for July 12, 2021. See Order. Time is excluded under the Speedy Trial Act from today until July 12, 2021. Bail is denied. Defendant is remanded. See Transcript. (jw) (Entered: 07/14/2020) |

| 07/14/2020 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Plea entered by Ghislaine Maxwell (1) Count 1s,2s,3s,4s,5s-6s Not Guilty. (jw) (Entered: 07/14/2020) |
|---|---|---|
| 07/14/2020 | 24 | Waiver of Right to be Present at Criminal Proceeding as to Ghislaine Maxwell re: Arraignment, Bail Hearing, Conference. (jw) (Entered: 07/14/2020) |
| 07/15/2020 | 25 | ORDER as to Ghislaine Maxwell. Initial non-electronic discovery, generally to include search warrant applications and subpoena returns, is due by Friday, August 21, 2020. Completion of discovery, to include electronic materials, is due by Monday, November 9, 2020. Motions are due by Monday, December 21, 2020. Motion responses are due by Friday, January 22, 2021. Motion replies are due by Friday, February 5, 2021. Trial is set for Monday, July 12, 2021 ( Discovery due by 8/21/2020., Motions due by 12/21/2020) (Signed by Judge Alison J. Nathan on 7/15/20)(jw) (Entered: 07/15/2020) |
| 07/21/2020 | 26 | ORDER as to Ghislaine Maxwell: The Court has received a significant number of letters and messages from non-parties that purport to be related to this case. These submissions are either procedurally improper or irrelevant to the judicial function. Therefore, they will not be considered or docketed. The Court will accord the same treatment to any similar correspondence it receives in the future. SO ORDERED. (Signed by Judge Alison J. Nathan on 7/21/2020) (lnl) (Entered: 07/21/2020) |
| 07/21/2020 | 27 | LETTER MOTION addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated July 21, 2020 re: Local Criminal Rule 23.1 . Document filed by Ghislaine Maxwell. (Pagliuca, Jeffrey) (Entered: 07/21/2020) |
| 07/23/2020 | 28 | ORDER as to Ghislaine Maxwell: The Defense has moved for an order "prohibiting the Government, its agents and counsel for witnesses from making extrajudicial statements concerning this case." Dkt. No. 27 at 1. The Court firmly expects that counsel for all involved parties will exercise great care to ensure compliance with this Court's local rules, including Local Criminal Rule 23.1, and the rules of professional responsibility. In light of this clear expectation, the Court does not believe that further action is needed at this time to protect the Defendant's right to a fair trial by an impartial jury. Accordingly, it denies the Defendant's motion without prejudice. But the Court warns counsel and agents for the parties and counsel for potential witnesses that going forward it will not hesitate to take appropriate action in the face of violations of any relevant rules. The Court will ensure strict compliance with those rules and will ensure that the Defendant's right to a fair trial will be safeguarded. (Signed by Judge Alison J. Nathan on 7/23/2020) (ap) (Entered: 07/23/2020) |
| 07/27/2020 | 29 | LETTER MOTION addressed to Judge Alison J. Nathan from Christian R. Everdell dated July 27, 2020 re: Proposed Protective Order . Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A (Proposed Protective Order))(Everdell, Christian) (Entered: 07/27/2020) |
| 07/27/2020 | 30 | AFFIDAVIT of Christian R. Everdell by Ghislaine Maxwell. (Everdell, Christian) (Entered: 07/27/2020) |
| 07/27/2020 | 31 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Alison Moe dated July 27, 2020 re: requesting until 5 p.m. tomorrow to respond to defense counsel's letter, filed July 27, 2020 Document filed by USA. (Moe, Alison) (Entered: 07/27/2020) |
| 07/27/2020 | 32 | MEMO ENDORSEMENT as to Ghislaine Maxwell on 31 LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Alison Moe dated July 27, 2020 re: requesting until 5 p.m. tomorrow to respond to defense counsel's letter, filed July 27, 2020. ENDORSEMENT: The Government's response to the Defense's letter is due by 5 p.m. on July 28, 2020. The Defense may file a reply by 5 p.m. on July 29, 2020. Before |

| | | |
|---|---|---|
| | | the Government's response is filed, the parties must meet and confer by phone regarding this issue, and any response from the Government must contain an affirmation that the parties have done so. SO ORDERED. (Responses due by 7/28/2020. Replies due by 7/29/2020.) (Signed by Judge Alison J. Nathan on 7/27/2020) (lnl) (Entered: 07/27/2020) |
| 07/28/2020 | 33 | LETTER RESPONSE to Motion by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Alex Rossmiller dated July 28, 2020 re: 29 LETTER MOTION addressed to Judge Alison J. Nathan from Christian R. Everdell dated July 27, 2020 re: Proposed Protective Order .. (Attachments: # 1 Exhibit A (proposed protective order)) (Rossmiller, Alex) (Entered: 07/28/2020) |
| 07/28/2020 | 34 | AFFIDAVIT of Alex Rossmiller by USA as to Ghislaine Maxwell. (Rossmiller, Alex) (Entered: 07/28/2020) |
| 07/29/2020 | 35 | LETTER REPLY TO RESPONSE to Motion by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated July 29, 2020 re: 29 LETTER MOTION addressed to Judge Alison J. Nathan from Christian R. Everdell dated July 27, 2020 re: Proposed Protective Order .. (Everdell, Christian) (Entered: 07/29/2020) |
| 07/30/2020 | 36 | PROTECTIVE ORDER as to Ghislaine Maxwell...regarding procedures to be followed that shall govern the handling of confidential material. SO ORDERED: (Signed by Judge Alison J. Nathan on 7/30/2020)(bw) (Entered: 07/31/2020) |
| 07/30/2020 | 37 | MEMORANDUM OPINION & ORDER as to Ghislaine Maxwell. Both parties have asked for the Court to enter a protective order. While they agree on most of the language, two areas of dispute have emerged. First, Ms. Maxwell seeks language allowing her to publicly reference alleged victims or witnesses who have spoken on the public record to the media or in public fora, or in litigation relating to Ms. Maxwell or Jeffrey Epstein. Second, Ms. Maxwell seeks language restricting potential Government witnesses and their counsel from using discovery materials for any purpose other than preparing for the criminal trial in this action. The Government has proposed contrary language on both of these issues. For the following reasons, the Court adopts the Government's proposed protective order Under Federal Rule of Criminal Procedure 16(d)(1), "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The good cause standard "requires courts to balance several interests, including whether dissemination of the discovery materials inflicts hazard to others... whether the imposition of the protective order would prejudice the defendant," and "the public's interest in the information." United States v. Smith, 985 F. Supp. 2d 506, 522 (S.D.N.Y. 2013). The party seeking to restrict disclosure bears the burden of showing good cause. Cf. Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004). First, the Court finds that the Government has met its burden of showing good cause with regard to restricting the ability of Ms. Maxwell to publicly reference alleged victims and witnesses other than those who have publicly identified themselves in this litigation. As a general matter, it is undisputed that there is a strong and specific interest in protecting the privacy of alleged victims and witnesses in this case that supports restricting the disclosure of their identities. Dkt. No. 29 at 3 (acknowledging that as a baseline the protective order should "prohibit[] Ms. Maxwell, defense counsel, and others on the defense team from disclosing or disseminating the identity of any alleged victim or potential witness referenced in the discovery materials"); see also United States v. Corley, No. 13-cr-48, 2016 U.S. Dist. LEXIS 194426, at *11 (S.D.N.Y. Jan. 15, 2016). The Defense argues this interest is significantly diminished for individuals who have spoken on the public record about Ms. Maxwell or Jeffrey Epstein, because they have voluntarily chosen to identify themselves. But not all accusations or public statements are equal. Deciding to participate in or contribute to a criminal investigation or prosecution is a far different matter than simply making a public statement "relating to" Ms. Maxwell or Jeffrey Epstein, particularly since such a statement might have occurred decades ago and |

have no relevance to the charges in this case. These individuals still maintain a significant privacy interest that must be safeguarded. The exception the Defense seeks is too broad and risks undermining the protections of the privacy of witnesses and alleged victims that is required by law. In contrast, the Government's proffered language would allow Ms. Maxwell to publicly reference individuals who have spoken by name on the record in this case. It also allows the Defense to "reference[e] the identities of individuals they believe may be relevant... to Potential Defense Witnesses and their counsel during the course of the investigation and preparation of the defense case at trial." Dkt. No. 33-1, 5. This proposal adequately balances the interests at stake. And as the Government's letter notes, see Dkt. No. 33 at 4, to the extent that the Defense needs an exception to the protective order for a specific investigative purpose, they can make applications to the Court on a case-by-case basis. Second, restrictions on the ability of potential witnesses and their counsel to use discovery materials for purposes other than preparing for trial in this case are unwarranted. The request appears unprecedented despite the fact that there have been many high-profile criminal matters that had related civil litigation. The Government labors under many restrictions including Rule 6(e) of the Federal Rules of Criminal Procedure, the Privacy Act of 1974, and other policies of the Department of Justice and the U.S. Attorney's Office for the Southern District of New York, all of which the Court expects the Government to scrupulously follow. Furthermore, the Government indicates that it will likely only provide potential witnesses with materials that those witnesses already have in their possession. See Dkt. No. 33 at 6. And of course, those witnesses who do testify at trial would be subject to examination on the record as to what materials were provided or shown to them by the Government. Nothing in the Defense's papers explains how its unprecedented proposed restriction is somehow necessary to ensure a fair trial. For the foregoing reasons, the Court adopts the Government's proposed protective order, which will be entered on the docket. This resolves Dkt. No. 29. SO ORDERED. (Signed by Judge Alison J. Nathan on 7/30/2020)(bw) (Entered: 07/31/2020)

| | | |
|---|---|---|
| 08/10/2020 | 38 | LETTER MOTION addressed to Judge Alison J. Nathan from Christian R. Everdell dated August 10, 2020 re: Discovery Disclosure and Access . Document filed by Ghislaine Maxwell. (Everdell, Christian) (Entered: 08/10/2020) |
| 08/10/2020 | 39 | AFFIDAVIT of Christian R. Everdell by Ghislaine Maxwell. (Everdell, Christian) (Entered: 08/10/2020) |
| 08/11/2020 | 40 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 38 LETTER MOTION addressed to Judge Alison J. Nathan from Christian R. Everdell dated August 10, 2020 re: Discovery Disclosure and Access. ENDORSEMENT: The Government is hereby ORDERED to respond to the Defendant's letter motion by Thursday, August 13, 2020. The Defendant's reply, if any, is due on or before Monday, August 17, 2020. (Responses due by 8/13/2020. Replies due by 8/17/2020) (Signed by Judge Alison J. Nathan on 8/11/2020) (ap) (Entered: 08/11/2020) |
| 08/13/2020 | 41 | LETTER RESPONSE in Opposition by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Alex Rossmiller dated August 13, 2020 re: 38 LETTER MOTION addressed to Judge Alison J. Nathan from Christian R. Everdell dated August 10, 2020 re: Discovery Disclosure and Access .. (Rossmiller, Alex) (Entered: 08/13/2020) |
| 08/17/2020 | 42 | LETTER REPLY TO RESPONSE to Motion by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated August 17, 2020 re 38 LETTER MOTION addressed to Judge Alison J. Nathan from Christian R. Everdell dated August 10, 2020 re: Discovery Disclosure and Access .. (Everdell, Christian) (Entered: 08/17/2020) |
| 08/17/2020 | 43 | LETTER MOTION addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated August 17, 2020 re: Request for Permission to Submit Letter Motion in Excess of Three |

| | | |
|---|---|---|
| | | Pages . Document filed by Ghislaine Maxwell. (Pagliuca, Jeffrey) (Entered: 08/17/2020) |
| 08/18/2020 | 44 | ORDER as to Ghislaine Maxwell: On August 17, 2020, the Defendant filed a letter motion seeking a modification of this Court's Protective Order, which the Court entered on July 30, 2020. Defendant also moves to file that letter motion under seal. The Governments opposition to Defendant's letter motion is hereby due Friday, August 21 at 12 p.m. The Defendant's reply is due on Monday, August 24 at 12 p.m. The parties shall propose redactions to the letter briefing on this issue. Alternatively, the parties shall provide support and argument for why the letter motions should be sealed in their entirety. SO ORDERED. (Responses due by 8/21/2020. Replies due by 8/24/2020.) (Signed by Judge Alison J. Nathan on 8/18/2020) (lnl) (Entered: 08/18/2020) |
| 08/20/2020 | 45 | NOTICE OF ATTORNEY APPEARANCE Lara Elizabeth Pomerantz appearing for USA. (Pomerantz, Lara) (Entered: 08/20/2020) |
| 08/20/2020 | 50 | SEALED DOCUMENT placed in vault. (mhe) (Entered: 08/27/2020) |
| 08/21/2020 | 46 | LETTER RESPONSE in Opposition by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Maurene Comey dated August 21, 2020 re: 43 LETTER MOTION addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated August 17, 2020 re: Request for Permission to Submit Letter Motion in Excess of Three Pages .. (Rossmiller, Alex) (Entered: 08/21/2020) |
| 08/21/2020 | 47 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Maurene Comey dated August 21, 2020 re: Proposed redactions to letter briefing, in response to the Court's Order of August 18, 2020 Document filed by USA. (Rossmiller, Alex) (Entered: 08/21/2020) |
| 08/24/2020 | 48 | LETTER MOTION addressed to Judge Alison J. Nathan from Laura A. Menninger dated August 24, 2020 re: Request to File Under Seal: Proposed Redactions to Request to Modify Protective Order and Reply in Support Thereof . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 08/24/2020) |
| 08/25/2020 | 49 | MEMORANDUM OPINION AND ORDER: denying without prejudice 38 LETTER MOTION as to Ghislaine Maxwell (1). On August 10, 2020, the Defendant filed a letter motion related to two issues. Dkt. No. 38. First, the Defendant seeks an order directing the Government to disclose to defense counsel immediately the identities of the three alleged victims referenced in the indictment. Second, the Defendant seeks an order directing the Bureau of Prisons ("BOP") to release the Defendant into the general population and to provide her with increased access to the discovery materials. For the reasons that follow, Defendant's requests are DENIED without prejudice....[See this Memorandum Opinion And Order]... III. Conclusion: For the reasons stated above, Defendant's requests contained in Dkt. No. 38 are DENIED without prejudice. Following the close of discovery, the parties shall meet and confer on an appropriate schedule for pre-trial disclosures, including the disclosure of § 3500 material, exhibit lists, and witness lists, taking into account all relevant factors. The Government is hereby ORDERED to submit written status updates every 90 days detailing any material changes to the conditions of Ms. Maxwell's confinement, with particular emphasis on her access to legal materials and ability to communicate with defense counsel. SO ORDERED. (Signed by Judge Alison J. Nathan on 8/25/2020) (bw) (Entered: 08/25/2020) |
| 09/02/2020 | 51 | MEMORANDUMOPINION AND ORDER as to Ghislaine Maxwell: On August 17, 2020, Defendant Ghislaine Maxwell filed a sealed letter motion seeking an Order modifying the protective order in this case. Specifically, she sought a Court order allowing her to file under seal in certain civil cases ("Civil Cases") materials ("Documents") that she received in discovery from the Government in this case. She also sought permission to reference, but not file, other discovery material that the Government |

| | | produced in this case. For the reasons that follow, Defendant's requests are DENIED. SO ORDERED. (Signed by Judge Alison J. Nathan on 9/2/2020)(See MEMORANDUM OPINION AND ORDER as set forth) (lnl) (Entered: 09/02/2020) |
|---|---|---|
| 09/02/2020 | 52 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan, from Jeffrey S. Pagliuca dated 8/17/2020 re: Defense counsel writes with redacted request to modify protective order. (ap) (Entered: 09/02/2020) |
| 09/04/2020 | 55 | NOTICE OF APPEAL by Ghislaine Maxwell from 51 Memorandum & Opinion. Filing fee $ 505.00, receipt number 465401266036. (tp) (Entered: 09/09/2020) |
| 09/08/2020 | 53 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan dated 8/24/2020 re: Proposed Redactions to Request to Modify Protective Order. (jbo) (Entered: 09/08/2020) |
| 09/08/2020 | 54 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan dated 8/24/2020 re: Reply in Support of Request to Modify Protective Order. (jbo) (Entered: 09/08/2020) |
| 09/09/2020 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet as to Ghislaine Maxwell to US Court of Appeals re: 55 Notice of Appeal. (tp) (Entered: 09/09/2020) |
| 09/09/2020 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files as to Ghislaine Maxwell re: 55 Notice of Appeal were transmitted to the U.S. Court of Appeals. (tp) (Entered: 09/09/2020) |
| 09/10/2020 | 56 | SEALED DOCUMENT placed in vault. (dn) (Entered: 09/11/2020) |
| 09/10/2020 | 57 | SEALED DOCUMENT placed in vault. (dn) (Entered: 09/11/2020) |
| 09/24/2020 | 58 | SEALED DOCUMENT placed in vault. (mhe) (Entered: 09/24/2020) |
| 10/05/2020 | 59 | NOTICE OF ATTORNEY APPEARANCE: Bobbi C Sternheim appearing for Ghislaine Maxwell. Appearance Type: Retained. (Sternheim, Bobbi) (Entered: 10/05/2020) |
| 10/06/2020 | 60 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, and Lara Pomerantz dated October 6, 2020 re: Request to Delay Disclosure Document filed by USA. (Comey, Maurene) (Entered: 10/06/2020) |
| 10/06/2020 | 61 | AFFIDAVIT of Maurene Comey by USA as to Ghislaine Maxwell. (Comey, Maurene) (Entered: 10/06/2020) |
| 10/07/2020 | 62 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 60 Accordingly, the Government respectfully requests that the Court approve the Government's request to delay disclosure of these Materials...ENDORSEMENT...The Defendant shall file any opposition to the Government's request by October 14, 2020. The Government's reply, if any, is due by October 20, 2020. SO ORDERED. (Government Replies due by 10/20/2020., Defendant Responses due by 10/14/2020) (Signed by Judge Alison J. Nathan on 10/7/20)(jw) (Entered: 10/07/2020) |
| 10/07/2020 | 63 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, and Lara Pomerantz dated October 7, 2020 re: Review of Investigative Files from Other Offices and Agencies Document filed by USA. (Comey, Maurene) (Entered: 10/07/2020) |
| 10/14/2020 | 64 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated October 14, 2020 re: Response to 60 LETTER addressed to Judge Alison J. Nathan from USA dated October 6, 2020 re: Request to Delay Disclosure. (Everdell, Christian) (Entered: 10/14/2020) |

A-15

| | | |
|---|---|---|
| 10/20/2020 | 65 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, and Lara Pomerantz dated October 20, 2020 re: Reply Letter in Further Support of Request to Delay Disclosure Document filed by USA. (Comey, Maurene) (Entered: 10/20/2020) |
| 10/23/2020 | 66 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated October 23, 2020 re: Response to the Governments October 7, 2020 letter (Pagliuca, Jeffrey) (Entered: 10/23/2020) |
| 10/30/2020 | 67 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, and Lara Pomerantz dated October 30, 2020 re: Reply to Defense's October 23, 2020 Letter Document filed by USA. (Comey, Maurene) (Entered: 10/30/2020) |
| 11/05/2020 | 68 | ORDER as to Ghislaine Maxwell: This Order is entered, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116182, 134 Stat. 894 (Oct. 21, 2020), to confirm the Government's disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations. (Signed by Judge Alison J. Nathan on 11/5/2020) (See ORDER set forth) (ap) (Entered: 11/05/2020) |
| 11/06/2020 | 69 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, and Lara Pomerantz dated November 6, 2020 re: Request to Extend Discovery Deadline for Portion of Electronic Discovery Document filed by USA. (Comey, Maurene) (Entered: 11/06/2020) |
| 11/06/2020 | 70 | AFFIDAVIT of Maurene Comey by USA as to Ghislaine Maxwell. (Comey, Maurene) (Entered: 11/06/2020) |
| 11/09/2020 | 71 | MANDATE of USCA (Certified Copy) as to Ghislaine Maxwell re: 55 Notice of Appeal. USCA Case Number 20-3061-cr. UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the motion to consolidate is DENIED and the appeal is DISMISSED for want of jurisdiction.. Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 11/09/2020. (nd) (Entered: 11/09/2020) |
| 11/09/2020 | 72 | MEMO ENDORSEMENT as to Ghislaine Maxwell on 69 LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, and Lara Pomerantz dated November 6, 2020 re: Request to Extend Discovery Deadline for Portion of Electronic Discovery. ENDORSEMENT: The Court hereby extends the deadline for the Government's production of electronic discovery from November 9, 2020 to November 23, 2020. The Court also grants the parties' request for an extension of the motions deadlines as follows: the Defendant's motions are due by January 11, 2021, the Government's responses are due by February 12, 2021, and any replies are due by February 19, 2021. SO ORDERED. (Discovery due by 11/23/2020. Motions due by 1/11/2021. Responses due by 2/12/2021. Replies due by 2/19/2021.) (Signed by Judge Alison J. Nathan on 11/9/2020) (lnl) (Entered: 11/10/2020) |
| 11/18/2020 | 73 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 60 Letter filed by USA as to Ghislaine Maxwell re: The Government respectfully requests that the Court approve the Government's request to delay disclosure of these Materials...ENDORSEMENT...There is no dispute that the materials referenced in the Government's letter will be turned over to the defense. The Government has indicated that it will do so. The only dispute, then, relates to the timing of such disclosure. See Dkt. Nos. 64, 65. Because the Government has articulated plausible reasons for some delay of disclosure, see Dkt. No. 65 at 4, the Court grants the Government's request to delay disclosure. However, the Governments proposal to delay disclosure until 8 weeks in advance of trial is insufficient. In order to |

| | | |
|---|---|---|
| | | ensure that the defense can adequately prepare for trial, the Government shall produce the referenced materials, which are not voluminous, to the defense by March 12, 2021. Disclosure of the materials will of course be subject to the protective order entered by the Court, see Dkt. No. 36. (Government Responses due by 3/12/2021) (Signed by Judge Alison J. Nathan on 11/18/20)(jw) (Entered: 11/18/2020) |
| 11/23/2020 | 74 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, and Lara Pomerantz dated November 23, 2020 re: Update Regarding Conditions of Confinement Document filed by USA. (Comey, Maurene) (Entered: 11/23/2020) |
| 11/24/2020 | 75 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 11/24/2020 re: Response to 90-day MDC conditions report (Sternheim, Bobbi) (Entered: 11/24/2020) |
| 11/24/2020 | 76 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 75 LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 11/24/2020 re: Response to 90-day MDC conditions report. ENDORSEMENT: The parties are hereby ORDERED to meet and confer regarding Defendant's request that Warden Heriberto Tellez directly address Defendant's concerns regarding the conditions of her detention. The parties shall jointly submit a status update within one week of this Order. (Signed by Judge Alison J. Nathan on 11/24/2020) (ap) (Entered: 11/24/2020) |
| 12/01/2020 | 77 | ORDER as to Ghislaine Maxwell. On November 25, 2020, the Defendant filed a letter request under seal. On November 30, 2020, she filed a second letter request in which she proposed redactions on both letters. The Government is hereby ORDERED to respond to the Defendant's November 25, 2020 letter request and to the request for proposed redactions by no later than December 2, 2020. The letters shall be temporarily sealed while the Court resolves the redaction request. SO ORDERED. (Signed by Judge Alison J. Nathan on 12/1/2020)(bw) (Entered: 12/01/2020) |
| 12/01/2020 | 78 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, and Lara Pomerantz dated December 1, 2020 re: Joint Letter regarding Conditions of Confinement Document filed by USA. (Pomerantz, Lara) (Entered: 12/01/2020) |
| 12/02/2020 | 79 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 78 LETTER by USA addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, and Lara Pomerantz dated December 1, 2020 re: Joint Letter regarding Conditions of Confinement. ENDORSEMENT: MDC legal counsel shall submit their letter to the Court by December 4, 2020. Upon review of that letter, the Court will determine whether any additional information is required, either orally or in writing. SO ORDERED. (Signed by Judge Alison J. Nathan on 12/2/2020)(bw) (Entered: 12/02/2020) |
| 12/02/2020 | 80 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, and Lara Pomerantz dated December 2, 2020 re: Defense Requests for Sealing Document filed by USA. (Comey, Maurene) (Entered: 12/02/2020) |
| 12/03/2020 | 81 | ORDER as to Ghislaine Maxwell. On November 25, 2020, counsel for Defendant Ghislaine Maxwell filed a letter request seeking an in camera conference for the presentation of a renewed motion for release on bail and a request to seal the November 25, 2020 letter in its entirety. The Court required justification for the sealing request. On November 30, 2020, the defense counsel filed a second letter no longer fully pressing the unsupported request to file the letter entirely under seal and instead proposing redactions to both the November 25th and November 30th letters. The Government has indicated that it does not oppose the redactions. Dkt. No. 80. After due consideration, the Court will |

adopt the Defendant's proposed redactions, which are consented to by the Government. The Court's decision is guided by the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. Id. at 11920. "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" Id. at 120 (quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Amodeo II")). The proposed redactions satisfy this test. First, the Court finds that the Defendant's letter motions are "relevant to the performance of the judicial function and useful in the judicial process," thereby qualifying as a "judicial document" for purposes of the first element of the Lugosch test. United States v. Amodeo ("Amodeo I"), 44 F.3d 141, 145 (2d Cir. 1995). And while the Court assumes that the common law presumption of access attaches, in balancing competing considerations against the presumption of access, the Court finds that the arguments the Defendant has put forthincluding, most notably, the privacy interests of the individuals referenced in the lettersfavor her proposed and tailored redactions. The Defendant is hereby ORDERED to docket the redacted versions of the two letters by December 4, 2020. For the reasons outlined in the Government's letter dated December 2, 2020, Dkt. No. 80, the Court DENIES the Defendant's request for an in camera conference. In order to protect the privacy interests referenced in the Defendant's November 25, 2020 letter, the Court will permit the Defendant to make her submission in writing and to propose narrowly tailored redactions. The parties are hereby ORDERED to meet and confer and to jointly prepare a briefing schedule for the Defendant's forthcoming renewed motion for release on bail. SO ORDERED. (Signed by Judge Alison J. Nathan on 12/3/2020)(bw) (Entered: 12/03/2020)

| 12/03/2020 | 82 | SEALED DOCUMENT placed in vault. (jus) (Entered: 12/03/2020) |
| 12/03/2020 | 83 | SEALED DOCUMENT placed in vault. (jus) (Entered: 12/03/2020) |
| 12/03/2020 | 84 | SEALED DOCUMENT placed in vault. (jus) (Entered: 12/03/2020) |
| 12/04/2020 | 85 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated December 4, 2020 re: Briefing Schedule (Everdell, Christian) (Entered: 12/04/2020) |
| 12/04/2020 | 86 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated 11/25/2020 re: Sealing (Everdell, Christian) (Entered: 12/04/2020) |
| 12/04/2020 | 87 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated 11/30/2020 re: Sealing (Everdell, Christian) (Entered: 12/04/2020) |
| 12/07/2020 | 88 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Sophia Papapetru and John Wallace dated 12/4/20 re: This letter is written in response to your order dated December 2, 2020, concerning Ghislaine Maxwell, Reg. 02879-509., an inmate currently confined at the Metropolitan Detention center in Brooklyn, New York. You expressed various concerns regarding Ms. Maxwells confinement and well-being. (jw) (Entered: 12/07/2020) |
| 12/07/2020 | 89 | ORDER as to Ghislaine Maxwell re: 85 Letter filed by Ghislaine Maxwell. The Court is in receipt of the Defendant's December 4, 2020 letter, Dkt. No. 85, and hereby sets the following schedule: The Defendants submission is due December 8, 2020; The Government's response is due December 16, 2020; The Defendant's reply is due December 18, 2020. After reviewing these submissions, the Court will determine whether a hearing on the renewed bail motion is necessary. The Court grants the Defendants request that the Government shall file its submission under seal with proposed redactions. |

|  |  | Any objections to proposed redactions are due within 24 hours after any brief has been filed. Finally, the Defendant is granted leave to file a motion not to exceed 40 pages. The Governments response shall also be limited to 40 pages. The Defendant's reply shall not exceed 10 pages ( Defendant submission due by 12/8/2020., Defendant Replies due by 12/18/2020., Government Responses due by 12/16/2020) (Signed by Judge Alison J. Nathan on 12/7/20)(jw) (Entered: 12/07/2020) |
|---|---|---|
| 12/07/2020 | 90 | ENDORSED LETTER as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Mark S. Cohen and Christian R. Everdell dated 11/25/20 re: On behalf of my client, Ghislaine Maxwell, we plan to file a Renewed Motion for Release on Bail (the "Motion") and respectfully request an in camera conference, with all counsel present, to address the appropriate procedures for the filing and consideration of the Motion. For the reasons explained below, we intend to request, pursuant to Fed. R. Crim. P. 49.l(d), that the Court permit the filing of portions of the Motion and certain supporting materials under seal and require that any responsive materials be filed under seal....ENDORSEMENT: The Court sees no basis for the sealing of this letter. On or before December 2, 2020, Defendant shall justify why this letter should be sealed (or redacted). Alternatively, the Defendant may file the letter on the public docket by that date. The Court will take no action on the request pending resolution of the initial sealing question. The Defendant's letter and this memorandum endorsement will be temporarily sealed pending resolution of the sealing request. (Signed by Judge Alison J. Nathan on 11/25/20)(jw) (Entered: 12/07/2020) |
| 12/07/2020 | 91 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 12/07/2020 re: Response to MDC Report to Court re: conditions (Sternheim, Bobbi) (Entered: 12/07/2020) |
| 12/08/2020 | 92 | ORDER as to Ghislaine Maxwell: On December 4, 2020, the Court received a letter from MDC legal counsel responding to the concerns that the Defendant raised in her November 24, 2020 letter. See Dkt. Nos. 75, 88; see also Dkt. No. 78. The Defendant responded to the MDC legal counsel's letter on December 7, 2020, reiterating her request that the Court summon Warden Heriberto Tellez to personally respond to questions from the Court regarding the Defendant's conditions of confinement. See Dkt. No. 91. Having carefully reviewed the parties' submissions, along with the MDC legal counsel's December 4, 2020 letter, the Court DENIES the Defendant's request to summon the Warden to personally appear and respond to questions. This resolves Dkt. No. 75. Notwithstanding this, as originally provided in Dkt. No. 49, the Government shall continue to submit written status updates detailing any material changes to the conditions of Ms. Maxwell's confinement, with particular emphasis on her access to legal materials, including legal mail and email, and her ability to communicate with defense counsel. The updates shall also include information on the frequency of searches of the Defendant. The Court hereby ORDERS the Government to submit these written updates every 60 days. Furthermore, the Government shall take all necessary steps to ensure that the Defendant continues to receive adequate access to her legal materials and her ability to communicate with defense counsel. (Signed by Judge Alison J. Nathan on 12/8/2020) (ap) (Entered: 12/08/2020) |
| 12/10/2020 | 93 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Conference held on 7/14/2020 before Judge Alison J. Nathan. Court Reporter/Transcriber: Kristen Carannante, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/31/2020. Redacted Transcript Deadline set for 1/11/2021. Release of Transcript Restriction set for 3/10/2021. (McGuirk, Kelly) (Entered: 12/10/2020) |
| 12/10/2020 | 94 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Conference proceeding held on 7/14/2020 has |

| | | |
|---|---|---|
| | | been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 12/10/2020) |
| 12/14/2020 | 95 | ORDER as to Ghislaine Maxwell: On December 8, 2020, Defendant Ghislaine Maxwell filed her renewed application for bail under seal with proposed redactions, in accordance with this Court's December 7, 2020 Order, see Dkt. No. 89. The Government did not file any opposition to the Defendant's proposed redactions. After due consideration, the Court will adopt the Defendant's proposed redactions. The Court's decision to adopt those redactions is guided by the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. Id. at 11920. "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" Id. at 120 (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir.1995) ("Amodeo II")). The proposed redactions satisfy this test. The Court finds that Defendant's letter motions are "relevant to the performance of the judicial function and useful in the judicial process,' thereby qualifying as a "judicial document" for purposes of the first element of the Lugosch test. United States v. Amodeo ("Amodeo I"), 44 F.3d 141, 145 (2d Cir. 1995). And the Court also finds that the common law presumption of access attaches. Id. at 146; see also Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 602 (1978). Nevertheless, in balancing competing considerations against the presumption of access, the Court finds that the redactions are narrowly tailored to properly guard the privacy interests of the individuals referenced in the Defendant's submission and in the corresponding exhibits The Defendant is hereby ORDERED to docket the redacted documents and corresponding exhibits. (Signed by Judge Alison J. Nathan on 12/14/2020) (ap) (Entered: 12/14/2020) |
| 12/14/2020 | 96 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated December 8, 2020 re: Cover Letter for Renewed Bail Application (Everdell, Christian) (Entered: 12/14/2020) |
| 12/14/2020 | 97 | MEMORANDUM OF LAW in Support by Ghislaine Maxwell *re: Renewed Motion for Bail*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X)(Everdell, Christian) (Entered: 12/14/2020) |
| 12/17/2020 | 98 | NOTICE OF ATTORNEY APPEARANCE Andrew Rohrbach appearing for USA. (Rohrbach, Andrew) (Entered: 12/17/2020) |
| 12/18/2020 | 99 | ORDER as to Ghislaine Maxwell: On December 16, 2020, the Government filed its opposition to Defendant Ghislaine Maxwell's renewed application for bail. In accordance with this Court's December 7, 2020 Order, see Dkt. No. 89, the Government filed its materials under seal and proposed narrowly tailored redactions on those materials. The Defendant did not file any opposition to the Government's proposed redactions. The Court will adopt the Government's proposed redactions after applying the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption access to the materials; and (iii) balance competing considerations against the |

| | | |
|---|---|---|
| | | presumption of access. Id. at 11920. "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" Id. at 120 (quoting United States v. Amodeo ("Amodeo II"), 71 F.3d 1044, 1050 (2d Cir. 1995)). The proposed redactions satisfy this test. The Court finds that the Governments submissions are "relevant to the performance of the judicial function and useful in the judicial process," thereby qualifying as a "judicial document" for purposes of the first element of the Lugosch test. United States v. Amodeo ("Amodeo I"), 44 F.3d 141, 145 (2d Cir. 1995). And the Court also finds that the common law presumption of access attaches. Id. at 146; see also Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 602 (1978). Nevertheless, the proposed redactions are narrowly tailored to serve substantial interests, including, most importantly, third parties' personal privacy interests. See Under Seal v. Under Seal, 273 F. Supp. 3d 460 467 (S.D.N.Y.2017). The Government is hereby ORDERED to docket the redacted documents and corresponding exhibits by no later than December 18, 2 (Signed by Judge Alison J. Nathan on 12/18/2020) (ap) (Entered: 12/18/2020) |
| 12/18/2020 | [100](#) | MEMORANDUM OF LAW in Opposition by USA as to Ghislaine Maxwell *Renewed Bail Motion*. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B)(Comey, Maurene) (Entered: 12/18/2020) |
| 12/23/2020 | [101](#) | ORDER as to Ghislaine Maxwell: On December 18, 2020, the Defendant filed her reply to the Government's opposition to her renewed application for bail. In accordance with this Court's December 7, 2020 Order, see Dkt. No. 89, she filed these materials under seal and proposed narrowly tailored redactions on those materials. The Government did not file any opposition to the Defendant's proposed redactions. The Court will adopt the Defendant's proposed redactions after applying the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. Id. at 11920. "Such countervailing factors include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" Id. at 120 (quoting United States v. Amodeo ("Amodeo II"), 71 F.3d 1044, 1050 (2d Cir. 1995)). The proposed redactions satisfy this test. The Court finds that the Defendant's submissions are "relevant to the performance of the judicial function and useful in the judicial process," thereby qualifying as a "judicial document" for purposes of the first element of the Lugosch test. United States v. Amodeo ("Amodeo I"), 44 F.3d 141, 145 (2d Cir. 1995). And the Court also finds that the common law presumption of access attaches. Id. at 146; see also Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 602 (1978). As with the redactions to her renewed motion for bail, the proposed redactions here are narrowly tailored to serve substantial interests, including, most importantly, third parties personal privacy interests. See Under Seal v. Under Seal, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017). See also Dkt. No. 95. The Defendant is hereby ORDERED to docket the redacted documents and corresponding exhibits by no later than December 23, 2020. SO ORDERED. (Signed by Judge Alison J. Nathan on 12/23/2020) (lnl) (Entered: 12/23/2020) |
| 12/23/2020 | [102](#) | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated December 18, 2020 re: Cover Letter for Reply Memorandum for Renewed Bail Application (Everdell, Christian) (Entered: 12/23/2020) |
| 12/23/2020 | [103](#) | REPLY MEMORANDUM OF LAW in Support by Ghislaine Maxwell *re: Renewed Motion for Bail*. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B)(Everdell, Christian) (Entered: 12/23/2020) |

SDNY CM/ECF NextGen Version 1.6

| | | |
|---|---|---|
| 12/28/2020 | 104 | ORDER as to Ghislaine Maxwell. On December 8, 2020, Defendant Ghislaine Maxwell filed a renewed motion for releaseon bail. Dkt No. 97. In an Opinion and Order concurrently filed under temporary seal, the Court DENIES the Defendant's motion. In light of the fact that the Opinion includes potentially confidential information that should not be filed on the public docket, the Court will permit the parties 48 hours to propose any redactions to the Courts Opinion and Order and to justify those redactions by reference tothe Second Circuits decision in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110(2d Cir. 2006). After determining which, if any, portions of the Opinion and Order should be redacted, the Court will file the Opinion and Order on the public docket. As a result, the Court concludes that the Government has met its burden of persuasion that the Defendant poses a flight risk and that pretrial detention continues to be warranted. On or before December 30, 2020, the parties are ORDERED to submit a joint letter indicating whether they propose any redactions and the justification for any such proposal. This resolves Dkt No. 97. (Signed by Judge Alison J. Nathan on 12/28/20)(jw) (Entered: 12/28/2020) |
| 12/30/2020 | 105 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, and Lara Pomerantz dated December 30, 2020 re: Joint Letter re December 28, 2020 Opinion and Order Document filed by USA. (Comey, Maurene) (Entered: 12/30/2020) |
| 12/30/2020 | 106 | OPINION AND ORDER as to Ghislaine Maxwell. Defendant Ghislaine Maxwell has been indicted by a grand jury on charges of conspiracy to entice minors to travel to engage in illegal sex acts, in violation of 18 U.S.C. § 371; enticing a minor to travel to engage in illegal sex acts, in violation of 18 U.S.C. §§ 2422 and 2; conspiracy to transport minors to participate in illegal sex acts, in violation of 18 U.S.C. § 371; transporting minors to participate in illegal sex acts, in violation of 18 U.S.C. §§ 2423 and 2; and two charges of perjury, in violation of 18 U.S.C. § 1623. The Court held a lengthy bail hearing on July 14, 2020. After extensive briefing and argument at the hearing, the Court concluded that the Defendant was a clear risk of flight and that no conditions or combination of conditions would ensure her appearance. Defendant Ghislaine Maxwells renewed motion for release on bail, Dkt. No. 97, is DENIED. (Signed by Judge Alison J. Nathan on 12/28/20)(jw) (Entered: 12/30/2020) |
| 12/31/2020 | 107 | LETTER MOTION addressed to Judge Alison J. Nathan from Christian R. Everdell dated December 31, 2020 re: Extension of Time . Document filed by Ghislaine Maxwell. (Everdell, Christian) (Entered: 12/31/2020) |
| 01/05/2021 | 108 | MEMO ENDORSEMENT as to Ghislaine Maxwell (1) on 107 LETTER MOTION addressed to Judge Alison J. Nathan from Christian R. Everdell dated December 31, 2020 re: Extension of Time. ENDORSEMENT: SO ORDERED. (Signed by Judge Alison J. Nathan on 1/5/2021) (ap) (Entered: 01/05/2021) |
| 01/05/2021 | | Set/Reset Deadlines as to Ghislaine Maxwell: Motions due by 1/25/2021. Responses due by 2/26/2021. Replies due by 3/5/2021. (ap) (Entered: 01/05/2021) |
| 01/08/2021 | 109 | LETTER MOTION addressed to Judge Alison J. Nathan from Christian R. Everdell dated January 8, 2021 re: Extension of Time to File Notice of Appeal . Document filed by Ghislaine Maxwell. (Everdell, Christian) (Entered: 01/08/2021) |
| 01/11/2021 | 110 | SEALED DOCUMENT placed in vault. (jus) (Entered: 01/11/2021) |
| 01/11/2021 | 111 | SEALED DOCUMENT placed in vault. (jus) (Entered: 01/11/2021) |
| 01/11/2021 | 112 | MEMO ENDORSEMENT as to Ghislaine Maxwell (1) denying 109 LETTER MOTION addressed to Judge Alison J. Nathan from Christian R. Everdell dated January 8, 2021 re: Extension of Time to File Notice of Appeal. ENDORSEMENT: The request is denied. |

|            |     |                                                                                                                                                                                                                                                                                                                                                                                                                                                                 |
| ---------- | --- | --- |
|            |     | Good cause for an extension of time to file a notice of appeal has not been provided. SO ORDERED. (Signed by Judge Alison J. Nathan on 1/11/2021) (lnl) (Entered: 01/11/2021) |
| 01/11/2021 | 113 | NOTICE OF APPEAL by Ghislaine Maxwell from 104 Order. (nd) (Entered: 01/12/2021) |
| 01/11/2021 |     | Appeal Remark as to re: 113 Notice of Appeal by Ghislaine Maxwell. $505.00 Appeal filing fee due. (nd) (Entered: 01/12/2021) |
| 01/12/2021 |     | Transmission of Notice of Appeal and Certified Copy of Docket Sheet as to Ghislaine Maxwell to US Court of Appeals re: 113 Notice of Appeal. (nd) (Entered: 01/12/2021) |
| 01/12/2021 |     | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files as to Ghislaine Maxwell re: 113 Notice of Appeal were transmitted to the U.S. Court of Appeals. (nd) (Entered: 01/12/2021) |
| 01/13/2021 | 114 | INTERNET CITATION NOTE as to Ghislaine Maxwell: Material from decision with Internet citation re: 106 Memorandum & Opinion. (sjo) (Entered: 01/13/2021) |
| 01/14/2021 | 115 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated January 14, 2021 re: Laptop Access (Everdell, Christian) (Entered: 01/14/2021) |
| 01/15/2021 | 116 | MEMO ENDORSEMENT as to Ghislaine Maxwell on 115 LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated January 14, 2021 re: Laptop Access. ENDORSEMENT: The unobjected-to request is GRANTED. The Bureau of Prisons is ORDERED to give the Defendant access to the laptop computer on weekends and holidays during the hours that she is permitted to review discovery. SO ORDERED. (Signed by Judge Alison J. Nathan on 1/15/2021) (lnl) (Entered: 01/15/2021) |
| 01/15/2021 |     | USCA Case Number 21-0058 from the U.S. Court of Appeals, 2nd Circ. as to Ghislaine Maxwell, assigned to 113 Notice of Appeal filed by Ghislaine Maxwell. (nd) (Entered: 01/15/2021) |
| 01/15/2021 |     | USCA Appeal Fees received $ 505.00, receipt number 465401271727 as to Ghislaine Maxwell on 01/15/2021 re: 113 Notice of Appeal filed by Ghislaine Maxwell. (nd) (Entered: 01/15/2021) |
| 01/25/2021 | 117 | ORDER as to Ghislaine Maxwell: On January 25, 2021, the Court received by email the attached letter from the Bureau of Prisons ("BOP"). In the letter, the BOP requests that the Court vacate its January 15, 2021 Order, Dkt. No. 116, which directed the BOP to give the Defendant access to her Government provided laptop computer on weekends and holidays during the hours that she is permitted to review discovery. The Defendant and the Government may respond to the BOP's letter within one week of this Order. (Signed by Judge Alison J. Nathan on 1/25/2021) (ap) (Entered: 01/25/2021) |
| 01/25/2021 | 118 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Mark S. Cohen dated January 25, 2021 re: Pretrial Motions (Cohen, Mark) (Entered: 01/25/2021) |
| 01/25/2021 | 119 | MOTION for Separate Trial on Counts Ghislaine Maxwell (1) Count 5s-6s,5-6 . Document filed by Ghislaine Maxwell. (Pagliuca, Jeffrey) (Entered: 01/25/2021) |
| 01/25/2021 | 120 | MEMORANDUM in Support by Ghislaine Maxwell re 119 MOTION for Separate Trial on Counts Ghislaine Maxwell (1) Count 5s-6s,5-6 .. (Pagliuca, Jeffrey) (Entered: 01/25/2021) |
| 01/25/2021 | 121 | MOTION to Dismiss *Either Count One Or Count Three of the Superseding Indictment as Multiplicitous*. Document filed by Ghislaine Maxwell. (Pagliuca, Jeffrey) (Entered: 01/25/2021) |

**A-23**

| 01/25/2021 | 122 | MEMORANDUM in Support by Ghislaine Maxwell re 121 MOTION to Dismiss *Either Count One Or Count Three of the Superseding Indictment as Multiplicitous*.. (Pagliuca, Jeffrey) (Entered: 01/25/2021) |
| 01/25/2021 | 123 | MOTION to Dismiss *Counts One through Four of the Superseding Indictment for Lack of Specificity*. Document filed by Ghislaine Maxwell. (Pagliuca, Jeffrey) (Entered: 01/25/2021) |
| 01/25/2021 | 124 | MEMORANDUM in Support by Ghislaine Maxwell re 123 MOTION to Dismiss *Counts One through Four of the Superseding Indictment for Lack of Specificity*.. (Pagliuca, Jeffrey) (Entered: 01/25/2021) |
| 01/25/2021 | 125 | MOTION to Dismiss *the Superseding Indictment as it was Obtained in Violation of the Sixth Amendment*. Document filed by Ghislaine Maxwell. (Cohen, Mark) (Entered: 01/25/2021) |
| 01/25/2021 | 126 | MEMORANDUM in Support by Ghislaine Maxwell re 125 MOTION to Dismiss *the Superseding Indictment as it was Obtained in Violation of the Sixth Amendment*.. (Cohen, Mark) (Entered: 01/25/2021) |
| 01/26/2021 | 127 | ORDER as to Ghislaine Maxwell: On January 25, 2021, the Defendant filed twelve pre-trial motions. Because there is a request to redact sensitive or confidential information, several of the motions have been filed under temporary seal. The Government may respond to the Defendant's proposed redactions within two days of this Order. (Signed by Judge Alison J. Nathan on 1/26/2021) (ap) (Entered: 01/26/2021) |
| 01/28/2021 | 128 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated January 28, 2021 re: Defendant's Proposed Redactions to Pre-Trial Motions Document filed by USA. (Pomerantz, Lara) (Entered: 01/28/2021) |
| 02/01/2021 | 129 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, and Lara Pomerantz dated February 1, 2021 re: MDC Laptop Access Document filed by USA. (Comey, Maurene) (Entered: 02/01/2021) |
| 02/01/2021 | 130 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 02/02/2021 re: Opposition to MDC letter (Sternheim, Bobbi) (Entered: 02/01/2021) |
| 02/02/2021 | 131 | MEMO ENDORSEMENT as to Ghislaine Maxwell on Letter addressed to Judge Alison J. Nathan from Sophia Papapetru ( Staff Attorney, MDC Brooklyn, Federal Bureau of Prisons) dated January 25, 2021. ENDORSEMENT: Having considered the request submitted by the Bureau of Prisons ("BOP") that the Court vacate its January 15, 2021 Order, Dkt. No. 117, as well as the Government's and the Defendant's responses, Dkt. Nos. 129, 130, the Court hereby DENIES the BOP's request to vacate the Order. SO ORDERED. (Signed by Judge Alison J. Nathan on 2/2/2021)(bw) (Entered: 02/02/2021) |
| 02/04/2021 | 132 | ORDER as to Ghislaine Maxwell: The Defendant is hereby ORDERED to docket the redacted documents and corresponding exhibits by no later than February 5, 2021. With respect to Motion 3, the Defendant is ORDERED to docket the version that includes the Government's proposed redactions in addition to her own. SO ORDERED. (Signed by Judge Alison J. Nathan on 2/4/2021)(See ORDER as set forth) (lnl) (Entered: 02/04/2021) |
| 02/04/2021 | 133 | MOTION to Suppress *Under the Due Process Clause All Evidence Obtained from the Governments Subpoena to REDACTED and to Dismiss Counts Five and Six*. Document filed by Ghislaine Maxwell. (Pagliuca, Jeffrey) (Entered: 02/04/2021) |

SDNY CM/ECF NextGen Version 1.6

| 02/04/2021 | 134 | MEMORANDUM in Support by Ghislaine Maxwell re 133 MOTION to Suppress *Under the Due Process Clause All Evidence Obtained from the Governments Subpoena to REDACTED and to Dismiss Counts Five and Six*.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Pagliuca, Jeffrey) (Entered: 02/04/2021) |
|---|---|---|
| 02/04/2021 | 135 | MOTION to Dismiss *Counts Five and Six of the Superseding Indictment Because the Alleged Misstatements are Not Perjurious as a Matter of Law*. Document filed by Ghislaine Maxwell. (Pagliuca, Jeffrey) (Entered: 02/04/2021) |
| 02/04/2021 | 136 | MEMORANDUM in Support by Ghislaine Maxwell re 135 MOTION to Dismiss *Counts Five and Six of the Superseding Indictment Because the Alleged Misstatements are Not Perjurious as a Matter of Law*.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Pagliuca, Jeffrey) (Entered: 02/04/2021) |
| 02/04/2021 | 137 | MOTION to Dismiss *Counts One Through Six of the Superseding Indictment for Pre-Indictment Delay*. Document filed by Ghislaine Maxwell. (Pagliuca, Jeffrey) (Entered: 02/04/2021) |
| 02/04/2021 | 138 | MEMORANDUM in Support by Ghislaine Maxwell re 137 MOTION to Dismiss *Counts One Through Six of the Superseding Indictment for Pre-Indictment Delay*.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Pagliuca, Jeffrey) (Entered: 02/04/2021) |
| 02/04/2021 | 139 | MOTION to Suppress *Under the Fourth Amendment, Martindell, and the Fifth Amendment All Evidence Obtained from the Governments Subpoena to REDACTED and to Dismiss Counts Five And Six*. Document filed by Ghislaine Maxwell. (Pagliuca, Jeffrey) (Entered: 02/04/2021) |
| 02/04/2021 | 140 | MEMORANDUM in Support by Ghislaine Maxwell re 139 MOTION to Suppress *Under the Fourth Amendment, Martindell, and the Fifth Amendment All Evidence Obtained from the Governments Subpoena to REDACTED and to Dismiss Counts Five And Six*.. (Pagliuca, Jeffrey) (Entered: 02/04/2021) |
| 02/04/2021 | 141 | MOTION to Dismiss *the Superseding Indictment for Breach of Non-Prosecution Agreement*. Document filed by Ghislaine Maxwell. (Cohen, Mark) (Entered: 02/04/2021) |
| 02/04/2021 | 142 | MEMORANDUM in Support by Ghislaine Maxwell re 141 MOTION to Dismiss *the Superseding Indictment for Breach of Non-Prosecution Agreement*.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C (Sealed), # 4 Exhibit D (Sealed), # 5 Exhibit E (Sealed), # 6 Exhibit F (Sealed), # 7 Exhibit G (Sealed), # 8 Exhibit H (Sealed))(Cohen, Mark) (Entered: 02/04/2021) |
| 02/04/2021 | 143 | MOTION to Dismiss *Counts One Through Four of the Superseding Indictment as Time-Barred*. Document filed by Ghislaine Maxwell. (Cohen, Mark) (Entered: 02/04/2021) |
| 02/04/2021 | 144 | MEMORANDUM in Support by Ghislaine Maxwell re 143 MOTION to Dismiss *Counts One Through Four of the Superseding Indictment as Time-Barred*.. (Cohen, Mark) (Entered: 02/04/2021) |
| 02/04/2021 | 145 | MOTION to Strike *Surplusage from Superseding Indictment*. Document filed by Ghislaine Maxwell. (Cohen, Mark) (Entered: 02/04/2021) |
| 02/04/2021 | 146 | MEMORANDUM in Support by Ghislaine Maxwell re 145 MOTION to Strike *Surplusage from Superseding Indictment*.. (Cohen, Mark) (Entered: 02/04/2021) |
| 02/04/2021 | 147 | MOTION for Bill of Particulars *and Pretrial Disclosures*. Document filed by Ghislaine |

| | | |
|---|---|---|
| | | Maxwell. (Cohen, Mark) (Entered: 02/04/2021) |
| 02/04/2021 | 148 | MEMORANDUM in Support by Ghislaine Maxwell re 147 MOTION for Bill of Particulars *and Pretrial Disclosures*.. (Attachments: # 1 Exhibit A, # 2 Exhibit B (Sealed), # 3 Exhibit C (Sealed), # 4 Exhibit D (Sealed), # 5 Exhibit E)(Cohen, Mark) (Entered: 02/04/2021) |
| 02/04/2021 | 149 | AFFIDAVIT of Bobbi C. Sternheim in Support as to Ghislaine Maxwell re 147 MOTION for Bill of Particulars *and Pretrial Disclosures*.. (Cohen, Mark) (Entered: 02/04/2021) |
| 02/05/2021 | 150 | SEALED DOCUMENT placed in vault. (jri) (Entered: 02/05/2021) |
| 02/05/2021 | 151 | SEALED DOCUMENT placed in vault. (jri) (Entered: 02/05/2021) |
| 02/05/2021 | 152 | SEALED DOCUMENT placed in vault. (jri) (Entered: 02/05/2021) |
| 02/05/2021 | 153 | SEALED DOCUMENT placed in vault. (jri) (Entered: 02/05/2021) |
| 02/05/2021 | 154 | SEALED DOCUMENT placed in vault. (jri) (Entered: 02/05/2021) |
| 02/05/2021 | 155 | SEALED DOCUMENT placed in vault. (jri) (Entered: 02/05/2021) |
| 02/05/2021 | 156 | SEALED DOCUMENT placed in vault. (jri) (Entered: 02/05/2021) |
| 02/05/2021 | 157 | SEALED DOCUMENT placed in vault. (jri) (Entered: 02/05/2021) |
| 02/05/2021 | 158 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, and Lara Pomerantz dated February 5, 2021 re: MDC Conditions Update Document filed by USA. (Comey, Maurene) (Entered: 02/05/2021) |
| 02/16/2021 | 159 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 02/16/2021 re: Conditions of Pretrial Confinement (Sternheim, Bobbi) (Entered: 02/16/2021) |
| 02/23/2021 | 160 | THIRD MOTION for Bond . Document filed by Ghislaine Maxwell. (Sternheim, Bobbi) (Entered: 02/23/2021) |
| 02/24/2021 | 161 | ORDER as to Ghislaine Maxwell: On February 23, 2021, Defendant Ghislaine Maxwell filed a third motion for release on bail. Dkt. No. 160. The Government's response is due March 9, 2021, and the Defendants reply is due March 16, 2021. SO ORDERED. (Responses due by 3/9/2021. Replies due by 3/16/2021.) (Signed by Judge Alison J. Nathan on 2/24/2021) (lnl) (Entered: 02/24/2021) |
| 02/26/2021 | 162 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated February 26, 2021 re: Cover Letter for Government Opposition to Defense Pretrial Motions Document filed by USA. (Comey, Maurene) (Entered: 02/26/2021) |
| 03/01/2021 | 163 | LETTER MOTION addressed to Judge Alison J. Nathan from Christian R. Everdell dated March 1, 2021 re: Extension of Time to File Reply to Government Opposition to Defense Pretrial Motions . Document filed by Ghislaine Maxwell. (Everdell, Christian) (Entered: 03/01/2021) |
| 03/01/2021 | 164 | MEMO ENDORSEMENT 163 LETTER MOTION To request a 10-day extension of time until Monday, March 15, 2021 to file our reply re: 163 LETTER MOTION addressed to Judge Alison J. Nathan from Christian R. Everdell dated March 1, 2021 re: Extension of Time to File Briefing Schedule...ENDORSEMENT...The Defendant's request is GRANTED. Her reply to the Government's Omnibus Memorandum in |

A-26

| | | |
|---|---|---|
| | | Opposition to the Defendants Pretrial Motions is now due on March 15, 2021. SO ORDERED. (Signed by Judge Alison J. Nathan on 3/1/21) (jw) (Entered: 03/01/2021) |
| 03/01/2021 | | Set/Reset Deadlines/Hearings as to Ghislaine Maxwell: Defendant Replies due by 3/15/2021 (jw) (Entered: 03/01/2021) |
| 03/09/2021 | 165 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, and Lara Pomerantz dated March 9, 2021 re: Opposition to Third Bail Motion Document filed by USA. (Attachments: # 1 Exhibit A) (Pomerantz, Lara) (Entered: 03/09/2021) |
| 03/15/2021 | 166 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated March 15, 2021 re: Pretrial Motion Replies (Everdell, Christian) (Entered: 03/15/2021) |
| 03/16/2021 | 167 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 03/16/2021 re: Letter regarding Reply to Bail Motion (Sternheim, Bobbi) (Entered: 03/16/2021) |
| 03/18/2021 | 168 | ORDER as to Ghislaine Maxwell. On February 26, 2021, the Government filed its omnibus memorandum of law opposing Defendants' twelve pretrial motions. It filed the brief, along with the corresponding exhibits, under temporary seal pending the Court's resolution of its request to redact sensitive or confidential information. See Dkt. No. 162. On March 9, 2021, the Defendant objected to certain of the redactions that the Government had proposed, and she proposed additional redactions. Having considered the parties' respective positions, the Court will grant the Government's requests for redactions and sealing, as well as the Defendant's additional redaction requests, with the exceptions discussed below. Finally, the Court denies the Governments request to file Exhibit 11 entirely under seal. While portions of that transcript have been redacted, other portions are part of the public record. See Giuffre v. Maxwell, Case No. 15-cv-7433, Dkt. No. 1212-1. In light of this, the Court sees no basis to file the transcript entirely under seal rather than by redacting the relevant portions. In light of the above, the Government is hereby ORDERED to either docket on ECF their brief and the corresponding exhibits, consistent with this Order, or to file a letter with the Court justifying more tailored redaction and sealing requests regarding pages 1128 and 187188 and Exhibits 8 and 9 by no later than March 22, 2021. The parties are further ORDERED to meet, confer, and jointly propose redactions to the Defendant's cover letter objecting to the Government's proposed redactions by March 22, 2021. Finally, the parties are ORDERED to meet, confer, and propose redactions to Exhibit 11 of the Government's submission by March 22, 2021 (Signed by Judge Alison J. Nathan on 3/18/21)(jw) (Entered: 03/18/2021) |
| 03/22/2021 | 169 | ORDER as to Ghislaine Maxwell: Defendant Ghislaine Maxwell's third motion for release on bail, Dkt. No. 160, is DENIED. The parties are ORDERED to meet and confer and propose and justify any redactions to the Defendant's reply brief by March 24, 2021. If they conclude that redactions are unnecessary, the Defendant is ORDERED to docket the unredacted version of the brief by March 24, 2021. (Signed by Judge Alison J. Nathan on 3/22/2021) (See ORDER set forth) (ap) Modified on 3/23/2021 (ap). (Entered: 03/22/2021) |
| 03/22/2021 | 170 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated March 22, 2021 re: Redactions to Government Opposition to Defense Pretrial Motions Document filed by USA. (Pomerantz, Lara) (Entered: 03/22/2021) |
| 03/23/2021 | 171 | REPLY MEMORANDUM OF LAW in Support as to Ghislaine Maxwell re: 160 THIRD MOTION for Bond . . (Sternheim, Bobbi) (Entered: 03/23/2021) |

| | | |
|---|---|---|
| 03/24/2021 | 172 | ORDER as to Ghislaine Maxwell. On March 5, 2021, Defendant Ghislaine Maxwell submitted to the Court an application for an order authorizing a subpoena pursuant to Rule 17(c)(3) of the Federal Rules of Criminal Procedure. The proposed subpoena was directed at a law firm that represents alleged victims of the Defendant. As is standard for Rule 17(c) subpoenas, the application was made ex parte and under seal on the ground that it reveals defense strategy....[*** See this Order ***]... Rule 17(c)(3) provides that " [a]fter [an indictment] is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order," but "before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object." Fed. R. Crim. P. 17(c)(3). Consistent with the Rule, on March 12, 2021, in a sealed ex parte Order, the Court required defense counsel to provide notice to alleged victims whose personal or confidential information may be disclosed by the proposed subpoena. The Court also gave the alleged victims an opportunity to object to or request modifications of the subpoena as required by Rule 17(c)(3). On March 19, 2021, the Court received a letter from the law firm indicating that it can provide notice to alleged victims whose personal or confidential information may be elicited by the subpoena. The law firm shall provide notice to any such alleged victims it represents. In that letter, the law firm also interposed substantial objections on behalf of the law firm and the alleged victims it represents. Those objections are functionally the equivalent of a motion to quash, even though the subpoena has not yet issued. So that the Court can receive adversarial briefing on the proposed subpoena comparable to a motion to quash, the law firm shall enter an appearance and file its objections on the public docket. See United States v. Ray, No. 20-CR-110 (LJL), 2020 WL 6939677, at *10 (S.D.N.Y. Nov. 25, 2020) ("[I]f the Court determines that the subpoena calls for personal or confidential information about a victim, it requires the requesting party have given notice to the victim before it permits the service of the subpoena. If the victim objects, the Court will then determine whether to modify or quash the subpoena, including on grounds that Nixon was not satisfied."). In advance of noticing an appearance and filing, the law firm shall meet and confer with defense counsel to see if any issues can be narrowed before formal briefing. Moreover, prior to filing, the law firm shall confer with defense counsel as to any proposed, necessary, and tailored redactions to the objections. The law firm's objections with any proposed redactions shall be filed on or before March 26, 2021. Any redactions must be justified consistent with Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). Within one week of the filing of objections, defense counsel may respond to the subpoena objections. The law firm may reply within three days of the Defendant's response.(See Citation 1 on this Order). Counsel shall confer regarding any proposed redactions for all briefing. SO ORDERED. (Signed by Judge Alison J. Nathan on 3/24/2021)(bw) (Entered: 03/24/2021) |
| 03/24/2021 | 173 | NOTICE OF APPEAL by Ghislaine Maxwell from 169 Order, Terminate Motions. (tp) (Additional attachment(s) added on 4/1/2021: # 1 Appeal Fee) (tp). (Entered: 03/24/2021) |
| 03/24/2021 | | Appeal Remark as to Ghislaine Maxwell re: 173 Notice of Appeal. $505.00 Appeal Fee Due. (tp) (Entered: 03/24/2021) |
| 03/24/2021 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet as to Ghislaine Maxwell to US Court of Appeals re: 173 Notice of Appeal. (tp) (Entered: 03/24/2021) |
| 03/24/2021 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files as to Ghislaine Maxwell re: 173 Notice of Appeal were transmitted to the U.S. Court of Appeals. (tp) (Entered: 03/24/2021) |
| 03/24/2021 | 174 | SEALED DOCUMENT placed in vault. (dn) (Entered: 03/24/2021) |
| 03/24/2021 | 175 | SEALED DOCUMENT placed in vault. (dn) (Entered: 03/24/2021) |

| 03/24/2021 | 176 | SEALED DOCUMENT placed in vault. (dn) (Entered: 03/24/2021) |
| 03/24/2021 | 177 | SEALED DOCUMENT placed in vault. (dn) (Entered: 03/24/2021) |
| 03/24/2021 | 178 | SEALED DOCUMENT placed in vault. (dn) (Entered: 03/24/2021) |
| 03/24/2021 | 179 | SEALED DOCUMENT placed in vault. (dn) (Entered: 03/24/2021) |
| 03/26/2021 | 180 | NOTICE of Appearance of David Boies for Boies Schiller Flexner LLP and the Victims it Represents as to Ghislaine Maxwell (Boies, David) (Entered: 03/26/2021) |
| 03/26/2021 | 181 | NOTICE of Appearance of Sigrid S. McCawley for Boies Schiller Flexner LLP and the Victims it Represents as to Ghislaine Maxwell (McCawley, Sigrid) (Entered: 03/26/2021) |
| 03/26/2021 | 182 | MOTION for Sigrid S. McCawley to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-24312691. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Boies Schiller Flexner LLP as to Ghislaine Maxwell. (Attachments: # 1 Declaration of Sigrid S. McCawley, # 2 Florida Certificate of Good Standing, # 3 District of Columbia Certificate of Good Standing, # 4 Text of Proposed Order)(McCawley, Sigrid) (Entered: 03/26/2021) |
| 03/26/2021 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 182 MOTION for Sigrid S. McCawley to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-24312691. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 03/26/2021) |
| 03/26/2021 | 183 | LETTER by Boies Schiller Flexner LLP as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Sigrid S. McCawley dated March 22, 2021 re: Objection to Defendant Ghislaine Maxwell's motion for an order authorizing a Rule 17(c) subpoena. Document filed by Boies Schiller Flexner LLP. (McCawley, Sigrid) (Entered: 03/26/2021) |
| 03/26/2021 | 184 | LETTER by Boies Schiller Flexner LLP as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Sigrid S. McCawley dated March 26, 2021 re: Proposed redactions to March 22, 2021 Letter (ECF No. 183) Document filed by Boies Schiller Flexner LLP. (McCawley, Sigrid) (Entered: 03/26/2021) |
| 03/26/2021 | 185 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated March 26, 2021 re: Recent decision in United States v. Schulte, 17 Cr. 548 (PAC) Document filed by USA. (Attachments: # 1 Exhibit 1)(Comey, Maurene) (Entered: 03/26/2021) |
| 03/26/2021 | 186 | ORDER as to Ghislaine Maxwell: The Court sees no reason to maintain the redactions on Boies Schiller Flexner LLP's March 26, 2021 letter. Dkt. No. 183. Unless the Government indicates an objection to removing those redactions by March 29, 2021, BSF shall file the unredacted version on the docket on March 30, 2021. SO ORDERED. (Signed by Judge Alison J. Nathan on 3/26/2021) (lnl) (Entered: 03/26/2021) |
| 03/29/2021 | 187 | (S2) SUPERSEDING INDICTMENT FILED as to Ghislaine Maxwell (1) count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, 7ss-8ss. (jm) (Entered: 03/29/2021) |
| 03/29/2021 | 188 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated March 29, 2021 re: S2 Superseding Indictment Document filed by USA. (Comey, Maurene) (Entered: 03/29/2021) |

| | | |
|---|---|---|
| 03/29/2021 | 189 | ORDER as to Ghislaine Maxwell. The Court is in receipt of the Government's letter responding to its March 18, 2021 order regarding redactions to its omnibus memorandum of law in opposition to the Defendants twelve pretrial motions. Dkt. No. 170. the Court ORDERS that the information contained on pages 129134 of the Governments brief be unredacted. With respect to the proposed redactions to pages 118119 and Exhibit 11, the Court now understands that the parties seek redactions on the basis that the material has been maintained under seal in Giuffre v. Maxwell, Case No 15-cv-7433 (S.D.N.Y.). By April 1, 2021, the parties must meet and confer and either submit to the Court justification for those redactionsbeyond that it has been ordered redacted in the civil matteror, in the alternative, notify the Court that the parties are no longer seeking those redactions. If the parties disagree, they shall indicate their separate views in the joint letter. (Signed by Judge Alison J. Nathan on 3/29/21)(jw) (Entered: 03/29/2021) |
| 03/29/2021 | 190 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, and Lara Pomerantz dated March 29, 2021 re: Clarification re October 7, 2020 Letter Document filed by USA. (Comey, Maurene) (Entered: 03/29/2021) |
| 03/29/2021 | | USCA Appeal Fees received $ 505.00, receipt number 465401276762 as to Ghislaine Maxwell on 3/25/2021 re: 173 Notice of Appeal - Final Judgment filed by Ghislaine Maxwell. (tp) (Entered: 04/01/2021) |
| 03/30/2021 | 191 | LETTER by Boies Schiller Flexner LLP as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Sigrid S. McCawley dated March 22,2021 re: Unredacted Objection to Defendant Ghislaine Maxwell's motion for an order authorizing a Rule 17(c) subpoena. Document filed by Boies Schiller Flexner LLP. (McCawley, Sigrid) (Entered: 03/30/2021) |
| 03/31/2021 | 192 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 03/31/2021 re: Filing of Second Superseding Indictment (Sternheim, Bobbi) (Entered: 03/31/2021) |
| 04/02/2021 | | ORDER granting 182 Motion for Sigrid S. McCawley to Appear Pro Hac Vice as to Ghislaine Maxwell (1). (Signed by Judge Alison J. Nathan on 4/2/2021) (kwi) (Entered: 04/02/2021) |
| 04/02/2021 | 193 | ORDER as to Ghislaine Maxwell. An arraignment on the S2 Superseding Indictment and a status conference is hereby tentatively scheduled for April 16, 2021. As requested by the Defendant, the proceeding will take place in person. The Court is making logistical arrangements and will provide more information when it is available. The Government is ORDERED to respond to the issues raised in the Defendants March 31, 2021 letter, Dkt. No. 192, by April 9, 2021(Government Responses due by 4/9/2021) (Signed by Judge Alison J. Nathan on 4/2/21)(jw) (Entered: 04/02/2021) |
| 04/05/2021 | 194 | LETTER MOTION addressed to Judge Alison J. Nathan from Laura A. Menninger dated April 5, 2021 re: Unopposed Request for One-Week Continuance of Arraignment . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/05/2021) |
| 04/05/2021 | 195 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated April 5, 2021 re: Notice of Rule 17(c) subpoenas . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 04/05/2021) |
| 04/06/2021 | 196 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, and Lara Pomerantz dated April 6, 2021 re: MDC Conditions Update Document filed by USA. (Comey, Maurene) (Entered: 04/06/2021) |

A-30

| 04/07/2021 | 197 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 04/07/2021 re: Response to Government MDC Update (Sternheim, Bobbi) (Entered: 04/07/2021) |
| 04/08/2021 | 198 | ORDER as to Ghislaine Maxwell: The Defendant's request to adjourn the arraignment on the S2 Superseding Indictment is GRANTED. Dkt. No. 194. The arraignment is RE-SCHEDULED to occur on April 23, 2021 at 2:30 p.m. It will take place at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, Courtroom 24B, New York, NY 10007. It is ORDERED that the parties ensure that all participants comply with the Southern District of New Yorks COVID-19-related orders that govern entry into and behavior within SDNY courthouses. These materials may be found at: https://www.nysd.uscourts.gov/covid-19-coronavirus. Court staff are working on the logistical arrangements related to public access (including a public dial-in number), and as soon as that information is available it will be provided in a public order. SO ORDERED. (Arraignment set for 4/23/2021 at 02:30 PM in Courtroom 24B, 500 Pearl Street, New York, NY 10007 before Judge Alison J. Nathan) (Signed by Judge Alison J. Nathan on 4/8/2021) (lnl) (Entered: 04/08/2021) |
| 04/09/2021 | 199 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated April 9, 2021 re: Response to Defense March 31, 2021 Letter Document filed by USA. (Comey, Maurene) (Entered: 04/09/2021) |
| 04/14/2021 | 200 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 04/13/2021 re: Proposed Order to Marshal (Sternheim, Bobbi) (Entered: 04/14/2021) |
| 04/14/2021 | 201 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 200 LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 04/13/2021 re: Proposed Order to Marshal. ENDORSEMENT: After conferring with the District Executive and the United States Marshal for the Southern District of New York, the Court denies the request. The U.S. Marshall has a generally applicable policy that prohibits inmates being held in the Courthouse cellblocks from possessing any materials or items. The circumstances do not warrant an exception to that policy. SO ORDERED. (Signed by Judge Alison J. Nathan on 4/14/2021)(bw) (Entered: 04/14/2021) |
| 04/15/2021 | 202 | MOTION to Continue *Trial Date*. Document filed by Ghislaine Maxwell. (Sternheim, Bobbi) (Entered: 04/15/2021) |
| 04/16/2021 | 203 | ORDER as to Ghislaine Maxwell: The Court is in receipt of the parties' joint letter responding to the Court's March 29, 2021 Order. The parties agree that the redactions to pages 118 and 119 are no longer necessary. The Defendant continues to press for the redactions on pages 129134. However, for the reasons stated in the Court's March 29, 2021 Order, the information is already part of the public record in this case and accordingly the proposed redactions are unnecessary and overbroad. Dkt. No. 189; see also United States v. Nejad, No. 18-CR-224 (AJN), 2021 WL 681427, at *11 (S.D.N.Y. Feb. 22, 2021). For the reasons stated in the Court's March 18, 2021 and March 29, 2021 Orders, the Court approves the limited redactions to Exhibit 11 to the Government's brief, except for the language quoted in the Indictment, which is already part of the public record. The Government is therefore ORDERED to docket its omnibus memorandum of law, along with the corresponding exhibits, by 3:00 p.m. today, consistent with the Court's orders regarding redactions. The parties are further ORDERED to docket their April 1, 2021 joint letter; if either side believes that portions of that letter should be redacted, they shall propose redactions by April 19, 2021. (Signed by Judge Alison J. Nathan on 4/16/2021) (ap) (Entered: 04/16/2021) |

| 04/16/2021 | 204 | MEMORANDUM in Opposition by USA as to Ghislaine Maxwell re 139 MOTION to Suppress *Under the Fourth Amendment, Martindell, and the Fifth Amendment All Evidence Obtained from the Governments Subpoena to REDACTED and to Dismiss Counts Five And Six.*, 123 MOTION to Dismiss *Counts One through Four of the Superseding Indictment for Lack of Specificity.*, 135 MOTION to Dismiss *Counts Five and Six of the Superseding Indictment Because the Alleged Misstatements are Not Perjurious as a Matter of Law.*, 121 MOTION to Dismiss *Either Count One Or Count Three of the Superseding Indictment as Multiplicitous.*, 125 MOTION to Dismiss *the Superseding Indictment as it was Obtained in Violation of the Sixth Amendment.*, 147 MOTION for Bill of Particulars *and Pretrial Disclosures.*, 119 MOTION for Separate Trial on Counts Ghislaine Maxwell (1) Count 5s-s,5-6 ., 133 MOTION to Suppress *Under the Due Process Clause All Evidence Obtained from the Governments Subpoena to REDACTED and to Dismiss Counts Five and Six.*, 145 MOTION to Strike *Surplusage from Superseding Indictment.*, 143 MOTION to Dismiss *Counts One Through Four of the Superseding Indictment as Time-Barred.*, 137 MOTION to Dismiss *Counts One Through Six of the Superseding Indictment for Pre-Indictment Delay.*, 141 MOTION to Dismiss *the Superseding Indictment for Breach of Non-Prosecution Agreement..* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12) (Pomerantz, Lara) (Entered: 04/16/2021) |
| 04/16/2021 | 205 | ORDER as to Ghislaine Maxwell: On March 15, 2021, the Defendant filed under seal her reply briefs to the Government memorandum of law opposing Defendants' twelve pre-trial motions. She filed the briefs, along with the corresponding exhibits, temporarily under seal in order to permit the Government and the Court to review certain proposed redactions. Of the twelve reply briefs, Reply Briefs 2, 4, 7, 8, 9, 11, and 12 did not contain any redaction or sealing requests. Reply Briefs 1, 3, 5, 6, and 10 contain limited proposed redactions. Reply Briefs 3, 6, and 10 also contain exhibits that the Defendant proposes be filed under seal. As set forth in the Defendant's cover letter, the premise of the proposed redactions is that the materials were produced in discovery and subject to the protective order that has been entered in this case. The mere existence of a confidentiality agreement or a protective order covering judicial documents is insufficient to overcome the presumption of access. See Aioi Nissay Dowa Ins. Co. v. Prosight Specialty Mgmt. Co., Inc., 12-cv-3274 (JPO), 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012). And the Court did not receive specific requests or justifications to redact or seal any of the materials. The Defendant is ORDERED to docket Reply Briefs 2, 4, 7, 8, 9, 11, and 12 on ECF today, as she did not propose any redactions to these and the Government has not voiced any opposition to these being filed without redactions. If either side is seeking these or any other redactions to the remaining reply briefs, they must file a letter indicating the redactions they request and providing specific justifications for the sealing requests or redactions, in line with the principles set forth in Lugosch. By April 20, 2021, the parties shall confer and submit a letter informing the Court whether any redactions are being sought. If no redactions are being sought, the Defendant is ORDERED to docket the remaining reply briefs on ECF by April 20, 2021. (Signed by Judge Alison J. Nathan on 4/16/2021) (ap) (Entered: 04/16/2021) |
| 04/16/2021 | 206 | REPLY MEMORANDUM OF LAW in Support as to Ghislaine Maxwell re: 143 MOTION to Dismiss *Counts One Through Four of the Superseding Indictment as Time-Barred.* . (Everdell, Christian) (Entered: 04/16/2021) |
| 04/16/2021 | 207 | OPINION & ORDER as to Ghislaine Maxwell. In June 2020, a grand jury returned a six-count indictment charging Ghislaine Maxwell with facilitating the late financier Jeffrey Epstein's sexual abuse of minor victims from around 1994 to 1997. The Government filed a first (S1) superseding indictment shortly thereafter, which contained only small, ministerial corrections. The S1 superseding indictment included two counts of enticement |

or transportation of minors to engage in illegal sex acts in violation of the Mann Act and two counts of conspiracy to commit those offenses. It also included two counts of perjury in connection with Maxwell's testimony in a civil deposition. Trial is set to begin on July 12, 2021. Maxwell filed twelve pretrial motions seeking to dismiss portions of the S1 superseding indictment, suppress evidence, and compel discovery. After the parties fully briefed those motions, a grand jury returned a second (S2) superseding indictment adding a sex trafficking count and another related conspiracy count. This Opinion resolves all of Maxwell's currently pending pretrial motions other than those seeking to suppress evidence, which the Court will resolve in due course. The motions, and this Opinion, deal exclusively with the S1 superseding indictment and do not resolve any issues related to the newly added sex trafficking charges. For the reasons that follow, the Court denies Maxwell's motions to dismiss the S1 superseding indictment in whole or in part. It grants her motion to sever the perjury charges for a separate trial. It denies her motion to further expedite discovery. The Court provides a brief summary of its conclusions here and its reasoning on the pages that follow:...[*** See this Opinion & Order ***]... Conclusion: The Court DENIES Maxwell's motions to dismiss the indictment as barred by Epstein's non-prosecution agreement (Dkt. No. 141), to dismiss the Mann Act counts as barred by the statute of limitations (Dkt. No. 143), to dismiss the indictment for pre-indictment delay (Dkt. No. 137), to dismiss the Mann Act counts for lack of specificity (Dkt. No. 123), to dismiss the perjury counts as legally untenable (Dkt. No. 135), to strike surplusage (Dkt. No. 145), to dismiss count one or count three as multiplicitous (Dkt. No. 121), and to expedite pretrial disclosures (Dkt. No. 147). The Court GRANTS Maxwell's motion to sever the perjury counts for a separate trial (Dkt. No. 119). The Court ORDERS the Government to confirm within one week whether it considers any evidence related to negotiation of the non-prosecution agreement to constitute Brady or Rule 16 material and, if so, to confirm that it has or will disclose such evidence. The Court further ORDERS the parties to negotiate a final schedule for all pretrial disclosures that remain outstanding, including: Brady, Giglio, and Jenks Act materials, including co-conspirator statements; non-testifying witness statements; testifying witness statements; the identity of victims alleged in the indictment; 404(b) material; and the Government's witness list. The Court also requires the parties to negotiate a schedule for any additional or supplemental motions briefing in light of the S2 indictment. The Court ORDERS a joint proposal to be submitted by April 21, 2021. If agreement is not reached, the parties shall submit their respective proposals. The Court further ORDERS Maxwell to show cause by April 21, 2021 why her motion to dismiss the S1 superseding indictment under the Sixth Amendment (Dkt. No. 125) should not be denied as moot. SO ORDERED. (Signed by Judge Alison J. Nathan on 4/16/2021)(bw) (Entered: 04/16/2021)

| 04/16/2021 | 208 | REPLY MEMORANDUM OF LAW in Support as to Ghislaine Maxwell re: 135 MOTION to Dismiss *Counts Five and Six of the Superseding Indictment Because the Alleged Misstatements are Not Perjurious as a Matter of Law.* . (Attachments: # 1 Exhibit L, # 2 Exhibit M, # 3 Exhibit N)(Everdell, Christian) (Entered: 04/16/2021) |
| 04/16/2021 | 209 | REPLY MEMORANDUM OF LAW in Support as to Ghislaine Maxwell re: 137 MOTION to Dismiss *Counts One Through Six of the Superseding Indictment for Pre-Indictment Delay.* . (Everdell, Christian) (Entered: 04/16/2021) |
| 04/16/2021 | | Set/Reset Deadlines/Hearings as to Ghislaine Maxwell: Brief (Joint proposal by parties) due by 4/21/2021. Show Cause Response (by Defendant) due by 4/21/2021. [*** NOTE: Refer to Opinion & Order, doc.#207. ***] (bw) (Entered: 04/16/2021) |
| 04/16/2021 | 210 | REPLY MEMORANDUM OF LAW in Support as to Ghislaine Maxwell re: 121 MOTION to Dismiss *Either Count One Or Count Three of the Superseding Indictment as Multiplicitous.* . (Everdell, Christian) (Entered: 04/16/2021) |

| 04/16/2021 | 211 | REPLY MEMORANDUM OF LAW in Support as to Ghislaine Maxwell re: 125 MOTION to Dismiss *the Superseding Indictment as it was Obtained in Violation of the Sixth Amendment*. . (Everdell, Christian) (Entered: 04/16/2021) |
| --- | --- | --- |
| 04/16/2021 | 212 | REPLY MEMORANDUM OF LAW in Support as to Ghislaine Maxwell re: 139 MOTION to Suppress *Under the Fourth Amendment, Martindell, and the Fifth Amendment All Evidence Obtained from the Governments Subpoena to REDACTED and to Dismiss Counts Five And Six*. . (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Everdell, Christian) (Entered: 04/16/2021) |
| 04/16/2021 | 213 | REPLY MEMORANDUM OF LAW in Support as to Ghislaine Maxwell re: 123 MOTION to Dismiss *Counts One through Four of the Superseding Indictment for Lack of Specificity*. . (Everdell, Christian) (Entered: 04/16/2021) |
| 04/19/2021 | 214 | ORDER as to Ghislaine Maxwell: An arraignment on the S2 Superseding Indictment is scheduled to take place on April 23, 2021 at 2:30 p.m. The proceeding will take place in Courtroom 24B of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY. Given significant public interest, a video feed of the proceeding will be available for viewing in the Jury Assembly Room and Courtroom 9C at the Daniel Patrick Moynihan Courthouse. The use of any electronic devices during the proceeding in either the Courtroom or the overflow rooms is strictly prohibited. SO ORDERED. (Arraignment set for 4/23/2021 at 02:30 PM in Courtroom 24B, 500 Pearl Street, New York, NY 10007 before Judge Alison J. Nathan) (Signed by Judge Alison J. Nathan on 4/19/2021) (lnl) (Entered: 04/19/2021) |
| 04/19/2021 | 215 | ORDER as to Ghislaine Maxwell: IT IS ORDERED that any redaction requests for documents not already filed on the public docket must be made by April 21, 2021. Alternatively, the parties may file the unredacted versions by that date. SO ORDERED. (Signed by Judge Alison J. Nathan on 4/19/2021) (lnl) (Entered: 04/19/2021) |
| 04/19/2021 | 216 | ORDER as to Ghislaine Maxwell: In its April 16, 2021 Opinion, the Court denied the Defendant's motions to dismiss the S1 superseding indictment in whole or in part and granted the Defendant' s motion to sever the perjury counts for a separate trial. Dkt. No. 207. The Court will try the non-perjury counts first. As the Court noted in its Opinion, it has not yet resolved the Defendant's two motions to suppress evidence. See Dkt. Nos. 133, 139. The Defendant contends in those motions that the Government obtained by subpoena documents covered by a protective order in violation of her rights against unreasonable searches and seizures, against self-incrimination, and to due process of law. The motions seek, at minimum, an evidentiary hearing to determine whether the Government knowingly misrepresented facts to procure an order modifying the protective order. The Court requires information from the Government for scheduling purposes. The Government is ORDERED to inform the Court by letter docketed on ECF no later than April 20, 2021, whether it intends to use any of the documents subject to the pending motions to suppress in the trial of the non-perjury counts in this case. If the Government does not intend to use any of the documents subject to the pending motions to suppress in the trial of the non-perjury counts, the Court will defer consideration of those motions until it has scheduled the trial of the perjury counts. SO ORDERED. (Signed by Judge Alison J. Nathan on 4/19/2021) (lnl) (Entered: 04/19/2021) |
| 04/19/2021 | 217 | JOINT LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Laura A. Menninger dated April 1, 2021 re: Joint Letter Concerning Redactions to Omnibus Response & Exhibit 11 (Menninger, Laura) (Entered: 04/19/2021) |
| 04/19/2021 | 218 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated April 15, 2021 re: Response to Government's April 5, 2021 Letter re. Ms. Maxwell's Rule 17 Subpoena (Pagliuca, Jeffrey) (Entered: 04/19/2021) |

| 04/19/2021 | 219 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Maurene Comey, Lara Pomerantz, and Andrew Rohrbach dated April 19, 2021 re: request for extension of time to respond to the Court's April 19, 2021 Order . Document filed by USA as to Ghislaine Maxwell. (Moe, Alison) (Entered: 04/19/2021) |
|---|---|---|
| 04/20/2021 | 220 | MEMO ENDORSEMENT as to Ghislaine Maxwell (1) granting in part and denying in part 219 LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Maurene Comey, Lara Pomerantz, and Andrew Rohrbach dated April 19, 2021 re: request for extension of time to respond to the Court's April 19, 2021 Order. ENDORSEMENT: The Government's request is granted in part and denied in part. It shall respond to Dkt. No. 216 by no later than 5:00 p.m. on April 21, 2021. (Signed by Judge Alison J. Nathan on 4/20/2021) (ap) (Entered: 04/20/2021) |
| 04/20/2021 | 221 | ORDER as to Ghislaine Maxwell: the Court hereby ORDERS counsel for the Defendant to file written answers to the following specific questions by 12:00 p.m. on Thursday, April 22, 2021: 1. Does defense counsel continue to seek an adjournment of the July 12th start date for trial on the non-perjury counts? 2. If the answer to question 1 is yes, what is the specific request being made as to length of adjournment? In particular, is the request for a 90-day adjournment? An adjournment until January 2022? Or something else? The Court requires a specific request be made and justified or it will not be considered. If Maxwell continues to seek an adjournment, the Government may submit any response by 5:00 pm on April 22, 2021. The Court will consider the submissions and resolve expeditiously. As noted, however, unless and until an adjournment is specifically requested and granted, the parties shall assume that the Court will request a jury selection date as close to July 12th as possible and shall plan accordingly. SO ORDERED. (Signed by Judge Alison J. Nathan on 4/20/2021) (See ORDER as set forth) (lnl) (Entered: 04/20/2021) |
| 04/20/2021 | 222 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated April 20, 2021 re: Redactions to Defense Reply Briefs and Exhibits Document filed by USA. (Pomerantz, Lara) (Entered: 04/20/2021) |
| 04/20/2021 | 223 | REPLY MEMORANDUM OF LAW in Support as to Ghislaine Maxwell re: 141 MOTION to Dismiss the *Superseding Indictment for Breach of Non-Prosecution Agreement.* . (Attachments: # 1 Exhibit A - Sealed)(Everdell, Christian) (Entered: 04/20/2021) |
| 04/20/2021 | 224 | REPLY MEMORANDUM OF LAW in Support as to Ghislaine Maxwell re: 119 MOTION for Separate Trial on Counts Ghislaine Maxwell (1) Count 5s-6s,5-6 . . (Everdell, Christian) (Entered: 04/20/2021) |
| 04/21/2021 | 225 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated April 21, 2021 re: Grand Jury Motion (Everdell, Christian) (Entered: 04/21/2021) |
| 04/21/2021 | 226 | ORDER as to Ghislaine Maxwell. The Court is in receipt of the Defendant's and Boies Schiller Flexner LLPs joint letter responding to the Courts April 19, 2021 Order, Dkt. No. 215. The letter proposes limited redactions on the basis that some of the information is covered by the terms of the protective order in this case. In light of this, by April 22, 2021, the Defendant and BSF are hereby ORDERED to confer with the Government regarding whether the Government requests redaction of any information contained in the Defendant's response to BSF's objections to the Defendant's proposed Rule 17(c) subpoena, BSFs reply, and the April 19, 2021 joint letter addressing the redactions to these documents. The Government may submit any redaction requests by April 23, 2021; in doing so, the Government shall justify any proposed redactions by |

| | | |
|---|---|---|
| | | reference to the test articulated in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). The Defendant, BSF, and the Government are further ORDERED to notify the Court whether any party seeks redactions to the April 19, 2021 joint letter. If not, the Defendant shall file the letter on the public docket by April 23, 2021 (Signed by Judge Alison J. Nathan on 4/21/21)(jw) (Entered: 04/21/2021) |
| 04/21/2021 | 227 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Alison Moe, Maurene Comey, Lara Pomerantz, and Andrew Rohrbach dated April 21, 2021 re: in response to the Court's April 19, 2021 Order Document filed by USA. (Moe, Alison) (Entered: 04/21/2021) |
| 04/21/2021 | 228 | MEMO ENDORSEMENT as to Ghislaine Maxwell re: 225 Letter Grand Jury Motion... ENDORSEMENT: The motion to dismiss the SI superseding indictment on the grounds that it was returned by a grand jury sitting at the White Plains courthouse (Dkt. No. 125) is DENIED as moot. SO ORDERED. (Signed by Judge Alison J. Nathan on 4/21/21)(jbo) (Entered: 04/21/2021) |
| 04/21/2021 | 229 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated April 21, 2021 re: Proposed Pretrial Schedule Document filed by USA. (Comey, Maurene) (Entered: 04/21/2021) |
| 04/21/2021 | 230 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated April 21, 2021 re: Proposed Pretrial Schedule (Everdell, Christian) (Entered: 04/21/2021) |
| 04/21/2021 | 231 | ORDER as to Ghislaine Maxwell: The Court will schedule a trial date for the severed perjury counts after trial of the non-perjury counts is completed. Given that and in light of the representations in the Government's April 21, 2021 letter, see Dkt. No. 227, the Court intends to defer resolution of the pending motions to suppress (including resolution of the request for an evidentiary hearing) until after the trial on the non-perjury counts. If either side objects, counsel shall state the basis for any objection by letter on or before by 5pm on Thursday, April 22, 2021.SO ORDERED. (Signed by Judge Alison J. Nathan on 4/21/2021) (lnl) (Entered: 04/22/2021) |
| 04/22/2021 | 232 | MEMO ENDORSEMENT as to Ghislaine Maxwell on 222 LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated April 20, 2021 re: Redactions to Defense Reply Briefs and Exhibits. ENDORSEMENT: The Court grants the Government's proposed redaction and sealing requests. This conclusion is guided by the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. Id. at 11920. The Court concludes that these are judicial documents and that the First Amendment and common law presumptions of access attach. In balancing competing considerations against the presumption of access, however, the Court finds that the specific arguments the Government has put forward in this letter, including the need to protect the privacy interests of third parties and alleged victims, favor the narrowly tailored redactions. See United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995). The Government's letter does not discuss Exhibit L of Reply Brief 6. By April 23, 2021, the parties shall either propose redactions to Exhibit L of Reply Brief 6, which was originally filed under seal, or they shall indicate to the Court that they seek no redactions and file it on ECF. SO ORDERED. (Signed by Judge Alison J. Nathan on 4/22/2021) (lnl) (Entered: 04/22/2021) |

                                         

| 04/22/2021 | 233 | LETTER by Boies Schiller Flexner LLP as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Sigrid McCawley dated 04-22-2021 re: Request to Bring Electronic Devices Document filed by Boies Schiller Flexner LLP. (Attachments: # 1 Exhibit Electronic Device Form)(McCawley, Sigrid) (Entered: 04/22/2021) |
|---|---|---|
| 04/22/2021 | 234 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated April 22, 2021 re: Response to Dkt. No. 227, Governments April 21, 2021 Letter re Ms. Maxwells Motions to Suppress (Pagliuca, Jeffrey) (Entered: 04/22/2021) |
| 04/22/2021 | 235 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated April 22, 2021 re: Response to Defense Request for Adjournment Document filed by USA. (Comey, Maurene) (Entered: 04/22/2021) |
| 04/22/2021 | 236 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated April 22, 2021 re: Response to the Court's April 22, 2021 Order Document filed by USA. (Pomerantz, Lara) (Entered: 04/22/2021) |
| 04/22/2021 | 237 | MEMO ENDORSEMENT as to Ghislaine Maxwell on 233 LETTER by Boies Schiller Flexner LLP as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Sigrid McCawley dated 04-22-2021 re: Request to Bring Electronic Devices Document. ENDORSEMENT: Because remote access is available for tomorrow and because no electronic devices may be used in the courtroom or overflow rooms, Dkt. No. 214, to the extent the request is for tomorrow's arraignment, that request is denied. Counsel may renew their application in advance of future proceedings. SO ORDERED. (Signed by Judge Alison J. Nathan on 4/22/2021) (lnl) (Entered: 04/23/2021) |
| 04/23/2021 | 238 | SEALED DOCUMENT placed in vault. (jus) (Entered: 04/23/2021) |
| 04/23/2021 | 239 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Alison Moe, Maurene Comey, Lara Pomerantz, and Andrew Rohrbach dated April 23, 2021 re: in response to the Court's April 16, 2021 Order. Document filed by USA. (Moe, Alison) (Entered: 04/23/2021) |
| 04/23/2021 | 240 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated April 23, 2021 re: Proposed Redactions Document filed by USA. (Comey, Maurene) (Entered: 04/23/2021) |
| 04/23/2021 | 241 | MEMO ENDORSEMENT as to Ghislaine Maxwell on 240 LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated April 23, 2021 re: Proposed Redactions. ENDORSEMENT: The Court grants the Government's redaction requests. Its conclusion is guided by the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. Id. at 11920. The Court concludes that these are judicial documents and that the First Amendment and common law presumptions of access attach. But in balancing competing considerations against the presumption of access, the Court finds that the specific arguments the Government has put forward in this letter, including the need to protect the privacy interests of third parties referenced in the documents, favor the narrowly tailored redactions. See United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995). The Defendant and Boies Schiller are hereby ORDERED to docket the respective documents with the Government's |

| | | |
|---|---|---|
| | | proposed redactions by April 23, 2021. SO ORDERED. (Signed by Judge Alison J. Nathan on 4/23/2021) (lnl) (Entered: 04/23/2021) |
| 04/23/2021 | 242 | ORDER as to Ghislaine Maxwell: On April 22, 2021, Defendant Ghislaine Maxwell filed her response to the Court's April 21, 2021 Order, Dkt. No. 221, under temporary seal with proposed redactions. The proposed redactions are GRANTED. The Court's conclusion is guided by the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court must: (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. Id. at 11920. The Court concludes that these are judicial documents and that the First Amendment and common law presumptions of access attach. In balancing competing considerations against the presumption of access, however, the Court finds that the proposed redactions are narrowly tailored to protect the privacy interests of defense lawyers' clients in other matters and to allow defense counsel to comply with their professional obligations under the rules of professional conduct. The Defendant is ORDERED to docket the redacted version of her letter by April 23, 2021. The Defendant is further ORDERED to docket the basis for the redaction request, originally sent by email, on ECF by April 23, 2021. SO ORDERED. (Signed by Judge Alison J. Nathan on 4/23/2021) (lnl) (Entered: 04/23/2021) |
| 04/23/2021 | 243 | MEMO ENDORSEMENT as to Ghislaine Maxwell on 234 LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated April 22, 2021 re: Response to Dkt. No. 227, Governments April 21, 2021 Letter re Ms. Maxwell's Motions to Suppress. ENDORSEMENT: The Court agrees with the position set forth in this letter that, unless the Government agrees to forgo any use of the documents subject to the motions to suppress at trial on the non-perjury counts, the Court must resolve those motions prior to that trial. The Court will resolve the motions in due course. SO ORDERED. (Signed by Judge Alison J. Nathan on 4/23/2021) (lnl) (Entered: 04/23/2021) |
| 04/23/2021 | 244 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated April 2, 2021 re: Response to Letter Motion to Quash Rule 17 Subpoena to Boies Schiller Flexner LLP (Pagliuca, Jeffrey) (Entered: 04/23/2021) |
| 04/23/2021 | 245 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Laura A. Menninger dated April 19, 2021 re: Redactions to Pleadings Re: Rule 17 Subpoenas (Menninger, Laura) (Entered: 04/23/2021) |
| 04/23/2021 | 246 | LETTER MOTION addressed to Judge Alison J. Nathan from Laura A. Menninger dated April 22, 2021 re: 221 Order,,,, re: Request for Adjournment of 120 or 180 Days for Trial on the Non-Perjury Counts . Document filed by Ghislaine Maxwell. (Menninger, Laura) (Entered: 04/23/2021) |
| 04/23/2021 | 247 | LETTER by Boies Schiller Flexner LLP as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Sigrid S. McCawley dated April 5, 2021 re: Reply in Support of Objections to Rule 17 Subpoena Document filed by Boies Schiller Flexner LLP. (McCawley, Sigrid) (Entered: 04/23/2021) |
| 04/23/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Arraignment as to Ghislaine Maxwell (1) Count 1ss,2ss,3ss,4ss,5ss,6ss,7ss-8ss held on 4/23/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Maurene Comey, Alison Moe, and Lara Pomerantz for the government. Defendant is arraigned on Superseding Indictment 2. Defendant enters a plea of Not Guilty to the S2 indictment. Defendant remains remanded. See Transcript. (Court Reporter Rebecca Forman) (ap) (Entered: 04/27/2021) |

| 04/23/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: **Plea entered by Ghislaine Maxwell (1) Count 1ss,2ss,3ss,4ss,5ss,6ss,7ss-8ss Not Guilty.** (ap) (Entered: 04/27/2021) |
|---|---|---|
| 04/26/2021 | 248 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 04/26/21 re: Confiscation of Legal Documents (Sternheim, Bobbi) (Entered: 04/26/2021) |
| 04/26/2021 | 250 | ORDER as to Ghislaine Maxwell. The Court is in receipt of the parties' proposed schedules for pretrial disclosures and pretrial motions practice. Dkt. Nos. 229, 230. Having considered the parties respective positions, the Court hereby sets the schedule below, which it deems reasonable and fair: the Court hereby sets the following schedule: Government expert witness disclosure are due April 23, 2021 (agreement of the parties); Supplemental Pretrial Motions that pertain only to the new charges raised in the S2 indictment (agreement of the parties): Defense supplemental motions are due May 7, 2021; Governments response is due May 21, 2021; Defense replies are due May 28, 2021; Disclosure of the alleged victims referenced in the S2 Indictment: May 17, 2021 (agreement of the parties); The Court will address a process and schedule for the parties' proposals regarding a jury questionnaire by separate order. Finally, the parties are ORDERED to meet and confer on the Government's proposal that the Defendant submit witness statements pursuant to Federal Rule of Criminal Procedure 26.2 at least four weeks in advance of trial. The parties are further ORDERED to submit a joint letter laying out their respective positions and proposals within one week of this Order (Defense supplemental Motions due by 5/7/2021., Defense Replies due by 5/28/2021., Government's Responses due by 5/21/2021). (Signed by Judge Alison J. Nathan on 4/26/21)(jw) (Entered: 04/27/2021) |
| 04/27/2021 | 249 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 248 Letter filed by Ghislaine Maxwell to report an incident stemming from an attorney-client conference with Ghislaine Maxwell: Guards on Ms. Maxwell's security detail wrongfully seized and reviewed her confidential legal documents...ENDORSEMENT...MDC legal counsel is hereby ORDERED to show cause by April 28, 2021 why an order directing the MDC to provide the information requested in this letter to the Defendant's counsel ought not issue. MDC legal counsel shall either docket it on ECF or email the letter to the Court so that the Court can docket it on ECF. Chambers will email a copy of this Order directly to legal counsel for the MDC (Signed by Judge Alison J. Nathan on 4/27/21)(jw) (Entered: 04/27/2021) |
| 04/27/2021 | 251 | SEALED DOCUMENT placed in vault. (jus) (Entered: 04/27/2021) |
| 04/27/2021 | 252 | ORDER re: 195 LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated April 5, 2021 re: Notice of Rule 17(c) subpoenas. The Defendant's motion for an order authorizing the subpoena pursuant to Rule 17(c)(3) is DENIED. The Government is ORDERED to respond to Requests 9 through 11 of the proposed subpoena within one week of this Order. (Signed by Judge Alison J. Nathan on 4/27/21) (jw) (Entered: 04/27/2021) |
| 04/28/2021 | 253 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 04/28/2021 re: Reply to MDC letter re: order to show cause re: confiscation of legal documents (Sternheim, Bobbi) (Entered: 04/28/2021) |
| 04/29/2021 | 254 | LETTER addressed to Judge Alison J. Nathan from Sophia Papapetru dated 4/28/21 re: I am writing in response to your April 26, 2021, Order seeking information regarding an alleged incident involving Ghislaine Maxwell, Register No. 02879-509, at the Metropolitan Detention Center in Brooklyn, New York (MDC Brooklyn) as relayed by |

| | | her counsel in an April 26, 2021, letter. We respectfully request Your Honor deny defense counsel's proposed order. Please let us know if the Court requires any additional information, which we will be happy to provide (jw) (Entered: 04/29/2021) |
|---|---|---|
| 04/29/2021 | 255 | ORDER as to Ghislaine Maxwell. On April 26, 2021, defense counsel advised the Court of an incident that took place on April 24, 2021 in which Defendant Ghislaine Maxwell's legal materials were seized by staff at the Metropolitan Detention Center. Dkt. No. 248. The Court ordered legal counsel for the MDC to show cause why the requested order should not issue. Dkt. No. 249. The MDC filed its response with the Court. Dkt No. 254. In reply, Maxwell made additional requests. Dkt. No. 253. Defense counsels requests are GRANTED in part and DENIED in part. IT IS ORDERED that by April 30, 2021, legal counsel to the MDC must provide the following information: If known, an inventory of the items seized from Ms. Maxwell in the incident that occurred on April 24, 2021 shall be provided by email to defense counsel only; and A representation to this Court, to be filed on ECF, indicating: Whether any of the materials seized from Ms. Maxwell were duplicated in any fashion and what investigation was undertaken in order to determine this information; Whether Ms. Maxwell is permitted to bring confidential legal materials to in-person meetings with defense counsel without those materials being seized; What steps have been or will be taken to ensure the confidentiality of Ms. Maxwell's lawyer-client communications (Signed by Judge Alison J. Nathan on 4/29/21)(jw) (Entered: 04/29/2021) |
| 04/29/2021 | 256 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 04/29/2021 re: Sleep Deprivation in MDC (Sternheim, Bobbi) (Entered: 04/29/2021) |
| 04/29/2021 | 257 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 256 During oral argument of Ghislaine Maxwells bail appeal before the Circuit, Ms. Maxwell's appellate counsel expressed concern that she was improperly deprived of sleep while detained in the MDC, an issue that has been raised in filings before this Court. we ask the Court to address Ms. Maxwell's sleeping conditions by directing the MDC to cease 15-minute light surveillance of Ms. Maxwell or justify the need for the disruptive flashlight surveillance..ENDORSEMENT...By May 5, 2021, the Government is ORDERED to confer with MDC legal counsel and provide the Court responses to the following questions: Is Ms. Maxwell being subjected to flashlight surveillance every 15 minutes at night? Or any other atypical flashlight surveillance? If so, what is the basis for doing so? 3. And if so, can she be provided with appropriate eye covering? The Government is further ORDERED to share its response with defense counsel before filing it on ECF so that defense counsel can indicate whether they believe any private medical information needs to be redacted before public filing (Signed by Judge Alison J. Nathan on 4/29/21) (jw) (Entered: 04/29/2021) |
| 04/29/2021 | 258 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 04/29/2021 re: Reply to MDC letter re: confiscation of legal documents (Sternheim, Bobbi) (Entered: 04/29/2021) |
| 04/30/2021 | 259 | LETTER addressed to Judge Alison J. Nathan from Sophia Papapetru dated 4/29/21 re: This letter is written in response to your April 28, 2021, Order seeking the following information regarding an alleged incident involving Ghislaine Maxwell, Register No. 02879-509, at the Metropolitan Detention Center in Brooklyn, New York (MDC Brooklyn) on April 24, 2021 (jw) (Entered: 04/30/2021) |
| 04/30/2021 | 260 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated April 30, 2021 re: Hard Drives (Everdell, Christian) (Entered: 04/30/2021) |
| 05/03/2021 | 261 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Conference held on 4/23/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Rebecca Forman, (212) 805- |

| | | |
|---|---|---|
| | | 0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/24/2021. Redacted Transcript Deadline set for 6/3/2021. Release of Transcript Restriction set for 8/2/2021. (McGuirk, Kelly) (Entered: 05/03/2021) |
| 05/03/2021 | [262](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Conference proceeding held on 4/23/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 05/03/2021) |
| 05/03/2021 | [263](#) | MEMO ENDORSEMENT as to Ghislaine Maxwell re: [260](#) Letter on Hard Drives... ENDORSEMENT: Counsel for the MDC may submit any objection to the Defendant's request by May 4, 2021. SO ORDERED. (Signed by Judge Alison J. Nathan on 5/3/21) (jbo) (Entered: 05/03/2021) |
| 05/03/2021 | [264](#) | ORDER as to Ghislaine Maxwell. On April 21, 2021, the Court's Chambers received a letter from counsel for a non-party requesting assurances as to privacy protections for his client in any filings or proceedings in this case. The letter requests anonymity on behalf of the client as an alleged victim of a sexual crime. After receiving the letter, the Court forwarded it to the parties and required the Government to respond to counsel, which it has done. The Court will take no further action based on the April 21, 2021 letter but will file it under seal to protect the privacy interests of the non-party asserting that interest. The Government is requested to forward this order to counsel for the non-party. SO ORDERED. (Signed by Judge Alison J. Nathan on 5/3/21)(jbo) (Entered: 05/03/2021) |
| 05/03/2021 | [265](#) | ORDER as to Ghislaine Maxwell: The Court has received an exchange of letters that pertain to an incident that took place on April 24, 2021. Dkt. Nos. 248, 253, 254, 258, 259. Legal counsel for MDC, where Ms. Maxwell is detained pretrial, alleges that her lawyers violated Bureau of Prisons rules by providing Ms. Maxwell materials at an in-person attorney-client visit. Dkt. Nos. 254, 259. Ms. Maxwells lawyers categorically deny the allegations and threaten separate legal action against MDC staff based on the incident and the accusation. Dkt. Nos. 253, 258. The Court intimates no views as to whether some other action or process is appropriate or proper in light of either sides allegations. This Courts obligation in this case, and any other, is to ensure that the defendant is given an opportunity to meet with her lawyers, engage in confidential attorney-client communications, and prepare for trial. Mindful of that obligation, the Court declines to take further action at this time. After receiving the defenses first letter motion, the Court ordered MDC legal counsel to show cause why the Court should not grant the requested relief. Dkt. No. 249. The Court then granted in part defense counsels original request and ordered MDC legal counsel to respond to certain questions about the April 24, 2021 incident and the procedures in place to ensure the confidentiality of Ms. Maxwells lawyer-client communications. Dkt. No. 255. Defense counsels current application is that this Court order MDC to turn over copies of video tapes of the in-person attorney-client visit. Dkt. No. 258. Those video tapes must be preserved in light of defense counsels preservation letter. Dkt. No. 248, Ex. C. If Ms. Maxwell or defense counsel are entitled to view or receive copies of those materials as a matter of law, they should be provided. To the extent defense counsel is seeking entitlement to those materials from this Court, that application is denied. The Court has ensured and will continue to ensure that Ms. Maxwell has the opportunity to meet meaningfully and confidentially with her lawyers in light of all relevant circumstances and consistent with the treatment of all other detained inmates in BOP custody. The isolated incident that took place on April 24, 2021, and the serious allegations leveled by MDC legal counsel and defense counsel in no way |

|  |  |  |
|---|---|---|
|  |  | undermine the Courts conclusion that Ms. Maxwell and her lawyers are fully able to prepare for trial. The Court is confident that all parties recognize the importance of this going forward and in advance of the upcoming trial. In furtherance of this, counsel for the Government are ORDERED to confer with legal counsel for MDC to ensure that Ms. Maxwell continues to have access to confidential attorney-client communications as she prepares for trial. If any additional incidents arise, defense counsel shall promptly confer with counsel for the Government regarding those incidents and seek to resolve any such issues swiftly, responsibly, reasonably, and amicably. If that fails, the parties may write to the Court jointly indicating their views, identifying and justifying any specific application being made. (Signed by Judge Alison J. Nathan on 5/3/2021) (ap) (Entered: 05/03/2021) |
| 05/03/2021 | 266 | ORDER as to Ghislaine Maxwell: The Court concludes that the interests of justice justify granting a short continuance. The Court deems an adjournment until fall 2021 to be reasonable. Such an adjournment would plainly give the defense team sufficient time to prepare for trial in light of the additional charges contained in the S2 indictment while also ensuring that the trial proceeds without undue delay. No additional delay is necessary or in the interests of justice. The parties are hereby ORDERED to meet and confer and by May 10, 2021, they shall jointly propose a trial start date for the Court to request of the Clerk's Office (as is required by COVID protocols). The Court urges counsel to agree to the earliest possible date this fall and to seek adjustments to other schedules in order to facilitate an early fall trial start date. The parties shall also discuss and propose any adjustments necessary to the pre-trial schedule in place. Dkt. No. 250. The Government may move in the letter for any requested exclusion of time under the Speedy Trial Act. (Signed by Judge Alison J. Nathan on 5/3/2021) (See ORDER set forth) (ap) (Entered: 05/03/2021) |
| 05/03/2021 | 267 | JOINT LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated May 3, 2021 re: defense witness disclosures, Dkt. No. 250 (Pagliuca, Jeffrey) (Entered: 05/03/2021) |
| 05/04/2021 | 268 | ORDER as to Ghislaine Maxwell: On April 30, 2021, defense counsel requested that the Court issue an order directing the MDC to accept two hard drives from defense counsel that contain the non-Highly Confidential discovery in this case for Ms. Maxwell's use. Dkt. No. 260. On May 4, 2021, the Court received the attached email from MDC legal counsel indicating that MDC does not oppose the defense's request and that MDC staff will coordinate with defense counsel so that Ms. Maxwell can receive the hard drives. In light of this, defense counsel's April 30, 2021 request appears moot. Defense counsel shall raise any further issues regarding their request within two weeks of this order. (Signed by Judge Alison J. Nathan on 5/4/2021) (ap) (Entered: 05/04/2021) |
| 05/04/2021 | 269 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated May 4, 2021 re: Subpoena Requests 9 Through 11 Document filed by USA. (Rohrbach, Andrew) (Entered: 05/04/2021) |
| 05/05/2021 | 270 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, and Lara Pomerantz dated May 5, 2021 re: Use of Flighlights at MDC Document filed by USA. (Pomerantz, Lara) (Entered: 05/05/2021) |
| 05/06/2021 |  | ***DELETED DOCUMENT. Deleted document number 271 LETTER, as to Ghislaine Maxwell. The document was incorrectly filed in this case, as per Supervisor. (ap) (Entered: 05/06/2021) |
| 05/06/2021 | 271 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated May |

| | | |
|---|---|---|
| | | 6, 2021 re: Subpoena Request 11 Document filed by USA. (Rohrbach, Andrew) (Entered: 05/06/2021) |
| 05/07/2021 | 272 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 5/7/2021 re: MDC flashlight security checks (Sternheim, Bobbi) (Entered: 05/07/2021) |
| 05/07/2021 | 273 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated May 7, 2021 re: Cover Letter for Omnibus Memorandum in Support of the Defendant's Supplemental Pretrial Motions Relating to the S2 Superseding Indictment (Everdell, Christian) (Entered: 05/07/2021) |
| 05/10/2021 | 274 | MEMO ENDORSEMENT as to Ghislaine Maxwell on 273 LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated May 7, 2021 re: Cover Letter for Omnibus Memorandum in Support of the Defendant's Supplemental Pretrial Motions Relating to the S2 Superseding Indictment. ENDORSEMENT: The Government is hereby ORDERED to propose and justify any redactions by May 12, 2021. SO ORDERED. (Signed by Judge Alison J. Nathan on 5/10/2021) (lnl) (Entered: 05/10/2021) |
| 05/10/2021 | 275 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated May 10, 2021 re: Proposed Trial Date Document filed by USA. (Pomerantz, Lara) (Entered: 05/10/2021) |
| 05/11/2021 | 276 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 05/10/2021 re: Request for November 8th trial start date (Sternheim, Bobbi) (Entered: 05/11/2021) |
| 05/11/2021 | 277 | ORDER as to Ghislaine Maxwell: The Court has considered the parties' proposals regarding the commencement of trial. Dkt. Nos. 275, 276. For the reasons stated in the Government's letter, the Court will request November 29, 2021 from the Clerk's Office as the trial start datethat is the date (pending approval from the Clerk's Office consistent with the SDNY COVID protocols) that opening statements will be made to the jury. However, the Court will also request from the Clerk's Office that jury selection occur during the week of November 15. Counsel shall plan accordingly. The Court grants the Government's motion to exclude time until November 29, 2021. The Court finds that the ends of justice served by granting an exclusion from speedy trial computations for the period from today's date through November 29, 2021, outweigh the interests of the public and the Defendant in a speedy trial, because this time is necessary to permit the defense to continue to review discovery and other materials in light of the superseding indictment; to permit the parties to prepare and file motions in limine; to permit the parties to make and review additional pretrial disclosures; and to allow adequate time for the parties to prepare for trial. Time is therefore excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), until November 29, 2021. In order to ensure that there is no delay in the commencement of trial, the Court will adjust the current pre-trial schedule. So that the Court can resolve motions in limine in advance of the November 29th trial commencement date, any such motions shall be fully briefed no later than four weeks in advance of the anticipated trial commencement date of November 29. The parties shall meet and confer to propose adjustments to other pre-trial disclosures accordingly. The parties are hereby ORDERED to meet and confer for at least 30 minutes by phone regarding the overall pretrial disclosure schedule and submit a joint letter by May 14, 2021. The Court will accept only a joint letter with a joint proposal or with each sides views briefly stated. The letter must attest to the meet and confer. Any separately filed letters will be struck. SO ORDERED. (Time excluded from 5/11/2021 until 11/29/2021) (Signed by Judge Alison J. Nathan on 5/11/2021) (lnl) (Entered: 05/11/2021) |

| | | |
|---|---|---|
| 05/12/2021 | 278 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated May 12, 2021 re: Proposed Redactions to Defendant's Supplemental Pre-Trial Motions Document filed by USA. (Pomerantz, Lara) (Entered: 05/12/2021) |
| 05/13/2021 | 279 | ORDER as to Ghislaine Maxwell: On May 12, 2021, the Defendant submitted a response to the Government's May 4 and May 6 letters. See Dkt. Nos. 269, 271. She submitted it under temporary seal, though she noted that she is willing to file the response and its corresponding exhibits on the public docket. The Government is hereby ORDERED to notify the Court by May 14, 2021 whether it requests that any part of the Defendants submission be redacted or filed under seal; any such request must be justified by reference to the test articulated in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). SO ORDERED. (Signed by Judge Alison J. Nathan on 5/13/20201) (lnl) (Entered: 05/13/2021) |
| 05/14/2021 | 280 | JOINT LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated May 14, 2021 re: 277 Order to Continue - Interest of Justice, Terminate Motions, Set Deadlines/Hearings,,,,,,,,,,,,,,,,,,,,,,,, re: Extension of time . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 05/14/2021) |
| 05/14/2021 | 281 | MEMO ENDORSEMENT as to Ghislaine Maxwell (1) on 280 JOINT LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated May 14, 2021. ENDORSEMENT: The request for an extension of time until May 21, 2021 to respond to the Court's May 11, 2021 Order is GRANTED. SO ORDERED. (Signed by Judge Alison J. Nathan on 5/14/2021) (lnl) (Entered: 05/14/2021) |
| 05/14/2021 | 282 | ORDER as to Ghislaine Maxwell: On April 29, 2021, counsel for Ghislaine Maxwell wrote to the Court requesting that the Court address her sleeping conditions, with particular emphasis on counsel's representation, unsupported by affidavit or other factual showing, that guards are shining a flashlight in Maxwell's eyes every 15 minutes at night. Dkt. No. 256. Defense counsel claims that the flashlight surveillance in Maxwell's eyes is disrupting her sleep, which in turn is impacting her ability to prepare for and withstand trial. The Court sought more information by ordering the Government to confer with legal counsel for the Bureau of Prisons and to respond to certain questions. Dkt. No. 257. In response, the Government states that MDC staff conduct flashlight checks of all inmates as a matter of course. Dkt. No. 270. As reported by the Government, inmates housed with cell mates in the Special Housing Unit are checked with flashlights every 30 minutes. Inmates housed with others in the general population are checked multiple times per night at regular intervals. The Government further reports that to conduct the checks, flashlights are pointed at the ceiling of the cell to confirm that the inmate is present, breathing, and not in distress. As the Government explains, there are a number of neutral reasons why BOP's flashlight checks of Maxwell are relatively more frequent than those of other inmates, including that Maxwell is housed alone, the nature of the charges, and the potential stress for inmates that can arise in high-profile cases. The MDC has determined that these factors necessitate more frequent safety and security checks. The Government also indicates that the prohibition on eye masks is a generally applicable policy, but that Maxwell, like other inmates, may use other noncontraband items to cover her eyes. To the extent that Maxwell's April 29, 2021 letter asks the Court to override BOP's determination as to the frequency of appropriate safety and security check procedures, that request is denied as factually unsubstantiated and legally unsupported. Certainly nothing in the record plausibly establishes that current protocols interfere with Maxwell's ability to prepare for her trial and communicate with her lawyers. Defense counsel's May 7, 2021 letter, Dkt. No. 272, describes generalized grievances but makes |

| | | |
|---|---|---|
| | | no additional specific and supported application for relief. Nevertheless, the Court urges the MDC to consider whether sleep disruption for pretrial detainees can be reduced. The Court also admonishes the MDC and the Government to continue to ensure that Maxwell is subjected to only those security protocols that BOP determines are necessary for her safety and security, based upon neutral and applicable factors, and consistent with the treatment of similarly situated pre-trial detainees. The Government shall provide a copy of this Order to the Warden and General Counsel for the MDC. SO ORDERED. (Signed by Judge Alison J. Nathan on 5/14/2021) (lnl) (Entered: 05/14/2021) |
| 05/14/2021 | 283 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated May 14, 2021 re: Proposed Redactions to Defendant's Letter re BSF Subpoena Document filed by USA. (Rohrbach, Andrew) (Entered: 05/14/2021) |
| 05/17/2021 | 284 | MEMO ENDORSEMENT as to Ghislaine Maxwell re: 278 Letter Proposed Redactions to Defendant's Supplemental Pre-Trial Motions... ENDORSEMENT: The Court grants in part the Government's redaction and sealing requests. Its conclusion is guided by the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). The Court concludes that these are judicial documents and that the First Amendment and common law presumptions of access attach. Id. at 11920. In balancing competing considerations against the presumption of access, the Court finds that the arguments the Government has put forward in this letter, including the need to protect the privacy interests of third parties and alleged victims, favor the narrowly tailored redactions. See United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995). Similarly, the Court concludes that the Government has shown that Exhibits E, F, G, H, and I should be filed under seal. With respect to Exhibit C, however, the Court concludes that narrowly tailored redactions are sufficient to advance the privacy interests the Government has identified. Accordingly, the Government is ORDERED to confer with defense counsel and submit proposed redactions to Exhibit C by May 20, 2021. SO ORDERED. (Signed by Judge Alison J. Nathan on 5/17/21)(jbo) (Entered: 05/17/2021) |
| 05/20/2021 | 285 | REPLY MEMORANDUM OF LAW in Support as to Ghislaine Maxwell re: 139 MOTION to Suppress *Under the Fourth Amendment, Martindell, and the Fifth Amendment All Evidence Obtained from the Governments Subpoena to REDACTED and to Dismiss Counts Five And Six.* . (Attachments: # 1 Exhibit J, # 2 Exhibit K, # 3 Exhibit L, # 4 Exhibit M, # 5 Exhibit N, # 6 Exhibit O, # 7 Exhibit P, # 8 Exhibit Q)(Everdell, Christian) (Entered: 05/20/2021) |
| 05/20/2021 | 286 | REPLY MEMORANDUM OF LAW in Support as to Ghislaine Maxwell re: 145 MOTION to Strike *Surplusage from Superseding Indictment*. . (Everdell, Christian) (Entered: 05/20/2021) |
| 05/20/2021 | 287 | REPLY MEMORANDUM OF LAW in Support as to Ghislaine Maxwell re: 147 MOTION for Bill of Particulars *and Pretrial Disclosures*. . (Attachments: # 1 Exhibit A (Filed under seal))(Everdell, Christian) (Entered: 05/20/2021) |
| 05/20/2021 | 288 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated May 20, 2021 re: Proposed Redactions to Exhibit C to Defendant's Supplemental Pre-Trial Motions Document filed by USA. (Pomerantz, Lara) (Entered: 05/20/2021) |
| 05/21/2021 | 289 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated May 21, 2021 re: Reply to Government Letter dated May 14 Regarding Proposed Redactions to Ms. Maxwells May 12, 2021 Letter (DE 283) (Pagliuca, Jeffrey) (Entered: 05/21/2021) |

A-45

| 05/21/2021 | 290 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 288 The Government respectfully submits this letter in response to the Courts Order dated May 17, 2021, which directed the Government to confer with defense counsel and submit proposed redactions to Exhibit C to the defendant's memorandum in support of her supplemental pretrial motions. (Dkt. No. 284). The Government seeks redactions that are narrowly tailored to protect the privacy interests of victims and third parties referenced in the document...ENDORSEMENT...The Government's proposed redactions are permitted for the reasons provided. By May 25, 2021, the Defendant is ORDERED to file her supplemental pretrial motions and supporting papers on the docket in accordance with Dkt. No. 284 and this order (Supplemental Pretrial Motions due by 5/25/2021.). (Signed by Judge Alison J. Nathan on 5/21/21)(jw) (Entered: 05/21/2021) |
|---|---|---|
| 05/21/2021 | 291 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from All Counsel dated May 21, 2021 re: Joint Letter re Scheduling Document filed by USA. (Comey, Maurene) (Entered: 05/21/2021) |
| 05/25/2021 | 292 | MOTION to Dismiss *and to Obtain the Relief Specified in her Supplemental Pre-Trial Motions Relating to the S2 Superseding Indictment*. Document filed by Ghislaine Maxwell. (Everdell, Christian) (Entered: 05/25/2021) |
| 05/25/2021 | 293 | MEMORANDUM in Support by Ghislaine Maxwell re 292 MOTION to Dismiss *and to Obtain the Relief Specified in her Supplemental Pre-Trial Motions Relating to the S2 Superseding Indictment.. (OMNIBUS MEMORANDUM OF GHISLAINE MAXWELL IN SUPPORT OF HER SUPPLEMENTAL PRETRIAL MOTIONS RELATING TO THE S2 SUPERSEDING INDICTMENT)* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C (Redacted), # 4 Exhibit D, # 5 Exhibit E (Filed Under Seal), # 6 Exhibit F (Filed Under Seal), # 7 Exhibit G (Filed Under Seal), # 8 Exhibit H (Filed Under Seal), # 9 Exhibit I (Filed Under Seal))(Everdell, Christian) (Entered: 05/25/2021) |
| 05/25/2021 | 294 | AFFIDAVIT of Christian Everdell in Support as to Ghislaine Maxwell re 292 MOTION to Dismiss *and to Obtain the Relief Specified in her Supplemental Pre-Trial Motions Relating to the S2 Superseding Indictment.. (AFFIDAVIT OF CERTIFICATION PURSUANT TO LOCAL CRIMINAL RULE 16.1)* (Everdell, Christian) (Entered: 05/25/2021) |
| 05/25/2021 | 295 | MEMORANDUM in Opposition by USA as to Ghislaine Maxwell re 292 MOTION to Dismiss *and to Obtain the Relief Specified in her Supplemental Pre-Trial Motions Relating to the S2 Superseding Indictment.*. (Rohrbach, Andrew) (Entered: 05/25/2021) |
| 05/28/2021 | 296 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated May 28, 2021 re: Cover Letter for Omnibus Reply Memorandum in Support of the Defendant's Supplemental Pretrial Motions Relating to the S2 Superseding Indictment. (Everdell, Christian) (Entered: 05/28/2021) |
| 06/02/2021 | 297 | ORDER as to Ghislaine Maxwell: Having considered the parties' respective proposals, Dkt. No. 291, the Court hereby sets the following disclosure schedule: September 13, 2021: Disclosure of alleged victims' identities (Government's proposal) October 11, 2021: Government's disclosure of Jencks Act and Giglio material, Rule 404(b) evidence and notice, co-conspirator statements, and Government witness list (Government's proposal) October 11, 2021: Government's disclosure of its proposed exhibit list (Defendant's proposal) October 18, 2021: Simultaneous filing of motions in limine (agreement of the parties) October 25, 2021: Simultaneous filing of proposed jury questionnaire and voir dire (agreement of the parties) November 1, 2021: Defense expert disclosures (Defendant's proposal) November 1, 2021: Responses to motions in limine (agreement of the parties) November 8, 2021: Simultaneous filing of requests to charge and verdict sheet (agreement of the parties) - November 8, 2021: Defense disclosures pursuant to |

| | | |
|---|---|---|
| | | Rules 16(b)(1)(A) and 16(b)(1)(B) materials (The Government proposed November 1, 2021; the Defendant proposed the close of the Government's case-in-chief) Close of the Government's case-in-chief: Defense witness list and 26.2 statements (Defendant's proposal) These dates establish a baseline for when the parties must disclose certain materials. Each of the parties has a continuing obligation to update all disclosures if they become aware of additional responsive materials. In addition, and as requested by the parties, the parties may bring issues to the Court's attention that arise after the deadline for motions in limine if the issues could not have been raised within the deadline set for in limine motions. (Motions due by 10/18/2021. Responses due by 11/1/2021) (Signed by Judge Alison J. Nathan on 6/2/2021) (ap) (Entered: 06/02/2021) |
| 06/04/2021 | 298 | ORDER as to Ghislaine Maxwell: The Defendant's motion for an order authorizing the subpoena pursuant to Rule 17(c)(3) is DENIED. (Signed by Judge Alison J. Nathan on 6/4/2021) (See ORDER set forth) (ap) (Entered: 06/04/2021) |
| 06/07/2021 | 299 | MANDATE of USCA (Certified Copy) as to Ghislaine Maxwell re: 173 Notice of Appeal, 113 Notice of Appeal. USCA Case Number 21-58; 21-770. Defendant-Appellant Ghislaine Maxwell appeals from orders of the District Court entered December 28, 2020 and March 22, 2021, which denied her renewed requests for bail pending trial. See Dkts. 1, 20. Upon due consideration, it is hereby ORDERED that the District Courts orders are AFFIRMED and that Appellants motion for bail, or in the alternative, temporary pretrial release pursuant to 18 U.S.C. § 3142(i), Dkt. 39, is DENIED. During oral argument, counsel for Appellant expressed concern that Appellant was improperly being deprived of sleep while incarcerated. To the extent Appellant seeks relief specific to her sleeping conditions, such request should be addressed to the District Court... Catherine O'Hagan Wolfe, Clerk USCA for the Second Circuit. Issued As Mandate: 6/7/2021. (nd) (Entered: 06/08/2021) |
| 06/08/2021 | | Transmission of USCA Mandate to the District Judge re: 299 USCA Mandate. (nd) (Entered: 06/08/2021) |
| 06/15/2021 | 300 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 6/15/2021 re: Response to MDC Conditions Update (Sternheim, Bobbi) (Entered: 06/15/2021) |
| 06/15/2021 | 301 | ORDER as to Ghislaine Maxwell: On June 7, 2021, the Government submitted an update on the Defendants conditions of confinement. It submitted it under temporary seal to permit the Defendant to propose redactions. On June 15, 2021, the Defendant proposed narrowly tailored redactions, which the Court adopts after applying the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). The Government is ORDERED to publicly docket the redacted version of its June 7, 2021 letter by June 17, 2021. (Signed by Judge Alison J. Nathan on 6/16/2021) (ap) (Entered: 06/16/2021) |
| 06/16/2021 | 302 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated June 7, 2021 re: MDC Conditions Update Document filed by USA. (Pomerantz, Lara) (Entered: 06/16/2021) |
| 06/25/2021 | 303 | ORDER as to Ghislaine Maxwell. Maxwell's motions to suppress evidence (Dkt. Nos. 133, 139) are DENIED. The Court sets out its reasoning in an opinion concurrently filed under temporary seal to allow Maxwell and the Government the opportunity to propose redactions. The parties may file under seal any proposed redactions to the opinion within three days. The Court further ORDERS that the April 9, 2019 memorandum decision and order on the Government's application to modify the protective order in Giuffre v. Maxwell, No. 15-cv-7433, as well as the transcripts of the March 26, 2019 and April 9, 2019 ex parte hearings on that application shall be unsealed. These documents were |

| | | |
|---|---|---|
| | | previously filed under seal as Exhibits D, E, F, and G to the memorandum of law in support of Maxwell's first motion to suppress (Dkt. No. 134). Within one week, the parties shall confer and file under seal any proposed redactions to the memorandum decision, order, and transcripts. Any proposed redactions shall be narrowly tailored and shall be supported with reference to the Second Circuit's opinion in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). The parties proposed redactions should not include any information that has already been made public. SO ORDERED (Signed by Judge Alison J. Nathan on 6/25/21)(jbo) (Entered: 06/25/2021) |
| 06/25/2021 | 304 | ORDER as to Ghislaine Maxwell. The Court grants the Defendant's request that going forward the Government shall only file updates if there are any material changes to Ms. Maxwell's conditions of confinement. See Dkt. No. 300 at 1. In the absence of any other specific or supported application for relief from the Defendant, the Court will take no further action at this time. SO ORDERED. (Signed by Judge Alison J. Nathan on 6/25/2021)(bw) (Entered: 06/25/2021) |
| 06/25/2021 | 307 | OPINION & ORDER as to Ghislaine Maxwell. Maxwell moves to suppress evidence obtained through a grand jury subpoena to a law firm involved in earlier civil litigation against her. She contends that because the documents sought by the subpoena were previously subject to a protective order, the Government obtained them in violation of her rights against compelled self-incrimination, against unreasonable searches and seizures, and to due process of law. For the foregoing reasons, the Court finds that the Government did not violate Maxwell's constitutional rights when it obtained evidence covered by a protective order in her earlier civil case. It further finds that Maxwell is not entitled to suppression of any evidence or to an evidentiary hearing. The Court thus DENIES Maxwell's motions to suppress (Dkt. Nos. 133, 139) (Signed by Judge Alison J. Nathan on 6/25/21)(jw) (Entered: 07/01/2021) |
| 06/30/2021 | 305 | ORDER as to Ghislaine Maxwell: Pursuant to the Court's order of June 25, 2021 (Dkt. No. 303), any proposed redactions to the Court's opinion on Maxwell's motions to suppress evidence must be filed no later than today, June 30, 2021. Any proposed redactions to the other documents ordered unsealed in that order must be filed no later than July 2, 2021. The parties shall file a joint letter by each of these dates informing the Court if no redactions are sought. SO ORDERED. (Signed by Judge Alison J. Nathan on 6/30/2021) (lnl) (Entered: 06/30/2021) |
| 06/30/2021 | 306 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated June 30, 2021 re: Joint Letter re June 25, 2021 Opinion and Order and Defense Exhibits Document filed by USA. (Pomerantz, Lara) (Entered: 06/30/2021) |
| 07/01/2021 | 308 | ORDER as to Ghislaine Maxwell. No party has proposed redactions to the Court's opinion on Maxwell's motions to suppress evidence or the documents ordered unsealed in the Courts June 25, 2021 Order (Dkt. No. 303). Thus, the Court lifts the temporary seal on its June 25, 2021 opinion on Maxwells motions to suppress. It also unseals the April 9, 2019 memorandum decision and order on the Governments application to modify the protective order in Giuffre v. Maxwell, No. 15-cv-7433, as well as the transcripts of the March 26, 2019 and April 9, 2019 ex parte hearings on that application, originally filed under seal as Exhibits D, E, F, and G to the memorandum of law in support of Maxwell's first motion to suppress (Dkt. No. 134). Maxwell shall file those exhibits on the public docket without redaction by July 2, 2021 (Signed by Judge Alison J. Nathan on 7/1/21) (jw) (Entered: 07/01/2021) |
| 07/01/2021 | 309 | LETTER MOTION addressed to Judge Alison J. Nathan from Alison Moe, Maurene Comey, and Lara Pomerantz dated July 1, 2021 re: Local Rule 23.1 . Document filed by USA as to Ghislaine Maxwell. (Moe, Alison) (Entered: 07/01/2021) |

| 07/02/2021 | 310 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated July 2, 2021 re: Cosby Opinion (Attachments: # 1 Exhibit A)(Everdell, Christian) (Entered: 07/02/2021) |
|---|---|---|
| 07/02/2021 | 311 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated July 2, 2021 re: Cover Letter Attaching Unsealed Exhibits for the Memorandum in Support of the Defendant's Motion Under the Due Process Clause to Suppress all Evidence Obtained from the Government's Subpoena to Boies Schiller and to Dismiss Counts Five and Six (Dkt. No. 134) (Attachments: # 1 Exhibit D, # 2 Exhibit E, # 3 Exhibit F, # 4 Exhibit G)(Everdell, Christian) (Entered: 07/02/2021) |
| 07/02/2021 | 312 | ORDER as to Ghislaine Maxwell re: Defense counsel, including David Markus, are ORDERED to respond to the Governments July 1, 2021 letter motion, Dkt. No. 309, by July 9, 2021 (Defense Counsel Responses due by 7/9/2021) (Signed by Judge Alison J. Nathan on 7/2/21)(jw) (Entered: 07/02/2021) |
| 07/09/2021 | 313 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 07/09/2021 re: Counsel of Record reply to Court Order Dkt 312 (Sternheim, Bobbi) (Entered: 07/09/2021) |
| 07/12/2021 | 314 | LETTER addressed to Judge Alison J. Nathan from David Oscar Markus dated 7/9/21 re: The Governments request should be denied because (1) undersigned counsel does not currently represent Ms. Maxwell, and (2) the Op-Ed did not violate the local rules. (jw) (Entered: 07/12/2021) |
| 07/30/2021 | 315 | ORDER as to Ghislaine Maxwell. The Government has moved for an order requiring David Markus to comply with Local Criminal Rule 23.1 following an op-ed that he authored opining on the merits of this pending case. Dkt. No. 309. Mr. Markus is therefore ORDERED to comply with Local Criminal Rule 23.1. The Government does not ask the Court to discipline Mr. Markus based on his op-ed and the Court declines to consider whether it violated Rule 23.1 given the potential lack of clarity with respect to whether Mr. Markus was bound by the rule. The Court emphasizes that the rule provides illustrative examples of statements that "presumptively involve a substantial likelihood that their public dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice within the meaning of the rule." S.D.N.Y. Local Criminal Rule 23(d). Going forward, Mr. Markus and all lawyers associated with the pending case are now clearly on notice that their conduct falls under the purview of Local Criminal Rule 23.1. Indeed, the above concerns do not apply only to Mr. Markus. This Court has previously noted that counsel[,] agents for the parties and counsel for potential witnesses must take care to protect the Defendant's right to a fair trial by an impartial jury. Dkt. No. 28. This Court is cognizant that criminal matters heading toward trial are especially sensitive to extrajudicial statements. All those associated with this case must act to ensure the case is tried solely in court or else they risk being deemed responsible for any trial delay or for undermining the integrity of the upcoming trial. See S.D.N.Y. Local Criminal Rule 23.1(h). In addition to the impact it could have on this matter, failure to comply could also result in attorney discipline. Id. Rule 23.1(i). (Signed by Judge Alison J. Nathan on 7/30/21)(jw) Modified on 7/30/2021 (jw). (Entered: 07/30/2021) |
| 07/30/2021 | | NOTICE OF MAILING as to Ghislaine Maxwell: Copy of Order dated 7/30/21 (dkt.315) was emailed to Mr. Markus on Friday, September 30. (jbo) (Entered: 08/03/2021) |
| 08/05/2021 | 316 | INTERNET CITATION NOTE as to Ghislaine Maxwell: Material from decision with Internet citation re: 315 Order. (sjo) (Entered: 08/05/2021) |
| 08/13/2021 | 317 | OPINION & ORDER as to Ghislaine Maxwell. For the reasons above and in this Courts April 16, 2021 Opinion & Order, the Court DENIES Maxwell's motion to obtain relief specified in her supplemental pre-trial motions relating to the S2 indictment. This |

| | | |
|---|---|---|
| | | resolves Dkt. No. 292. (Signed by Judge Alison J. Nathan on 8/13/2021) (See ORDER set forth) (ap) (Entered: 08/13/2021) |
| 08/13/2021 | 318 | ORDER as to Ghislaine Maxwell: On March 19, 2021, Defendant Ghislaine Maxwell submitted a sealed and ex parte motion for an order authorizing four subpoenas pursuant to Rule 17(c)(3) of the Federal Rules of Criminal Procedure. By sealed order dated March 22, 2021, the Court provided an opportunity for recipients of the subpoenas to respond to the requests by March 30, 2021, but it received no responses. In an Opinion and Order temporarily filed under seal, the Court DENIES Maxwell's motion without prejudice. It does so after concluding that none of the proposed subpoenas conform to the factors first set out in United States v. Nixon, 418 U.S. 683, 69870 (1974). The Court will send the temporarily sealed Opinion and Order to defense counsel. By August 18, 2021, Maxwell is ORDERED to inform the Court whether she seeks sealing or limited redactions of the Court's opinion and of her original motion papers, justifying any such request by reference to the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). In addition, by that date Maxwell shall inform the Court whether she seeks full sealing or redactions of the original motion, again justifying any such request by reference to the Lugosch test. (Signed by Judge Alison J. Nathan on 8/13/2021) (ap) (Entered: 08/13/2021) |
| 08/13/2021 | 334 | OPINION & ORDER as to Ghislaine Maxwell. Maxwell's motion is, at this time, DENIED without prejudice. She may renew any Rule 17(c) applications upon a proper showing that each of the requested materials satisfies the Nixon test, as described above and in the Court's April 27, 2021 and June 2, 2021 Orders. The Court will file this Opinion & Order under temporary seal to allow consideration of any sealing or redaction requests. (Signed by Judge Alison J. Nathan on 8/13/2021) (See ORDER set forth) (ap) (Entered: 09/03/2021) |
| 08/18/2021 | 319 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 08/18/2021 re: Disruption of MDC attorney-client video teleconferences (Sternheim, Bobbi) (Entered: 08/18/2021) |
| 08/18/2021 | 320 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated August 18, 2021 re: Identification of co-conspirators Document filed by USA. (Rohrbach, Andrew) (Entered: 08/18/2021) |
| 08/19/2021 | 321 | ENDORSED LETTER as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim, dated 8/18/2021, re: Counsel writes: I write to update the Court regarding MDC ongoing interference with attorney-client communication between Ghislaine Maxwell and her counsel. ENDORSEMENT: The Government is hereby ORDERED to confer with BOP and MDC Legal and file a response to Defendant's letter on or before August 23, 2021. SO ORDERED. (Signed by Judge Alison J. Nathan on 8/19/2021) (lnl) (Entered: 08/19/2021) |
| 08/19/2021 | 322 | MEMO ENDORSEMENT as to Ghislaine Maxwell on 320 LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated August 18, 2021 re: Identification of co-conspirators. ENDORSEMENT: The parties are hereby ORDERED to meet and confer in an effort to reach an agreement on the disclosure issues raised in this letter. If the parties reach an agreement, they shall inform the Court by August 26, 2021. If the parties do not reach agreement, the Defendant may file a response to the arguments made here by the Government on or before August 30, 2021. Any response letter shall confirm that the meet and confer occurred. SO ORDERED. (Signed by Judge Alison J. Nathan on 8/19/2021) (lnl) (Entered: 08/19/2021) |

SDNY CM/ECF NextGen Version 1.6

| 08/19/2021 | 323 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated August 19, 2021 re: Redactions to Motion for 17(c) Subpoenas. (Everdell, Christian) (Entered: 08/19/2021) |
| --- | --- | --- |
| 08/20/2021 | 324 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated August 20, 2021 re: Limited unsealing . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 08/20/2021) |
| 08/23/2021 | 325 | ORDER re: 324 LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated August 20, 2021 re: Limited unsealing. Defense counsel is ORDERED to provide this Order and the temporarily sealed Opinion and Order to the intended recipients of the subpoenas. By August 25, 2021, defense counsel is ORDERED to confirm service of this Order and the temporarily sealed Opinion and Order. The Court GRANTS the Governments request for a limited unsealing of the Court's August 13 Opinion and Order and the underlying motion papers. Dkt. No. 324. The Court will send the temporarily sealed Opinion and Order and motion papers to the Government. This resolves Dkt. No. 324. (Signed by Judge Alison J. Nathan on 8/23/21) (jw) (Entered: 08/23/2021) |
| 08/23/2021 | | Transmission to Sealed Records Clerk: as to Ghislaine Maxwell. Transmitted re: 325 Order on Letter Motion to the Sealed Records Clerk for the sealing or unsealing of document or case. (jw) (Entered: 08/23/2021) |
| 08/23/2021 | 326 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated August 23, 2021 re: Response to Defense August 18, 2021 Letter Document filed by USA. (Comey, Maurene) (Entered: 08/23/2021) |
| 08/24/2021 | 327 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 08/24/2021 (Sternheim, Bobbi) (Entered: 08/24/2021) |
| 08/25/2021 | 328 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated August 25, 2021 re: Service of Order. (Everdell, Christian) (Entered: 08/25/2021) |
| 08/25/2021 | 329 | ORDER as to Ghislaine Maxwell. Defendant submitted a letter on August 18 informing the Court about disruptions of attorney-client video teleconferences. Dkt. No. 319. After conferring with MDC Legal, the Government responded on August 23. Dkt. No. 326. According to the Government and MDC Legal, the Defendant's difficulties in communicating with her counsel via video teleconference have been resolved, and the Government's letter sufficiently addresses her other requests. The Court finds MDC Legal's assurance that Defendant's communications have not been interfered with, recorded, or listened to sufficient. No further application for relief was made in Defendant's August 24 reply. Dkt. No. 327. The Court remains confident that Ms. Maxwell is fully able to communicate with her defense counsel and to prepare for trial. If Defendant experiences further issues in communicating with her counsel, she should promptly notify the Court after conferring in good faith with the Government and MDC Legal. (Signed by Judge Alison J. Nathan on 8/25/21)(jw) (Entered: 08/25/2021) |
| 08/27/2021 | 330 | ORDER as to Ghislaine Maxwell. The Clerk's Office has now confirmed that a jury trial in this case has been scheduled to commence on November 29, 2021. This is a firm trial date. When the information is available, the Court will provide courtroom location and public access information by separate order. In light of the firm trial discussed above, it is hereby ORDERED that the parties appear for a telephone conference to discuss jury selection matters on October 21, 2021 at 12:00 P.M. Dial-in information for the parties and for public access will be provided when it is available by separate order. In light of |

| | | |
|---|---|---|
| | | the jury selection dates provided by the Clerks Office, the Court amends the schedule that it set on June 2, 2021 as follows. The parties shall meet and confer and submit a joint proposed juror questionnaire and joint proposed voir dire by October 11, 2021. The parties shall file a joint proposed charge and verdict sheet, with any differing proposals supported by authority or other justification, by October 27, 2021. Any motions in limine must be simultaneously filed by October 18, 2021, and any responses to motions in limine are due by October 25, 2021. Otherwise, the parties shall continue to follow the schedule that the Court set on June 2, 2021. Dkt. No. 297. IT IS FURTHER ORDERED that the parties appear for an in-person pretrial conference on November 1, 2021 at 11:00 A.M. (Pretrial Conference set for 11/1/2021 at 11:00 AM before Judge Alison J. Nathan., Telephone Conference set for 10/21/2021 at 12:00 PM before Judge Alison J. Nathan.). (Signed by Judge Alison J. Nathan on 8/27/21)(jw) (Entered: 08/27/2021) |
| 08/30/2021 | [331](#) | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated August 30, 2021 re: Response to Government Letter dated August 18, 2021, Dkt. 320 (Pagliuca, Jeffrey) (Entered: 08/30/2021) |
| 09/01/2021 | [332](#) | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated September 1, 2021 re: Proposed Redactions Document filed by USA. (Comey, Maurene) (Entered: 09/01/2021) |
| 09/03/2021 | [333](#) | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: [332](#) LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated September 1, 2021 re: Proposed Redactions. ENDORSEMENT: The Court has reviewed the proposed redactions and finds that they are narrowly tailored and necessary to protect the privacy and identities of third parties not identified on the record in this case. The intended recipients of the subpoenas did not file proposed redactions by September 1, 2021, per this Court's August 23 Order. Dkt. No. 325. The Court accordingly ORDERS Defendant to file the redacted Motion and Exhibits 1, 3, and 4, and unredacted Exhibit 2, by September 7, 2021. The Court hereby unseals the August 13 Opinion, and the Court will file the Opinion on the public docket. (Signed by Judge Alison J. Nathan on 9/2/2021) (ap) (Entered: 09/03/2021) |
| 09/03/2021 | [335](#) | ORDER as to Ghislaine Maxwell: The Court ORDERS that at the same time that the Government discloses Jencks Act material, the Government shall also disclose to the defense the identities of any unnamed co-conspirators who allegedly participated in the conspiracies charged in the S2 indictment to whom the Government will refer at trial. The Government is FURTHER ORDERED to disclose all co-conspirator statements it intends to offer at trial no later than October 11, as consistent with this Court's scheduling order. Dkt. No. 297 at 1. (Signed by Judge Alison J. Nathan on 9/3/2021) (See ORDER set forth) (ap) (Entered: 09/03/2021) |
| 09/07/2021 | [336](#) | MOTION for Discovery *(Ex Parte and In Camera for an Order Authorizing a Subpoena Pursuant to Fed. R. Crim. P. 17(c)(3))*. Document filed by Ghislaine Maxwell. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4)(Everdell, Christian) (Entered: 09/07/2021) |
| 10/05/2021 | [337](#) | ORDER as to Ghislaine Maxwell. The Court is currently in the process of planning logistics for trial in this matter and requires the parties' best and current estimate of length of trial. The Court plans to have the jury sit 5 days a week from 9am until 5pm. Given that jury selection will be complete by November 19 and opening statements will occur on November 29, the Court requests that the parties provide their best estimate as to when the jury is likely to begin deliberations. This will allow the Court to assess the likelihood that trial may continue after the Christmas holiday and therefore whether the jury may be |

|  |  | required to sit some days during the week between Christmas and New Year's Day. Accordingly, on or before October 12, 2021, the parties are ORDERED to confer and submit a joint letter with their best and current estimate as to when the jury is likely to begin deliberations. SO ORDERED. (Signed by Judge Alison J. Nathan on 10/5/2021) (bw) (Entered: 10/05/2021) |
|---|---|---|
| 10/12/2021 | 338 | MEMO ENDORSEMENT as to Ghislaine Maxwell re: Motion to Intervene....ENDORSEMENT...The motion to intervene is DENIED. SO ORDERED. (Signed by Judge Alison J. Nathan on 10/12/21)(jw) (Entered: 10/12/2021) |
| 10/12/2021 | 339 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated October 11, 2021 re: Sealing of Joint Proposed Juror Questionnaire and Voir Dire . Document filed by USA as to Ghislaine Maxwell. (Pomerantz, Lara) (Entered: 10/12/2021) |
| 10/12/2021 | 340 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated October 12, 2021 re: Trial length Document filed by USA. (Rohrbach, Andrew) (Entered: 10/12/2021) |
| 10/13/2021 | 341 | MOTION Individual Sequestered Voir Dire and Limited Attorney-Conducted Voir Dire re 339 LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated October 11, 2021 re: Sealing of Joint Proposed Juror Questionnaire and Voir Dire . . Document filed by Ghislaine Maxwell. (Sternheim, Bobbi) (Entered: 10/13/2021) |
| 10/13/2021 | 342 | MEMORANDUM in Support by Ghislaine Maxwell re 341 MOTION Individual Sequestered Voir Dire and Limited Attorney-Conducted Voir Dire re 339 LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated October 11, 2021 re: Sealing of Joint. (Sternheim, Bobbi) (Entered: 10/13/2021) |
| 10/13/2021 | 343 | ORDER as to Ghislaine Maxwell. The Court is in receipt of Defendant's motion for an order granting individual sequestered juror voir dire and limited counsel-conducted voir dire. Dkt. No. 341. The Government is hereby ORDERED to respond by Monday, October 18, 2021 (Government Responses due by 10/18/2021) (Signed by Judge Alison J. Nathan on 10/13/21)(jw) (Entered: 10/14/2021) |
| 10/14/2021 | 344 | ORDER as to Ghislaine Maxwell. The Court received a letter via email from a lawyer for an alleged victim regarding victim attendance at the upcoming trial. The Court will file the letter under seal and forward a copy to counsel for both sides. Consistent with the Districts COVID-19 protocols, the Court will ensure public access for pretrial proceedings and trial, including several overflow rooms at the courthouse with live feeds of the proceedings. Additional information will be provided as soon as it is available. Access for alleged victims will be coordinated between the Victim Witness Unit and the District Executives Office. The contact information for each office is provided below. Furthermore, Defense counsel may coordinate access for the Defendant's family members with the District Executives Office (Signed by Judge Alison J. Nathan on 10/14/21)(jw) (Entered: 10/14/2021) |
| 10/14/2021 | 345 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated October 14, 2021 re: Deadline for Filing Motion under Federal Rule of Evidence 412 (Pagliuca, Jeffrey) (Entered: 10/14/2021) |
| 10/14/2021 | 346 | MOTION to Direct MDC to deliver legal mail within one day of receipt . Document filed by Ghislaine Maxwell. (Sternheim, Bobbi) (Entered: 10/14/2021) |
| 10/14/2021 | 347 | ORDER as to Ghislaine Maxwell: The Court is in receipt of Defendant's letter regarding the deadline for filing a motion under Federal Rule of Evidence 412. Dkt. No. 345. The |

| | | |
|---|---|---|
| | | Government is hereby ORDERED to respond by 5:00 p.m. tomorrow, October 15, 2021. (Signed by Judge Alison J. Nathan on 10/14/2021) (ap) (Entered: 10/15/2021) |
| 10/15/2021 | 348 | ORDER as to Ghislaine Maxwell: The Court is in receipt of Defendant's letter regarding delivery of Defendant's legal mail at MDC. Dkt. No. 346. The Government is hereby ORDERED to respond as soon as possible but by no later than today, October 15, 2021 at 5:00 p.m. (Signed by Judge Alison J. Nathan on 10/15/2021) (ap) (Entered: 10/15/2021) |
| 10/15/2021 | 349 | SEALED DOCUMENT placed in vault. (jus) (Entered: 10/15/2021) |
| 10/15/2021 | 350 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated October 15, 2021 re: Delivery of Legal Mail at MDC Document filed by USA. (Pomerantz, Lara) (Entered: 10/15/2021) |
| 10/15/2021 | 351 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated October 15, 2021 re: Federal Rule of Evidence 412 Document filed by USA. (Pomerantz, Lara) (Entered: 10/15/2021) |
| 10/15/2021 | 352 | LETTER RESPONSE in Support of Motion by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 10/15/2021 re: 346 MOTION to Direct MDC to deliver legal mail within one day of receipt .. (Sternheim, Bobbi) (Entered: 10/15/2021) |
| 10/15/2021 | 353 | ENDORSED LETTER as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Counsels of record for the Government dated 10/15/21 re: Government response to Order of The Court dated 10/15/21 (Dkt No. 348).ENDORSEMENT: Based on the information in this letter the Court will not enter the Defendant's requested order. See Dkt. 346. However, it is the Court's firm expectation that a defendant in a pre-trial posture like Ms. Maxwell will in most circumstances receive legal mail within approximately 1 business day. Going forward, if another delay occurs, the Defendant may renew the request for a specific order requiring delivery within the time frame. With this understanding and in light of the unusually early pre-trial disclosure schedule set by the Court, the Court remains confident that Ms. Maxwell and her attorneys are fully able to prepare for trial. This resolves Dkt. No. 346. SO Ordered.. (Signed by Judge Alison J. Nathan on 10/15/21)(jm) (Entered: 10/15/2021) |
| 10/15/2021 | 354 | MEMO ENDORSEMENT as to Ghislaine Maxwell on 351 LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated October 15, 2021 re: Federal Rule of Evidence 412. ENDORSEMENT: For the reasons stated in this letter, the Court finds that there is good cause for any motion under Federal Rule of Evidence 412 to be filed no later than October 27, 2021. Any response will be due November 1, 2021. Any hearing will tentatively be scheduled for November 5, 2021.Additional details will be provided if and when any motions are filed. SO ORDERED. (Motions due by 10/27/2021. Responses due by 11/1/2021) (Signed by Judge Alison J. Nathan on 10/15/2021) (lnl) (Entered: 10/18/2021) |
| 10/18/2021 | | **\*\*\*DELETED DOCUMENT. Deleted document number 354 Rule 5(f) as to Ghislaine Maxwell. The document was incorrectly filed in this case. (jm)** (Entered: 10/18/2021) |
| 10/18/2021 | 355 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated October 18, 2021 re: Response to Defense Motion for Limited Attorney-Conducted Voir Dire and Individual Sequestered Voir Dire Document filed by USA. (Pomerantz, Lara) (Entered: 10/18/2021) |

A-54

| | | |
|---|---|---|
| 10/18/2021 | 356 | REPLY TO RESPONSE to Motion by Ghislaine Maxwell re 341 MOTION Individual Sequestered Voir Dire and Limited Attorney-Conducted Voir Dire re 339 LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated October 11, 2021 re: Sealing of Joint. (Sternheim, Bobbi) (Entered: 10/18/2021) |
| 10/18/2021 | 357 | NOTICE of Defendant Ghislaine Maxwell's Motions in Limine as to Ghislaine Maxwell (Pagliuca, Jeffrey) (Entered: 10/18/2021) |
| 10/18/2021 | 358 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated October 18, 2021 re: United States v. Ghislaine Maxwell, 20 Cr. 330 (AJN) (Pagliuca, Jeffrey) (Entered: 10/18/2021) |
| 10/18/2021 | 359 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated October 18, 2021 re: Cover letter for Government Motions in Limine Document filed by USA. (Rohrbach, Andrew) (Entered: 10/18/2021) |
| 10/19/2021 | 360 | ORDER as to Ghislaine Maxwell. As noted in its previous order, the Court will hold a telephone conference to discuss jury selection matters on October 21, 2021 at 12:00 p.m. Dkt. No. 330. Members of the press and the public in the United States may access the live audio feed of the proceeding by calling 844-721-7237 and using access code 9991787. Those outside of the United States may access the live audio feed by calling 409-207-6951 and using the same access code. The Court will provide counsel for both sides an additional dial-in number to be used by counsel, the Defendant, alleged victims, and any family members of the Defendant. Any photographing, recording, or rebroadcasting of federal court proceedings is prohibited by law. Violation of these prohibitions may result in fines or sanctions, including monetary fines, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. SO ORDERED. (Signed by Judge Alison J. Nathan on 10/19/2021)(bw) (Entered: 10/19/2021) |
| 10/20/2021 | 361 | ORDER as to Ghislaine Maxwell: At the telephone conference scheduled to take place on October 21, 2021, in which the Court will discuss jury selection matters and logistics with the parties, the Court will hear from counsel regarding the unopposed request to seal their joint proposed juror questionnaire and voir dire. See Dkt. No. 339. The Court will also inquire as to whether the sealing request extends to the Court's draft questionnaire and voir dire and any justification for such sealing. In the meantime, the Court will today transmit via email its draft questionnaire and draft voir dire to the parties so that the drafts can be discussed at the conference tomorrow. After the Court explains how jury selection will proceed, the parties should be prepared to raise any objections to the Court's draft questionnaire and voir dire. SO ORDERED. (Signed by Judge Alison J. Nathan on 10/20/2021) (lnl) (Entered: 10/20/2021) |
| 10/20/2021 | 362 | LETTER RESPONSE in Opposition by Reporters Committee for Freedom of the Press as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Reporters Committee for Freedom of the Press and 17 News Media Organizations dated October 20, 2021 re: 339 LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated October 11, 2021 re: Sealing of Joint Proposed Juror Questionnaire and Voir Dire .. (Townsend, Katielynn) (Entered: 10/20/2021) |
| 10/21/2021 | 363 | LETTER as to USA v. Ghislaine Maxwell addressed to Judge Alison J. Nathan from Pete Brush, reporter, New York federal courts, dated Thu 10/21/2021 11:28 AM re: members of SDNY press corps join RCFP in opposition to secret jury selection in USA v. Maxwell. (bw) (Entered: 10/21/2021) |

A-55

| 10/21/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Pretrial Conference as to Ghislaine Maxwell held on 10/21/2021. Defendant Ghislaine Maxwell present via telephone with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger via telephone. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government via telephone. Court Reporter Carol Ganley via telephone. Pretrial Conference held via telephone. Defendant remains remanded. See Transcript. (jbo) (Entered: 10/25/2021) |
|------------|-----|-------------|
| 10/22/2021 | 364 | ORDER as to Ghislaine Maxwell: For the reasons stated on the record at yesterday's conference, the Court will implement the following procedures for jury selection: A screening questionnaire will be administered on November 4, 5, and 12. The Clerk's Office will create a corresponding list of names and randomly assigned juror numbers. The list will be provided to counsel and the Court for use throughout jury selection. Jurors will be identified on the questionnaire and in court throughout the process by their assigned number only. Completed questionnaires will be copied and distributed to defense counsel by the U.S. Attorney's Office. After reviewing the completed questionnaires, counsel must confer in good faith and jointly submit four lists: (1) prospective jurors that both sides agree should proceed to voir dire; (2) prospective jurors that both sides agree should be excused; (3) prospective jurors that the defense, but not the Government believes should be excused; and (4) prospective jurors that the Government, but not the defense believes should be excused. Lists for questionnaires completed on November 4 and 5 will be due to the Court via email by November 7. Lists for questionnaires completed on November 12 will be due to the Court via email by November 13. If necessary, there will be an in-person conference on November 15 at 9:30 a.m. to resolve any disputes. Voir dire will proceed on November 16-19. The Court will conduct one-on-one voir dire with each prospective juror in the presence of the parties and with public access to the proceeding. At the conference, both sides indicated the potential need for additional procedures during voir dire under certain circumstances. See Transcript at 1011. As the Court indicated, it will consider proposed narrowly tailored measures that may be necessary during voir dire on a case-by-case basis. See id. at 12. The Court will decide in due course whether the exercise of peremptory strikes will proceed on November 19 or November 29. The Court implements these procedures taking into account the significant publicity this case has garnered, the nature of the charges, and the District's COVID-19 protocols. These procedures are carefully balanced and tailored to ensure the safety of the parties and prospective jurors in light of the continuing pandemic; to ensure juror candor, impartiality, and privacy; and to ensure the First Amendment right to public access of criminal proceedings. Also for the reasons stated on the record at yesterday's conference, the request to seal the parties' proposed questionnaire and voir dire and the Court's draft questionnaire and voir dire until after jury selection is completed is denied. Although the Court has and will continue to implement tailored measures to ensure a fair trial despite significant media interest, see Dkt. Nos. 28, 81, 95, 99, 101, 232, 241, 284, 301, 315, the defense did not justify sealing the entirety of the proposed and draft questionnaires and voir dire. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). The Court's planned individual voir dire process is designed to carefully probe the prior exposure to and the potential influence of any pre-trial media. As noted at the conference, the parties may continue to propose for the Court's consideration, any appropriate and tailored procedures in light of the specific factors related to this case and upcoming trial. SO ORDERED. (Signed by Judge Alison J. Nathan on 10/22/2021) (lnl) (Entered: 10/22/2021) |
| 10/22/2021 | 365 | ORDER as to Ghislaine Maxwell: Attached are the Court's draft jury questionnaire with changes adopted at yesterday's proceeding in redline and draft voir dire. In light of the District's COVID-19 protocols, the Court has proposed an additional question on page 6 |

| | | |
|---|---|---|
| | | of the questionnaire, which is also indicated in redline. SO ORDERED. (Signed by Judge Alison J. Nathan on 10/22/2021) (lnl) (Entered: 10/22/2021) |
| 10/22/2021 | 366 | ORDER as to Ghislaine Maxwell: As discussed at yesterday's conference, attached is the Courts draft preliminary remarks to be recorded and played before each questionnaire session. The parties may suggest any proposed edits by letter on or before October 26, 2021, or they shall indicate by that date that they have no objections or suggestions. SO ORDERED. (Signed by Judge Alison J. Nathan on 10/22/2021) (lnl) (Entered: 10/22/2021) |
| 10/22/2021 | 367 | PROPOSED EXAMINATION OF JURORS by USA as to Ghislaine Maxwell. (Attachments: # 1 Exhibit Joint Proposed Examination of Prospective Jurors)(Pomerantz, Lara) (Entered: 10/22/2021) |
| 10/25/2021 | 368 | ORDER as to Ghislaine Maxwell. On October 18, 2021, the parties filed their respective motions in limine. Dkt. Nos. 355, 357, 358. Responses are due today, October 25, 2021. The parties are further ORDERED that reply briefs, if any, are due by October 27, 2021. Each sides' responses and any replies must be filed as a single document. The parties are ORDERED to file on the public docket all briefing with both parties proposed redactions, and a joint letter justifying any requested redactions by reference to the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006), on or before October 29, 2021. ( Replies due by 10/27/2021. ) (Signed by Judge Alison J. Nathan on 10/25/21)(jw) (Entered: 10/25/2021) |
| 10/25/2021 | 369 | LETTER MOTION addressed to Judge Alison J. Nathan from Christian R. Everdell dated 10/25/21 re: Extension of Time to File Joint Proposed Jury Charge and Verdict Sheet . Document filed by Ghislaine Maxwell. (Everdell, Christian) (Entered: 10/25/2021) |
| 10/25/2021 | 370 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated October 25, 2021 re: United States v. Ghislaine Maxwell, 20 Cr. 330 (AJN) (Pagliuca, Jeffrey) (Entered: 10/25/2021) |
| 10/26/2021 | 371 | MEMO ENDORSEMENT 369 LETTER MOTION addressed to Judge Alison J. Nathan from Christian R. Everdell dated 10/25/21 re: Extension of Time to File Joint Proposed Jury Charge and Verdict Sheet. To request a one-week extension until November 3, 2021, to file the joint proposed jury charge and verdict sheet, which are currently due on October 27, 2021...ENDORSEMENT...SO ORDERED. (Signed by Judge Alison J. Nathan on 10/26/21) (jw) (Entered: 10/26/2021) |
| 10/26/2021 | 372 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated October 26, 2021 re: the Court's draft preliminary remarks Document filed by USA. (Pomerantz, Lara) (Entered: 10/26/2021) |
| 10/26/2021 | 373 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 10/26/2021 re: Response to court order (Sternheim, Bobbi) (Entered: 10/27/2021) |
| 10/27/2021 | 375 | REPLY by Ghislaine Maxwell re: 372 Letter filed by USA . (Sternheim, Bobbi) (Entered: 10/27/2021) |
| 10/27/2021 | 376 | ORDER as to Ghislaine Maxwell. The Court is receipt of the parties' letters regarding the jury questionnaire and voir dire. See Dkt. Nos. 372, 373, 375. The Court will provide counsel the corresponding list of juror names and assigned juror numbers on November 16 at the commencement of voir dire. The placeholder for the juror information sheet in the Courts draft questionnaire refers to the information sheet required by the Jury Department. See Dkt. No. 365. The information sheet will be removed and collected by the Jury Department from the packet before the parties review of the questionnaires. The |

|  |  | Court is still considering the logistics of when peremptory strikes will be exercised, but the Court anticipates peremptory strikes will be exercised on November 29. Assuming so, the swearing in of the jury, preliminary instructions, and opening statements would commence immediately following the simultaneous (via submission of lists) exercise of peremptory challenges. (Signed by Judge Alison J. Nathan on 10/27/21)(jw) (Entered: 10/27/2021) |
|---|---|---|
| 10/27/2021 | 377 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated October 27, 2021 re: Ms. Maxwell's Fed. R. Evid. 412 Motion (Pagliuca, Jeffrey) (Entered: 10/27/2021) |
| 10/27/2021 | 378 | NOTICE of of Motion Under Federal Rule of Evidence 412 as to Ghislaine Maxwell (Pagliuca, Jeffrey) (Entered: 10/27/2021) |
| 10/28/2021 | 379 | ORDER as to Ghislaine Maxwell. As noted in its previous order, the Court will hold an in-person pretrial conference on November 1, 2021 at 11:00 a.m. Dkt. No. 330. The conference will take place in Courtroom 518 of the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse at 40 Foley Square, New York, New York. In accordance with its prior Order, the Court will ensure access for alleged victims and any members of the Defendants family. Dkt. No. 344. Two pool reporters will be permitted in the courtroom proper. (Pretrial Conference set for 11/1/2021 at 11:00 AM in Courtroom 518, 40 Centre Street, New York, NY 10007 before Judge Alison J. Nathan.) (Signed by Judge Alison J. Nathan on 10/28/21)(jw) (Entered: 10/28/2021) |
| 10/29/2021 | 380 | MOTION in Limine . Document filed by USA as to Ghislaine Maxwell. (Attachments: # 1 Exhibit Exhibit A)(Rohrbach, Andrew) (Entered: 10/29/2021) |
| 10/29/2021 | 381 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 10/29/2021 re: Legal Mail Delivery Request (Sternheim, Bobbi) (Entered: 10/29/2021) |
| 10/29/2021 | 382 | RESPONSE to Motion by Ghislaine Maxwell re: 380 MOTION in Limine .. (Attachments: # 1 Exhibit A (Filed Under Seal), # 2 Exhibit B (Filed Under Seal), # 3 Exhibit C (Filed Under Seal), # 4 Exhibit D (Filed Under Seal), # 5 Exhibit E, # 6 Exhibit F (Filed Under Seal), # 7 Exhibit G, # 8 Exhibit H (Filed Under Seal), # 9 Exhibit I (Filed Under Seal))(Pagliuca, Jeffrey) (Entered: 10/29/2021) |
| 10/29/2021 | 383 | REPLY MEMORANDUM OF LAW in Support by USA as to Ghislaine Maxwell re: 380 MOTION in Limine . . (Rohrbach, Andrew) (Entered: 10/29/2021) |
| 10/29/2021 | 384 | MOTION in Limine *to Preclude the Introduction of Alleged Co-Conspirator Statements as a Sanction for Failing to Comply with This Court's September 3, 2021 Order*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit 1)(Pagliuca, Jeffrey) (Entered: 10/29/2021) |
| 10/29/2021 | 385 | MOTION in Limine *to Exclude Any Evidence Offered by the Government Pursuant to Fed. R. Evid. 404(b) for Failure to Comply with the Rule's Notice Requirement*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Pagliuca, Jeffrey) (Entered: 10/29/2021) |
| 10/29/2021 | 386 | MOTION in Limine *to Exclude Under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Request for Daubert Hearing*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Pagliuca, Jeffrey) (Entered: 10/29/2021) |
| 10/29/2021 | 387 | MOTION in Limine *to Exclude Evidence Related to Accuser-3*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A - Filed Under Seal, # 2 Exhibit B - Filed |

A-58

| | | Under Seal)(Everdell, Christian) (Entered: 10/29/2021) |
|---|---|---|
| 10/29/2021 | 388 | MOTION in Limine *to Exclude Evidence of Alleged Flight*. Document filed by Ghislaine Maxwell. (Everdell, Christian) (Entered: 10/29/2021) |
| 10/29/2021 | 389 | MOTION in Limine *to Exclude Evidence of Alleged False Statement Evidence*. Document filed by Ghislaine Maxwell. (Everdell, Christian) (Entered: 10/29/2021) |
| 10/29/2021 | 390 | MOTION in Limine *to Exclude Government Exhibit 52, an Unauthenticated Hearsay Document from Suspect Sources*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Pagliuca, Jeffrey) (Entered: 10/29/2021) |
| 10/29/2021 | 391 | MOTION in Limine *to Exclude Items Purportedly Seized During Search of 358 El Brillo Way on October 20, 2005*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Pagliuca, Jeffrey) (Entered: 10/29/2021) |
| 10/29/2021 | 392 | MOTION in Limine *to Suppress Identification*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Pagliuca, Jeffrey) (Entered: 10/29/2021) |
| 10/29/2021 | 393 | MOTION in Limine *to Preclude Law Enforcement Witnesses from Offering Expert Opinion Testimony*. Document filed by Ghislaine Maxwell. (Pagliuca, Jeffrey) (Entered: 10/29/2021) |
| 10/29/2021 | 394 | MOTION in Limine *to Preclude Testimony About Any Alleged "Rape" by Jeffrey Epstein*. Document filed by Ghislaine Maxwell. (Pagliuca, Jeffrey) (Entered: 10/29/2021) |
| 10/29/2021 | 395 | MOTION in Limine *to Preclude Reference to the Accusers as "Victims" or "Minor Victims"*. Document filed by Ghislaine Maxwell. (Pagliuca, Jeffrey) (Entered: 10/29/2021) |
| 10/29/2021 | 396 | MOTION in Limine *to Preclude Introduction of Government's Exhibits 251, 288, 294, 313 and 606*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A) (Pagliuca, Jeffrey) (Entered: 10/29/2021) |
| 10/29/2021 | 397 | RESPONSE in Opposition by USA as to Ghislaine Maxwell re: 386 MOTION in Limine *to Exclude Under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Request for Daubert Hearing*., 396 MOTION in Limine *to Preclude Introduction of Government's Exhibits 251, 288, 294, 313 and 606*., 390 MOTION in Limine *to Exclude Government Exhibit 52, an Unauthenticated Hearsay Document from Suspect Sources*., 389 MOTION in Limine *to Exclude Evidence of Alleged False Statement Evidence*., 388 MOTION in Limine *to Exclude Evidence of Alleged Flight*., 387 MOTION in Limine *to Exclude Evidence Related to Accuser-3*., 384 MOTION in Limine *to Preclude the Introduction of Alleged Co-Conspirator Statements as a Sanction for Failing to Comply with This Court's September 3, 2021 Order*., 395 MOTION in Limine *to Preclude Reference to the Accusers as "Victims" or "Minor Victims"*., 385 MOTION in Limine *to Exclude Any Evidence Offered by the Government Pursuant to Fed. R. Evid. 404(b) for Failure to Comply with the Rule's Notice Requirement*., 394 MOTION in Limine *to Preclude Testimony About Any Alleged "Rape" by Jeffrey Epstein*., 391 MOTION in Limine *to Exclude Items Purportedly Seized During Search of 358 El Brillo Way on October 20, 2005*., 392 MOTION in Limine *to Suppress Identification*., 393 MOTION in Limine *to Preclude Law Enforcement Witnesses from Offering Expert Opinion Testimony*.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Rohrbach, Andrew) (Entered: 10/29/2021) |
| 10/29/2021 | 398 | REPLY TO RESPONSE to Motion by Ghislaine Maxwell re 386 MOTION in Limine *to Exclude Under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Request for Daubert Hearing*., 396 |

| | | |
|---|---|---|
| | | MOTION in Limine *to Preclude Introduction of Government's Exhibits 251, 288, 294, 313 and 606.*, [390](#) MOTION in Limine *to Exclude Government Exhibit 52, an Unauthenticated Hearsay Document from Suspect Sources.*, [389](#) MOTION in Limine *to Exclude Evidence of Alleged False Statement Evidence.*, [388](#) MOTION in Limine *to Exclude Evidence of Alleged Flight.*, [387](#) MOTION in Limine *to Exclude Evidence Related to Accuser-3.*, [384](#) MOTION in Limine *to Preclude the Introduction of Alleged Co-Conspirator Statements as a Sanction for Failing to Comply with This Court's September 3, 2021 Order.*, [395](#) MOTION in Limine *to Preclude Reference to the Accusers as "Victims" or "Minor Victims".*, [385](#) MOTION in Limine *to Exclude Any Evidence Offered by the Government Pursuant to Fed. R. Evid. 404(b) for Failure to Comply with the Rule's Notice Requirement.*, [394](#) MOTION in Limine *to Preclude Testimony About Any Alleged "Rape" by Jeffrey Epstein.*, [391](#) MOTION in Limine *to Exclude Items Purportedly Seized During Search of 358 El Brillo Way on October 20, 2005.*, [392](#) MOTION in Limine *to Suppress Identification.*, [393](#) MOTION in Limine *to Preclude Law Enforcement Witnesses from Offering Expert Opinion Testimony.*. (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C, # [4](#) Exhibit D, # [5](#) Exhibit E) (Pagliuca, Jeffrey) (Entered: 10/29/2021) |
| 10/29/2021 | [399](#) | JOINT LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated Oct. 28, 2021 re: Justifications for redactions Document filed by USA. (Rohrbach, Andrew) (Entered: 10/29/2021) |
| 10/29/2021 | [402](#) | ORDER as to Ghislaine Maxwell. The Court is in receipt of Defendant's letter regarding delivery of Defendant's legal mail at MDC. Dkt. No. 381. The Government is hereby ORDERED to respond by Tuesday, November 2, 2021 at 12:00 p.m. SO ORDERED. (Signed by Judge Alison J. Nathan on 10/29/2021)(bw) (Entered: 11/02/2021) |
| 10/31/2021 | [400](#) | ORDER as to Ghislaine Maxwell. The Court is in receipt of the Defendant's motion under Federal Rule of Evidence 412, Dkt. No. 378, and the Defendant's motion in limine to exclude under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Dkt. No. 386. The issues raised in the two motions overlap significantly. The Court is required under Federal Rule of Evidence 412 to conduct an in camera hearing. Fed. R. Evid. 412 ("Before admitting evidence under this rule, the court must conduct an in camera hearing and give the victim and parties a right to attend and be heard. Unless the court orders otherwise, the motion, related materials, and the record of the hearing must remain under seal.). In addition, the Court has determined it will conduct a Daubert hearing with respect to the Defendant's motion under Federal Rule of Evidence 702. Because of the overlap in the substance of the motions, the Court will conduct the two proceedings back to back. The Court previously set a tentative date for the Rule 412 Motion hearing as November 5, 2021. Dkt. No. 354. The Court is prepared to proceed with both hearings on that date. Alternatively, the proceedings could be held on either the afternoon of November 9 or the afternoon of November 10. The Government shall confer with its proposed expert regarding availability for the Daubert hearing as well as with alleged victims who wish to attend and be heard at the Rule 412 Motion hearing. After doing so, the parties shall confer with each other as to availability. On or before November 2, 2021, the parties shall jointly file a letter with the Court indicating whether the parties request that the hearings be held on November 5, 9, or 10. SO ORDERED. (Signed by Judge Alison J. Nathan on 10/31/2021) (bw) (Entered: 11/01/2021) |
| 11/01/2021 | [401](#) | ORDER as to Ghislaine Maxwell. The Court is in receipt of the parties' proposed redactions to the parties' motions in limine, responses in opposition, replies in support, and related exhibits. As the Court indicated at today's conference, some of the parties' proposed redactions are overbroad considering the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). In |

particular, for the reasons stated at today's conference, the Court denies the Government's request to redact section ten of the Government's motion in limine. See Dkt. No. 380. The Court will also not permit redactions pertaining to the general description of evidence or anticipated testimony as such redactions are unnecessary to protect the privacy interests of the individuals implicated. Accordingly, the parties must propose more tailored redactions consistent with the Court's discussion at today's conference. The parties are ORDERED to submit the proposals to the Court via email by November 4, 2021. In order to facilitate the Court's review of the requests, the Court requires the parties to submit the proposed redactions as a single document and with the proposed redactions highlighted. The Defendant's proposed redactions should be highlighted in one color, and the Government's a different color. The Court will rule on the proposed redactions expeditiously. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/1/2021)(bw) (Entered: 11/02/2021)

| 11/01/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Pretrial Conference as to Ghislaine Maxwell held on 11/1/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporters Pamela Utter and Michael McDaniel. Pretrial Conference held. Defendant remains remanded. See Transcript. (jbo) (Entered: 11/02/2021) |
|---|---|---|
| 11/02/2021 | 403 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 2, 2021 re: Delivery of Legal Mail at MDC Document filed by USA. (Pomerantz, Lara) (Entered: 11/02/2021) |
| 11/02/2021 | 404 | ORDER as to Ghislaine Maxwell. As discussed at yesterday's conference, attached is the Court's draft preliminary remarks to be recorded and played before each voir dire session. The parties may suggest any proposed edits or additions by letter on or before November 8, 2021, or they shall indicate by that date that they have no objections or suggestions. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/2/2021)(bw) (Entered: 11/02/2021) |
| 11/02/2021 | 405 | JOINT LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 2, 2021 re: Trial length Document filed by USA. (Rohrbach, Andrew) (Entered: 11/02/2021) |
| 11/02/2021 | 406 | JOINT LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated November 2, 2021 re: Fed. R. Evid. 412 and 702 Motions Hearing Date (Pagliuca, Jeffrey) (Entered: 11/02/2021) |
| 11/03/2021 | 407 | MOTION for Reconsideration *Re: Disclosure of Juror Names to Counsel Only upon completion of Questionnaire*. Document filed by Ghislaine Maxwell. (Sternheim, Bobbi) (Entered: 11/03/2021) |
| 11/03/2021 | 408 | MOTION for Reconsideration *re: Release on Bond*. Document filed by Ghislaine Maxwell. (Sternheim, Bobbi) (Entered: 11/03/2021) |
| 11/03/2021 | 409 | ORDER as to Ghislaine Maxwell. The Court is in receipt of the parties' joint letter in response to this Court's order dated October 31, 2021. Dkt. No. 406. The Court will hold a hearing on November 10, 2021 at 9:00 a.m. on the Defendant's motion under Federal Rule of Evidence 412, Dkt. No. 378, the Defendant's motion in limine to exclude under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Dkt. No. 386, and the other outstanding issues that overlap with these two motions as discussed at the November 1, 2021 conference. The proceeding will take place in Courtroom 110 of the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse at 40 Foley Square, New York, New York. The Court will provide information on public access (for the portion of the Daubert |

| | | |
|---|---|---|
| | | hearing that does not overlap with the Rule 412 issues) as soon as it is available. Otherwise, the Court will order the following briefing schedule if the Government seeks to exclude any of the Defendant's anticipated witness testimony as disclosed in her November 1, 2021 notice. See Dkt. No. 406: Government brief to be filed on ECF: November 8, 2021; Defense response brief to be filed on ECF: November 11, 2021. The parties are further ORDERED to docket Exhibit A to Dkt. No. 406 with any proposed redactions on or before November 8, 2021. In order to facilitate the Court's review of any proposed redactions, the parties must also submit via email a highlighted copy. SO ORDERED. ( Status Conference set for 11/10/2021 at 09:00 AM in Courtroom 110, 40 Centre Street, New York, NY 10007 before Judge Alison J. Nathan. ) (Signed by Judge Alison J. Nathan on 11/3/2021)(bw) (Entered: 11/03/2021) |
| 11/03/2021 | 412 | ORDER as to Ghislaine Maxwell. The Court is in receipt of the Government's letter dated November 2, 2021. Dkt. No. 403. The Government is hereby ORDERED to confer further with MDC legal counsel and file a letter regarding Defendant's transportation to the courthouse for proceedings in this matter on or before November 8, 2021. The Court hereby authorizes the letter to be filed under seal because such information may implicate security concerns. The Court will also confer with the United States Marshal for the Southern District of New York and with the District Executive regarding transportation of the Defendant for upcoming in court proceedings and trial. With respect to legal mail, the Court requires MDC Legal Counsel to consider what additional steps can be taken (including what steps by counsel for the Government or the Defendant) to ensure that within the weeks leading up to trial, Ms. Maxwell promptly receives her legal mail. The Government shall docket a letter with MDC Legal Counsel's proposal on or before November 8, 2021. The Court will also transmit this Order to Chief Judge Brodie, who is overseeing the litigation and mediation in Case No. 19-cv-660 (E.D.N.Y.) regarding access to counsel for pre-trial detainees being held at the MDC so that the issue can be discussed as to all MDC pre-trial detainees who require prompt access to legal mail in the weeks leading up to their trials. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/3/2021)(bw) (Entered: 11/04/2021) |
| 11/03/2021 | | Transmission to Sealed Records Clerk: as to Ghislaine Maxwell. Transmitted re: 412 Order, to the Sealed Records Clerk for the sealing of document. (bw) (Entered: 11/04/2021) |
| 11/03/2021 | 413 | ORDER as to Ghislaine Maxwell. The Court is in receipt of the Defendant's motions for reconsideration. See Dkt. Nos. 407, 408. The Government is hereby ORDERED to respond to Defendant's motion for reconsideration, Dkt. No. 408, on or before November 8, 2021. As to the motion for reconsideration regarding the disclosure of juror names, the Court reminds counsel of the following. First, as the Court previously indicated, the lawyers will be provided the names of jurors on November 16, prior to the commencement of the voir dire process. Second, the Court has now resolved the logistical issues regarding the ability to conduct peremptory challenges on November 29 and the Court can now confirm that peremptory strikes will not be exercised until November 29. Finally, as previously indicated, although only 40 qualified jurors are needed for the exercise of peremptory strikes, the Court will seek to qualify approximately 50 to 60 prospective jurors to return on November 29 for the exercise of peremptory strikes. If counsel for either side learns of any additional information that would be a basis for a strike for cause prior to November 29, they shall immediately raise the issue with the Court. Bearing in mind this information, the Government is ORDERED to respond to Defendant's motion for reconsideration, Dkt. No. 407, on or before November 4, 2021. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/3/2021) (bw) (Entered: 11/04/2021) |
| 11/04/2021 | 410 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 3, 2021 re: |

| | | |
|---|---|---|
| | | RTC and Verdict Sheet Document filed by USA. (Attachments: # 1 Exhibit Request to Charge, # 2 Exhibit Verdict sheet)(Rohrbach, Andrew) (Entered: 11/04/2021) |
| 11/04/2021 | 411 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 4, 2021 re: Reconsideration of Court Order (Dkt. 409) . Document filed by USA as to Ghislaine Maxwell. (Pomerantz, Lara) (Entered: 11/04/2021) |
| 11/04/2021 | 414 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 411 LETTER MOTION filed by USA addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 4, 2021 re: Reconsideration of Court Order (Dkt. 409). ENDORSEMENT: The Court hereby DENIES the Government's request as to Dr. Park Dietz and Dr. Elizabeth Loftus. Pursuant to this Court's Order, if the Government seeks to exclude these anticipated witnesses, briefing must be submitted by November 8, 2021. Dkt. No. 409. As to the remaining individuals disclosed in Defendant's notice, the Court GRANTS the Government's request. If the Government seeks to exclude those anticipated witnesses, briefing must be submitted by November 15, 2021, with a response by Defendant due November 19, 2021. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/4/2021)(bw) (Entered: 11/04/2021) |
| 11/04/2021 | 415 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 4, 2021 re: Reply to Defendant's Motion for Reconsideration regarding Disclosure of Juror Names Document filed by USA. (Pomerantz, Lara) (Entered: 11/04/2021) |
| 11/05/2021 | 416 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 415 LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 4, 2021 re: Reply to Defendant's Motion for Reconsideration regarding Disclosure of Juror Names. ENDORSEMENT: For the reasons stated in the Government's letter, the motion for reconsideration, Dkt. No. 407, is DENIED. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/5/2021) (ap) (Entered: 11/05/2021) |
| 11/08/2021 | 417 | ORDER as to Ghislaine Maxwell: The Court is in receipt of the Government's supplemental letter regarding its opposition to the defense motion to exclude evidence of Minor Victim-3. See Dkt. No. 387. The letter is submitted temporarily under seal to allow defense counsel the opportunity to propose any additional redactions beyond what the Government proposes. At the November 1, 2021 conference, the Court asked the Government to provide its position as to whether Alleged "Victim-3" could be considered a "victim" of the crimes charged in the indictment for any legal purpose, including for purposes of restitution under 18 U.S.C. § 3663(a)(2). See Transcript at 71-72. The Government's supplemental letter does not address this issue. While acknowledging that the Court's request may have been unclear, the Government is now ORDERED to file a supplemental letter responsive to the Court's question on or before 12:00 p.m. on November 7, 2021. For the sake of clarity, the Government is directed to state its position as to whether this anticipated witness could be deemed a victim of any of the crimes charged in the indictment for any legal purpose, including for purposes of restitution under 18 U.S.C. § 3663(a)(2). SO ORDERED. (Signed by Judge Alison J. Nathan on 11/6/2021) (lnl) (Entered: 11/08/2021) |
| 11/08/2021 | 418 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 8, 2021 re: Dkt. No. 406 Ex. A Document filed by USA. (Attachments: # 1 Exhibit Exhibit A)(Rohrbach, Andrew) (Entered: 11/08/2021) |
| 11/08/2021 | 419 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 11/8/2021 re: Suggestions to Dkt 404 (Sternheim, Bobbi) (Entered: |

| | | 11/08/2021) |
|---|---|---|
| 11/08/2021 | 420 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 8, 2021 re: the Court's draft preliminary remarks for voir dire (Dkt. 404) Document filed by USA. (Pomerantz, Lara) (Entered: 11/08/2021) |
| 11/08/2021 | 421 | ORDER as to Ghislaine Maxwell: A conference is scheduled for November 10, 2021 to address the Defendant's motion under Federal Rule of Evidence 412, Dkt. No. 378, the Defendant's motion in limine to exclude under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Dkt. No. 386, and the other outstanding issues that overlap with these two motions as discussed at the November 1, 2021 conference. Dkt. No. 409. The parties are ORDERED to confirm by 12:00 p.m. tomorrow, November 9, 2021, that the alleged victims referenced in the Defendant's Rule 412 Motion have been notified of the November 10 hearing and of their right to attend. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/8/2021) (lnl) (Entered: 11/08/2021) |
| 11/08/2021 | 422 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 8, 2021 re: Delivery of Legal Mail (Dkt. 412) Document filed by USA. (Pomerantz, Lara) (Entered: 11/08/2021) |
| 11/08/2021 | 423 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 8, 2021 re: Opposition to Motion for Bail Reconsideration Document filed by USA. (Pomerantz, Lara) (Entered: 11/08/2021) |
| 11/08/2021 | 424 | MOTION to Preclude *Expert Testimony of Dr. Dietz and Dr. Loftus*. Document filed by USA as to Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Rohrbach, Andrew) (Entered: 11/08/2021) |
| 11/09/2021 | 425 | MEMO ENDORSEMENT as to Ghislaine Maxwell on 422 LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 8, 2021 re: Delivery of Legal Mail (Dkt. 412). ENDORSEMENT: SO ORDERED. (Signed by Judge Alison J. Nathan on 11/9/2021) (lnl) (Entered: 11/09/2021) |
| 11/09/2021 | 426 | ORDER as to Ghislaine Maxwell: The Court is in receipt of the Defendant's motion for reconsideration regarding release on bond, Dkt. No. 408, and the parties' letters regarding the delivery of the Defendant's legal mail and transport to the courthouse for pretrial conferences and trial in this case, Dkt. Nos. 381, 403, 422. For the reasons stated in this Court's prior bail determinations, Dkt. Nos. 93, 106, 169, and the Government's letter in opposition, Dkt. No. 423, the renewed request for bail is denied. Moreover, based on the representations from MDC legal counsel regarding the delivery of the Defendant's legal mail, Dkt. No. 422, the Court concludes that the Defendant has adequate access to legal counsel and legal mail in order to prepare for trial. MDC legal counsel and the Government are ordered to take the steps outlined in the Dkt. No. 422 between now and the completion of trial. As to the Defendant's transport, the Court concludes that she will be transported to and from the courthouse for pretrial conferences and trial in a way that is humane, proper, and consistent with security protocols. This conclusion is based on representations from MDC legal counsel in the letter submitted under seal because it discusses BOP security protocols, see Dkt. No. 412, as well as the Court's communication with the United States Marshal for the Southern District of New York. The Government, BOP, and USMS shall continue to take all available measures consistent with security protocols to ensure the Defendant has sufficient rest, nutrition, and comfort in order to be |

| | | able to prepare for and participate in trial. This resolves Dkt. No. 408. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/9/2021) (lnl) (Entered: 11/09/2021) |
|---|---|---|
| 11/09/2021 | 427 | ORDER as to Ghislaine Maxwell: Attached is the Court's revised draft preliminary remarks to be recorded and played before each voir dire session. The Court is in receipt of the Government's letter approving of the remarks, Dkt. No. 420, and the Defendant's proposed additions, Dkt. No. 419. The revised remarks adopt all but one of the Defendant's proposals because the Court's subsequent revisions eliminated that portion of the script. In particular, the Court has made three additional changes in order to accurately explain the logistics of voir dire. Each of these changes is reflected in redline. The parties are ORDERED to indicate by letter on or before November 11, 2021 at 12:00 p.m. whether or not they have any objections or suggestions the Court's revised preliminary remarks to be played before each voir dire session. Attached is also the Court's revised draft voir dire in redline. The Court's revisions simplify the phrasing of questions 1, 2, 3, 10, 13, 25, and 37 in an effort to maximize the time dedicated to questioning each prospective juror. The revision to question 11 reflects the Court's oral ruling on November 1, 2021 regarding the use of pseudonyms for certain witnesses. The revisions to questions 9, 13, 14, 15, 20, 21, and 33 are non-substantive changes to question numbers in order to accurately reference the corresponding question numbers on the jury questionnaire or are grammatical changes. Attached is also the Court's draft instruction sheet for those jurors who are not struck for cause and will return for the exercise of peremptory strikes, as discussed at the November 1 conference. The parties are FURTHER ORDERED to indicate by letter on or before November 12, 2021 whether or not they have any objections or suggestions to the revised voir dire and draft instruction sheet. Finally, the parties are ORDERED to jointly submit the list of individuals and locations who may be mentioned at trial for questions 11 and 12 of the voir dire on or before November 14, 2021. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/9/2021) (lnl) (Entered: 11/09/2021) |
| 11/09/2021 | 428 | SEALED DOCUMENT placed in vault. (nmo) (Entered: 11/09/2021) |
| 11/09/2021 | 429 | LETTER REPLY TO RESPONSE to Motion by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 11/9/2021 re 408 MOTION for Reconsideration *re: Release on Bond*.. (Sternheim, Bobbi) (Entered: 11/09/2021) |
| 11/09/2021 | 430 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Alison Moe, Maurene Comey, Lara Pomerantz, and Andrew Rohrbach dated November 9, 2021 re: victim notification Document filed by USA. (Moe, Alison) (Entered: 11/09/2021) |
| 11/09/2021 | 431 | ORDER as to Ghislaine Maxwell: As noted in its previous Order, the Court will hold an in-person proceeding on November 10, 2021 at 9:00 a.m. Dkt. No. 409. The proceeding will take place in Courtroom 110 of the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse at 40 Foley Square, New York, New York. The purpose of the proceeding is to address the Defendant's motion under Federal Rule of Evidence 412, Dkt. No. 378, the Defendant's motion in limine to exclude under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Dkt. No. 386, and the other outstanding issues that overlap with these two motions as discussed at the November 1, 2021 conference. As is expressly required by Federal Rule of Evidence 412, the Court must conduct a hearing on this motion in camera and seal the record of the hearing. Fed. R. Evid. 412(c)(2). Accordingly, this portion of the hearing will be sealed and in camera. The Government confirmed that the attorneys for the alleged victims implicated by the Defendants motion have been notified of their right to attend the hearing pursuant to Federal Rule of Evidence 412. Dkt. No. 430. For the public portions of the proceeding, the Court will ensure access for alleged victims and any members of the Defendant's |

| | | |
|---|---|---|
| | | family, in accordance with its prior Order. Dkt. No. 344. Space will be available in the courtroom proper for members of the media. In order to comply with the District's COVID-19 protocols, the public and additional members of the media will be able to access the proceeding in overflow Courtrooms 506 and 905 of the Thurgood Marshall U.S. Courthouse. These overflow rooms will have live video and audio feeds of the proceeding. The use of any electronic devices during the proceeding in the overflow rooms is strictly prohibited. The Court anticipates seating capacity in the overflow rooms for 50 members of the public. If capacity is reached, no additional persons will be admitted. Per the S.D.N.Y. Response to COVID-19, anyone who appears at any S.D.N.Y. courthouse must complete a questionnaire on the date of the proceeding prior to entering the courthouse. All visitors must also have their temperature taken when they arrive at the courthouse. Only persons who meet the entry requirements established by the questionnaire and whose temperatures are below 100.4 degrees will be allowed to enter the courthouse. All visitors must wear a mask that covers the person's nose and mouth. Bandannas, gaiters, and masks with valves are not permitted. If a person does not have an approved mask, a screener will provide one. Anyone who fails to comply with the COVID-19 protocols that have been adopted by the Court will be required to leave the courthouse. There are no exceptions. For more information, please see https://www.nysd.uscourts.gov/covid-19-coronavirus. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/9/2021) (lnl) (Entered: 11/09/2021) |
| 11/10/2021 | 432 | JOINT LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 10, 2021 re: Pseudonym logistics Document filed by USA. (Attachments: # 1 Exhibit A)(Rohrbach, Andrew) (Entered: 11/10/2021) |
| 11/10/2021 | 437 | ORDER as to Ghislaine Maxwell: The Court hereby revises the schedule for the supplemental briefing as to Defendant's first and seventh motions in limine, which was previously set at the November 1, 2021 conference, as follows: Government submission due Friday, November 12, 2021 Defense submission due Monday, November 15, 2021 At today's conference, the parties inquired about the start time for voir dire on November 16, 2021. The parties are ORDERED to appear at 8:30 a.m. on November 16, 2021 in Courtroom 518 of the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse at 40 Foley Square, New York, New York, for the start of voir dire. SO ORDERED. (Voir Dire set for 11/16/2021 at 08:30 AM in Courtroom 518, 40 Centre Street, New York, NY 10007 before Judge Alison J. Nathan) (Signed by Judge Alison J. Nathan on 11/10/2021) (lnl) (Entered: 11/12/2021) |
| 11/10/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Pretrial Conference as to Ghislaine Maxwell held on 11/10/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporters Paula Speer and Sadie Herbert. Pretrial Conference held. See transcript. Defendant remains remanded. (jbo) (Entered: 11/15/2021) |
| 11/11/2021 | 433 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Alison Moe, Maurene Comey, Lara Pomerantz, and Andrew Rohrbach dated November 11, 2021 re: preliminary remarks, voir dire, and instruction sheet Document filed by USA. (Moe, Alison) (Entered: 11/11/2021) |
| 11/11/2021 | 434 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Laura A. Menninger dated November 11, 2021 re: Court's revised proposed remarks, voir dire and instruction sheet (Dkt. 427) (Menninger, Laura) (Entered: 11/11/2021) |
| 11/11/2021 | 435 | OPINION & ORDER as to Ghislaine Maxwell: The Court therefore denies the Defense's motion to exclude Dr. Rocchio's testimony except as to the opinion that the presence of a |

| | | third party can facilitate grooming. This resolves docket number 386. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/11/2021) (lnl) (Entered: 11/12/2021) |
|---|---|---|
| 11/11/2021 | 450 | ORDER as to Ghislaine Maxwell: The Court is in receipt of the parties' proposed redactions in accordance with Dkt. No. 401. The Court concludes that the proposed redactions and requests to seal certain exhibits are consistent with the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006) and narrowly tailored to protect the pre-trial privacy interests of alleged victims, anticipated witnesses, and non-parties. See United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995). The parties are hereby ORDERED to file the proposed redactions and accompanying exhibits on the public docket on or before November 12, 2021. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/11/2021) (lnl) (Entered: 11/12/2021) |
| 11/12/2021 | 436 | MEMO ENDORSEMENT as to Ghislaine Maxwell on 432 JOINT LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 10, 2021 re: Pseudonym logistics. ENDORSEMENT: The parties are ORDERED to submit the lists referenced in this letter on or before November 14, 2021, in accordance with Dkt. No. 427. The parties may continue submitting proposed redactions in accordance with the procedures this Court has previously set. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/11/2021) (lnl) (Entered: 11/12/2021) |
| 11/12/2021 | 438 | MOTION in Limine . Document filed by USA as to Ghislaine Maxwell. (Attachments: # 1 Exhibit Exhibit A)(Rohrbach, Andrew) (Entered: 11/12/2021) |
| 11/12/2021 | 439 | RESPONSE to Motion by Ghislaine Maxwell re: 438 MOTION in Limine .. (Attachments: # 1 Exhibit A (Filed Under Sealed), # 2 Exhibit B (Filed Under Seal), # 3 Exhibit C (Filed Under Seal), # 4 Exhibit D (Filed Under Seal), # 5 Exhibit E, # 6 Exhibit F (Filed Under Seal), # 7 Exhibit G, # 8 Exhibit H (Filed Under Seal), # 9 Exhibit I (Filed Under Seal))(Pagliuca, Jeffrey) (Entered: 11/12/2021) |
| 11/12/2021 | 440 | REPLY MEMORANDUM OF LAW in Support by USA as to Ghislaine Maxwell re: 438 MOTION in Limine . . (Rohrbach, Andrew) (Entered: 11/12/2021) |
| 11/12/2021 | 441 | MOTION in Limine to Preclude the Introduction of Alleged Co-Conspirator Statements as a Sanction for Failing to Comply with This Court's September 3, 2021 Order. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit 1)(Pagliuca, Jeffrey) (Entered: 11/12/2021) |
| 11/12/2021 | 442 | MOTION in Limine to Exclude Any Evidence Offered by the Government Pursuant to Fed. R. Evid. 404(b) for Failure to Comply with the Rule's Notice Requirement. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A)(Pagliuca, Jeffrey) (Entered: 11/12/2021) |
| 11/12/2021 | 443 | MOTION in Limine to Exclude Under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Request for Daubert Hearing. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Pagliuca, Jeffrey) (Entered: 11/12/2021) |
| 11/12/2021 | 444 | MOTION in Limine to Exclude Evidence Related to Accuser-3. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A - Filed under Seal, # 2 Exhibit B - Filed under Seal)(Everdell, Christian) (Entered: 11/12/2021) |
| 11/12/2021 | 445 | MOTION in Limine to Exclude Government Exhibit 52, an Unauthenticated Hearsay Document from Suspect Sources. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit 1 (Filed Under Seal), # 2 Exhibit 2 (Filed Under Seal))(Pagliuca, Jeffrey) (Entered: 11/12/2021) |

| 11/12/2021 | 446 | MOTION in Limine *to Exclude Items Purportedly Seized During Search of 358 El Brillo Way on October 20, 2005*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A (Filed Under Seal))(Pagliuca, Jeffrey) (Entered: 11/12/2021) |
|---|---|---|
| 11/12/2021 | 447 | MOTION in Limine *to Suppress Identification*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit A (Filed Under Seal))(Pagliuca, Jeffrey) (Entered: 11/12/2021) |
| 11/12/2021 | 448 | MOTION in Limine *to Preclude Law Enforcement Witnesses from Offering Expert Opinion Testimony*. Document filed by Ghislaine Maxwell. (Pagliuca, Jeffrey) (Entered: 11/12/2021) |
| 11/12/2021 | 449 | MOTION in Limine *to Preclude Introduction of Government's Exhibits 251, 288, 294, 313 and 606*. Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit (Filed Under Seal))(Pagliuca, Jeffrey) (Entered: 11/12/2021) |
| 11/12/2021 | 451 | ENDORSED LETTER as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Matthew Russell Lee, dated 10/29/2021, re: timely opposition to blanket requests to seal portions of motions in limine, trial exhibits, public access. ENDORSEMENT: The Court received the attached letters via email. This District no longer permits public access by telephone for in-court criminal proceedings, including trials. The memorandum can be found here - https:// nysd.uscourts.gov/covid-19-coronavirus. The Courts public access orders for all proceedings in the case can be found here - https://www.nysd.uscourts.gov/usa-vsghislaine- maxwell-20-cr-330-ajn-caseinformation. The Court has implemented a procedure for docketing filings with proposed redactions and is ruling on the proposals as expeditiously as possible. See Dkt. No. 401. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/12/2021) (lnl) (Entered: 11/12/2021) |
| 11/12/2021 | 452 | MEMORANDUM in Opposition by USA as to Ghislaine Maxwell re 449 MOTION in Limine *to Preclude Introduction of Government's Exhibits 251, 288, 294, 313 and 606*., 444 MOTION in Limine *to Exclude Evidence Related to Accuser-3*., 447 MOTION in Limine *to Suppress Identification*., 443 MOTION in Limine *to Exclude Under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Request for Daubert Hearing*., 448 MOTION in Limine *to Preclude Law Enforcement Witnesses from Offering Expert Opinion Testimony*., 445 MOTION in Limine *to Exclude Government Exhibit 52, an Unauthenticated Hearsay Document from Suspect Sources*., 442 MOTION in Limine *to Exclude Any Evidence Offered by the Government Pursuant to Fed. R. Evid. 404(b) for Failure to Comply with the Rule's Notice Requirement*., 446 MOTION in Limine *to Exclude Items Purportedly Seized During Search of 358 El Brillo Way on October 20, 2005*., 441 MOTION in Limine *to Preclude the Introduction of Alleged Co-Conspirator Statements as a Sanction for Failing to Comply with This Court's September 3, 2021 Order*.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Rohrbach, Andrew) (Entered: 11/12/2021) |
| 11/12/2021 | 453 | REPLY TO RESPONSE to Motion by Ghislaine Maxwell re 449 MOTION in Limine *to Preclude Introduction of Government's Exhibits 251, 288, 294, 313 and 606*., 444 MOTION in Limine *to Exclude Evidence Related to Accuser-3*., 447 MOTION in Limine *to Suppress Identification*., 443 MOTION in Limine *to Exclude Under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) and Request for Daubert Hearing*., 448 MOTION in Limine *to Preclude Law Enforcement Witnesses from Offering Expert Opinion Testimony*., 445 MOTION in Limine *to Exclude Government Exhibit 52, an Unauthenticated Hearsay Document from Suspect Sources*., 442 MOTION in Limine *to Exclude Any Evidence Offered by the Government Pursuant to Fed. R. Evid. 404(b) for Failure to Comply with the Rule's Notice Requirement*., 446 MOTION in Limine *to Exclude Items Purportedly Seized During Search of 358 El Brillo Way on October 20, 2005*., 441 MOTION in Limine *to* |

| | | |
|---|---|---|
| | | *Preclude the Introduction of Alleged Co-Conspirator Statements as a Sanction for Failing to Comply with This Court's September 3, 2021 Order..* (Attachments: # 1 Exhibit A (Filed Under Seal), # 2 Exhibit B (Filed Under Seal), # 3 Exhibit C (Filed Under Seal), # 4 Exhibit D (Filed Under Seal), # 5 Exhibit E)(Pagliuca, Jeffrey) (Main Document 453 replaced on 11/22/2021) (jw). (Entered: 11/12/2021) |
| 11/12/2021 | 454 | ORDER as to Ghislaine Maxwell: As discussed at Wednesday's conference, the Court will hold an in-person proceeding on November 15, 2021 at 9:30 a.m. The proceeding will take place in Courtroom 518 of the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse at 40 Foley Square, New York, New York. In accordance with its prior Order, the Court will ensure access for alleged victims and any members of the Defendant's family. Dkt. No. 344. In order to comply with the District's COVID-19 protocols, the public will be able to access the proceeding in overflow Courtrooms 110 and 506 of the Thurgood Marshall U.S. Courthouse. These overflow rooms will have live video and audio feeds of the proceeding. The use of any electronic devices during the proceeding in the overflow rooms is strictly prohibited. The Court anticipates seating capacity in the overflow rooms for at least 50 members of the public. If capacity is reached, no additional persons will be admitted. Per the S.D.N.Y. Response to COVID-19, anyone who appears at any S.D.N.Y. courthouse must complete a questionnaire on the date of the proceeding prior to entering the courthouse. All visitors must also have their temperature taken when they arrive at the courthouse. Only persons who meet the entry requirements established by the questionnaire and whose temperatures are below 100.4 degrees will be allowed to enter the courthouse. All visitors must wear a mask that covers the person's nose and mouth. Bandannas, gaiters, and masks with valves are not permitted. If a person does not have an approved mask, a screener will provide one. Anyone who fails to comply with the COVID-19 protocols that have been adopted by the Court will be required to leave the courthouse. There are no exceptions. For more information, please see https://www.nysd.uscourts.gov/covid-19-coronavirus. SO ORDERED. (Status Conference set for 11/15/2021 at 09:30 AM in Courtroom 518, 40 Centre Street, New York, NY 10007 before Judge Alison J. Nathan) (Signed by Judge Alison J. Nathan on 11/12/2021) (lnl) (Entered: 11/12/2021) |
| 11/12/2021 | 455 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 12, 2021 re: Clarification re pseudonym order . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 11/12/2021) |
| 11/12/2021 | 456 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 12, 2021 re: Co-Conspirator Statements Document filed by USA. (Comey, Maurene) (Entered: 11/12/2021) |
| 11/12/2021 | 458 | ORDER as to Ghislaine Maxwell: The Court is in receipt of the Government's letter motion seeking clarification on two items from the November 1, 2021 pretrial conference. Dkt. No. 455. As to the first item, the Government seeks clarification about the line between permissible and impermissible cross-examination for witnesses testifying under a pseudonym. The Government's suggested level of generality as to permissible cross-examination of the witnesses' careers would unduly curtail the Defendant's Sixth Amendment right to meaningful cross-examination. See United States v. Figueroa, 548 F.3d 222, 227 (2d Cir. 2008). The line of questioning the Government identifies may be relevant to a juror's credibility determination and thus the Court will not limit the Defendant's ability to pursue such questioning on cross-examination. As the Court noted at the November 1 conference, the Defendant may not elicit the name of a specific employer, but the type and genre of employment may be relevant to the jury's assessment of credibilty. Nov. 1, 2021 Transcript at 11-12. As to the second item, the |

| | | |
|---|---|---|
| | | Government is ORDERED to submit a proposed order regarding sketch artist depictions of certain witnesses on or before November 18, 2021. (Signed by Judge Alison J. Nathan on 11/12/2021) (ap) (Entered: 11/15/2021) |
| 11/13/2021 | 457 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Alison Moe, Maurene Comey, Lara Pomerantz, and Andrew Rohrbach dated November 12, 2021 re: Government Exhibit 52 Document filed by USA. (Moe, Alison) (Entered: 11/13/2021) |
| 11/15/2021 | 459 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Conference held on 10/21/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Carol Ganley, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/6/2021. Redacted Transcript Deadline set for 12/16/2021. Release of Transcript Restriction set for 2/14/2022. (Moya, Goretti) (Entered: 11/15/2021) |
| 11/15/2021 | 460 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Conference proceeding held on 10/21/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 11/15/2021) |
| 11/15/2021 | 461 | SEALED DOCUMENT placed in vault. (nmo) (Entered: 11/15/2021) |
| 11/15/2021 | 462 | ORDER as to Ghislaine Maxwell: Attached is a copy of the final jury questionnaire, which is the same as Dkt. No. 365, docketed on October 22, 2021, except that it incorporates the redline changes. (Signed by Judge Alison J. Nathan on 11/15/2021) (ap) (Entered: 11/15/2021) |
| 11/15/2021 | 463 | ORDER as to Ghislaine Maxwell: Voir dire for this matter is set to begin on November 16, 2021 at 8:30 a.m. in Courtroom 518 of the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse at 40 Foley Square, New York, New York. In accordance with its prior Order, the Court will ensure access for alleged victims and any members of the Defendants family. Dkt. No. 344. In order to comply with the Districts COVID-19 protocols, a number of pool reporters will be permitted in the courtroom proper as managed by the District Executives Office. Press will also be able to access the proceeding in dedicated overflow press rooms. The public will be able to access the proceeding in overflow Courtrooms 110 and 906 of the Thurgood Marshall U.S. Courthouse. These overflow rooms will have live video and audio feeds of the proceeding. The use of any electronic devices during the proceeding in the overflow rooms is strictly prohibited. (Signed by Judge Alison J. Nathan on 11/15/2021) (See ORDER set forth) (ap) (Entered: 11/15/2021) |
| 11/15/2021 | 464 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 11/15/2021 re: Late Receipt of Govt Disclosures to MDC (Sternheim, Bobbi) (Entered: 11/15/2021) |
| 11/15/2021 | 465 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Conference held on 11/1/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Michael McDaniel, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/6/2021. Redacted Transcript Deadline set for 12/16/2021. Release of Transcript Restriction set for 2/14/2022. (Moya, Goretti) (Entered: 11/15/2021) |

| 11/15/2021 | 466 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Conference proceeding held on 11/1/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 11/15/2021) |
|---|---|---|
| 11/15/2021 | 467 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Conference held on 11/10/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Sonya Ketter Moore, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/6/2021. Redacted Transcript Deadline set for 12/16/2021. Release of Transcript Restriction set for 2/14/2022. (Moya, Goretti) (Entered: 11/15/2021) |
| 11/15/2021 | 468 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Conference proceeding held on 11/10/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 11/15/2021) |
| 11/15/2021 | 469 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 464 LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 11/15/2021 re: Late Receipt of Govt Disclosures to MDC. ENDORSEMENT: It appears that the mail referenced in this letter was sent prior to the Court's memo endorsement of the Government's November 8, 2021 letter. Dkt. Nos. 422, 425. In any event, as this matter is less than two weeks before trial, the Government is ordered to send materials via FedEx and provide the tracking number to defense counsel. (Signed by Judge Alison J. Nathan on 11/15/2021) (ap) (Entered: 11/16/2021) |
| 11/15/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan:Pretrial Conference as to Ghislaine Maxwell held on 11/15/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporter Rebecca Forman. See Transcript. (jw) (Entered: 12/09/2021) |
| 11/15/2021 | | Terminate Deadlines and Hearings as to Ghislaine Maxwell: (jw) (Entered: 12/09/2021) |
| 11/16/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Voir Dire held on 11/16/2021 as to Ghislaine Maxwell. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell, Laura Menninger and Renato Stabile. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporters Eve Giniger and Khris Sellin. Jury selection began. Jury selection adjourned to Wednesday, November 17, 2021 at 8:30 AM. See transcript. (jbo) (Entered: 11/19/2021) |
| 11/17/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: (Jury Selection) Jury Trial as to Ghislaine Maxwell held on 11/17/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell, Laura Menninger and Renato Stabile. AUSA Lara Pomerantz, Maurene Comey, and Alison Moe for the government. Court Reporters Eve Giniger and Khris Sellin. Jury selection held. Jury selection adjourned to Thursday, November 18, 2021 at 8:30 AM. See transcript. (jbo) (Entered: 11/19/2021) |

2/22/23, 1:25 PM                                    SDNY CM/ECF NextGen Version 1.6

| 11/18/2021 | 470 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 18, 2021 re: Courtroom sketch artists Document filed by USA. (Attachments: # 1 Text of Proposed Order Proposed Order)(Rohrbach, Andrew) (Entered: 11/18/2021) |
|---|---|---|
| 11/18/2021 | 471 | ORDER as to Ghislaine Maxwell: IT HEREBY IS ORDERED: 1. That courtroom sketch artists whether in the courtroom or overflow rooms may not draw exact likenesses of the Protected Witnesses; and 2. For avoidance of doubt, courtroom sketch artists may confer with the Court or counsel for either party to determine whether a witness is a Protected Witness. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/18/2021) (lnl) (Entered: 11/18/2021) |
| 11/18/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: (Jury Selection) Jury Trial as to Ghislaine Maxwell held on 11/18/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell, Laura Menninger and Renato Stabile. AUSA Lara Pomerantz, Maurene Comey and Alison Moe for the government. Court Reporters Eve Giniger and Khris Sellin. Jury selection held. Jury selection adjourned until Monday, November 29, 2021 at 9:00 AM. See transcript. (jbo) (Entered: 11/19/2021) |
| 11/19/2021 | 472 | ENDORSED LETTER as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Patrick J. Smith dated 11/18/21 re: We respectfully request that the Court approve Jordana H. Feldman being added to the ECF docket in this case as a movant....ENDORSEMENT: The Clerk of Court is respectfully directed to add Jordana H. Feldman to the ECF docket in this case as a "movant". SO ORDERED. (Signed by Judge Alison J. Nathan on 11/19/21)(jw) (Entered: 11/19/2021) |
| 11/19/2021 | 473 | ORDER as to Ghislaine Maxwell. The Court is in receipt of the Government's letter motion to quash the Defendants Rule 17(c)(3) subpoena. That motion has been filed temporarily under seal to allow the parties the opportunity to propose limited redactions. The parties are hereby ORDERED to file any proposed redactions on the public docket on or before November 22, 2021, and to justify any requested redactions by reference to the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006) (Signed by Judge Alison J. Nathan on 11/19/21) (jw) (Entered: 11/19/2021) |
| 11/19/2021 | 474 | ORDER as to Ghislaine Maxwell. The Court is in receipt of the Government's letter motion dated November 18, 2021. That motion has been filed temporarily under seal to allow the parties the opportunity to propose limited redactions. Defendant is hereby ORDERED to file a response on or before November 20, 2021. The parties are FURTHER ORDERED to file any proposed redactions to the motion papers on the public docket on or before November 22, 2021, justifying any requested redactions by reference to the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006) (Defendant Responses due by 11/20/2021) (Signed by Judge Alison J. Nathan on 11/19/21)(jw) (Entered: 11/19/2021) |
| 11/19/2021 | 475 | JOINT LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated 11/19/21 re: Video Monitor (Everdell, Christian) (Entered: 11/19/2021) |
| 11/19/2021 | 476 | ORDER as to Ghislaine Maxwell. The Court is in receipt of the Government's supplemental letter regarding Government Exhibit 52, Dkt. No. 457, and the Defendants response, which has been temporarily filed under seal to allow the parties the opportunity to request limited redactions. The Government is hereby ORDERED to file a reply to Defendants response on or before 12:00 p.m. on November 21, 2021. The letter reply should address the Defendants argument that Employee-1 cannot authenticate |

| | | |
|---|---|---|
| | | Government Exhibit 52 because Mr. Rodriguez, a former employee, purportedly removed the document from the property before Employee-1 began working for Mr. Epstein. The parties are FURTHER ORDERED to file any proposed redactions to the motion papers on the public docket on or before November 22, 2021, justifying any requested redactions by reference to the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006) (Government Replies due by 11/21/2021.). (Signed by Judge Alison J. Nathan on 11/19/21)(jw) (Entered: 11/19/2021) |
| 11/19/2021 | 477 | ORDER as to Ghislaine Maxwell. On October 29, 2021, Defendant filed a motion in limine to exclude evidence related to Accuser-3. Dkt. Nos. 387, 444. The Court twice heard argument related to this motion, including extensive argument at the November 10, 2021 in camera hearing that was sealed pursuant to Federal Rule of Evidence 412. See generally Nov. 1, 2021 Transcript; Nov. 10, 2021 Transcript. The Court has also considered supplemental briefing from the parties. That briefing has been filed temporarily under seal to permit the parties the opportunity to propose redactions in accordance with Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). In a Memorandum Opinion & Order filed under temporary seal, the Court GRANTS in part and DENIES in part the Defendant's motion. The Memorandum Opinion & Order lays out the permissible and impermissible testimony that may be offered by this witness based on Rules 412, 404, 401, and 403. The Court will send the temporarily sealed Memorandum Opinion & Order to the parties. By November 21, 2021, the parties are ORDERED to inform the Court whether either seeks sealing or limited redactions of the Courts Memorandum Opinion & Order and of the supplemental briefing, justifying any such request by reference to Federal Rule of Evidence 412(c)(2) and/or the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). (Signed by Judge Alison J. Nathan on 11/19/2021)(jw) (Entered: 11/19/2021) |
| 11/19/2021 | 478 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 19, 2021 re: Courtroom Connect Document filed by USA. (Comey, Maurene) (Entered: 11/19/2021) |
| 11/19/2021 | 690 | MEMORANDUM OPINION & ORDER as to Ghislaine Maxwell. Before the Court is the Defendant's fourth motion in limine to "exclude evidence related to Accuser-3," to whom the Court refers as Witness-3, on the grounds that the testimony is not direct evidence of the charged conspiracies and is inadmissible under Federal Rules of Evidence 404(b) and 403. Dkt. Nos. 387, 444. The Court has twice heard argument related to this motion, including argument at the November 10, 2021 in camera hearing that was sealed pursuant to Federal Rule of Evidence 412. See generally Nov. 1, 2021 Transcript; Nov. 10, 2021 Transcript. At the November 1, 2021 hearing, the Court provided a brief explanation of its current position based on the information before it, but the Court ultimately reserved ruling pending additional briefing. The Court is now in receipt of the parties' additional briefing and accordingly is prepared to resolve the motion.(See Footnote 1 on this Memorandum Opinion & Order). The Government now proffers that the anticipated testimony of Witness-3 will describe how she met the Defendant and her relationship with the Defendant and Mr. Epstein. In particular, Witness-3 is anticipated to testify how Defendant introduced her to Mr. Epstein, how massages progressed to involve sexual activity, and Ms. Maxwell's role in facilitating those massages. Based on all of the information now before the Court, including a substantially more detailed proffer by the Government as to the anticipated testimony, see Gov. Supp. Ltr. at 2-3 (Nov. 5, 2021); see also Dkt. No. 452 at 42-43, the Court concludes that some of the anticipated testimony may serve as direct evidence of the Mann Act counts....[*** See this Memorandum Opinion & Order ***]... The parties may submit any requested edits to the proposed limiting instructions that are consistent with the Court's ruling or indicate that they have |

| | | |
|---|---|---|
| | | none on or before November 21, 2021. This resolves Dkt. Nos. 387, 444. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/19/2021)(bw) (Entered: 06/29/2022) |
| 11/21/2021 | 479 | LETTER by Jordana H. Feldman as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Patrick J. Smith dated 11/15/2021 re: Rule 17(c) Subpoena to Jordana H. Feldman Document filed by Jordana H. Feldman. (Smith, Patrick) (Entered: 11/21/2021) |
| 11/21/2021 | 480 | MOTION Authorizing a Subpoena Pursuant to Fed. R. Crim. P 17(c)(3) . Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit 1)(Pagliuca, Jeffrey) (Entered: 11/21/2021) |
| 11/21/2021 | 481 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 21, 2021 re: Redactions related to Witness-3 . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 11/21/2021) |
| 11/21/2021 | 482 | ORDER as to Ghislaine Maxwell. On November 1, 2021, the Defense noticed eight expert witnesses. Def. Br., Ex. 1 ("Notice"). On November 8, 2021, the Government filed a motion to partially preclude the testimony of two of those experts, Dr. Dietz and Dr. Loftus. Gov't Br., Dkt. No. 424. The Defense filed a response via email on November 12, 2021, to permit the Government the opportunity to propose redactions. In an Opinion and Order temporarily filed under seal, the Court DENIES in part and GRANTS in part the Governments motion to preclude Dr. Dietz's testimony and DENIES in part and GRANTS in part the Governments motion to preclude Dr. Loftus's testimony. It doesso after considering the admissibility of the anticipated testimony under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). The Court will send the temporarily sealed Opinion & Order to the parties. By November 23, 2021, the parties are ORDERED to inform the Court whether either seeks sealing or limited redactions of the Court's Opinion & Order, justifying any such request by reference to the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). In addition, by that date, the parties are FURTHER ORDERED to file any proposed redactions to the Defenses response brief and/or supporting exhibits on the public docket, again justifying any such request by reference to the Lugosch test (Signed by Judge Alison J. Nathan on 11/21/21)(jw) (Entered: 11/22/2021) |
| 11/21/2021 | 516 | OPINION & ORDER as to Ghislaine Maxwell. The Court therefore denies in part and grants in part the Government's motion to preclude Dr. Dietz's testimony and denies in part and grants in part the Government's motion to preclude Dr. Loftus's testimony. This resolves docket number 424. (Signed by Judge Alison J. Nathan on 11/21/2021) (See ORDER set forth) (ap) (Entered: 11/29/2021) |
| 11/22/2021 | 483 | ORDER as to Ghislaine Maxwell. The Court will hold final pretrial conference on November 23, 2021 at 9:30 a.m. The proceeding will take place in Courtroom 318 of the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse at 40 Foley Square, New York, New York. In accordance with its prior Order, the Court will ensure access for alleged victims and any members of the Defendants family. Dkt. No. 344. The public will be able to access the proceeding in overflow Courtrooms 110, 506, 905, and 906 of the Thurgood Marshall U.S. Courthouse. These overflow rooms will have live video and audio feeds of the proceeding. (Pretrial Conference set for 11/23/2021 at 09:30 AM in Courtroom 318, 40 Centre Street, New York, NY 10007 before Judge Alison J. Nathan.). (Signed by Judge Alison J. Nathan on 11/22/21)(jw) (Entered: 11/22/2021) |
| 11/22/2021 | 484 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 475 Pursuant to the Court's email of November 15, 2021, the parties respectfully submit this joint letter to request video monitors with a live feed to the trial proceedings in each of the parties' counsel |

| | | |
|---|---|---|
| | | rooms...ENDORSEMENT...To the extent that the Government is requesting that a video monitor be provided in a counsel room at 40 Foley Square, the request is granted to the extent the District Executive can accommodate the request. If the Government is requesting a video monitor in its own offices, the request is denied.The request is granted as to defense counsel's room. SO ORDERED (Signed by Judge Alison J. Nathan on 11/22/21)(jw) (Entered: 11/22/2021) |
| 11/22/2021 | 485 | ORDER as to Ghislaine Maxwell. The Court is in receipt of the Government's proposed redactions to the parties supplemental briefing and the Court's Memorandum Opinion & Order regarding the admissibility of the anticipated testimony of Witness-3. Dkt. No. 481; see also Dkt. No. 477. Accordingly, the parties are ORDERED to file the redacted papers on the public docket by November 22, 2021, including the Government's supplemental letter regarding Witness-3 dated November 7, 2021 in response to Dkt. No. 417. The Court will file the redacted Memorandum Opinion & Order (Signed by Judge Alison J. Nathan on 11/22/21)(jw) (Entered: 11/22/2021) |
| 11/22/2021 | 486 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 22, 2021 re: Proposed Redactions . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 11/22/2021) |
| 11/22/2021 | 487 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 18, 2021 re: Motion to quash Rule 17(c) subpoena . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 11/22/2021) |
| 11/22/2021 | 488 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 18, 2021 re: Authenticate birth certificates . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 11/22/2021) |
| 11/22/2021 | 489 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated 11/20/21 re: Birth Certificates (Everdell, Christian) (Entered: 11/22/2021) |
| 11/22/2021 | 490 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated November 15, 2021 re: Government Exhibit 52 (Pagliuca, Jeffrey) (Entered: 11/22/2021) |
| 11/22/2021 | 491 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 21, 2021 re: Reply re GX-52 Document filed by USA. (Rohrbach, Andrew) (Entered: 11/22/2021) |
| 11/22/2021 | 492 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 5, 2021 re: Supplemental letter re Witness-3 Document filed by USA. (Rohrbach, Andrew) (Entered: 11/22/2021) |
| 11/22/2021 | 493 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 7, 2021 re: Witness-3 and Definitions of "Victim" Document filed by USA. (Rohrbach, Andrew) (Entered: 11/22/2021) |
| 11/22/2021 | 494 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated 11/11/21 re: Accuser-3 Evidence (Everdell, Christian) (Entered: 11/22/2021) |

| 11/22/2021 | 495 | ORDER as to Ghislaine Maxwell. The Court will send the temporarily sealed Memorandum Opinions and Orders to the parties. By November 24, 2021, the parties are ORDERED to inform the Court whether either seeks sealing or limited redactions of the Memorandum Opinions and Orders, justifying any such request by reference to the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). In addition, by that date, the parties are FURTHER ORDERED to file any proposed redactions to the moving papers and/or supporting exhibits on the public docket, again justifying any such request by reference to the Lugosch test. (Signed by Judge Alison J. Nathan on 11/22/21)(jw) (Entered: 11/23/2021) |
|---|---|---|
| 11/22/2021 | 496 | ORDER 486 LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 22, 2021 re: Proposed Redactions. The Court is in receipt of the Government's, Administrator Feldman's, and two anticipated witnesses' motions to quash the Defendant's Rule 17(c)(3) subpoena. Dkt. No. 486. The motions to quash are DENIED. The Court hereby ORDERS the Administrator of the Epstein Victims' Compensation Program to produce to the Court via electronic thumb drive any materials responsive to the subpoena as soon as possible, but no later than 12:00 p.m. on November 24, 2021. Accordingly, the parties shall negotiate a protective order and submit the proposal for approval by the Court no later than 12:00 p.m. on November 24, 2021 (Signed by Judge Alison J. Nathan on 11/22/21) (jw) (Entered: 11/23/2021) |
| 11/22/2021 | 691 | MEMORANDUM OPINION & ORDER as to Ghislaine Maxwell. The Defense on November 1, 2021, noticed eight expert witnesses. Def. Br., Ex. 1 ("Notice"). Two of those experts, Dr. Park Dietz and Dr. Elizabeth Loftus, are expected to offer opinions that rebut opinions of the Government's expert witness, Dr. Lisa Rocchio. The Government on November 8, 2021, filed a motion to partially preclude the testimony of Dr. Dietz and Dr. Loftus. Dkt. No. 424. The Court has already addressed that motion. On November 15, 2021, the Government moved to fully or partially preclude the testimony of the remaining six experts. The Defense filed a response on November 19, 2021. The Court addressed the admissibility of Dr. Ryan Hall in a separate written opinion. In this opinion, the Court addresses the preliminary admissibility of Bennett Gershman based on the parties' current proffers....[*** See this Memorandum Opinion & Order ***]... III. Conclusion. The Court therefore grants the Government's motion to preclude Gershman's expert testimony. Because this is a preliminary pre-trial ruling, it is possible that facts and circumstances at trial would alter the Court's analysis. In that event, the Defense must re-raise its request to admit Gershman as an expert witness. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/22/2021)(bw) (Entered: 06/29/2022) |
| 11/22/2021 | 692 | MEMORANDUM OPINION & ORDER as to Ghislaine Maxwell. The Defense on November 1, 2021, noticed eight expert witnesses. Def. Br., Ex. 1 ("Notice"). Two of those experts, Dr. Park Dietz and Dr. Elizabeth Loftus, are expected to offer opinions that rebut opinions of the Government's expert witness, Dr. Lisa Rocchio. The Government on November 8, 2021, filed a motion to partially preclude the testimony of Dr. Dietz and Dr. Loftus. Dkt. No. 424. The Court has already addressed that motion. On November 15, 2021, the Government moved to fully or partially preclude the testimony of the remaining six experts. The Defense filed a response on November 19, 2021. The Court addresses the motion to preclude Dr. Hall in this separate opinion. It will address the other five experts in public rulings....[*** See this Memorandum Opinion & Order ***]... III. Conclusion. The Court therefore grants the Government's motion to preclude Dr. Hall's expert testimony. Because this is a preliminary pre-trial ruling, it is possible that facts and circumstances at trial would alter the Court's analysis. In that event, the Defense must re-raise its request to admit Dr. Hall as an expert witness. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/22/2021)(bw) (Entered: 06/29/2022) |

| 11/23/2021 | 497 | ORDER as to Ghislaine Maxwell. As discussed at today's conference, attached is the Courts draft preliminary instructions for the sworn jury. The Court has considered both parties proposed instructions as to the Courts order that certain witnesses be permitted to testify or be referred to by first name only or pseudonym. Dkt. No. 432. The draft preliminary instructions include a limiting instruction regarding this process. The parties may suggest any proposed edits to the preliminary instructions by letter on or before November 27, 2021, or they shall indicate by that date that they have no objections or suggestions. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/23/21)(jw) (Entered: 11/23/2021) |
|---|---|---|
| 11/23/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: (Final) Pretrial Conference as to Ghislaine Maxwell held on 11/23/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporter Paula Speers. Final Pretrial Conference held. See Transcript. (jbo) (Entered: 11/23/2021) |
| 11/23/2021 | 498 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 23, 2021 re: Proposed redactions to Dietz/Loftus materials . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 11/23/2021) |
| 11/23/2021 | 499 | RESPONSE to Motion by Ghislaine Maxwell re: 424 MOTION to Preclude *Expert Testimony of Dr. Dietz and Dr. Loftus*.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Pagliuca, Jeffrey) (Entered: 11/23/2021) |
| 11/24/2021 | 500 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 24, 2021 re: Proposed protective order Document filed by USA. (Attachments: # 1 Text of Proposed Order Proposed Protective Order)(Rohrbach, Andrew) (Entered: 11/24/2021) |
| 11/24/2021 | 501 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 24, 2021 re: Corrected proposed protective order Document filed by USA. (Attachments: # 1 Text of Proposed Order Corrected Proposed Protective Order) (Rohrbach, Andrew) (Entered: 11/24/2021) |
| 11/24/2021 | 502 | ORDER as to Ghislaine Maxwell. As noted in this Court's prior order, trial in this case will commence on November 29, 2021. Dkt. No. 330. The trial will take place in Courtroom 318 of the United States District Court for the Southern District of New York, Thurgood Marshall U.S. Courthouse at 40 Foley Square, New York, New York. In accordance with its prior Order, the Court will ensure access for alleged victims and members of the Defendants family. Dkt. No. 344. Per the S.D.N.Y. Response to COVID-19, anyone who appears at any S.D.N.Y. courthouse must complete a questionnaire on the date of the proceeding prior to entering the courthouse. All visitors must also have their temperature taken when they arrive at the courthouse. Only persons who meet the entry requirements established by the questionnaire and whose temperatures are below 100.4 degrees will be allowed to enter the courthouse. All visitors must wear a mask that covers the persons nose and mouth. Bandannas, gaiters, and masks with valves are not permitted. If a person does not have an approved mask, a screener will provide one. Anyone who fails to comply with the COVID-19 protocols that have been adopted by the Court will be required to leave the courthouse. There are no exceptions. For more information, please see https://www.nysd.uscourts.gov /covid-19-coronavirus (Signed by Judge Alison J. Nathan on 11/24/21)(jw) (Entered: 11/24/2021) |

| 11/24/2021 | 503 | ORDER as to Ghislaine Maxwell re: 501 The Court is in receipt of the initial production of the Epstein Victims' Compensation Program pursuant to the Rule 17(c) subpoena. See Dkt. No. 496. The Court is also in receipt of the parties' proposed protective order. Dkt. No. 501. The Court will enter the proposed protective order. Consistent with its prior Order, Dkt. No. 496, the Court determines that the parties may review the materials under the provisions of the protective order. Dkt. No. 501. In doing so, the Court has made no determination as to the admissibility of any of the material. Accordingly, the Administrator of the Epstein Victims Compensation Program is ORDERED to produce the materials contained in the initial production to the parties as soon as possible, but no later than 7:00 p.m. on November 24, 2021. (Signed by Judge Alison J. Nathan on 11/24/21)(jw) (Entered: 11/24/2021) |
| --- | --- | --- |
| 11/24/2021 | 504 | LETTER by Jordana H. Feldman as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Patrick J. Smith dated 11/23/2021 re: Document Production from Jordana H. Feldman (with proposed redactions) Document filed by Jordana H. Feldman. (Smith, Patrick) (Entered: 11/24/2021) |
| 11/24/2021 | 505 | PROTECTIVE ORDER as to Ghislaine Maxwell...regarding procedures to be followed that shall govern the handling of confidential material.... (Signed by Judge Alison J. Nathan on 11/24/21)(jw) (Entered: 11/24/2021) |
| 11/24/2021 | 506 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 24, 2021 re: Proposed redactions to Hall et al. materials . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 11/24/2021) |
| 11/24/2021 | 507 | MOTION to Preclude *Expert Testimony of Dr. Ryan Hall et al.*. Document filed by USA as to Ghislaine Maxwell. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B) (Rohrbach, Andrew) (Entered: 11/24/2021) |
| 11/24/2021 | 508 | RESPONSE to Motion by Ghislaine Maxwell re: 507 MOTION to Preclude *Expert Testimony of Dr. Ryan Hall et al...* (Pagliuca, Jeffrey) (Entered: 11/24/2021) |
| 11/24/2021 | 509 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 22, 2021 re: 507 MOTION to Preclude *Expert Testimony of Dr. Ryan Hall et al..* re: File reply brief . Document filed by USA as to Ghislaine Maxwell. (Attachments: # 1 Exhibit Proposed reply brief, # 2 Exhibit Proposed Exhibit C)(Rohrbach, Andrew) (Entered: 11/24/2021) |
| 11/27/2021 | 510 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 27, 2021 re: Preliminary instructions Document filed by USA. (Rohrbach, Andrew) (Entered: 11/27/2021) |
| 11/27/2021 | 511 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 11/27/2021 re: Trial document procedure (Sternheim, Bobbi) (Entered: 11/27/2021) |
| 11/27/2021 | 512 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated November 27, 2021 re: Court's Proposed Preliminary Instructions to the Jury (Pagliuca, Jeffrey) (Entered: 11/27/2021) |
| 11/28/2021 | 515 | ORDER as to Ghislaine Maxwell: The Court is in receipt of the third production of the Epstein Victims Compensation Program pursuant to the Rule 17(c) subpoena. See Dkt. Nos. 496, 503. Consistent with its prior orders, Dkt. Nos. 496, 503, the Court determines that the parties may review the materials under the provisions of the protective order. Dkt. No. 505. In doing so, the Court has made no determination as to the admissibility of any of the material. Accordingly, the Administrator of the Epstein Victims' Compensation |

| | | |
|---|---|---|
| | | Program is ORDERED to produce the materials contained in the third production to the parties as soon as possible, but no later than 8:30 p.m. on November 28, 2021. (Signed by Judge Alison J. Nathan on 11/28/2021) (ap) (Entered: 11/29/2021) |
| 11/29/2021 | 513 | ORDER as to Ghislaine Maxwell: The Court is in receipt of the second production of the Epstein Victims Compensation Program pursuant to the Rule 17(c) subpoena. See Dkt. Nos. 496, 503. The Administrator provided the materials via a secure FTP site, which the Court concludes is sufficient. Consistent with its prior orders, Dkt. Nos. 496, 503, the Court determines that the parties may review the materials under the provisions of the protective order. Dkt. No. 505. In doing so, the Court has made no determination as to the admissibility of any of the material. Accordingly, the Administrator of the Epstein Victims Compensation Program is ORDERED to produce the materials contained in the second production to the parties as soon as possible, but no later than 5:00 p.m. on November 27, 2021. (Signed by Judge Alison J. Nathan on 11/27/2021) (ap) (Entered: 11/29/2021) |
| 11/29/2021 | 514 | ORDER as to Ghislaine Maxwell: The Court is in receipt of the Government's letter motion to preclude certain lines of cross-examination of Government witnesses. The Court hereby GRANTS the Government's request to file the letter motion under seal in order to protect the privacy interests of anticipated witnesses, including those who are subject to the Court's pseudonym order. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006). The Defendant is hereby ORDERED to respond by today, November 28, 2021, at 2:00 p.m. (Responses due by 11/28/2021) (Signed by Judge Alison J. Nathan on 11/28/2021) (ap) (Entered: 11/29/2021) |
| 11/29/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Jury Selection / Jury Trial as to Ghislaine Maxwell held on 11/29/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporters Martha Martin and George Malinowski Jury selection held. Jury trial begins. See Transcript. (jbo) (Entered: 12/02/2021) |
| 11/30/2021 | 517 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 30, 2021 re: Defense exhibits Document filed by USA. (Rohrbach, Andrew) (Entered: 11/30/2021) |
| 11/30/2021 | 518 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated November 30, 2021 re: Fed. R. Crim. P. 16(b)(1)(A) (Pagliuca, Jeffrey) (Entered: 11/30/2021) |
| 11/30/2021 | 519 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated November 30, 2021 re: Pseudonyms (Pagliuca, Jeffrey) (Entered: 11/30/2021) |
| 11/30/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Jury Trial as to Ghislaine Maxwell held on 11/30/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporters Martha Martin and George Malinowski. Jury trial held. See Transcript. (jbo) (Entered: 12/02/2021) |
| 11/30/2021 | 693 | ORDER as to Ghislaine Maxwell. The Court is in receipt of the parties' letters regarding the issue of potential cross-examination that might elicit identifying information in violation of this Court's order. See Dkt. No. 519. The Government is hereby ORDERED to provide to the Defense the information it believes falls within the categories of specifically identifying information for the current testifying witness no later than 7:00 |

| | | |
|---|---|---|
| | | a.m. tomorrow morning, December 1, 2021. The Defense is ORDERED to alert the Government of any issues concerning the current testifying witness by the same time7:00 a.m. tomorrow morning, December 1, 2021. The Defense shall remain cognizant not only of its duty to avoid revealing the names of witnesses testifying under pseudonyms, but also any specifically identifying information of the protected witnesses. See Transcript, at 10-11 (Nov. 1, 2021). The parties shall then meet and confer on any disagreements. If the parties cannot reach a resolution, they may raise any issues with the Court when the parties are scheduled to appear at 8:45 a.m. SO ORDERED. (Signed by Judge Alison J. Nathan on 11/30/2021)(bw) (Entered: 06/29/2022) |
| 12/02/2021 | 520 | ORDER as to Ghislaine Maxwell: The Clerk of Court is respectfully directed to pay the invoices received in connection with the transportation of jurors in this matter. (Signed by Judge Alison J. Nathan on 12/2/2021) (ap) (Entered: 12/03/2021) |
| 12/02/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Jury Trial as to Ghislaine Maxwell held on 12/2/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporters Martha Martin and Alena Lynch. Jury trial held. See Transcript. (jbo) (Entered: 12/07/2021) |
| 12/03/2021 | 521 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated December 3, 2021 re: Witness Jane's Testimony (Attachments: # 1 Exhibit 1 (Filed Under Seal))(Pagliuca, Jeffrey) (Entered: 12/03/2021) |
| 12/03/2021 | 522 | JOINT LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 3, 2021 re: Witness Dawson Document filed by USA. (Rohrbach, Andrew) (Entered: 12/03/2021) |
| 12/03/2021 | 526 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 522 Accordingly, the parties jointly and respectfully request that the Court release Michael Dawson from his obligation to return to Court on Monday...ENDORSEMENT...SO ORDERED (Signed by Judge Alison J. Nathan on 12/3/21)(jw) (Entered: 12/06/2021) |
| 12/03/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Jury Trial as to Ghislaine Maxwell held on 12/3/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporters George Malinowski and Andrew Walker. Jury trial held. See Transcript. (jbo) (Entered: 12/07/2021) |
| 12/04/2021 | 523 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 4, 2021 re: 900 Series of Exhibits Document filed by USA. (Rohrbach, Andrew) (Entered: 12/04/2021) |
| 12/05/2021 | 524 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 5, 2021 re: Edit to Witness-3 instruction . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 12/05/2021) |
| 12/05/2021 | 525 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated December 5, 2021 re: Response to the Government's Letter Regarding 900 Series of Exhibits (Pagliuca, Jeffrey) (Entered: 12/05/2021) |
| 12/05/2021 | 527 | ORDER as to Ghislaine Maxwell. The Court is in receipt of the Government's letter motion regarding the limiting instruction for Witness-3's anticipated testimony. The |

| | | |
|---|---|---|
| | | Government is hereby ORDERED to file an additional letter explaining what details regarding the alleged sexual activity the Government would seek to elicit absent instruction from the Court and in light of the Defenses opening. The Government's letter must be submitted no later than today, December 5, 2021, at 4:00 p.m. With that information, the Defense can respond to and the Court can analyze the Government's requested addition in the limiting instruction. Accordingly, the Defense is ORDERED to respond to the Government's letter motion and further response letter no later than today, December 5, 2021, at 7:00 p.m. In their letter responses the parties shall be mindful of Rule 412s requirement regarding sealing (Signed by Judge Alison J. Nathan on 12/5/21) (jw) (Entered: 12/06/2021) |
| 12/06/2021 | 528 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 6, 2021 re: Attorney-Client Privilege Document filed by USA. (Rohrbach, Andrew) (Entered: 12/06/2021) |
| 12/06/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Jury Trial as to Ghislaine Maxwell held on 12/6/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporters Martha Martin and George Malinowski. Jury trial held. See Transcript. (jbo) (Entered: 12/07/2021) |
| 12/07/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan:Jury Trial as to Ghislaine Maxwell held on 12/7/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporters Martha Martin and George Malinowski. See Transcript. (jw) (Entered: 12/13/2021) |
| 12/08/2021 | 529 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Conference held on 11/15/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Rebecca Forman, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/29/2021. Redacted Transcript Deadline set for 1/10/2022. Release of Transcript Restriction set for 3/8/2022. (Moya, Goretti) (Entered: 12/08/2021) |
| 12/08/2021 | 530 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Conference proceeding held on 11/15/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 12/08/2021) |
| 12/08/2021 | 531 | ORDER as to Ghislaine Maxwell. Juror Number 70 is directed to submit the receipts associated with the transportation cost incurred on Wednesday 8, 2021, to the Jury Administrator. Upon receipt, the Clerk of Court is directed to reimburse Juror Number 70 for said cost. SO ORDERED (Signed by Judge Alison J. Nathan on 12/8/21)(jw) (Entered: 12/08/2021) |
| 12/08/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan:Jury Trial as to Ghislaine Maxwell held on 12/8/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the |

| | | |
|---|---|---|
| | | government. Court Reporters Martha Martin and George Malinowski. See Transcript (jw) (Entered: 12/13/2021) |
| 12/09/2021 | 532 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated December 8, 2021 re: Exhibit 52 (Pagliuca, Jeffrey) (Entered: 12/09/2021) |
| 12/09/2021 | 533 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 8, 2021 re: Admission of GX 52 . Document filed by USA as to Ghislaine Maxwell. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rohrbach, Andrew) (Entered: 12/09/2021) |
| 12/09/2021 | 534 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 9, 2021 re: Proposed redactions to Dkt. No. 533 . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 12/09/2021) |
| 12/09/2021 | 535 | MEMORANDUM OPINION & ORDER as to Ghislaine Maxwell. The Government seeks to admit what has been identified as Government Exhibit 52 ("GX 52"), and submit to the jury a redacted version of GX 52. The Defense objects to the admission of GX 52 on authentication and hearsay grounds. The admissibility of the exhibit has been the subject of pretrial motion in limine briefing and extensive supplemental briefing. See Dkt. Nos. 390, 397, 398, 457, 476, 490. This includes supplemental briefing received on December 8, 2021, after the authenticating witness, Mr. Juan Alessi, underwent direct examination by the Government and voir dire by the Defense. The Court reserved ruling on the exhibit, pending what was anticipated to be additional testimony. Trial Tr. at 876. The Court now overrules the Defenses objections. The parties are ORDERED to confer and propose a limiting instruction consistent with this ruling on or before today, December 9, 2021, at 7:00 p.m. The parties are FURTHER ORDERED to confer and prepare a stipulation that Government Exhibits 52A, 52D, 52E, 52F, 52G, and 52H are true and correct photocopies of five pages from GX 52. See Trial Tr. at 858. (Signed by Judge Alison J. Nathan on 12/9/21)(jw) (Entered: 12/10/2021) |
| 12/09/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan:Jury Trial as to Ghislaine Maxwell held on 12/9/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporters Martha Martin and George Malinowski. See transcript. (jw) (Entered: 12/13/2021) |
| 12/10/2021 | 536 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Conference held on 11/23/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 1/3/2022. Redacted Transcript Deadline set for 1/10/2022. Release of Transcript Restriction set for 3/10/2022. (Moya, Goretti) (Entered: 12/10/2021) |
| 12/10/2021 | 537 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Conference proceeding held on 11/23/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 12/10/2021) |
| 12/10/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Jury Trial as to Ghislaine Maxwell held on 12/10/2021. Defendant Ghislaine Maxwell present with |

| | | |
|---|---|---|
| | | attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporters Martha Martin and George Malinowski Jury trial held. See Transcript. (jbo) (Entered: 12/20/2021) |
| 12/11/2021 | 538 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 9, 2021 re: Limiting instruction for GX 52 Document filed by USA. (Rohrbach, Andrew) (Entered: 12/11/2021) |
| 12/12/2021 | 539 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 12, 2021 re: Defense witness order . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 12/12/2021) |
| 12/12/2021 | 540 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 12/12/2021 re: Order of Defense Witnesses (Sternheim, Bobbi) (Entered: 12/12/2021) |
| 12/13/2021 | 541 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 13, 2021 re: Privilege stipulation Document filed by USA. (Rohrbach, Andrew) (Entered: 12/13/2021) |
| 12/14/2021 | 542 | ORDER as to Ghislaine Maxwell. The Court is in receipt of the Defense's letter dated December 13, 2021, regarding anticipated witnesses. The Government is ORDERED to submit a response no later than today, December 14, 2021, at 10:00 p.m. The Defense is FURTHER ORDERED to provide a copy of its anticipated witness order to the Court no later than today, December 14, 2021, at 12:00 p.m. SO ORDERED. (Signed by Judge Alison J. Nathan on 12/14/2021)(bw) (Entered: 12/14/2021) |
| 12/14/2021 | 543 | SEALED DOCUMENT placed in vault. (jus) (Entered: 12/14/2021) |
| 12/14/2021 | 544 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated December 13, 2021 re: Jack Scarola, Brad Edwards and Robert Glassman (Attachments: # 1 Exhibit 1 (Filed Under Seal))(Pagliuca, Jeffrey) (Entered: 12/15/2021) |
| 12/15/2021 | 545 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 14, 2021 re: Testimony from Victim Counsel Document filed by USA. (Rohrbach, Andrew) (Entered: 12/15/2021) |
| 12/15/2021 | 546 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 15, 2021 re: Proposed redactions *to Privilege Letters*. Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 12/15/2021) |
| 12/15/2021 | 547 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 12/15/2021 re: Opposition to restriction on expert testimony (Sternheim, Bobbi) (Entered: 12/15/2021) |
| 12/15/2021 | 548 | MEMORANDUM OPINION & ORDER as to Ghislaine Maxwell. The Defense on December 12, 2021, moved to permit three anticipated witnesses to testify under a pseudonym or their first names only. The Government filed a letter opposing this request on December 14, 2021. The Defense's primary contention is that some form of anonymity for its witnesses is justified by the same reasons that the Court permitted three alleged victims and two related government witnesses to testify under pseudonyms. The Court disagrees with this basic premise and denies the Defense's motion....[*** See this |

| | | |
|---|---|---|
| | | Memorandum Opinion & Order ***]... Last, the Court emphasizes that while it currently denies the Defense's motion, the Defense may of course raise, and the Court will consider, objections that particular lines of questioning into witnesses' backgrounds or lives are irrelevant, cumulative, intended to harass, or otherwise inappropriate. See, e.g., Smith v. Illinois, 390 U.S. 129, 133 (1968) (emphasizing that even when anonymity is not warranted, the court has a duty to protect a witness "from questions which go beyond the bounds of proper cross-examination merely to harass, annoy or humiliate him"). SO ORDERED. (Signed by Judge Alison J. Nathan on 12/15/2021)(bw) (Entered: 12/16/2021) |
| 12/15/2021 | 694 | ORDER as to Ghislaine Maxwell. The Court is in receipt of the Government's motion to preclude certain testimony of defense witnesses, dated December 15, 2021. The Defense is ORDERED to submit a response as follows: - A response to the motion with respect to Dr. Loftus by today, December 15, 2021, at 7:45 p.m. - A response to the motion with respect to Alexander Hamilton by tomorrow, December 16, 2021, at 7:00 a.m. - A response to the motion with respect to the other anticipated witnesses by tomorrow, December 16, 2021, at 5:00 p.m. SO ORDERED. (Signed by Judge Alison J. Nathan on 12/15/2021)(bw) (Entered: 06/29/2022) |
| 12/16/2021 | 551 | ORDER as to Ghislaine Maxwell: The Court is in receipt of the parties' joint letter regarding the admission of prior inconsistent statements. The parties' letter notes "that many of these statements raise one of two questions: (1) must counsel show the witness the prior inconsistent statement under Rule 613(b), and (2) is a statement admissible when the witness affirms that the 3500 material contains the inconsistent statement and also expresses disagreement with the substance." The parties are hereby ORDERED to submit a letter citing authority (beyond the rule itself) for their respective positions. The parties are FURTHER ORDERED to indicate each disputed prior inconsistent statement that was read into the record. Letters must be submitted as soon as possible but no later than today, December 16, 2021, at 10:15 p.m. The parties are FURTHER ORDERED to docket their respective letters by tomorrow, December 17, 2021, at 8:00 a.m. (Signed by Judge Alison J. Nathan on 12/16/2021) (ap) Modified on 12/17/2021 (ap). (Entered: 12/17/2021) |
| 12/16/2021 | 552 | ORDER as to Ghislaine Maxwell: The Court denies the motion for the remaining witnesses the Government seeks to preclude. (Signed by Judge Alison J. Nathan on 12/16/2021) (ap) (Entered: 12/17/2021) |
| 12/16/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Jury Trial as to Ghislaine Maxwell held on 12/16/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell, and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporters Martha Martin and George Malinowski Jury trial held. See Transcript. (jbo) (Entered: 12/20/2021) |
| 12/17/2021 | 549 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 17, 2021 re: Law enforcement witness testimony Document filed by USA. (Attachments: # 1 Exhibit A)(Rohrbach, Andrew) (Entered: 12/17/2021) |
| 12/17/2021 | 550 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 16, 2021 re: Prior inconsistent statements Document filed by USA. (Rohrbach, Andrew) (Entered: 12/17/2021) |
| 12/17/2021 | 553 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated December 16, 2021 re: Prior Inconsistent Statements (Pagliuca, Jeffrey) |

|  |  | (Entered: 12/17/2021) |
|---|---|---|
| 12/17/2021 | 562 | ORDER as to Ghislaine Maxwell. Attached is the draft jury charge and draft verdict sheet. Counsel shall be prepared to provide at the charging conference tomorrow, December 18, 2021, specific suggestions (with supporting authority if available) for any requested changes (Signed by Judge Alison J. Nathan on 12/17/21)(jw) (Entered: 12/20/2021) |
| 12/17/2021 |  | Minute Entry for proceedings held before Judge Alison J. Nathan: Jury Trial as to Ghislaine Maxwell held on 12/17/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporters Martha Martin and George Malinowski Jury trial held. See Transcript. (jbo) (Entered: 12/20/2021) |
| 12/18/2021 | 554 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 18, 2021 re: Jury instructions Document filed by USA. (Rohrbach, Andrew) (Entered: 12/18/2021) |
| 12/18/2021 | 555 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated December 15, 2021 re: Ms. Maxwell's Response to Government's Motion to Preclude Certain Testimony by Alexander Hamilton (Pagliuca, Jeffrey) (Entered: 12/18/2021) |
| 12/18/2021 | 563 | ORDER as to Ghislaine Maxwell. The charging conference for this matter was held today, December 18, 2021. Attached to this Order are redline and clean copies of the draft jury charge and draft verdict form that incorporate all changes discussed at the conference, or by the Government's subsequent letter, Dkt. No. 554, and adopted by the Court. The Court also edited "a minor" to be "an individual under the age of 18" on page 38, line 19, and deleted "or foreign" on page 28, line 5, as consistent with the agreed upon edits at conference. No later than tomorrow, December 19, 2021, at 12:00 p.m., the parties may inform the Court in writing of any errors that were the result of the Court's inputting the changes from todays charging conference. (Signed by Judge Alison J. Nathan on 12/18/21)(jw) (Entered: 12/20/2021) |
| 12/18/2021 |  | Minute Entry for proceedings held before Judge Alison J. Nathan: Jury Trial as to Ghislaine Maxwell held on 12/18/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporters Khris Sellin and Paula Speers. Jury trial held. See Transcript. (jbo) (Entered: 12/22/2021) |
| 12/19/2021 | 556 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 19, 2021 re: Jury charge Document filed by USA. (Rohrbach, Andrew) (Entered: 12/19/2021) |
| 12/19/2021 | 557 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 12/19/2021 re: Letter re: Jury Charge (Sternheim, Bobbi) (Entered: 12/19/2021) |
| 12/19/2021 | 558 | JOINT LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 19, 2021 re: Closing logistics Document filed by USA. (Rohrbach, Andrew) (Entered: 12/19/2021) |

| 12/19/2021 | 559 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 19, 2021 re: Redacted exhibits . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 12/19/2021) |
|---|---|---|
| 12/19/2021 | 560 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 558 The parties respectfully submit this letter regarding the logistics for public access for closing arguments. The parties propose that they will release a public version of their slides (to the extent they do not contain sealed materials) following the conclusion of the trial day on the same basis that they have been releasing public exhibits during trial....ENDORSEMENT...The parties previously indicated to the Court that they did not intend to make the visuals of the closing argument presentations public. The Court accordingly ordered the parties to confer on a proposal so as to ensure public access. For the reasons provided by the parties, the Court adopts the parties' proposal. Versions of the closing argument visual presentations with narrowly tailored redactions (e.g., redactions to protect the anonymity of witnesses the Court has permitted to testify under pseudonyms) shall be made available to the public within two hours of the completion of closing arguments. SO ORDERED. (Signed by Judge Alison J. Nathan on 12/19/2021)(jw) (Entered: 12/20/2021) |
| 12/19/2021 | 561 | MEMO ENDORSEMENT 559 LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 19, 2021 re: Redacted exhibits...ENDORSEMENT...SO ORDERED (Signed by Judge Alison J. Nathan on 12/19/21) (jw) (Entered: 12/20/2021) |
| 12/19/2021 | 564 | ORDER as to Ghislaine Maxwell. The parties are hereby ORDERED by 9:00 a.m. tomorrow, December 20, 2021, to docket or otherwise make publicly available all admitted exhibits. The parties shall confer on and propose narrowly tailored redactions for any exhibits admitted temporarily under seal. SO ORDERED. (Signed by Judge Alison J. Nathan on 12/19/21)(jw) (Entered: 12/20/2021) |
| 12/19/2021 | 565 | ORDER as to Ghislaine Maxwell. Attached to this Order are the final versions of the jury charge and verdict form. Per the parties' letters, the Court adopted the Government's proposed edit to Instruction No. 19. See Dkt. Nos. 556, 557. (Signed by Judge Alison J. Nathan on 12/19/21)(jw) (Entered: 12/20/2021) |
| 12/20/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Jury Trial as to Ghislaine Maxwell held on 12/20/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporters Martha Martin and George Malinowski. Jury trial held. See Transcript. (jbo) (Entered: 12/22/2021) |
| 12/21/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Jury Trial as to Ghislaine Maxwell held on 12/21/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporter Martha Martin. Jury trial held. See Transcript. (jbo) (Entered: 12/22/2021) |
| 12/22/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Jury Trial as to Ghislaine Maxwell held on 12/22/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporter George Malinowski. Jury trial held. See Transcript. (jbo) (Entered: 01/10/2022) |

| 12/27/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Jury Trial as to Ghislaine Maxwell held on 12/27/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporter Martha Martin. Jury trial held. See Transcript. (jbo) (Entered: 01/10/2022) |
|---|---|---|
| 12/28/2021 | 566 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated December 27, 2021 re: Supplemental Instruction (Everdell, Christian) (Entered: 12/28/2021) |
| 12/28/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Jury Trial as to Ghislaine Maxwell held on 12/28/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporter George Malinowski. Jury trial held. See Transcript. (jbo) (Entered: 01/10/2022) |
| 12/29/2021 | | Minute Entry for proceedings held before Judge Alison J. Nathan:Jury Trial as to Ghislaine Maxwell held on 12/29/2021. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim, Jeff Pagliuca, Christian Everdell and Laura Menninger. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporter Khris Sellin. Defendant found GUILTY on Counts 1, 3, 4, 5, 6. Defendant found NOT GUILTY on Count 2. Jury trial concluded. (jw) (Entered: 01/11/2022) |
| 12/29/2021 | | JURY VERDICT as to Ghislaine Maxwell (1) Guilty on Count 1ss,3ss,4ss,5ss,6ss; Not Guilty on Count 2ss. (jw) (Entered: 06/29/2022) |
| 01/03/2022 | 567 | ORDER as to Ghislaine Maxwell. The parties are ORDERED to submit a joint letter by January 10, 2022, proposing a briefing schedule for the Defendant's Rule 29 motion and proposing a schedule for sentencing. The joint letter should also propose a schedule for the severed perjury counts. The Defense also inquired about a booster shot for the Defendant. The Court has been advised that MDC is making booster shots available within a week of receiving a request from an inmate. Defense counsel is accordingly advised to follow the MDC's instructions for requesting a booster. If a request is made and a booster not provided, Defense counsel may make a further application to the Court. SO ORDERED. (Signed by Judge Alison J. Nathan on 1/3/2022)(bw) (Entered: 01/03/2022) |
| 01/05/2022 | 568 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated January 5, 2022 re: Inquiry . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 01/05/2022) |
| 01/05/2022 | 569 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated 1/5/22 re: Juror Issue (Redacted) (Everdell, Christian) (Entered: 01/05/2022) |
| 01/05/2022 | 570 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated January 5, 2022 re: Ms. Maxwell's Response to Government's Letter re. Juror's Statements (Dkt. 568) (Pagliuca, Jeffrey) (Entered: 01/05/2022) |
| 01/05/2022 | 571 | ORDER as to Ghislaine Maxwell. The Court is in receipt of the parties' letters. Dkt. Nos. 568, 569, 570. The Court hereby sets the following briefing schedule for the Defense to move for a new trial in light of the issues raised in the parties' letters: Defense motion: January 19, 2022; Government response: February 2, 2022; Defense reply: February 9, |

|  |  | 2022. The parties' briefing should address whether an inquiry of some kind is permitted and/or required, and, if so, the nature of such an inquiry. Although the Court reserves decision on whether an inquiry of any kind is warranted, the Court grants the Government's request, Dkt. No. 568, to offer court-appointed counsel to the juror in issue. Subject to the juror's right to decline court-appointed counsel, the Court will appoint the on-duty CJA counsel to represent the juror. If counsel for the juror wishes to be heard on the issue of the appropriateness of an inquiry, briefing by the juror's counsel may be filed by January 26, 2022. The Court will not adjourn post-trial briefing on other issues as requested by the Defense, Dkt. No. 569, but sets the following schedule for any other post-verdict motion by the Defense: Defense motion: February 4, 2022; Government opposition: February 18, 2022; Defense reply: March 4, 2022. SO ORDERED. (Signed by Judge Alison J. Nathan on 1/5/2022) (bw) (Entered: 01/05/2022) |
|---|---|---|
| 01/05/2022 | 572 | NOTICE of Notice of Appearance for Jury Number 50 as to Ghislaine Maxwell (Spodek, Todd) (Entered: 01/05/2022) |
| 01/05/2022 | 573 | ORDER as to Ghislaine Maxwell. A notice of appearance has been filed by retained counsel on behalf of Juror Number 50. See Dkt. No. 572. Retained counsel has communicated to the Court that the juror does not wish to have counsel appointed. Accordingly, the Court will not appoint CJA counsel as indicated in its prior order. See Dkt. No. 571. Counsel for Juror Number 50 is directed to review Dkt. No. 571. SO ORDERED. (Signed by Judge Alison J. Nathan on 1/5/2022)(bw) (Entered: 01/06/2022) |
| 01/10/2022 | 574 | JOINT LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated January 10, 2022 re: Scheduling Document filed by USA. (Rohrbach, Andrew) (Entered: 01/10/2022) |
| 01/12/2022 | 575 | ORDER as to Ghislaine Maxwell. The parties are ORDERED to submit via email any proposed redactions on or before January 13, 2022, justifying any such request by reference to the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). If any redactions are proposed, the Court will determine whether any are appropriate and then docket the motion. The parties shall respond to Juror 50s motion on or before January 20, 2022. Upon further reflection, unless and until Juror No. 50 is permitted to intervene, he may have no standing to be heard on the question of whether an inquiry should be conducted. Accordingly, the Court withdraws the aspect of its prior order setting January 26, 2022, as the date by which counsel for Juror 50 should file a submission on the issue of the appropriateness of an inquiry. Dkt. No. 571. The Court will hear from the parties first regarding Juror 50's pending motion. Depending on the resolution of that motion, the Court will provide further guidance to counsel for Juror 50 regarding any permitted submission. If a further submission is permitted, the Court will provide ECF docketing access to counsel for Juror 50 at that time (Signed by Judge Alison J. Nathan on 1/12/22)(jw) (Entered: 01/12/2022) |
| 01/14/2022 | 576 | ORDER as to Ghislaine Maxwell. The Court required the parties to indicate whether Juror 50's motion to intervene and to be provided a copy of the jurors completed questionnaire and voir dire should be redacted. Dkt. No. 575. In response, the parties have submitted letters to the Court indicating their differing views on whether Juror 50s motion should be docketed at all. Upon further reflection, the Courtconcludes that it must first address the threshold question of whether an inquiry is permittedand/or required before considering Juror 50s requests. Accordingly, the Court will not consider or act on Juror 50's request to intervene and to be provided a copy of the jurors completed questionnaire and voir dire until the Court receives the parties briefing on the appropriateness of an inquiry and the nature of any such inquiry. The Court will maintain Juror 50's motion temporarily under seal until the Court considers the parties arguments |

| | | and determines the appropriate next steps. Consistent with this and to (Signed by Judge Alison J. Nathan on 1/14/22)(jw) (Entered: 01/14/2022) |
|---|---|---|
| 01/14/2022 | [577](#) | ORDER as to Ghislaine Maxwell. The Court is in receipt of the parties' joint letter regarding a schedule for sentencing and resolution of the severed perjury counts. Dkt. No. 574. The Court hereby schedules the sentencing in this matter for June 28, 2022, at 11:00 a.m. The Court will delay ordering the preparation of a presentence investigation report until April 2022. The Court previously set the schedule for briefing on the new trial motion as well as all other post-verdict motions. Dkt. No. 571. That schedule remains in place. The Court adopts the parties proposal that the scheduling of any proceedings related to the severed perjury counts be deferred until the post-verdict motions are resolved. By January 18, 2022, the Government shall indicate in a joint letter whether it is seeking an exclusion of time under the Speedy Trial Act for the perjury counts and the basis for any requested exclusion. In the joint letter, the defense shall indicate whether it consents to the proposed exclusion of time (Sentencing set for 6/28/2022 at 11:00 AM before Judge Alison J. Nathan.) (Signed by Judge Alison J. Nathan on 1/14/22)(jw) (Entered: 01/14/2022) |
| 01/18/2022 | [578](#) | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Alison Moe, Maurene Comey, Lara Pomerantz, and Andrew Rohrbach dated January 18, 2022 re: Speedy Trial Act Document filed by USA. (Moe, Alison) (Entered: 01/18/2022) |
| 01/19/2022 | [579](#) | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: [578](#) LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Alison Moe, Maurene Comey, Lara Pomerantz, and Andrew Rohrbach dated January 18, 2022 re: Speedy Trial Act. ENDORSEMENT: With respect to Counts 7 and 8, the Court hereby excludes time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), from todays date through April 1, 2022. The Court finds that the ends of justice served by granting this exclusion from speedy trial computations outweigh the interests of the public and the defendant in a speedy trial on these counts because the time is necessary for the parties to research and brief post-trial motions. (Signed by Judge Alison J. Nathan on 1/19/2022) (ap) (Entered: 01/19/2022) |
| 01/19/2022 | [580](#) | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 01/19/2022 re: Letter to Court re: Motion for New Trial (Sternheim, Bobbi) (Entered: 01/19/2022) |
| 01/24/2022 | [581](#) | LETTER addressed to Judge Alison J. Nathan from Christine N. Walz, Sanford L. Bohrer and Cynthia A. Gierhart dated 1/21/22 re: Miami Herald letter regarding the Filing of Ms. Maxwell's Motion for a New Trial Under Seal (Dkt. 580) (jw) (Entered: 01/24/2022) |
| 01/25/2022 | [582](#) | **FILING ERROR - DEFICIENT DOCKET ENTRY - WRONG FILER -** LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Nathan Siegel dated 1/25/2022 re: Letter from Nathan Siegel on behalf of American Broadcasting Companies, Inc., and NBCUniversal News Group to Hon. Alison J. Nathan Joining the Requests of The Miami Herald (Dkt. No. 581) and the New York Times to Oppose Sealing, and Requesting Additional Unsealing Document filed by USA. (Siegel, Nathan) Modified on 1/26/2022 (lb). (Entered: 01/25/2022) |
| 01/25/2022 | [583](#) | LETTER addressed to Judge Alison J. Nathan from David E. McCraw dated 1/24/2022 re: Letter by the NY Times Company.(jw) Modified on 1/25/2022 (jw). (Entered: 01/25/2022) |
| 01/26/2022 | [584](#) | ORDER as to Ghislaine Maxwell. As a post-trial housekeeping matter, Court staff directed the parties via email to complete the process of providing copies of Court Exhibits with narrowly tailored redactions (e.g., redactions to protect the anonymity of jurors and of witnesses the Court permitted to testify under pseudonyms) for the Court to |

|  |  | docket. The Government subsequently submitted one court exhibit with the name unredacted of a witness subject to the Court's anonymity order. Subsequently the Defense indicated in a temporarily sealed letter why the name was unredacted. The Government is accordingly ORDERED to docket a letter on ECF on or before January 28, 2022, indicating why a redaction is no longer being sought for the name of this witness. Once the Government confirms in that letter that it no longer seeks redaction of the name, then the Defense may file the temporarily sealed letter on the docket without redaction of the name. The Court will then docket all Court Exhibits. (Signed by Judge Alison J. Nathan on 1/26/22)(jw) (Entered: 01/26/2022) |
|---|---|---|
| 01/26/2022 | 585 | ORDER as to Ghislaine Maxwell. The Court is in receipt of Defendant's motion for a new trial and accompanying exhibits, which she requests to file under seal. See Dkt. No. 580. The Court has also received requests from media organizations to unseal the motion. The Court is aware there is substantial public interest in this matter and will ensure that the First Amendment right to public access is fully safeguarded. At the same time, the Court must act deliberately and hear from the parties in considering these sealing issues in order to ensure the integrity of any potential inquiry process going forward, should one be ordered. That too is in the public, as well as the Defendant's and the Government's, interest. Accordingly, to the extent the Defense requests that arguments in favor of sealing should themselves be sealed, that request is DENIED. Arguments in favor of sealing can be made in such a way so as not to undermine the grounds for seeking sealing or redaction in the first instance. The Defense is therefore ORDERED to file a letter on the public docket on or before February 1, 2022, that justifies the proposed sealing by reference to the three-part test in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). The Government may file on ECF a response to the Defenses justification letter on or before February 4, 2022. The Government's opposition to the Defenses new trial motion is due February 2, 2022. Dkt. No. 571. Per the established practice in this case, the Government must provide a copy via email to the Defense to allow the Defense the opportunity to propose narrowly tailored redactions and/or sealing. If either party proposes redactions to or sealing of the Government's anticipated opposition, a letter justifying such redactions or sealing must be filed on the public docket. The Defense letter must be filed on or before February 8, 2022, and the Government letter must be filed by February 11, 2022. The same process will apply for any Defense reply in support, which is due February 9, 2022. Dkt. No. 571. If redactions or sealing are proposed, the Defense letter justifying such requests would be due February 15, 2022, and the Government letter would be due February 18, 2022. The parties are FURTHER ORDERED to address the New York Times Company's motion to unseal the filled-out questionnaires for the twelve seated jurors. See Dkt. No. 583. Letters by both parties must be submitted via ECF on or before February 11, 2022. SO ORDERED (Signed by Judge Alison J. Nathan on 1/26/2022)(jw) (Entered: 01/26/2022) |
| 01/26/2022 | 586 | LETTER addressed to Judge Alison J. Nathan from Matthew A. Leish dated 1/26/2022 re: I write on behalf of Daily News, L.P. (jw) (Entered: 01/26/2022) |
| 01/27/2022 | 587 | LETTER addressed to Judge Alison J. Nathan from Nathan Siegel dated 1/26/2022 re: Letter addressed to Judge Alison J. Nathan on behalf of American Broadcasting Companies, Inc and NBC Universal News Group (jw) (Entered: 01/27/2022) |
| 01/28/2022 | 588 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated January 28, 2022 re: Redaction of Witness Name Document filed by USA. (Pomerantz, Lara) (Entered: 01/28/2022) |
| 01/28/2022 | 589 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated 1/28/22 re: Redaction (Everdell, Christian) (Entered: 01/28/2022) |

| 02/01/2022 | 590 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated 2/1/22 re: Sealing Motion for New Trial (Everdell, Christian) (Entered: 02/01/2022) |
|---|---|---|
| 02/01/2022 | 591 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated 2/1/22 re: Extension of Time (Everdell, Christian) (Entered: 02/01/2022) |
| 02/02/2022 | 592 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 591 LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated 2/1/22 re: Extension of Time. ENDORSEMENT: The extension request is hereby GRANTED. The briefing schedule for other post-verdict motions is revised as follows: - Defense submission: February 11, 2022. Government response: February 25, 2022. Defense reply: March 11, 2022. (Motions due by 2/11/2022. Responses due by 2/25/2022. Replies due by 3/11/2022) (Signed by Judge Alison J. Nathan on 2/2/2022) (ap) (Entered: 02/02/2022) |
| 02/04/2022 | 593 | ORDER as to Ghislaine Maxwell: As a post-trial house-keeping matter, attached to this Order are the Court Exhibits. The parties have proposed redactions to several exhibits and the sealing of Court Exhibit 4. The Court concludes that the proposed redactions are consistent with the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006), and narrowly tailored. The redactions serve the purpose of protecting the anonymity of jurors and of victim-witnesses subject to the Court's anonymity order. With respect to Court Exhibit 4, rather than seal the entire document, the Court has redacted the information that would potentially identify the victim-witness who testified pursuant to the Court's anonymity order. Unredacted copies of the Court Exhibits will be filed under seal. (Signed by Judge Alison J. Nathan on 2/4/2022)(ap) (Entered: 02/04/2022) |
| 02/04/2022 | 594 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated February 4, 2022 re: Opposition to Defendant's Sealing Request Document filed by USA. (Pomerantz, Lara) (Entered: 02/04/2022) |
| 02/08/2022 | 595 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 2/8/2022 re: Request for Sealing (Sternheim, Bobbi) (Entered: 02/08/2022) |
| 02/11/2022 | 596 | ORDER as to Ghislaine Maxwell. The Court is in receipt of the parties' letters addressing the Defendant's request to temporarily seal her motion for a new trial and accompanying exhibits, and the Governments response in opposition and accompanying exhibits. See Dkt. Nos. 590, 594, 595. Several media organizations have also filed letters seeking unsealing. The Court is also in receipt of Juror 50's motion to intervene. Both the Government and the Defendant oppose intervention. The Defendant seeks to strike or, in the alternative, seal Juror 50's motion. For the reasons outlined more fully below, the Court rules as follows. First, the Defendant's motion to temporarily seal in their entirety all documents related to the motion for a new trial is DENIED. Any sealing of judicial documents must be narrowly tailored to serve competing interests. (Signed by Judge Alison J. Nathan on 2/11/22)(jw) (Entered: 02/11/2022) |
| 02/11/2022 | 597 | ORDER as to Ghislaine Maxwell. The Court's chambers received the attached letter via email from counsel for the National Association of Criminal Defense Lawyers (NACDL) seeking leave to file an amicus brief regarding the Defendant's motion for a new trial. The Court issues this Order in response. If any party wishes to file an amicus brief concerning the Defendant's motion for a new trial, it may submit to the Court via email a motion for leave to do so on or before February 18, 2022. The Court will only consider such a |

| | | motion if: It is timely submitted by February 18, 2022; (Amicus Brief due by 2/18/2022) (Signed by Judge Alison J. Nathan on 2/11/22)(jw) (Entered: 02/11/2022) |
|---|---|---|
| 02/11/2022 | 598 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Alison Moe, Maurene Comey, Lara Pomerantz, and Andrew Rohrbach dated February 11, 2022 re: motion by the New York Times Company. Document filed by USA. (Moe, Alison) (Entered: 02/11/2022) |
| 02/11/2022 | 599 | MOTION for New Trial *to Obtain Relief Requested in Memorandum in Support of Post-Trial Motions*. Document filed by Ghislaine Maxwell. (Everdell, Christian) (Entered: 02/11/2022) |
| 02/11/2022 | 600 | MEMORANDUM in Support by Ghislaine Maxwell re 599 MOTION for New Trial *to Obtain Relief Requested in Memorandum in Support of Post-Trial Motions.. OMNIBUS MEMORANDUM in Support by Ghislaine Maxwell re Post-Trial Motions* (Everdell, Christian) (Entered: 02/12/2022) |
| 02/15/2022 | 601 | SEALED DOCUMENT placed in vault. (jus) (Entered: 02/15/2022) |
| 02/16/2022 | 602 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C. Sternheim dated 02/16/2022 re: Letter in Response to Dkt. 596 (Sternheim, Bobbi) (Entered: 02/16/2022) |
| 02/16/2022 | 603 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Alison Moe, Maurene Comey, Lara Pomerantz, and Andrew Rohrbach dated February 16, 2022 re: Letter regarding proposed redactions. Document filed by USA. (Moe, Alison) (Entered: 02/16/2022) |
| 02/17/2022 | 604 | MEMO ENDORSEMENT as to Ghislaine Maxwell on MOTION FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF. ENDORSEMENT: The request for leave to file an amicus brief in accordance with this Court's February 11, 2022 order is GRANTED. SO ORDERED. (Signed by Judge Alison J. Nathan on 2/17/2022) (lnl) (Entered: 02/17/2022) |
| 02/18/2022 | 605 | ORDER as to Ghislaine Maxwell: The parties are hereby ORDERED to re-submit via email revised redactions to the parties' briefing on the Defendant's motion for a new trial by February 22, 2022. The revised proposed redactions shall be consistent with this Order. SO ORDERED. (Signed by Judge Alison J. Nathan on 2/18/2022) (lnl) (Entered: 02/18/2022) |
| 02/21/2022 | 606 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C Sternheim dated 02/21/2022 re: Letter in Response to Dkt. 605 (Sternheim, Bobbi) (Entered: 02/21/2022) |
| 02/24/2022 | 607 | ORDER as to Ghislaine Maxwell: The Court is in receipt of the Defendant's proposed redactions revised in response to this Court's order. See Dkt. Nos. 605, 606. The Court has reviewed the proposed redactions and concludes that they are in accordance with its prior orders. See Dkt. Nos. 596, 605. The narrowly tailored redactions further the important interests of helping ensure the integrity of any inquiry and maintaining juror anonymity and privacy. As the Court explained in its February 11 Order, these interests justify redaction of the questions the parties propose be asked at any hearing and specific factual information developed by the parties that has not been publicly reported in the press and that the parties propose be inquired about at any forthcoming hearing. Dkt. No. 596 at 4 (citing United States v. McCoy et al., No. 14 Cr. 6181 (EAW), Dkt. No. 312 (text order) (W.D.N.Y. May 26, 2017); id. Dkt. No. 329 at 38-39; Press-Enter. Co. v. Superior Ct. of Cal., Riverside Cnty., 464 U.S. 501, 511-12 (1984)). Accordingly, the parties are ORDERED to docket the redacted briefs, accompanying exhibits, and their January 13 letters, by February 25, 2022. The Court will docket Juror 50's motion. As noted in its prior Order, following the Court's resolution of the Defendant's motion or a hearing, all |

|  |  | redactions will be promptly unsealed except those necessary to protect any continuing interest in juror anonymity and privacy. See United States v. Amodeo, 44 F.3d 141, 146-47 (2d Cir. 1995); see also Press-Enter. Co., 478 U.S. at 14. (Signed by Judge Alison J. Nathan on 2/24/2022) (ap) (Entered: 02/24/2022) |
|---|---|---|
| 02/24/2022 | 608 | NOTICE OF MOTIONTO INTERVENE AND FOR THE RELEASE OF DOCUMENTS UNDER SEAL. Document filed as to Ghislaine Maxwell. (ap) (Entered: 02/24/2022) |
| 02/24/2022 | 609 | MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AND FOR RELEASE OF SEALED JURY QUESTIONNAIRE AND TRANSCRIPT, ON BEHALF OF PROPOSED INTERVENOR, JUROR 50 as to Ghislaine Maxwell re: 608 MOTION. (ap) (Entered: 02/24/2022) |
| 02/24/2022 | 610 | ORDER as to Ghislaine Maxwell: for the reasons fully explained in the Opinion & Order, a hearing is necessary to resolve the Defendant's motion. Because of the important interest in the finality of judgments, the standard for obtaining a post-verdict hearing is high. The Court concludes, and the Government concedes, that the demanding standard for holding a post-verdict evidentiary hearing is met as to whether Juror 50 failed to respond truthfully during the jury selection process to whether he was a victim of sexual abuse. Following trial, Juror 50 made several direct, unambiguous statements to multiple media outlets about his own experience that do not pertain to jury deliberations and that cast doubt on the accuracy of his responses during jury selection. Juror 50's post-trial statements are "clear, strong, substantial and incontrovertible evidence that a specific, non-speculative impropriety"namely, a false statement during jury selection has occurred. United States v. Baker, 899 F.3d 123, 130 (2d Cir. 2018). To be clear, the potential impropriety is not that someone with a history of sexual abuse may have served on the jury. Rather, it is the potential failure to respond truthfully to questions during the jury selection process that asked for that material information so that any potential bias could be explored. In contrast, the demanding standard for ordering an evidentiary hearing is not met as to the conduct of any other juror. The Court DENIES the request to conduct a hearing with respect to the other jurors. The Court also DENIES the Defendant's request for a broader hearing and pre-hearing discovery. The Court therefore ORDERS that a hearing take place at which the Court will question Juror 50 under oath. The Court further ORDERS that Juror 50's questionnaire be unsealed, for the reasons explained in the Opinion & Order. The Court will email counsel for Juror 50 a copy of his questionnaire and a copy of this Order. As also explained in the Opinion & Order, the Court will conduct the questioning at the public hearing with input from counsel for the Defendant and the Government. The parties may submit by email proposed questions in accordance with the Opinion & Order on or before March 1, 2022. The hearing will take place on March 8, 2022, at 10:00 a.m. The Court ORDERS Juror 50 to appear in Courtroom 906 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York at that date and time to give testimony under oath in response to the Court's questions. The Court will ensure public access and will provide information on public access as soon as it is available. The Court will send the temporarily sealed Opinion & Order to the parties. By noon on February 25, 2022, the parties are ORDERED to inform the Court whether either seeks limited redactions to the Opinion & Order, conforming any requests to this Court's prior order, Dkt. No. 596, and justifying any such request by reference to the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). (Status Conference set for 3/8/2022 at 10:00 AM in Courtroom 906, 40 Centre Street, New York, NY 10007 before Judge Alison J. Nathan) (Signed by Judge Alison J. Nathan on 2/24/2022) (ap) Modified on 2/25/2022 (ap). (Entered: 02/24/2022) |
| 02/24/2022 | 611 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated |

| | | February 24, 2022 re: Court's February 24, 2022 Order (Dkt. No. 610) Document filed by USA. (Pomerantz, Lara) (Entered: 02/24/2022) |
|---|---|---|
| 02/24/2022 | 612 | LETTER MOTION addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated January 13, 2022 re: Ms. Maxwell's Request for Juror 50's Memorandum of Law in Support of Motion to Intervene, Jury Questionnaire and Transcript Remain Under Seal Upon Resolution of Her Motion for a New Trial . Document filed by Ghislaine Maxwell. (Pagliuca, Jeffrey) (Entered: 02/24/2022) |
| 02/24/2022 | 613 | MOTION for New Trial . Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Pagliuca, Jeffrey) (Entered: 02/24/2022) |
| 02/24/2022 | 614 | AMICUS CURIAE BRIEF OF THE NATIONAL ASSOCIATION OF CRIMINAL DEFENSE LAWYERS. The Court should not allow any juror to thwart its screening process by giving inaccurate answers and thereby create such a grave potential, realized in this case, for depriving the defendant of her right to a fair trial. A new trial is required. Document filed as to Ghislaine Maxwell. (See BRIEF set forth) (ap) (Entered: 02/24/2022) |
| 02/24/2022 | 615 | MEMORANDUM in Opposition by USA as to Ghislaine Maxwell re 613 MOTION for New Trial .. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Pomerantz, Lara) (Entered: 02/24/2022) |
| 02/24/2022 | 616 | REPLY TO RESPONSE to Motion by Ghislaine Maxwell re 613 MOTION for New Trial .. (Attachments: # 1 Exhibit 3 (1 of 3), # 2 Exhibit 3 (2 of 3), # 3 Exhibit 3 (3of 3)) (Pagliuca, Jeffrey) (Entered: 02/24/2022) |
| 02/24/2022 | 617 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated January 13, 2022 re: Juror 50's Motion to Intervene Document filed by USA. (Pomerantz, Lara) (Entered: 02/24/2022) |
| 02/24/2022 | 618 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C Sternheim dated 02/24/2022 re: Letter in Response to Dkt 610 (Sternheim, Bobbi) (Entered: 02/24/2022) |
| 02/25/2022 | 619 | MEMO ENDORSEMENT as to Ghislaine Maxwell on 618 LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C Sternheim dated 02/24/2022 re: Letter in Response to Dkt 610. ENDORSEMENT: The Court approves the Defense's proposed redactions, which are narrowly tailored to redact specific categories of questions the Court may ask at the forthcoming hearing. Consistent with this Court's prior order, such redactions help ensure the integrity of the forthcoming hearing. See Dkt. No. 596. The Court will docket the redacted Opinion & Order. As noted in the prior order, the redactions will be promptly unsealed following the hearing. SO ORDERED. (Signed by Judge Alison J. Nathan on 2/25/2022)(lnl) (Entered: 02/25/2022) |
| 02/25/2022 | 620 | OPINION & ORDER as to Ghislaine Maxwell: For the reasons stated above, the Court will hold a hearing regarding Juror 50's answers to Questions 25 and 48 of the questionnaire. The public proceeding will take place on March 8, 2022, at 10:00 a.m. Juror 50 is hereby ORDERED to appear in Courtroom 906 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York at that date and time to give testimony under oath in response to the Court's questions. Counsel for the Defendant and the Government are ORDERED to submit via email proposed questions in accordance with this Opinion & Order on or before March 1, 2022. SO ORDERED. (Signed by Judge Alison J. Nathan on 2/24/2022) (lnl) (Main Document 620 replaced on 3/9/2022) (jw). (Entered: 02/25/2022) |

| 02/25/2022 | 621 | MEMORANDUM in Opposition by USA as to Ghislaine Maxwell re 599 MOTION for New Trial *to Obtain Relief Requested in Memorandum in Support of Post-Trial Motions..* (Rohrbach, Andrew) (Entered: 02/25/2022) |
|---|---|---|
| 02/28/2022 | 622 | SEALED DOCUMENT placed in vault. (nmo) (Entered: 02/28/2022) |
| 02/28/2022 | 623 | SEALED DOCUMENT placed in vault. (nmo) (Entered: 02/28/2022) |
| 03/01/2022 | 635 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSA Maurene Comey/Alison Moe/Lara Pomerantz/Andrew Rohrbach dated 3/1/22 re: Dear Judge Nathan: In accordance with the Courts February 24, 2022 Opinion and Order (Dkt. No. 620), the Government respectfully submits this letter to propose questions for the public hearing at which the Court will question Juror 50 under oath..... Document filed by USA. (jbo) (Entered: 03/09/2022) |
| 03/01/2022 | 636 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from defense counsel Christian R. Everdell dated 3/1/22 re: Dear Judge Nathan: We write in response to the Courts order, dated February 24, 2022, permitting the parties to submit proposed questions to the Court for the hearing related to Ms. Maxwells Motion for a New Trial. Dkt. 610..... (jbo) (Entered: 03/09/2022) |
| 03/02/2022 | 624 | LETTER as to USA v. Ghislaine Maxwell addressed to Judge Alison J. Nathan from Attorney Todd A. Spodek dated March 1, 2022 re: Please be advised that I represent Juror 50. I am writing in response to Your Honor's February 24, 2022 Order (ECF No.: 610) directing Juror 50 to appear for a hearing on March 8, 2022. I write to inform the Court that Juror 50 will invoke his Fifth Amendment privilege against self-incrimination at the hearing. (bw) (Entered: 03/02/2022) |
| 03/02/2022 | 625 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, Andrew Rohrbach dated March 1, 2022 re: By letter dated March 1, 2022, counsel for Juror 50 informed the Court that Juror 50 will invoke his Fifth Amendment privilege against self-incrimination at the hearing scheduled for March 8, 2022. The Government writes to notify the Court that it is in the process of seeking internal approval to seek an order, pursuant to 18 U.S.C. §§ 6002 and 6003, compelling Juror 50's testimony at the hearing. The Government will, subject to internal approval, submit a proposed order to the Court in advance of the hearing.(bw) (Entered: 03/02/2022) |
| 03/02/2022 | | ***DELETED DOCUMENT. Deleted document number 626 SEALED DOCUMENT placed in vault, as to Ghislaine Maxwell. The document was incorrectly filed in this case. (nmo)** (Entered: 03/02/2022) |
| 03/02/2022 | 626 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C Sternheim dated 03/02/2022 re: Juror 50's intent to assert 5th Amendment and potential immunity (Sternheim, Bobbi) (Entered: 03/02/2022) |
| 03/02/2022 | 627 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated March 2, 2022 re: Ms. Maxwells Request for adjournment of hearing on Motion for New Trial (Pagliuca, Jeffrey) (Entered: 03/02/2022) |
| 03/02/2022 | 628 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated March 2, 2022 re: Opposition to Defendant's Adjournment Request Document filed by USA. (Pomerantz, Lara) (Entered: 03/02/2022) |
| 03/03/2022 | 629 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 626 LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Attorney Bobbi C Sternheim dated 03/02/2022 re: Juror 50's intent to assert 5th Amendment and potential immunity. |

|  |  | ENDORSEMENT: No grounds are offered for entitlement to the requested proffer, and the Court is not aware of any basis for granting the request. DENIED. SO ORDERED. (Signed by Judge Alison J. Nathan on 3/3/2022)(bw) (Entered: 03/03/2022) |
|---|---|---|
| 03/03/2022 | 630 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 627 LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Attorney Jeffrey S. Pagliuca dated March 2, 2022 re: Ms. Maxwells Request for adjournment of hearing on Motion for New Trial. ENDORSEMENT: The requested two-month adjournment to May is not justified and is therefore DENIED. Two of the Defendant's four attorneys are able to be present and represent the Defendant at the March 8 hearing. The Court will conduct the questioning at the hearing, and the parties have already submitted briefing and proposed questions. The public interest in a reasonably prompt hearing outweighs the Defendant's preference for an adjournment. SO ORDERED. (Signed by Judge Alison J. Nathan on 3/3/2022)(bw) (Entered: 03/03/2022) |
| 03/03/2022 | 631 | ORDER as to Ghislaine Maxwell. As noted in this Court's prior order, a hearing on the Defendant's motion for a new trial is scheduled for March 8, 2022, at 10:00 a.m. Dkt. No. 610. The hearing location is hereby changed to Courtroom 110 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York....[*** See this Order ***]... Per the S.D.N.Y. Response to COVID-19, anyone who appears at any S.D.N.Y. courthouse must complete a questionnaire on the date of the proceeding prior to entering the courthouse. Only persons who meet the entry requirements established by the questionnaire will be allowed to enter the courthouse. All visitors must wear an N95, KN95, or KF94 mask at all times. Surgical masks, cloth masks, bandannas, gaiters, and masks with valves are not permitted. If a person does not have an approved mask, a screener will provide one. Anyone who fails to comply with the COVID-19 protocols that have been adopted by the Court will be required to leave the courthouse. There are no exceptions. For more information, please see https://www.nysd.uscourts.gov/covid-19-coronavirus. SO ORDERED. (Signed by Judge Alison J. Nathan on 3/3/2022)(bw) (Entered: 03/03/2022) |
| 03/07/2022 | 632 | MOTION Application under 18 U.S.C. §§ 6002 and 6003 . Document filed by USA as to Ghislaine Maxwell. (Pomerantz, Lara) (Entered: 03/07/2022) |
| 03/08/2022 |  | Minute Entry for proceedings held before Judge Alison J. Nathan:Motion Hearing as to Ghislaine Maxwell held on 3/8/2022. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim and Christian Everdell, AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Juror 50 present with retained counsel Todd Spodek. Court Reporters Mike McDaniel and Kelly Surina. See transcript. Defendant remains remanded. (jw) (Entered: 03/09/2022) |
| 03/09/2022 | 633 | SEALED DOCUMENT placed in vault. (nmo) (Entered: 03/09/2022) |
| 03/09/2022 | 634 | SEALED DOCUMENT placed in vault. (nmo) (Entered: 03/09/2022) |
| 03/09/2022 | 637 | ORDER as to Ghislaine Maxwell... ORDERED that, pursuant to Title 18, United States Code, Sections 6002 and 6003, ----- give testimony at said hearing; and IT IS FURTHER ORDERED that, pursuant to Title 18, United States Code, Sections 6002 and 6003, no testimony or other information compelled under this Order, or any information directly or indirectly derived from such testimony or other information, may be used against ----- in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with this Order. This Order shall become effective only if after the date of this Order ----- ----- refuses to testify on the basis of his privilege against self-incrimination. (Signed by Judge Alison J. Nathan on 3/8/22)(jbo) (Entered: 03/09/2022) |
| 03/09/2022 | 638 | HEARING EXHIBIT 1 as to Ghislaine Maxwell. (jbo) (Entered: 03/09/2022) |

| 03/09/2022 | 639 | ORDER as to Ghislaine Maxwell. As indicated at yesterday's hearing, the Court has docketed the unredacted copy of the Court's February 24, 2022, Opinion & Order, the Government's proposed questions, the Defendant's proposed questions with limited redactions, the signed immunity order with limited redactions, and Hearing Exhibit 1. The limited redactions to the signed immunity order and the Defendants proposed questions are narrowly tailored to further the interest of protecting juror anonymity. The Court will file the unredacted documents under seal. SO ORDERED. (Signed by Judge Alison J. Nathan on 3/9/22)(jbo) (Entered: 03/09/2022) |
|---|---|---|
| 03/10/2022 | 640 | ORDER as to Ghislaine Maxwell. Per the Court's instruction at the March 8 hearing, the parties submitted revised redactions to their briefing on the Defendants motion for a new trial. The Court rejects the Defendant's proposed redaction to page 8, lines 6-7 of her reply because it is not necessary to protect any continuing interest in juror anonymity and privacy. See Dkt. No. 607. The Court concludes that the remaining proposed redactions are narrowly tailored to further the important interest of protecting juror anonymity and privacy. Press-Enter. Co. v. Superior Ct. of Cal., Riverside Cnty., 464 U.S. 501, 511-12 (1984). The parties are ORDERED to file the redacted briefs (with the above noted line unredacted) on the docket on or before March 11, 2022. The Court will file the unredacted briefs under seal. (Signed by Judge Alison J. Nathan on 3/10/2022)(jw) (Entered: 03/10/2022) |
| 03/10/2022 | 641 | SEALED DOCUMENT placed in vault. (nmo) (Entered: 03/10/2022) |
| 03/11/2022 | 642 | MOTION for New Trial . Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, Exhibit 3)(Pagliuca, Jeffrey); Modified on 6/29/2022 (bw). (Entered: 03/11/2022) |
| 03/11/2022 | 643 | MEMORANDUM in Opposition by USA as to Ghislaine Maxwell re 642 MOTION for New Trial .. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Pomerantz, Lara) (Entered: 03/11/2022) |
| 03/11/2022 | 644 | REPLY TO RESPONSE to Motion by Ghislaine Maxwell re 642 MOTION for New Trial .. (Attachments: # 1 Exhibit 3 (1 of 3), # 2 Exhibit 3 (2 of 3), # 3 Exhibit 3 (3of 3)) (Pagliuca, Jeffrey) (Entered: 03/11/2022) |
| 03/11/2022 | 645 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Conference held on 3/8/22 before Judge Alison J. Nathan. Court Reporter/Transcriber: Michael McDaniel, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/1/2022. Redacted Transcript Deadline set for 4/11/2022. Release of Transcript Restriction set for 6/9/2022. (Moya, Goretti) (Entered: 03/11/2022) |
| 03/11/2022 | 646 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Conference proceeding held on 3/8/22 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 03/11/2022) |
| 03/11/2022 | 647 | REPLY MEMORANDUM OF LAW in Support as to Ghislaine Maxwell re: 599 MOTION for New Trial *to Obtain Relief Requested in Memorandum in Support of Post-Trial Motions*. . (Everdell, Christian) (Entered: 03/11/2022) |
| 03/15/2022 | 648 | MEMORANDUM in Opposition by USA as to Ghislaine Maxwell re 642 MOTION for New Trial .. (Pomerantz, Lara) (Entered: 03/15/2022) |

| | | |
|---|---|---|
| 03/15/2022 | 649 | MEMORANDUM in Support by Ghislaine Maxwell re 642 MOTION for New Trial .. (Sternheim, Bobbi) (Entered: 03/15/2022) |
| 04/01/2022 | 650 | LETTER MOTION addressed to Judge Alison J. Nathan from Alison Moe, Maurene Comey, Lara Pomerantz, and Andrew Rohrbach dated April 1, 2022 re: Speedy Trial Act . Document filed by USA as to Ghislaine Maxwell. (Moe, Alison) (Entered: 04/01/2022) |
| 04/01/2022 | 651 | MOTION to Stay re: 649 Memorandum in Support of Motion, 642 MOTION for New Trial ., 644 Reply to Response to Motion . Document filed by Ghislaine Maxwell. (Sternheim, Bobbi) (Entered: 04/01/2022) |
| 04/01/2022 | 652 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Vernon S. Broderick from Alison Moe, Maurene Comey, Lara Pomerantz, and Andrew Rohrbach dated April 1, 2022 re: opposition to defendant's April 1, 2022 letter. Document filed by USA. (Moe, Alison) (Entered: 04/01/2022) |
| 04/01/2022 | | ***DELETED DOCUMENT. Deleted docket entry, no document number. NOTICE OF CASE REASSIGNMENT, as to Ghislaine Maxwell. The document was incorrectly filed in this case. (bw) (Entered: 04/01/2022) |
| 04/01/2022 | | REMARK as to USA v. Ghislaine Maxwell. Case reassigned to Judge Broderick due to an administrative error. Case returned to Judge Nathan. (bw) (Entered: 04/01/2022) |
| 04/01/2022 | 653 | OPINION & ORDER as to Ghislaine Maxwell. The Court concludes that Juror 50 testified credibly and truthfully at the post-trial hearing. His failure to disclose his prior sexual abuse during the jury selection process was highly unfortunate, but not deliberate. The Court further concludes that Juror 50 harbored no bias toward the Defendant and could serve as a fair and impartial juror. The requirements for a new trial under McDonough are not satisfied. The Defendant's motion for a new trial pursuant to Rule 33 is therefore DENIED. The Court orders the preparation of the presentence investigation report. With respect to Counts 7 and 8, the Court hereby excludes time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), from today's date through April 22, 2022. The Court finds that the ends of justice served by granting this exclusion from speedy trial computations outweigh the interests of the public and the Defendant in a speedy trial on these counts because the pending post-trial motions affect the scheduling considerations set forth in the Government's January 10, 2022 letter. See Dkt. No. 574. The Defendant consents to this exclusion. Dkt. No. 650. The Court will rule on the Defendant's remaining post-verdict motions in due course. Sentencing remains scheduled for June 28, 2022. This resolves docket numbers 613, 614, 642, 650, and 651. (Signed by Judge Alison J. Nathan on 4/1/2022) (See ORDER set forth) (ap) (Entered: 04/01/2022) |
| 04/04/2022 | 654 | SEALED DOCUMENT placed in vault. (nmo) (Entered: 04/04/2022) |
| 04/25/2022 | 655 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated April 25, 2022 re: Advance PSR Deadline . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 04/25/2022) |
| 04/26/2022 | 656 | ORDER as to Ghislaine Maxwell. The Court is in receipt of the Government's letter regarding the deadline for the disclosure of the Presentence Investigation Report. Dkt. No. 655. After conferring with the Probation Office, the Court determines that advancing the PSR disclosure schedule will aid the parties in preparing their sentencing submissions. Further the Court hereby adjusts its standard sentencing submission schedule to ensure sufficient time to prepare for sentencing. Accordingly, the Court ORDERS the following schedule for sentencing: May 24, 2022 - First PSR disclosure; May 31, 2022 - Defendant objections due; June 6, 2022 - Government response due; June 9, 2022 - Second PSR disclosure; June 15, 2022 - Defendant sentencing submission due; |

| | | |
|---|---|---|
| | | June 22, 2022 - Government sentencing submission due; June 28, 2022 - Sentencing. This resolves Dkt. No. 655. SO ORDERED. (Signed by Judge Alison J. Nathan on 4/26/2022) (bw) (Entered: 04/26/2022) |
| 04/29/2022 | 657 | OPINION & ORDER as to Ghislaine Maxwell....[*** See this Opinion & Order ***]... V. Conclusion. For the foregoing reasons, the Court denies the Defendant's Rule 29 motion because the jury's guilty verdicts were supported by the witness testimony and documentary evidence presented at trial. The Court denies the Defendant's motion based on constructive amendment or variance because the jury instructions, the Government's evidence at trial, and summation all captured the core of criminality charged in the Indictment, and the Defendant was not prejudiced by any alleged variance. Further, because the Government neither intentionally delayed its prosecution nor was the Defendant prejudiced by any delay, the Court also denies the Defendant's motion based on pre-indictment delay. Finally, the Court grants the Defendant's motion as to multiplicity. The Government concedes that Count One is multiplicitous with Count Three, and the Court further concludes that Count Five is multiplicitous with Count Three. Count Five, like Counts One and Three, charged the Defendant's participation in the same decade-long unlawful agreement with the Defendant's continuous coconspirator, Jeffrey Epstein, to groom and sexually abuse underage girls. Accordingly, the Court will enter judgment of conviction on Counts Three, Four, and Six. The Defendant's sentencing date remains scheduled for June 28, 2022. The Court previously set a schedule for sentencing submissions that remains in effect. Dkt. No. 656. This resolves Dkt. No. 599. SO ORDERED. (Signed by Judge Alison J. Nathan on 4/29/2022)(bw) (Entered: 04/29/2022) |
| 05/10/2022 | 658 | LETTER MOTION addressed to Judge Alison J. Nathan from Bobbi C Sternheim dated 05/10/2022 re: 2-day extension to file sentencing submission . Document filed by Ghislaine Maxwell. (Sternheim, Bobbi) (Entered: 05/10/2022) |
| 05/11/2022 | 659 | MEMO ENDORSEMENT 658 LETTER MOTION addressed to Judge Alison J. Nathan from Bobbi C Sternheim dated 05/10/2022 re: 2-day extension to file sentencing submission...ENDORSEMENT..The request is DENIED. SO ORDERED (Signed by Judge Alison J. Nathan on 5/11/22) (jw) (Entered: 05/11/2022) |
| 05/11/2022 | 660 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated May 11, 2022 re: Speedy Trial Exclusion . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 05/11/2022) |
| 05/11/2022 | 661 | MEMO ENDORSEMENT as to Ghislaine Maxwell (1) on 660 LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated May 11, 2022 re: Speedy Trial Exclusion. ENDORSEMENT: SO ORDERED. (Signed by Alison J. Nathan, U.S. Circuit Judge Sitting by designation on 5/11/2022) (ap) (Entered: 05/11/2022) |
| 06/15/2022 | 662 | MEMORANDUM OF LAW in Support by Ghislaine Maxwell *Memorandum of Ghislaine Maxwell in Support of Her Objections to the Presentence Investigation Report*. (Everdell, Christian) (Entered: 06/15/2022) |
| 06/15/2022 | 663 | SENTENCING SUBMISSION by Ghislaine Maxwell. (Sternheim, Bobbi) (Entered: 06/15/2022) |
| 06/17/2022 | 664 | ORDER as to Ghislaine Maxwell: As noted in this Court's prior order, sentencing in this matter is scheduled for June 28, 2022, at 11:00 a.m. Dkt. No. 577. The sentencing proceeding will take place in Courtroom 318 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York. Substantial seating for members of the press and public will be available in Courtroom 318. Overflow courtrooms will be |

available if needed. The overflow rooms will have live video and audio feeds of the proceeding. The use of any electronic devices in Courtroom 318 or the overflow courtrooms is prohibited. The District Executive's Office will coordinate seating in Courtroom 318 and the overflow courtrooms. The Court will ensure access for any victims. Victim access will be coordinated between the Victim Witness Unit and the District Executives Office. Defense counsel may coordinate access for members of the Defendant's family with the District Executive's Office. Wendy Olson, Coordinator, Victim Witness Unit, United States Attorney's Office, (212) 637-1028, Wendy.Olson@usdoj.gov; Joseph Pecorino, District Executive's Office, United States District Court, Southern District of New York, (212) 805-0513, Joseph_Pecorino@nysd.uscourts.gov. For information on Courthouse entry protocols, please see https://www.nysd.uscourts.gov/covid-19-coronavirus. (Signed by Judge Alison J. Nathan on 6/17/2022) (ap) (Entered: 06/17/2022)

| 06/21/2022 | 665 | ORDER as to Ghislaine Maxwell: The Court is in receipt of a letter submitted by an attorney for two individuals seeking to speak as victims at sentencing. The Defendant submitted a letter in response. No party requested redactions or sealing of the letters. The Court will docket the letters. Any victim seeking to make a statement at sentencing shall contact the Victim Witness Unit of the United States Attorneys Office: Wendy Olson, Coordinator Victim Witness Unit United States Attorneys Office, (212) 637-1028, Wendy.Olson@usdoj.gov. A victim seeking to make a statement must submit a written statement by email to the Victim Witness Unit by noon on Thursday, June 23, 2022. In addition to submitting the written statement, the submission must note whether the victim seeks to make an oral statement at sentencing and provide a basis for entitlement to make a statement under the Crime Victims Rights Act, 18 U.S.C. § 3771. Statements that do not conform to this process will not be permitted. The Government is ORDERED to inform the Defendant of any anticipated victim impact statements by 2:00 p.m. on Thursday, June 23, 2022. If either party objects to any statement, the objection and statement being objected to must be filed with the Court by 2:00 p.m. on Friday, June 24, 2022. Any statements to which the parties do not object must be submitted to the Court by 5:00 p.m. on that same date. The Government is FURTHER ORDERED to confirm with the Court by noon tomorrow, June 22, 2022, that victims have been notified of the rights described in the CVRA, consistent with 18 U.S.C. § 3771(c)(1). (Signed by Judge Alison J. Nathan on 6/21/2022) (ap) (Entered: 06/21/2022) |
| 06/21/2022 | 666 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan, from Robert Y. Lewis dated 6/14/2022 re: Victims' counsel writes a letter regarding sentencing. (ap) (Entered: 06/21/2022) |
| 06/21/2022 | 667 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan, from Bobbi C. Sternheim dated 6/17/2022 re: Defense counsel writes regarding sealing of certain documents. (ap) (Entered: 06/21/2022) |
| 06/21/2022 | 668 | ORDER as to Ghislaine Maxwell: This order corrects the contact information for Wendy Olsen contained in the Court's original order, Dkt. No. 665. The Court is in receipt of a letter submitted by an attorney for two individuals seeking to speak as victims at sentencing. The Defendant submitted a letter in response. No party requested redactions or sealing of the letters. The Court will docket the letters. Any victim seeking to make a statement at sentencing shall contact the Victim Witness Unit of the United States Attorney's Office: Wendy Olsen, Coordinator Victim Witness Unit United States Attorney's Office, (212) 637-1028, Wendy.Olson@usdoj.gov. A victim seeking to make a statement must submit a written statement by email to the Victim Witness Unit by noon on Thursday, June 23, 2022. In addition to submitting the written statement, the submission must note whether the victim seeks to make an oral statement at sentencing and provide a basis for entitlement to make a statement under the Crime Victims' Rights Act, 18 U.S.C. § 3771. Statements that do not conform to this process will not be |

A-100

| | | |
|---|---|---|
| | | permitted. The Government is ORDERED to inform the Defendant of any anticipated victim impact statements by 2:00 p.m. on Thursday, June 23, 2022. If either party objects to any statement, the objection and statement being objected to must be filed with the Court by 2:00 p.m. on Friday, June 24, 2022. Any statements to which the parties do not object must be submitted to the Court by 5:00 p.m. on that same date. The Government is FURTHER ORDERED to confirm with the Court by noon tomorrow, June 22, 2022, that victims have been notified of the rights described in the CVRA, consistent with 18 U.S.C. § 3771(c)(1). (Signed by Judge Alison J. Nathan on 6/21/20221) (ap) (Entered: 06/21/2022) |
| 06/22/2022 | 669 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated June 22, 2022 re: CVRA Notice Document filed by USA. (Comey, Maurene) (Entered: 06/22/2022) |
| 06/22/2022 | 670 | SENTENCING SUBMISSION by USA as to Ghislaine Maxwell. (Moe, Alison) (Entered: 06/22/2022) |
| 06/24/2022 | 671 | ORDER as to Ghislaine Maxwell: The Government is ORDERED to provide its position on the proposed victim impact statements and the Defendant's objections and redaction requests by 5:00 p.m. today, June 24, 2022. The Government's letter should be docketed with any proposed redactions. Defense counsel is ORDERED to docket its letter regarding proposed victim impact statements and accompanying exhibits with any proposed redactions by 5:00 p.m. today, June 24, 2022. (Signed by Judge Alison J. Nathan on 6/24/2022) (ap) (Entered: 06/24/2022) |
| 06/24/2022 | 672 | LETTER MOTION addressed to Judge Alison J. Nathan from Bobbi C Sternheim dated 06/24/2022 re: 668 Order,,,,,,, 671 Order,, 665 Order,,,,,, re: Challenge to standing under CVRA . Document filed by Ghislaine Maxwell. (Sternheim, Bobbi) (Entered: 06/24/2022) |
| 06/24/2022 | 673 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated June 24, 2022 re: CVRA submissions Document filed by USA. (Rohrbach, Andrew) (Entered: 06/24/2022) |
| 06/24/2022 | 674 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Lara Pomerantz, Alison Moe, and Andrew Rohrbach dated June 24, 2022 re: Victim Impact Statements Document filed by USA. (Comey, Maurene) (Entered: 06/24/2022) |
| 06/24/2022 | 682 | ORDER as to Ghislaine Maxwell. The Crime Victims' Rights Act (CVRA) "guarantees to the victims of federal crimes an array of substantive and participatory rights, including the rights to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding, to confer with the attorney for the Government in the case, and to receive full and timely restitution as provided in law." United States v. Murillo-Bejerano (In re Rendon Galvis), 564 F.3d 170, 174 (2d Cir. 2009) (per curiam) (cleaned up). "In any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded th[ose] rights." 18 U.S.C. § 3771(b)(1). In accordance with the procedure required by this Court's prior order, Dkt. No. 671, the Government has provided statements from seven individuals asserting they are crime victims under the CVRA. As explained below, the Court will permit all seven individuals to provide statements and the Defendant's request for redactions is denied....[*** See this Order ***]... In sum, all seven written statements received by the Court are deemed part of the record. The Court will consider them only for what they permissibly may be considered. The Government shall promptly docket the written statements without redactions. Annie Farmer, Kate, and Virginia Giuffre may |

| | | |
|---|---|---|
| | | present an in-person statement at sentencing if they wish to do so. The Government shall provide copies of this Order to counsel for the seven individuals who submitted statements by no later than today, June 24, 2022. SO ORDERED. (Signed by Judge Alison J. Nathan on 6/24/22, United States Circuit Judge, Sitting by Designation)(bw) (Entered: 06/27/2022) |
| 06/25/2022 | 675 | NOTICE of Motion to be Heard at Sentencing as to Ghislaine Maxwell re: 668 Order,,,,,,,. (Attachments: # 1 Affidavit Declaration of RYL ISO Motion, # 2 Exhibit Victim Impact Statement of Sarah Ransome, # 3 Exhibit Victim Impact Statement of Elizabeth Stein)(Marsh, James) (Entered: 06/25/2022) |
| 06/25/2022 | 676 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C Sternheim dated 06/25/2022 re: Opposition to Dkt 675 (Sternheim, Bobbi) (Entered: 06/25/2022) |
| 06/25/2022 | 677 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Bobbi C Sternheim dated 06/25/2022 re: Notice of Possible Request for Adjournment of Sentencing (Sternheim, Bobbi) (Entered: 06/25/2022) |
| 06/25/2022 | 683 | ORDER as to Ghislaine Maxwell. The parties are ORDERED to submit their positions on Ms. Ransome and Ms. Stein's motion, Dkt. No. 675, which the Court received for the first time today, by 10:00 a.m. tomorrow, June 26, 2022. SO ORDERED. (Signed by Judge Alison J. Nathan on 6/25/2022, United States Circuit Judge, Sitting by Designation)(bw) (Entered: 06/27/2022) |
| 06/25/2022 | 685 | ORDER as to Ghislaine Maxwell. Immediately upon receipt of the Defendant's letter, Dkt. No. 677, the Court directly contacted the Warden for MDC. He informed the Court that after meeting with defense counsel today, the Defendant was permitted to retain legal documents and a writing implement, to which she has had continuous access. Further, the Warden represented to the Court that first thing tomorrow morning (Sunday, June 26) he will confirm that the Defendant has access to requested legal materials to prepare for sentencing. The Government is ORDERED to confer with the Warden for MDC or MDC Legal Counsel as follow-up to the Court's conversation and to provide an update to the Court by 2:00 p.m. tomorrow, June 26, 2022. SO ORDERED. (Signed by Judge Alison J. Nathan on 6/25/2022, United States Circuit Judge, Sitting by Designation)(bw) (Entered: 06/27/2022) |
| 06/26/2022 | 678 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan re: CVRA. Document filed by USA. (Moe, Alison) (Entered: 06/26/2022) |
| 06/26/2022 | 679 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Lara Pomerantz, Alison Moe, and Andrew Rohrbach dated June 26, 2022 re: Update from MDC Document filed by USA. (Comey, Maurene) (Entered: 06/26/2022) |
| 06/26/2022 | 680 | Sentencing Letter by Ghislaine Maxwell addressed to Honorable Alison J. Nathan from Bobbi C Sternheim dated 06/26/2022 re: Supplemental Exhibit to Dkt. 663. (Sternheim, Bobbi) (Entered: 06/26/2022) |
| 06/26/2022 | 681 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated June 26, 2022 re: Kate Motion Document filed by USA. (Attachments: # 1 Exhibit Kate Motion)(Pomerantz, Lara) (Entered: 06/26/2022) |
| 06/26/2022 | 684 | ORDER as to Ghislaine Maxwell. The Defendant's letter in response to the Court's order regarding the CVRA references a motion by Kate's attorney that accompanied her impact statement. Dkt. No. 672 at 2 n.1. The Court is not in receipt of this motion. The Government is ORDERED to docket the motion referenced by the Defendant as soon as |

A-102

| | | |
|---|---|---|
| | | possible but no later than midnight tonight, June 26, 2022. SO ORDERED. (Signed by Judge Alison J. Nathan on 6/26/2022, United States Circuit Judge, Sitting by Designation)(bw) (Entered: 06/27/2022) |
| 06/27/2022 | 686 | ORDER as to Ghislaine Maxwell. The Court has now received and docketed the full set of submissions related to victim impact statements that were filed in accordance with this Court's prior order. Dkt. No. 668. The Court received statements from Annie Farmer, Kate, Virginia Giuffre, Maria Farmer, Sarah Ransome, Teresa Helm, Juliette Bryant, and Elizabeth Stein. As indicated in its prior order, the Court will exercise its discretion to permit all of these individuals to be heard in writing. Dkt. No. 682. The Court also denied the Defendants redaction requests. Id. All unredacted statements are now part of the record. Dkt. Nos. 674, 675-1. Also as previously indicated in its order, the Court will permit Annie Farmer, Kate, and Virginia Giuffre to make an oral statement at sentencing if they wish to do so. Dkt. No. 682. Further, having now reviewed the full set of requests, and having heard from the Government that it does not object, Dkt. No. 678, the Court deems it feasible to exercise its discretion to permit the remaining individuals who seek to themselves make an oral statement at sentencing to do so. They are: Teresa Helm, Sarah Ransome, and Elizabeth Stein. In order to feasibly accomplish this in light of the anticipated length of the sentencing proceeding, while ensuring fairness and avoiding delay of sentencing, each individual speaking orally may read a shortened version of their previously submitted written statement. The Court deems counsel for the individuals to be responsible for ensuring that anticipated statements conform to this requirement. The Government shall promptly provide copies of this order to counsel for the eight individuals who submitted statements. SO ORDERED. (Signed by Judge Alison J. Nathan on 6/27/2022, United States Circuit Judge, sitting by designation)(bw) (Entered: 06/27/2022) |
| 06/27/2022 | 687 | ENDORSED LETTER as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Sigrid S. McCawley dated June 27, 2022 re: I am in receipt of the Court's Order, Dkt. No. 686. As explained in our submission, due to a medical issue, Ms. Giuffre is not able to be present physically in the courtroom, but has asked that I be able to read her statement at the hearing. I seek clarification of Your Honor's Order that I will be allowed to read a portion of Ms. Giuffre's statement at the hearing. ENDORSEMENT: The Court anticipates permitting counsel for CVRA victim Virginia Giuffre to read a shortened version of Ms. Giuffre's previously submitted written statement. SO ORDERED. (Signed by Judge Alison J. Nathan on 6/27/2022, U.S. Circuit Judge, Sitting by designation)(bw) (Entered: 06/28/2022) |
| 06/28/2022 | | Minute Entry for proceedings held before Judge Alison J. Nathan: Sentencing held on 6/28/2022 for Ghislaine Maxwell (1) Count 1ss,3ss,4ss,5ss,6ss. Defendant Ghislaine Maxwell present with attorney Bobbi Sternheim and Christian Everdell. AUSA Lara Pomerantz, Maurene Comey, Alison Moe and Andrew Rohrbach for the government. Court Reporters Alena Lynch and Kristen Carannante. See transcript. (jw) Modified on 6/29/2022 (jw). (Entered: 06/29/2022) |
| 06/29/2022 | 688 | MEMO ENDORSEMENT as to Ghislaine Maxwell on re: 583 LETTER filed by Ghislaine Maxwell addressed to Judge Alison J. Nathan from David E. McCraw dated 1/24/2022 re: Letter by the NY Times Company. ENDORSEMENT: The motion to unseal the questionnaires of the twelve seated jurors is GRANTED. The motion to unseal the Defendant's motion for a new trial is moot as the Defendant's motion for a new trial is docketed at Dkt. No. 613. SO ORDERED. (Signed by Judge Alison J. Nathan on 6/29/2022)(bw) (Entered: 06/29/2022) |
| 06/29/2022 | 689 | ORDER as to Ghislaine Maxwell. As a post-trial house-keeping matter, the Court has determined that a few miscellaneous court orders failed to be docketed during trial: - November 19, 2021 Memorandum Opinion & Order re Witness-3 (Kate); - November 22, |

| | | |
|---|---|---|
| | | 2021 Memorandum Opinion & Order re Expert Witness Gershman; - November 22, 2021 Memorandum Opinion & Order re Expert Witness Hall; - November 30, 2021 Scheduling Order re Pseudonym Conferral; - December 15, 2021 Order re Response Schedule. The Court is now docketing those items. In order to ensure a complete docket, the parties are ORDERED to confer and determine whether any letters or briefing submitted to the Court without a redaction or sealing request remain to be docketed. The Court has determined, for example, that the parties failed to file on the docket their December 15 letter briefing and December 16 joint letter regarding witness prior inconsistent statements. Any outstanding items, including any proposed redactions, must be filed on ECF by July 12, 2022. SO ORDERED. (Signed by Judge Alison J. Nathan on 6/29/2022, United States Circuit Judge, Sitting by Designation)(bw) (Entered: 06/29/2022) |
| 06/29/2022 | 695 | SEALED DOCUMENT placed in vault. (jus) (Entered: 06/29/2022) |
| 06/29/2022 | 696 | JUDGMENT In A Criminal Case (S2 20-Cr-330). Date of Imposition of Judgment: 6/29/2022. Defendant Ghislaine Maxwell (1) was found guilty on Count(s) 1ss, 3ss, 4ss, 5ss, 6ss (judgment not entered on 1 & 5 as multiplicitous, Dkt. No. 657), after a plea of not guilty. The defendant has been found not guilty on Count(s) 2ss. Count(s) 7ss-8ss, and underlying indictments are dismissed on the motion of the United States. IMPRISONMENT: The Defendant is sentenced to a term of 240 Months. Count 3 a sentence of 60 Months. Count 4 a sentence of 120 Months. Count 6 a sentence of 240 Months. All Counts to run concurrently. - Defendant was notified of her right to Appeal. - The court makes the following recommendations to the Bureau of Prisons: Defendant to be considered for designation to FCI Danbury. Defendant to be considered for enrollment in FIT program. SUPERVISED RELEASE: 3 Years on Counts 3 and 4. 5 Years on Count 6 to run concurrently. Standard Conditions of Supervision (See page 5 of Judgment). Special Conditions of Supervision (See page 6 of Judgment). ASSESSMENT: $300.00, due immediately. FINE: $750,000.00. Schedule of Payments (See page 8 of Judgment). (Signed by Judge Alison J. Nathan on 6/29/2022)(bw) (Entered: 06/29/2022) |
| 06/29/2022 | | DISMISSAL OF COUNTS on Government Motion as to Ghislaine Maxwell (1) Count 1s,1,2s,2,3s,3,4s,4,5s-6s,5-6,7ss-8ss. (bw) (Entered: 06/29/2022) |
| 07/07/2022 | 697 | NOTICE OF APPEAL by Ghislaine Maxwell from 696 Judgment. Filing fee $ 505.00, receipt number 2280. (nd) (Entered: 07/07/2022) |
| 07/07/2022 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet as to Ghislaine Maxwell to US Court of Appeals re: 697 Notice of Appeal - Final Judgment. (nd) (Entered: 07/07/2022) |
| 07/07/2022 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files as to Ghislaine Maxwell re: 697 Notice of Appeal were transmitted to the U.S. Court of Appeals. (nd) (Entered: 07/07/2022) |
| 07/08/2022 | | USCA Case Number 22-1426 from the U.S. Court of Appeals, 2nd Circ. as to Ghislaine Maxwell, assigned to 697 Notice of Appeal filed by Ghislaine Maxwell. (nd) (Entered: 07/08/2022) |
| 07/12/2022 | 698 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated July 12, 2022 re: Redact filings . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 07/12/2022) |
| 07/12/2022 | 699 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Laura A. Menninger dated March 9, 2021 re: Redactions in Government Response (Menninger, Laura) (Entered: 07/12/2022) |

A-104

| 07/12/2022 | 700 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 1, 2021 re: GX 52 and GX 606 Document filed by USA. (Rohrbach, Andrew) (Entered: 07/12/2022) |
| --- | --- | --- |
| 07/12/2022 | 701 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 7, 2021 re: Testimony of Stephen Flatley Document filed by USA. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Rohrbach, Andrew) (Entered: 07/12/2022) |
| 07/12/2022 | 702 | LETTER MOTION addressed to Judge Alison J. Nathan from Laura A. Menninger dated December 17, 2021 re: arrest warrant for Kelly Bovino . Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit 1-Subpoena, # 2 Exhibit 2-Return of Service, # 3 Exhibit 3-Menninger Affidavit, # 4 Text of Proposed Order Proposed Order)(Menninger, Laura) (Entered: 07/12/2022) |
| 07/12/2022 | 703 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 12, 2021 re: Defense Rule 16 Document filed by USA. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Rohrbach, Andrew) (Entered: 07/12/2022) |
| 07/12/2022 | 704 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 14, 2021 re: Defense pseudonym motion Document filed by USA. (Rohrbach, Andrew) (Entered: 07/12/2022) |
| 07/12/2022 | 705 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated May 12, 2021 re: Response to subpoena (Pagliuca, Jeffrey) (Entered: 07/12/2022) |
| 07/12/2022 | 706 | LETTER MOTION addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 15, 2021 re: Preclude defense witnesses . Document filed by USA as to Ghislaine Maxwell. (Rohrbach, Andrew) (Entered: 07/12/2022) |
| 07/12/2022 | 707 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated October 14, 2021 re: Deadline for Filing Motion under FRE 412 (Pagliuca, Jeffrey) (Entered: 07/12/2022) |
| 07/12/2022 | 708 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 15, 2021 re: Prior Inconsistent Statements Document filed by USA. (Rohrbach, Andrew) (Entered: 07/12/2022) |
| 07/12/2022 | 709 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated November 15, 2021 re: Response to Government's Letter of November 12, 2021 (Pagliuca, Jeffrey) (Entered: 07/12/2022) |
| 07/12/2022 | 710 | JOINT LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated November 19, 2021 re: Video Monitors (Everdell, Christian) (Entered: 07/12/2022) |
| 07/12/2022 | 711 | JOINT LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 16, 2021 re: Prior inconsistent statements Document filed by USA. (Rohrbach, Andrew) (Entered: 07/12/2022) |

**A-105**

| 07/12/2022 | 713 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated December 17, 2021 re: Opposition to motion to compel Document filed by USA. (Rohrbach, Andrew) (Entered: 07/12/2022) |
|---|---|---|
| 07/12/2022 | 714 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 21, 2021 re: Proposed limiting instruction Document filed by USA. (Rohrbach, Andrew) (Entered: 07/12/2022) |
| 07/12/2022 | 715 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated December 6, 2021 re: Response to Government's Expert Disclosure of Stephen Flatley (Pagliuca, Jeffrey) (Entered: 07/12/2022) |
| 07/12/2022 | 716 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated November 22, 2021 re: Proposed Limiting Instructions (Everdell, Christian) (Entered: 07/12/2022) |
| 07/12/2022 | 717 | LETTER MOTION addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated December 12, 2021 re: Defense Witness Anonymity . Document filed by Ghislaine Maxwell. (Pagliuca, Jeffrey) (Entered: 07/12/2022) |
| 07/12/2022 | 718 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated December 5, 2021 re: Witness-3 Limiting Instruction (Everdell, Christian) (Entered: 07/12/2022) |
| 07/12/2022 | 719 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated December 13, 2021 re: Response to Motion to Preclude R16 Exhibit (Attachments: # 1 Exhibit 1-Under Seal)(Pagliuca, Jeffrey) (Entered: 07/12/2022) |
| 07/12/2022 | 720 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated December 14, 2021 re: Proposed Witness Order (Everdell, Christian) (Entered: 07/12/2022) |
| 07/12/2022 | 721 | LETTER MOTION addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated December 14, 2021 re: Request re FRE 608 and 403 . Document filed by Ghislaine Maxwell. (Attachments: # 1 Exhibit 1-Under Seal, # 2 Exhibit 2-Under Seal)(Pagliuca, Jeffrey) (Entered: 07/12/2022) |
| 07/12/2022 | 722 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated December 15, 2021 re: Inconsistent Statements (Pagliuca, Jeffrey) (Entered: 07/12/2022) |
| 07/12/2022 | 723 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated December 16, 2021 re: Response to Motion to Preclude Testimony (Pagliuca, Jeffrey) (Entered: 07/12/2022) |
| 07/12/2022 | 724 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated December 16, 2021 re: Reply re Inconsistent Statements (Pagliuca, Jeffrey) (Entered: 07/12/2022) |
| 07/12/2022 | 725 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated November 28, 2021 re: Under Seal (Pagliuca, Jeffrey) (Entered: 07/12/2022) |
| 07/12/2022 | | **\*\*\*DELETED DOCUMENT. Deleted document number 712 SEALED DOCUMENT, as to Ghislaine Maxwell. The document was incorrectly filed in this case. (ap)** (Entered: 07/13/2022) |

| 07/13/2022 | 726 | ORDER as to Ghislaine Maxwell: The Court is in receipt of the parties' proposed redactions to motions that were not previously docketed. See Dkt. No. 698. With one exception, the Court concludes that the proposed redactions are narrowly tailored to protect information subject to Fed. R. Evid. 412 and the privacy interests of witnesses, including individuals subject to the Court's pseudonym order, and individuals who were anticipated to be called as witnesses at trial, but were not ultimately called. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). The Court will file unredacted copies of all items under seal. The Court concludes, however, that the proposed redactions to Dkt. No. 725 are not narrowly tailored. The private information of victim-witnesses who are discussed in the letter may be protected by narrow redactions. However, there is no basis to redact the letter's general request to identify the proper scope of cross-examination. Accordingly, the Defendant is ORDERED to confer with the Government and docket proposed revised redactions on or before 12:00 p.m. on Friday, July 15, 2022. The letter at Dkt. No. 725 was filed under temporary seal at Dkt. No. 712. Because the Court concludes that sealing in not justified, the Clerk of Court is respectfully directed to strike the entry at Dkt. No. 712 from the docket. The Court's Chambers also received an email from Defense counsel inquiring whether to docket three joint letters regarding jury strikes that were previously filed with the Court, but not docketed. Because docketing the letters would not undermine the important interest of protecting juror anonymity and privacy, the parties are ORDERED to docket the three letters on or before 12:00 p.m. on Friday, July 15, 2022. Finally, to ensure a complete record, the Court has identified four additional documents that have not previously been docketed nor subject of a sealing request: November 19, 2021 Administrator Feldman's Motion to Quash Defendant's Rule 17(c)(3) subpoena, with exhibits November 22, 2021 Defendant's Response to Motions to Quash Defendant's Rule 17(c)(3) subpoena December 6, 2021 Jane's Opposition to Defendant's Motion to Call Counsel to Testify December 15, 2021 Jane's Opposition to Defendant's December 13, 2021 Motion to Call Counsel to Testify The parties are ORDERED to confer with each other and counsel for the relevant movants and indicate on or before 12:00 p.m. on Friday, July 15, 2022, whether there are any requests to seal or redact the outstanding documents. Any documents not subject to a sealing request must be docketed on ECF by that same date. Any proposed redactions must be justified by reference to the three-part test articulated by the Second Circuit in Lugosch v. Pyramid Co. of Onondaga. This resolves Dkt. No. 698. (Signed by Judge Alison J. Nathan on 7/13/2022) (ap) Modified on 7/14/2022 (ap). (Entered: 07/13/2022) |
| 07/14/2022 | 727 | JOINT LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Christian R. Everdell dated 11/14/21 re: Proposed Juror Strikes (Everdell, Christian) (Entered: 07/14/2022) |
| 07/14/2022 | 728 | SEALED DOCUMENT placed in vault. (jus) (Entered: 07/14/2022) |
| 07/14/2022 | 729 | JOINT LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 7, 2021 re: Jury questionnaires Document filed by USA. (Rohrbach, Andrew) (Entered: 07/14/2022) |
| 07/14/2022 | 730 | JOINT LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated November 13, 2021 re: Juror questionnaires Document filed by USA. (Rohrbach, Andrew) (Entered: 07/14/2022) |
| 07/14/2022 | 731 | LETTER by USA as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from AUSAs Maurene Comey, Alison Moe, Lara Pomerantz, and Andrew Rohrbach dated July 14, 2022 re: Filings from Jane Document filed by USA. (Attachments: # 1 Exhibit |

A-107

| | | |
|---|---|---|
| | | December 6, 2021 letter, # 2 Exhibit December 15, 2021 letter)(Rohrbach, Andrew) (Entered: 07/14/2022) |
| 07/14/2022 | 732 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated November 22, 2021 re: Response to Motions to Quash (Pagliuca, Jeffrey) (Entered: 07/14/2022) |
| 07/14/2022 | 733 | LETTER by Ghislaine Maxwell addressed to Judge Alison J. Nathan from Jeffrey S. Pagliuca dated November 28, 2021 re: Response to Government's Letter of November 27, 2021 (Pagliuca, Jeffrey) (Entered: 07/14/2022) |
| 07/15/2022 | 734 | LETTER by Jordana H. Feldman as to Ghislaine Maxwell addressed to Judge Alison J. Nathan from Patrick J. Smith dated 11/19/2021 re: Motion to Quash Defendants Rule 17(c)(3) Subpoena Document filed by Jordana H. Feldman. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Smith, Patrick) (Entered: 07/15/2022) |
| 07/15/2022 | 735 | ORDER as to Ghislaine Maxwell. The Court is in receipt of the Government's revised proposed redactions to Dkt. No. 725 and proposed redactions to Defendant's November 22, 2021 Response to Motions to Quash. See Dkt. Nos. 732, 733. The Court concludes that the proposed redactions are narrowly tailored to protect the identities and privacy interests of victim-witnesses who were subject to the Courts anonymity order. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). The Court will file unredacted copies under seal (Signed by Judge Alison J. Nathan on 7/15/2022)(jw) (Entered: 07/15/2022) |
| 07/15/2022 | 736 | SEALED DOCUMENT placed in vault. (nmo) (Entered: 07/15/2022) |
| 07/22/2022 | 737 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Sentence held on 6/28/2022 before Judge Alison J. Nathan. Court Reporter/Transcriber: Alena Lynch, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/12/2022. Redacted Transcript Deadline set for 8/22/2022. Release of Transcript Restriction set for 10/20/2022. (McGuirk, Kelly) (Entered: 07/22/2022) |
| 07/22/2022 | 738 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Sentence proceeding held on 6/28/2022 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 07/22/2022) |
| 08/10/2022 | 739 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Hearing held on 11/23/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 740 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Hearing proceeding held on 11/29/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely |

| | | |
|---|---|---|
| | | electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 741 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 11/29/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 742 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 11/29/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 743 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 11/30/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 744 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 11/30/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 745 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 12/1/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 746 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 12/1/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 747 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 12/2/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted |

| | | |
|---|---|---|
| | | Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 748 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 12/2/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 749 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 12/3/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 750 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 12/3/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 751 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 12/6/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 752 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 12/6/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 753 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 12/7/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 754 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 12/7/22 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely |

| | | |
|---|---|---|
| | | electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 755 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 12/8/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 756 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 12/8/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 757 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 12/9/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 758 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 12/9/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 759 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 12/10/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 760 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 12/10/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 761 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 12/16/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted |

| | | |
|---|---|---|
| | | Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 762 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 12/16/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 763 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 12/17/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 764 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 12/17/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 765 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 12/18/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 766 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 12/18/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 767 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 12/20/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 768 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 12/20/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely |

| | | electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
|---|---|---|
| 08/10/2022 | [769](#) | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 12/21/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | [770](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 12/21/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | [771](#) | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 12/22/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | [772](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 12/22/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | [773](#) | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 12/27/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | [774](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 12/27/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | [775](#) | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 12/28/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted |

| | | Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
|---|---|---|
| 08/10/2022 | 776 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 12/28/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 777 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Trial held on 12/29/21 before Judge Alison J. Nathan. Court Reporter/Transcriber: Paula Speer, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/31/2022. Redacted Transcript Deadline set for 9/12/2022. Release of Transcript Restriction set for 11/9/2022. (Moya, Goretti) (Entered: 08/10/2022) |
| 08/10/2022 | 778 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Trial proceeding held on 12/29/21 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (Moya, Goretti) (Entered: 08/10/2022) |
| 08/22/2022 | 779 | TRANSCRIPT of Proceedings as to Ghislaine Maxwell re: Sentence held on 6/28/2022 before Judge Alison J. Nathan. Court Reporter/Transcriber: Alena Lynch, (212) 805-0300, Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/12/2022. Redacted Transcript Deadline set for 9/22/2022. Release of Transcript Restriction set for 11/21/2022. (McGuirk, Kelly) (Entered: 08/22/2022) |
| 08/22/2022 | 780 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Ghislaine Maxwell. Notice is hereby given that an official transcript of a Sentence proceeding held on 6/28/2022 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (McGuirk, Kelly) (Entered: 08/22/2022) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/22/2023 13:25:07 | | |
| **PACER Login:** | cpnycpara16 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:20-cr-00330-AJN |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x
                     :
UNITED STATES OF AMERICA    :    <u>SUPERSEDING INDICTMENT</u>
                     :
       - v. -          :    S2 20 Cr. 330 (AJN)
                     :
GHISLAINE MAXWELL,        :
                     :
        Defendant.      :
                     :
- - - - - - - - - - - - - - - x

## COUNT ONE
### (Conspiracy to Entice Minors to Travel to Engage in Illegal Sex Acts)

The Grand Jury charges:

## OVERVIEW

1.    The charges set forth herein stem from the role of GHISLAINE MAXWELL, the defendant, in the sexual exploitation and abuse of multiple minor girls by Jeffrey Epstein.  In particular, from at least in or about 1994, up to and including at least in or about 2004, MAXWELL assisted, facilitated, and contributed to Jeffrey Epstein's abuse of minor girls by, among other things, helping Epstein to recruit, groom, and ultimately abuse victims known to MAXWELL and Epstein to be under the age of 18.  The victims were as young as 14 years old when they were groomed and abused by MAXWELL and Epstein, both of whom knew that certain victims were in fact under the age of 18.

2.    As a part and in furtherance of their scheme to abuse minor victims, GHISLAINE MAXWELL, the defendant, and Jeffrey Epstein enticed and caused minor victims to travel to

Epstein's residences in different states, which MAXWELL knew and intended would result in their grooming for and subjection to sexual abuse.  Moreover, in an effort to conceal her crimes, MAXWELL repeatedly lied when questioned about her conduct, including in relation to some of the minor victims described herein, when providing testimony under oath in 2016.

### FACTUAL BACKGROUND

3.    During the time periods charged in this Indictment, GHISLAINE MAXWELL, the defendant, had a personal and professional relationship with Jeffrey Epstein and was among his closest associates.  In particular, between in or about 1994 and in or about 1997, MAXWELL was in an intimate relationship with Epstein.  Additionally, between in or about 1994 and in or about 2004, MAXWELL was paid by Epstein to manage his various properties.

4.    Beginning in at least 1994, GHISLAINE MAXWELL, the defendant, enticed and groomed multiple minor girls to engage in sex acts with Jeffrey Epstein, through a variety of means and methods, including but not limited to the following:

a.    MAXWELL first attempted to befriend some of Epstein's minor victims prior to their abuse, including by asking the victims about their lives, their schools, and their families.  MAXWELL and Epstein would spend time building friendships with minor victims by, for example, taking minor

victims to the movies or shopping.  Some of these outings would involve MAXWELL and Epstein spending time together with a minor victim, while some would involve MAXWELL or Epstein spending time alone with a minor victim.

b.    Having developed a rapport with a victim, MAXWELL would try to normalize sexual abuse for a minor victim by, among other things, discussing sexual topics, undressing in front of the victim, being present when a minor victim was undressed, and/or being present for sex acts involving the minor victim and Epstein.

c.    MAXWELL'S presence during minor victims' interactions with Epstein, including interactions where the minor victim was undressed or that involved sex acts with Epstein, helped put the victims at ease because an adult woman was present.  For example, in some instances, MAXWELL would massage Epstein in front of a minor victim.  In other instances, MAXWELL encouraged minor victims to provide massages to Epstein, including sexualized massages during which a minor victim would be fully or partially nude.  Many of those massages resulted in Epstein sexually abusing the minor victims.

d.    In addition, Epstein offered to help some minor victims by paying for travel and/or educational opportunities, and MAXWELL encouraged certain victims to accept Epstein's assistance.  As a result, victims were made to feel

3

indebted and believed that MAXWELL and Epstein were trying to help them.

          e.   Through this process, MAXWELL and Epstein enticed victims to engage in sexual activity with Epstein.  In some instances, MAXWELL was present for and participated in the sexual abuse of minor victims.  Some such incidents occurred in the context of massages, which developed into sexual encounters.

          5.   Between approximately in or about 1994 and in or about 2004, GHISLAINE MAXWELL, the defendant, facilitated Jeffrey Epstein's access to minor victims by, among other things, inducing and enticing, and aiding and abetting the inducement and enticement of, multiple minor victims.  Victims were groomed and/or abused at multiple locations, including the following:

          a.   A multi-story private residence on the Upper East Side of Manhattan, New York owned by Epstein (the "New York Residence").

          b.   An estate in Palm Beach, Florida owned by Epstein (the "Palm Beach Residence").

          c.   A ranch in Santa Fe, New Mexico owned by Epstein (the "New Mexico Residence").

          d.   MAXWELL's personal residence in London, England.

6.    Additionally, beginning at least in or about 2001, GHISLAINE MAXWELL, the defendant, and Jeffrey Epstein enticed and recruited, and caused to be enticed and recruited, minor girls to visit Epstein's Palm Beach Residence to engage in sex acts with Epstein, after which Epstein, MAXWELL, or another employee of Epstein's would give the victims hundreds of dollars in cash.   Epstein and MAXWELL encouraged one or more of those victims to travel with Epstein with the intention that the victim engage in sex acts with Epstein.   Moreover, and in order to maintain and increase his supply of victims, Epstein, MAXWELL, and other Epstein employees also paid certain victims to recruit additional girls to be similarly abused by Epstein. In this way, Epstein and MAXWELL created a network of underage victims for him to sexually exploit.

7.    Between at least in or about 2001 and in or about 2004, GHISLAINE MAXWELL, the defendant, and Epstein encouraged and enticed one or more minor victims to engage in paid sex acts with Epstein through a variety of means and methods, including but not limited to the following:

a.    Epstein's employees, including, at times, MAXWELL, would call a victim to schedule an appointment for the victim to massage Epstein at his Palm Beach Residence.   MAXWELL placed at least some of those calls while with Epstein in

Manhattan, New York.  Epstein would often travel from New York
to Florida, where he would then have the scheduled appointments.

b.   When a victim initially arrived at the Palm
Beach Residence, she would be greeted by an employee of
Epstein's, including, at times, MAXWELL.  The victim would then
be escorted to a room with a massage table.  Once inside, the
victim would provide a nude or semi-nude massage for EPSTEIN,
who would himself typically be naked.  During these encounters,
EPSTEIN would escalate the nature and scope of the physical
contact to include sex acts such as groping and direct and
indirect contact with the victim's genitals.  EPSTEIN would also
typically masturbate during these encounters, ask the victim to
touch him while he masturbated, and touch the victim's genitals
with his hands or with sex toys.

c.   In connection with each sexual encounter,
Epstein or one of his employees or associates, including, at
times, MAXWELL, paid the victim in cash.  Each victim was
typically paid hundreds of dollars for each encounter.

8.   GHISLAINE MAXWELL, the defendant, facilitated
Jeffrey Epstein's access to minor victims knowing that he had a
sexual preference for underage girls and that he intended to
engage in sexual activity with those victims.  Epstein's
resulting abuse of minor victims included, among other things,
touching a victim's breast, touching a victim's genitals,

placing a sex toy such as a vibrator on a victim's genitals,

directing a victim to touch Epstein while he masturbated, and

directing a victim to touch Epstein's genitals.

### MAXWELL AND EPSTEIN'S VICTIMS

9.   Among the victims induced or enticed by GHISLAINE

MAXWELL, the defendant, were minor victims identified herein as

Minor Victim-1, Minor Victim-2, Minor Victim-3, and Minor

Victim-4.   In particular, and during time periods relevant to

this Indictment, MAXWELL engaged in the following acts, among

others, with respect to minor victims:

a.   MAXWELL met Minor Victim-1 when Minor

Victim-1 was approximately 14 years old.   MAXWELL subsequently

interacted with Minor Victim-1 on multiple occasions at

Epstein's residences, knowing that Minor Victim-1 was under the

age of 18 at the time.   During these interactions, which took

place between approximately 1994 and 1997, MAXWELL groomed Minor

Victim-1 to engage in sexual acts with Epstein through multiple

means.   First, MAXWELL and Epstein attempted to befriend Minor

Victim-1, taking her to the movies and on shopping trips.

MAXWELL also asked Minor Victim-1 about school, her classes, her

family, and other aspects of her life.   MAXWELL then sought to

normalize inappropriate and abusive conduct by, among other

things, undressing in front of Minor Victim-1 and being present

when Minor Victim-1 undressed in front of Epstein.   Within the

first year after MAXWELL and Epstein met Minor Victim-1, Epstein
began sexually abusing Minor Victim-1.  MAXWELL was present for
and involved in some of this abuse.  In particular, MAXWELL
involved Minor Victim-1 in group sexualized massages of Epstein.
During those group sexualized massages, MAXWELL and/or Minor
Victim-1 would engage in sex acts with Epstein.  Epstein and
MAXWELL both encouraged Minor Victim-1 to travel to Epstein's
residences in both New York and Florida.  As a result, Minor
Victim-1 was sexually abused by Epstein in both New York and
Florida.  Minor Victim-1 was enticed to travel across state
lines for the purpose of sexual encounters with Epstein, and
MAXWELL was aware that Epstein engaged in sexual activity with
Minor Victim-1 after Minor-Victim-1 traveled to Epstein's
properties, including in the context of a sexualized massage.

b.    MAXWELL interacted with Minor Victim-2 on at
least one occasion in or about 1996 at Epstein's residence in
New Mexico when Minor Victim-2 was under the age of 18.  Minor
Victim-2 had flown into New Mexico from out of state at
Epstein's invitation for the purpose of being groomed for and/or
subjected to acts of sexual abuse.  MAXWELL knew that Minor
Victim-2 was under the age of 18 at the time.  While in New
Mexico, MAXWELL and Epstein took Minor Victim-2 to a movie and
MAXWELL took Minor Victim-2 shopping.  MAXWELL also discussed
Minor Victim-2's school, classes, and family with Minor Victim-

2.   In New Mexico, MAXWELL began her efforts to groom Minor Victim-2 for abuse by Epstein by, among other things, providing an unsolicited massage to Minor Victim-2, during which Minor Victim-2 was topless.  MAXWELL also encouraged Minor Victim-2 to massage Epstein.

c.   MAXWELL groomed and befriended Minor Victim-3 in London, England between approximately 1994 and 1995, including during a period of time in which MAXWELL knew that Minor Victim-3 was under the age of 18.  Among other things, MAXWELL discussed Minor Victim-3's life and family with Minor Victim-3.  MAXWELL introduced Minor Victim-3 to Epstein and arranged for multiple interactions between Minor Victim-3 and Epstein.  During those interactions, MAXWELL encouraged Minor Victim-3 to massage Epstein, knowing that Epstein would engage in sex acts with Minor Victim-3 during those massages.  Minor Victim-3 provided Epstein with the requested massages, and during those massages, Epstein sexually abused Minor Victim-3. MAXWELL was aware that Epstein engaged in sexual activity with Minor Victim-3 on multiple occasions, including at times when Minor Victim-3 was under the age of 18, including in the context of a sexualized massage.

d.   Minor Victim-4 was recruited to provide Epstein with sexualized massages for which Minor Victim-4 was paid by Epstein and/or one of his associates, including, at

A-123

times, MAXWELL, at the Palm Beach Residence beginning in or
around 2001.  MAXWELL met Minor Victim-4 at Epstein's Palm Beach
Residence when Minor Victim-4 was approximately 14 years old.
MAXWELL subsequently interacted with Minor Victim-4 on multiple
occasions at Epstein's Palm Beach Residence, knowing that Minor
Victim-4 was under the age of 18 at the time.  During these
interactions, which took place between approximately 2001 and
2004, MAXWELL groomed Minor Victim-4 to engage in sexual acts
with Epstein through multiple means.  For example, MAXWELL asked
Minor Victim-4 about her family and other aspects of her life.
MAXWELL also sought to normalize inappropriate and abusive
conduct by, among other things, discussing sexual topics in
front of Minor Victim-4 and being present when Minor Victim-4
was nude in the massage room of the Palm Beach Residence.  On
multiple occasions between approximately 2001 and 2004, Minor
Victim-4 provided nude massages to Epstein at the Palm Beach
Residence, during which Epstein engaged in multiple sex acts
with Minor Victim-4.  Epstein's employees, including at times
MAXWELL, called Minor Victim-4, including from New York, to
schedule appointments for Minor Victim-4 to massage Epstein.
After each massage, Epstein or one of his employees, including
at times MAXWELL, paid Minor Victim-4 hundreds of dollars in
cash.  At some point during this period, both Epstein and
MAXWELL invited Minor Victim-4 to travel with Epstein and

offered to assist Minor Victim-4 with obtaining a passport for
purposes of such travel, but Minor Victim-4 declined the
invitation.  On multiple occasions between approximately 2001
and 2004, Epstein's employees, including at times MAXWELL, sent
Minor Victim-4 gifts, including lingerie, from an address in
Manhattan, New York to Minor Victim-4's residence in Florida.
Epstein and MAXWELL each also encouraged Minor Victim-4 to
recruit other young females to provide sexualized massages to
Epstein.  In response, Minor Victim-4 brought multiple females,
including girls under the age of 18, to provide sexualized
massages for Epstein at the Palm Beach Residence.  On such
occasions, both Minor Victim-4 and the girl she brought were
paid hundreds of dollars in cash.

### MAXWELL'S EFFORTS TO CONCEAL HER CONDUCT

10.  In or around 2016, in the context of a deposition
as part of civil litigation, GHISLAINE MAXWELL, the defendant,
repeatedly provided false and perjurious statements, under oath,
regarding, among other subjects, her role in facilitating the
abuse of minor victims by Jeffrey Epstein, including some of the
specific events and acts of abuse detailed above.

### STATUTORY ALLEGATIONS

11.  From at least in or about 1994, up to and
including in or about 2004, in the Southern District of New York
and elsewhere, GHISLAINE MAXWELL, the defendant, Jeffrey

Epstein, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, enticement, in violation of Title 18, United States Code, Section 2422.

12.   It was a part and object of the conspiracy that GHISLAINE MAXWELL, the defendant, Jeffrey Epstein, and others known and unknown, would and did knowingly persuade, induce, entice, and coerce one and more individuals to travel in interstate and foreign commerce, to engage in sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422.

<u>Overt Acts</u>

13.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   Between in or about 1994 and in or about 1997, when Minor Victim-1 was under the age of 18, MAXWELL participated in multiple group sexual encounters with Epstein and Minor Victim-1 in New York and Florida.

b.   In or about 1996, when Minor Victim-1 was under the age of 18, Minor Victim-1 was enticed to travel from Florida to New York for purposes of sexually abusing her at the

New York Residence, in violation of New York Penal Law, Section 130.55.

        c.   In or about 1996, when Minor Victim-2 was under the age of 18, MAXWELL provided Minor Victim-2 with an unsolicited massage in New Mexico, during which Minor Victim-2 was topless.

        d.   Between in or about 1994 and in or about 1995, when Minor Victim-3 was under the age of 18, MAXWELL encouraged Minor Victim-3 to provide massages to Epstein in London, England, knowing that Epstein intended to sexually abuse Minor Victim-3 during those massages.

        e.   Between in or about 2001 and in or about 2002, when Minor Victim-4 was under the age of 18, MAXWELL and Epstein invited Minor Victim-4 to travel from Florida to a place outside of Florida with Epstein.

        (Title 18, United States Code, Section 371.)

**COUNT TWO**
**(Enticement of a Minor to Travel to Engage in Illegal Sex Acts)**

        The Grand Jury further charges:

        14.   The allegations contained in paragraphs 1 through 9 of this Indictment are repeated and realleged as if fully set forth within.

        15.   From at least in or about 1994, up to and including in or about 1997, in the Southern District of New York and elsewhere, GHISLAINE MAXWELL, the defendant, knowingly did

A-127

persuade, induce, entice, and coerce an individual to travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same, and aided and abetted the same, to wit, MAXWELL persuaded, induced, enticed, and coerced Minor Victim-1 to travel from Florida to New York, New York on multiple occasions with the intention that Minor Victim-1 would engage in one or more sex acts with Jeffrey Epstein, in violation of New York Penal Law, Section 130.55.

(Title 18, United States Code, Sections 2422 and 2.)

## COUNT THREE
### (Conspiracy to Transport Minors with Intent to Engage in Criminal Sexual Activity)

The Grand Jury further charges:

16.  The allegations contained in paragraphs 1 through 9 of this Indictment are repeated and realleged as if fully set forth within.

17.  From at least in or about 1994, up to and including in or about 2004, in the Southern District of New York and elsewhere, GHISLAINE MAXWELL, the defendant, Jeffrey Epstein, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, transportation of minors, in violation of Title 18, United States Code, Section 2423(a).

14

18.   It was a part and object of the conspiracy that GHISLAINE MAXWELL, the defendant, Jeffrey Epstein, and others known and unknown, would and did, knowingly transport an individual who had not attained the age of 18 years in interstate and foreign commerce, with intent that the individual engage in sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2423(a).

Overt Acts

19.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   Between in or about 1994 and in or about 1997, when Minor Victim-1 was under the age of 18, MAXWELL participated in multiple group sexual encounters with EPSTEIN and Minor Victim-1 in New York and Florida.

b.   In or about 1996, when Minor Victim-1 was under the age of 18, Minor Victim-1 was enticed to travel from Florida to New York for purposes of sexually abusing her at the New York Residence, in violation of New York Penal Law, Section 130.55.

c.   In or about 1996, when Minor Victim-2 was under the age of 18, MAXWELL provided Minor Victim-2 with an

unsolicited massage in New Mexico, during which Minor Victim-2 was topless.

d.    Between in or about 1994 and in or about 1995, when Minor Victim-3 was under the age of 18, MAXWELL encouraged Minor Victim-3 to provide massages to Epstein in London, England, knowing that Epstein intended to sexually abuse Minor Victim-3 during those massages.

e.    Between in or about 2001 and in or about 2002, when Minor Victim-4 was under the age of 18, MAXWELL and Epstein invited Minor Victim-4 to travel from Florida to a place outside of Florida with Epstein.

(Title 18, United States Code, Section 371.)

### COUNT FOUR
**(Transportation of a Minor with Intent to
Engage in Criminal Sexual Activity)**

The Grand Jury further charges:

20.   The allegations contained in paragraphs 1 through 9 of this Indictment are repeated and realleged as if fully set forth within.

21.   From at least in or about 1994, up to and including in or about 1997, in the Southern District of New York and elsewhere, GHISLAINE MAXWELL, the defendant, knowingly did transport an individual who had not attained the age of 18 years in interstate and foreign commerce, with the intent that the individual engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, and

aided and abetted the same, to wit, MAXWELL arranged for Minor
Victim-1 to be transported from Florida to New York, New York on
multiple occasions with the intention that Minor Victim-1 would
engage in one or more sex acts with Jeffrey Epstein, in
violation of New York Penal Law, Section 130.55.

(Title 18, United States Code, Sections 2423(a) and 2.)

### COUNT FIVE
### (Sex Trafficking Conspiracy)

The Grand Jury further charges:

22.  The allegations contained in paragraphs 1 through
9 of this Indictment are repeated and realleged as if fully set
forth within.

23.  From at least in or about 2001, up to and
including in or about 2004, in the Southern District of New York
and elsewhere, GHISLAINE MAXWELL, the defendant, Jeffrey
Epstein, and others known and unknown, willfully and knowingly
did combine, conspire, confederate, and agree together and with
each other to commit an offense against the United States, to
wit, sex trafficking of minors, in violation of Title 18, United
States Code, Section 1591(a) and (b).

24.  It was a part and object of the conspiracy that
GHISLAINE MAXWELL, the defendant, Jeffrey Epstein, and others
known and unknown, would and did, in and affecting interstate
and foreign commerce, recruit, entice, harbor, transport,
provide, and obtain, by any means a person, and to benefit,

financially and by receiving anything of value, from
participation in a venture which has engaged in any such act,
knowing that the person had not attained the age of 18 years and
would be caused to engage in a commercial sex act, in violation
of Title 18, United States Code, Sections 1591(a) and (b)(2).

<u>Overt Acts</u>

25.  In furtherance of the conspiracy and to effect
the illegal object thereof, the following overt acts, among
others, were committed in the Southern District of New York and
elsewhere:

a.  Between in or about 2001 and in or about
2004, Epstein and MAXWELL recruited Minor Victim-4 to engage in
sex acts with EPSTEIN at the Palm Beach Residence, after which
Epstein and, at times, MAXWELL provided Minor Victim-4 with
hundreds of dollars in cash for each encounter.  Minor Victim-4
truthfully told both Epstein and MAXWELL her age.

b.  Between in or about 2001 and in or about
2004, Epstein and MAXWELL both encouraged and enticed Minor
Victim-4 to recruit other girls to engage in paid sex acts with
Epstein, which she did.

c.  Between in or about 2001 and in or about
2004, Epstein's employees, including at times MAXWELL, sent
Minor Victim-4 gifts, including lingerie, from an address in the
Southern District of New York to Minor Victim-4's residence in

Florida.  For example, on one occasion in or about October of 2002, Epstein caused a package to be sent by Federal Express from an address in Manhattan to Minor Victim-4 in Florida.

d.   On multiple occasions between in or about 2001 and in or about 2004, Epstein, MAXWELL, or one of Epstein's other employees called Minor Victim-4 to schedule an appointment for Minor Victim-4 to massage Epstein.  For example, in or about April of 2004 and May of 2004 another employee of Epstein's called Minor Victim-4 to schedule such appointments.

(Title 18, United States Code, Section 371.)

**COUNT SIX**
**(Sex Trafficking of a Minor)**

The Grand Jury further charges:

26.  The allegations contained in paragraphs 1 through 9 of this Indictment are repeated and realleged as if fully set forth within.

27.  From at least in or about 2001, up to and including in or about 2004, in the Southern District of New York and elsewhere, GHISLAINE MAXWELL, the defendant, willfully and knowingly, in and affecting interstate and foreign commerce, did recruit, entice, harbor, transport, provide, and obtain by any means a person, knowing that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act, and did aid and abet the same, to wit, MAXWELL recruited, enticed, harbored, transported, provided, and obtained

A-133

individuals who were less than 18 years old, including but not limited to Minor Victim-4, as described above, and who were then caused to engage in at least one commercial sex act with Jeffrey Epstein, and aided and abetted the same.

(Title 18, United States Code, Section 1591(a),
(b)(2), and 2.)

## COUNT SEVEN
### (Perjury)

The Grand Jury further charges:

28. The allegations contained in paragraphs 1 through 9 of this Indictment are repeated and realleged as if fully set forth within.

29. On or about April 22, 2016, in the Southern District of New York, GHISLAINE MAXWELL, the defendant, having taken an oath to testify truthfully in a deposition in connection with a case then pending before the United States District Court for the Southern District of New York under docket number 15 Civ. 7433, knowingly made false material declarations, to wit, MAXWELL gave the following underlined false testimony:

Q. Did Jeffrey Epstein have a scheme to recruit underage girls for sexual massages? If you know.

A. I don't know what you're talking about.

. . .

Q. List all the people under the age of 18 that you interacted with at any of Jeffrey's properties?

        A.    <u>I'm not aware of anybody that I interacted with,
<u>other than obviously [the plaintiff] who was 17
<u>at this point.</u>

(Title 18, United States Code, Section 1623.)

### COUNT EIGHT
### (Perjury)

The Grand Jury further charges:

30.  The allegations contained in paragraphs 1 through 9 of this Indictment are repeated and realleged as if fully set forth within.

31.  On or about July 22, 2016, in the Southern District of New York, GHISLAINE MAXWELL, the defendant, having taken an oath to testify truthfully in a deposition in connection with a case then pending before the United States District Court for the Southern District of New York under docket number 15 Civ. 7433, knowingly made false material declarations, to wit, MAXWELL gave the following underlined false testimony:

    Q:    Were you aware of the presence of sex toys or devices used in sexual activities in Mr. Epstein's Palm Beach house?

    A:    <u>No, not that I recall.</u> . . .

    Q.    Do you know whether Mr. Epstein possessed sex toys or devices used in sexual activities?

    A.    <u>No.</u>

. . .

    Q.    Other than yourself and the blond and brunette

that you have identified as having been involved
in three-way sexual activities, with whom did Mr.
Epstein have sexual activities?

A.    I wasn't aware that he was having sexual
activities with anyone when I was with him other
than myself.

Q.    I want to be sure that I'm clear.  Is it your
testimony that in the 1990s and 2000s, you were
not aware that Mr. Epstein was having sexual
activities with anyone other than yourself and
the blond and brunette on those few occasions
when they were involved with you?

A.    That is my testimony, that is correct.

.  .  .

Q.    Is it your testimony that you've never given
anybody a massage?

A.    I have not given anyone a massage.

Q.    You never gave Mr. Epstein a massage, is that
your testimony?

A.    That is my testimony.

Q.    You never gave [Minor Victim-2] a massage is your
testimony?

A.    I never gave [Minor Victim-2] a massage.

(Title 18, United States Code, Section 1623.)

### FORFEITURE ALLEGATIONS

32.   As a result of committing the offense alleged in
Count Six of this Indictment, GHISLAINE MAXWELL, the defendant,
shall forfeit to the United States, pursuant to Title 18, United
States Code, Section 1594(c)(1), any property, real and
personal, that was used or intended to be used to commit or to

facilitate the commission of the offense alleged in Count Six,
and any property, real or personal, constituting or derived from
any proceeds obtained, directly or indirectly, as a result of
the offense alleged in Count Six, or any property traceable to
such property.

### Substitute Asset Provision

33. If any of the above-described forfeitable
property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a
third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot
be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C.
§ 853(p) and 28 U.S.C. § 2461(c), to seek forfeiture of any
other property of the defendant up to the value of the above
forfeitable property.

(Title 18, United States Code, Section 1594; Title 21,
United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

AUDREY STRAUSS
United States Attorney

23

A-137

Form No. USA-33s-274 (Ed. 9-25-58)

---

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

---

**UNITED STATES OF AMERICA**

**v.**

**GHISLAINE MAXWELL,**

**Defendant.**

---

**SUPERSEDING INDICTMENT**

S2 20 Cr. 330 (AJN)

(18 U.S.C. §§ 371, 1591, 1623, 2422,
2423(a), and 2)

AUDREY STRAUSS
United States Attorney

Foreperson

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/16/21

United States of America,

—v—

Ghislaine Maxwell,

Defendant.

20-cr-330 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

In June 2020, a grand jury returned a six-count indictment charging Ghislaine Maxwell with facilitating the late financier Jeffrey Epstein's sexual abuse of minor victims from around 1994 to 1997.  The Government filed a first (S1) superseding indictment shortly thereafter, which contained only small, ministerial corrections.  The S1 superseding indictment included two counts of enticement or transportation of minors to engage in illegal sex acts in violation of the Mann Act and two counts of conspiracy to commit those offenses.  It also included two counts of perjury in connection with Maxwell's testimony in a civil deposition.  Trial is set to begin on July 12, 2021.

Maxwell filed twelve pretrial motions seeking to dismiss portions of the S1 superseding indictment, suppress evidence, and compel discovery.  After the parties fully briefed those motions, a grand jury returned a second (S2) superseding indictment adding a sex trafficking count and another related conspiracy count.

This Opinion resolves all of Maxwell's currently pending pretrial motions other than those seeking to suppress evidence, which the Court will resolve in due course. The motions, and this Opinion, deal exclusively with the S1 superseding indictment and do not resolve any issues

related to the newly added sex trafficking charges.  For the reasons that follow, the Court denies

Maxwell's motions to dismiss the S1 superseding indictment in whole or in part.  It grants her

motion to sever the perjury charges for a separate trial.  It denies her motion to further expedite

discovery.

The Court provides a brief summary of its conclusions here and its reasoning on the

pages that follow:

- Maxwell moves to dismiss all counts based on a non-prosecution agreement between
  Jeffrey Epstein and the U.S. Attorney for the Southern District of Florida.  The Court
  concludes that the agreement does not apply in this District or to the charged offenses.

- Maxwell moves to dismiss all counts as untimely.  The Court concludes that the
  Government brought the charges within the statute of limitations and did not unfairly
  delay in bringing them.

- Maxwell moves to dismiss the Mann Act counts because they are too vague, or in the
  alternative to require the Government to describe the charges in greater detail.  The
  Court concludes that the charges are specific enough.

- Maxwell moves to dismiss the perjury counts because, in her view, her testimony
  responded to ambiguous questioning and was not material.  The Court concludes that
  these issues are best left for the jury.

- Maxwell moves to sever the perjury counts from the Mann Act counts so that they can
  proceed in a separate trial.  The Court concludes that severance is appropriate and will
  try the perjury counts separately.

- Maxwell moves to strike language from the indictment that she believes is superfluous
  and to dismiss conspiracy counts she believes are redundant.  The Court concludes that
  these motions are premature before trial.

- Maxwell moves to compel the Government to immediately disclose certain categories
  of evidence.  The Court concludes that she is not entitled to do so, but the Court will
  order Maxwell and the Government to confer on a discovery schedule.

- Maxwell moves to dismiss all counts because a grand jury in White Plains, rather than
  Manhattan, returned the S1 superseding indictment.  Because a jury in Manhattan
  returned the S2 superseding indictment, the motion appears moot.

A-140

**I.      Jeffrey Epstein's non-prosecution agreement does not bar this prosecution**

In September 2007, under investigation by both federal and state authorities, Jeffrey Epstein entered into a non-prosecution agreement ("NPA") with the Office of the United States Attorney for the Southern District of Florida. Dkt. No. 142 at 1-2.  Epstein agreed in the NPA to plead guilty in Florida state court to soliciting minors for prostitution and to serve eighteen months in a county jail.  *Id.*  In exchange, the U.S. Attorney's Office agreed not to charge him with federal crimes in the Southern District of Florida stemming from its investigation of his conduct between 2001 and 2007.  *Id.* It also agreed not to bring criminal charges against any of his "potential co-conspirators."  *Id.*

As a recent report from the Department of Justice's Office of Professional Responsibility observed, the NPA was unusual in many respects, including its breadth, leniency, and secrecy. OPR Report, Gov. Ex. 3, Dkt. No. 204-3, at x, 80, 175, 179, 260–61.  The U.S. Attorney's promise not to prosecute unidentified co-conspirators marks a stark departure from normal practice for federal plea agreements.  This provision appears to have been added "with little discussion or consideration by the prosecutors."  *Id.* at 169, 185.  The report concluded that the U.S. Attorney's negotiation and approval of the NPA did not amount to professional misconduct, but nonetheless reflected "poor judgment."  *Id.* at 169.

Only the NPA's effect, and not its wisdom, is presently before the Court.  Maxwell contends that the NPA bars this prosecution, because she is charged as a co-conspirator of Jeffrey Epstein and the NPA's co-conspirator provision lacks any geographical or temporal limitations.  The Court disagrees for two independent reasons.  First, under controlling Second Circuit precedent, the NPA does not bind the U.S. Attorney for the Southern District of New York.  Second, it does not cover the offenses charged in the S1 superseding indictment.

### A.  The non-prosecution agreement does not bind the U.S. Attorney for the Southern District of New York

United States Attorneys speak for the United States.  When a U.S. Attorney makes a promise as part of a plea bargain, both contract principles and due process require the federal government to fulfill it.  *See Santobello v. New York*, 404 U.S. 257, 262 (1971); *United States v. Ready*, 82 F.3d 551, 558 (2d Cir. 1996).  The question here is not whether the U.S. Attorney for the Southern District of Florida had the power to bind the U.S. Attorney for the Southern District of New York.  The question is whether the terms of the NPA did so.  Applying Second Circuit precedent and principles of contract interpretation, the Court concludes that they did not.

In *United States v. Annabi*, the Second Circuit held: "A plea agreement binds only the office of the United States Attorney for the district in which the plea is entered unless it affirmatively appears that the agreement contemplates a broader restriction."  771 F.2d 670, 672 (2d Cir. 1985) (per curiam).  This is something akin to a clear statement rule.  Single-district plea agreements are the norm.  Nationwide, unlimited agreements are the rare exception.  Applying *Annabi,* panels of the Second Circuit have stated that courts cannot infer intent to depart from this ordinary practice from an agreement's use of phrases like "the government" or "the United States."  *United States v. Salameh*, 152 F.3d 88, 120 (2d Cir. 1998) (per curiam); *United States v. Gonzalez*, 93 F. App'x 268, 270 (2d Cir. 2004).  Those are common shorthand.  A plea agreement need not painstakingly spell out "the Office of the United States Attorney for Such-and-Such District" in every instance to make clear that it applies only in the district where signed.

Maxwell asks this Court to draw the opposite conclusion.  The provision of the NPA dealing with co-conspirators does not expressly state that it binds U.S. Attorneys in other districts.  It does not expressly state that it applies in other districts.   The relevant language, in

4

its entirety, reads as follows: "the United States also agrees that it will not institute any criminal charges against any potential co-conspirators of Epstein." Dkt. No. 142-1 at 5.  Under *Annabi, Salameh, and Gonzalez*, a statement that "the United States" agrees not to prosecute implies no restriction on prosecutions in other districts.

Two provisions of the NPA refer specifically to prosecution in the Southern District of Florida.  The first states that the U.S. Attorney for the Southern District of Florida will defer "prosecution in this District" if Epstein complies with the agreement.  Dkt. No. 142-1 at 2.  The second states that no prosecution "will be instituted in this District, and the charges against Epstein if any, will be dismissed" after he fulfills the agreement's conditions.  Maxwell contends that the lack of similar language in the co-conspirator provision must mean that it lacks any geographical limitation.  If anything, that language reflects that the NPA's scope was expressly limited to the Southern District of Florida.  It is not plausible—let alone "affirmatively apparent", *Annabi*, 771 F.2d at 672,—that the parties intended to drastically expand the agreement's geographic scope in the single sentence on the prosecution of co-conspirators without clearly so saying.

Without an  affirmative statement in the NPA's text, Maxwell turns to its negotiation history.  Under Second Circuit precedent she may offer evidence that negotiations of the NPA between the defendant and the prosecutors included a promise to bind other districts.  *See United States v. Russo*, 801 F.2d 624, 626 (2d Cir. 1986).  She alleges that officials in the U.S. Attorney's Office for the Southern District of Florida sought and obtained approval for the NPA from the Office of the Deputy Attorney General and communicated with attorneys in other districts.  Any involvement of attorneys outside the Southern District of Florida appears to have been minimal.  Maxwell has already received access to an unusually large amount of information

about the NPA's negotiation history in the form of the OPR report and yet identifies no evidence that the Department of Justice made any promises not contained in the NPA. The OPR report reflects that the Office of the Deputy Attorney General reviewed the NPA, but only after it was signed when Epstein tried to get out of it. OPR Report at 103. Other documents show that attorneys in the Southern District of Florida reached out to other districts for investigatory assistance but not for help negotiating the NPA. Dkt. No. 204-2. Nor would direct approval of the NPA by the Office of the Deputy Attorney General change the meaning of its terms. No evidence suggests anyone promised Epstein that the NPA would bar the prosecution of his co-conspirators in other districts. Absent such a promise, it does not matter who did or did not approve it.

Second Circuit precedent creates a strong presumption that a plea agreement binds only the U.S. Attorney's office for the district where it was signed. Maxwell identifies nothing in the NPA's text or negotiation history to disturb this presumption. The Court thus concludes that the NPA does not bind the U.S. Attorney for the Southern District of New York.

**B.  The non-prosecution agreement does not cover the charged offenses**

The NPA would provide Maxwell no defense to the charges in the S1 superseding indictment even against an office bound to follow it. The NPA bars prosecution, following Epstein's fulfillment of its conditions, only for three specific categories of offenses:

> (1) "the offenses set out on pages 1 and 2" of the NPA; namely, "any offenses that may have been committed by Epstein against the United States from in or around 2001 through in or around September 2007" including five enumerated offenses;
>
> (2) "any other offenses that have been the subject of the joint investigation by the Federal Bureau of Investigation and the United States Attorney's Office"; and
>
> (3) "any offenses that arose from the Federal Grand Jury investigation."

6

Dkt. No. 142-1 at 2. The NPA makes clear that the covered charges are those relating to and deriving from a specific investigation of conduct that occurred between 2001 and 2007.

Maxwell contends that the NPA's co-conspirator provision lacks any limitation on the offenses covered. The Court disagrees with this improbable interpretation. The phrase "potential co-conspirator" means nothing without answering the question "co-conspirator in what?" The most natural reading of the co-conspirator provision is that it covers those who conspired with Epstein in the offenses covered by the NPA for their involvement in those offenses. Thus, it would cover any involvement of Maxwell in offenses committed by Epstein from 2001 to 2007, other offenses that were the subject of the FBI and U.S. Attorney's Office investigation, and any offenses that arose from the related grand jury investigation.

The Court has no trouble concluding that the perjury counts are not covered by the NPA. Those charges do not relate to conduct in which Maxwell conspired with Epstein and stem from depositions in 2016, more than eight years after Epstein signed the NPA. Maxwell now concedes as much, though her motion sought to dismiss the S1 superseding indictment in its entirety, perjury counts and all.

The Mann Act counts, too, fall comfortably outside the NPA's scope. The S1 superseding indictment charges conduct occurring exclusively between 1994 and 1997, some four years before the period covered by the Southern District of Florida investigation and the NPA. The NPA does not purport to immunize Epstein from liability for crimes committed before the period that was the subject of the FBI and U.S. Attorney's Office investigation. Maxwell's protection is no broader. The Court thus concludes that the NPA does not cover the offenses charged in the S1 superseding indictment.

7

**C.  Maxwell is not entitled to an evidentiary hearing**

In the alternative to dismissing the indictment, Maxwell requests that the Court conduct

an evidentiary hearing as to the parties' intent in the NPA.  The Court finds no basis to do so.

The cases Maxwell cites where courts held hearings on the scope of a plea agreement

mostly involved oral agreements where there was no written record of the full set of terms

reached by the parties.  All of them involved defendants with first-hand knowledge of

negotiations who claimed prosecutors breached an oral promise.  "An oral agreement greatly

increases the potential for disputes such as . . . a failure to agree on the existence, let alone the

terms, of the deal."  *United States v. Aleman*, 286 F.3d 86, 90 (2d Cir. 2002).  Thus, an

evidentiary hearing may be necessary to determine the terms of an agreement never committed to

writing.  This is no such case.  The NPA's terms are clear.  Beyond the NPA itself, an extensive

OPR report details its negotiation history.  No record evidence suggests that prosecutors

promised Epstein anything beyond what was spelled out in writing.  The Court agrees with the

Government that Maxwell's request for a hearing rests on mere conjecture.

For the same reason, the Court will not order the discovery on the NPA.  In any case, it

appears that the Government has already produced two of the documents Maxwell seeks in her

motion—the OPR report and notes mentioned in a privilege log.  Of course, the Government's

disclosure obligations would require it to disclose to Maxwell any exculpatory evidence or

evidence material to preparing the defense, including any evidence supporting a defense under

the NPA.  The Government shall confirm in writing within one week whether it views any

evidence supporting Maxwell's interpretation of the NPA as material it is required to disclose,

and, if so, whether it has disclosed any and all such evidence in its possession.

## II.     The indictment is timely

### A.  The indictment complies with the statute of limitations

Federal law imposes a five-year limitations period for most non-capital offenses.  18

U.S.C. § 3282(a).  Recognizing the difficulty of promptly prosecuting crimes against children,

Congress has provided a longer limitations period for "offense[s] involving the sexual or

physical abuse, or kidnaping" of a minor.  18 U.S.C. § 3283.  Until 2003, the operative version

of § 3283 allowed prosecution of these offenses until the victim reached the age of twenty-five.

Congress further extended the limitations period in the PROTECT Act of 2003, Pub. L. No. 108-

21, 117 Stat. 650, to allow prosecution any time during the life of the victim.

The parties agree that the Mann Act charges are timely if subject to the PROTECT Act,

but untimely under the general statute of limitations for non-capital offenses or the pre-2003

version of § 3283.  Maxwell contends that the charged offenses do not qualify as offenses

involving the sexual or physical abuse or kidnapping of a minor and are thus governed by the

general statute of limitations.  Alternatively, she contends that the pre-2003 version of § 3283

applies because the charged conduct occurred prior to 2003.  The Court concludes that statute of

limitations in the PROTECT Act applies and that the charges are timely.

### 1.  The Mann Act charges are offenses involving the sexual abuse of minors

Maxwell does not dispute that the facts alleged in the S1 superseding indictment involve

the sexual abuse of minors.  The indictment charges that Epstein sexually abused each of the

alleged minor victims and that Maxwell allegedly enticed them to travel or transported them for

that purpose.  Instead, Maxwell contends that charged offenses do not qualify as offenses

involving the sexual abuse of minors because sexual abuse is not an essential ingredient of each

statutory offense.  *See Bridges v. United States*, 346 U.S. 209, 221 (1953).  In Maxwell's view,

for example, it is possible to transport a minor with intent to engage in criminal sexual activity and not follow through with the planned sexual abuse, and so sexual abuse is not an essential ingredient of the offense.  Maxwell makes the same argument for the enticement and related conspiracy charges.

This approach is analogous to the "categorical approach" employed by courts to evaluate prior convictions for immigration and sentencing purposes.  *See Taylor v. United States*, 495 U.S. 575, 602 (1990).  Generally speaking, the "categorical approach" requires that courts "look only to the statutory definitions—i.e., the elements" of the relevant offense to determine if the provision applies "and not to the particular facts underlying those convictions."  *Descamps v. United States*, 570 U.S. 254, 261 (2013) (internal quotation marks omitted).  Whether a statute requires a categorical or case-specific approach is a question of statutory interpretation.  To determine whether Congress used the word "offense" in a statute to refer to an offense in the abstract or to the facts of each individual case, the Court must examine the statute's "text, context, and history."  *United States v. Davis*, 139 S. Ct. 2319, 2327 (2019).

Though it has not authoritatively settled the question, the Second Circuit has strongly suggested that Maxwell's approach is the wrong one.  In *Weingarten v. United States*, 865 F.3d 48, 58–60 (2d Cir. 2017), the Second Circuit discussed at length how the text, context, and history of § 3283 show that Congress intended courts to apply the statute using a case-specific approach.  The Third Circuit reached the same conclusion in *United States v. Schneider*, 801 F.3d 186, 196 (3d Cir. 2015).

The Court sees no reason to depart from the reasoning in *Weingarten*.  First, "[t]he Supreme Court's modern categorical approach jurisprudence is confined to the post-conviction contexts of criminal sentencing and immigration deportation cases."  *Weingarten*, 865 F.3d at 58.

10

Case 22-1426, Document 57, 02/28/2023, 3475900, Page152 of 208

To the extent that the categorical approach is ever appropriate in other contexts, it is inappropriate here.

The Court begins with the statute's text. Statutes that call for application of the categorical approach typically deal with the elements of an offense in a prior criminal conviction. *Id.* at 59. "The language of § 3283, by contrast, reaches beyond the offense and its legal elements to the conduct 'involv[ed]' in the offense. That linguistic expansion indicates Congress intended courts to look beyond the bare legal charges in deciding whether § 3283 applied." *Id.* at 59–60 (alteration in original) (quoting § 3283). Maxwell cites one case holding otherwise, but that case involved a venue statute presenting significantly different concerns. *See United States v. Morgan*, 393 F.3d 192, 200 (D.C. Cir. 2004). The Supreme Court has likewise held that a statute which uses the language "an *offense that . . . involves* fraud or deceit in which the loss to the victim or victims exceeds $10,000" is "consistent with a circumstance-specific approach." *Nijhawan v. Holder*, 557 U.S. 29, 32, 38 (2009) (emphasis added). Thus, the word "involves" generally means that courts should look to the circumstances of an offense as committed in each case. This reading accords with a robust legislative history indicating that Congress intended to apply § 3283 to a wide range of crimes against children. *See Weingarten*, 865 F.3d at 60; *Schneider*, 801 F.3d at 196.

The purposes underlying the categorical approach do not apply here either. For statutes dealing with prior convictions, "[t]he categorical approach serves 'practical' purposes: It promotes judicial and administrative efficiency by precluding the relitigation of past convictions in minitrials conducted long after the fact." *Moncrieffe v. Holder*, 569 U.S. 184, 200–01 (2013). In the context of § 3283, there is no prior conviction to assess, and the jury will determine in the first instance whether "the defendant engaged in the applicable abusive conduct." *Weingarten*,

11

A-149

865 F.3d at 60.  Maxwell nonetheless contends that using a case-specific approach for § 3283 would be impractical because the Government would need to prove conduct beyond the elements of the offense.  It may be true that this approach requires the Government to prove some additional facts, but any statute-of-limitations defense presents factual issues (including, at least, when the alleged conduct took place).  This is not a serious practical problem and does not justify setting aside the statute's language and apparent purpose.

Maxwell relies primarily on *Bridges v. United States,* 346 U.S. 209 (1953), to urge this Court to cast *Weingarten* aside.  The Supreme Court in *Bridges* addressed a statute that extended the limitations period for defrauding the United States during the Second World War.  In that case, the Supreme Court first concluded that making false statements at an immigration hearing was not subject to the extended limitations period because it lacked any pecuniary element as required by the statute.  *Id.* at 221.  Then, as an alternative basis for its holding, it explained that the offense did not require fraud as an "essential ingredient."  *Id.* at 222.  It reached that conclusion in large part because the statute's legislative history made clear that Congress intended it to apply only to a narrow class of war frauds causing pecuniary loss.  *Id.* at 216.

As the Second Circuit explained in *Weingarten*, Congress had the opposite intent in the enacting in the PROTECT Act.  *Weingarten*, 865 F.3d at 59 & n. 10.  "In passing recent statutes related to child sex abuse, including extensions of the § 3283 limitations period, Congress 'evinced a general intention to "'cast a wide net to ensnare as many offenses against children as possible."'"  *Id.* at 60 (quoting *Schneider*, 801 F.3d at 196 (quoting *United States v. Dodge*, 597 F.3d 1347, 1355 (11th Cir. 2010) (en banc))).  The primary basis for *Bridges*' holding—legislative history supporting a narrow interpretation—does not exist here.  Instead, both the statute's plan meaning and its legislative history suggest it should apply more broadly.

12

A-150

Based on the statute's text, context, and history, the Court follows *Weingarten* and concludes that the appropriate inquiry is whether the charged offenses involved the sexual abuse of a minor on the facts alleged in this case. There is no question that they did. The Court thus concludes that § 3283 governs the limitations period for the charges here.

### 2. The 2003 amendment to the statute of limitations applies to these offenses

Maxwell next contends that because the charged conduct took place before the PROTECT Act's enactment, that statute did not lengthen the statute of limitations applicable to her alleged offenses. Here too, the Second Circuit has provided guidance in its decision in *Weingarten*. Although the court did not provide a definitive answer there, it explained that the view Maxwell now takes conflicts with established principles of retroactivity and the decisions of at least two other circuit courts. *Weingarten*, 865 F.3d at 58 & n.8; *see Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014); *United States v. Leo Sure Chief*, 438 F.3d 920, 924 (9th Cir. 2006).

The Supreme Court has set out a two-step framework to determine whether a federal statute applies to past conduct. *See Landgraf v. USI Film Products*, 511 U.S. 244, 280 (1994). Courts look first to the language of the statute. If the statute states that it applies to past conduct, courts must so apply it. *Weingarten*, 865 F.3d at 54. Otherwise, the statute applies to past conduct unless doing so would create impermissible retroactive effects. *Id.*

The Court begins with *Landgraf*'s first step. To assess a statute's meaning here, courts must consider the text of the statute along with other indicia of congressional intent, including the statute's history and structure. *See Enter. Mortg. Acceptance Co., LLC, Sec. Litig. v. Enter. Mortg. Acceptance Co.*, 391 F.3d 401, 406 (2d Cir. 2004).

13

Section 3283, as amended by the PROTECT Act, broadly states that "[n]o statute of limitations that would otherwise preclude prosecution for an offense involving the sexual or physical abuse, or kidnaping, of a child under the age of 18 years shall preclude such prosecution during the life of the child."  The statute lacks an express retroactivity clause, but courts have held that no such clause is necessary, including for this particular statute.  *See Leo Sure Chief*, 438 F.3d at 923.  The statute's plain language unambiguously requires that it apply to prosecutions for offenses committed before the date of enactment.  Instead of simply providing a new limitations period for future conduct, Congress stated that *no* statute of limitations that *would otherwise preclude* prosecution of these offenses will apply.  That is, it prevents the application of any statute of limitations that would otherwise apply to past conduct.

Courts have reached the same conclusion for other statutes employing similar language. The Eighth Circuit has held that the 1994 amendments to § 3283, which allowed prosecution of sex crimes against children until the victim reached age twenty-five, applied to past conduct.  *See United States v. Jeffries*, 405 F.3d 682, 684–85 (8th Cir. 2005).  The Second Circuit has observed that the Higher Education Technical Amendments of 1991, Pub. L. No. 102-26, 105 Stat. 123, illustrates language that requires a statute's application to past conduct.  *See Enter. Mortg. Acceptance Co., LLC, Sec. Litig.*, 391 F.3d at 407.  That statute eliminated the statute of limitations for claims on defaulted student loans by stating that "no limitation shall terminate the period within which suit may be filed."  *Id.*  The PROTECT Act's language is quite similar.

The history of § 3283 confirms Congress's intent to apply the extended limitations period as broadly as the Constitution allows.  With each successive amendment to the statute, Congress further extended the limitations period, recognizing that sex crimes against children "may be difficult to detect quickly" because children often delay or decline to report sexual abuse.

14

*Weingarten*, 865 F.3d at 54.  Congress enacted the limitations provision of the PROTECT Act because it found the prior statute of limitations was "inadequate in many cases."  H.R. Conf. Rep. No. 108-63, at 54 (2003).  For example, a person who abducted and raped a child could not be prosecuted beyond this extended limit—even if DNA matching conclusively identified him as the perpetrator one day after the victim turned 25."  *Id.*

Maxwell makes no argument based on the statute's text.  Instead, she contends that because the House version of the bill included an express retroactivity provision absent from its final form, the Court should infer that Congress did not intend the statute to apply to past conduct.  However, the legislative history makes clear that Congress abandoned the retroactivity provision in the House bill only because it would have produced unconstitutional results.  The Supreme Court has explained that a law that revives a time-barred prosecution violates the Ex Post Facto Clause of the Constitution, but a law that extends an un-expired statute of limitations does not.  *Stogner v. California*, 539 U.S. 607, 632–33 (2003).  Senator Leahy, who co-sponsored the PROTECT Act, expressed concerns in a committee report that the proposed retroactivity provision was "of doubtful constitutionality" because it "would have revived the government's authority to prosecute crimes that were previously time-barred."  149 Cong. Rec. S5137, S5147 (Apr. 10, 2003) (statement of Sen. Leahy).  Congress removed the provision shortly thereafter for this reason.  The removal of the express retroactivity provision shows only that Congress intended to limit the PROTECT Act to its constitutional applications, including past conduct—like Maxwell's—on which the statute of limitations had not yet expired.

Both the text and history of the PROTECT Act's amendment to § 3283 reflect that it applies Maxwell's conduct charged in the S1 superseding indictment.  The Court could stop here.

15

However, it also concludes that even if the statute were ambiguous, it would properly apply to these charges.

At *Lanfgraf*'s second step, the Court asks whether application of the statute to past conduct would have impermissible retroactive effects. "[A] statute has presumptively impermissible retroactive effects when it 'takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past.'" *Weingarten*, 865 F.3d at 56 (quoting *Landgraf*, 511 U.S. at 290). Thus, applying a new statute of limitations to previously time-barred claims has an impermissible retroactive effect. *Enter. Mortg. Acceptance Co., LLC, Sec. Litig.*, 391 F.3d at 407. Applying it to conduct for which the statute of limitations has not yet expired does not. *Vernon v. Cassadaga Valley Cent. Sch. Dist.*, 49 F.3d 886, 890 (2d Cir. 1995).

Maxwell concedes that these offenses were within the statute of limitations when Congress enacted the PROTECT Act. Thus, the Act did not deprive her of any vested rights. Maxwell contends that it is unfair to allow the Government to prosecute her now for conduct that occurred more than twenty years ago, but there is no dispute that Congress has the power to set a lengthy limitations period or no limitations period at all. It has done so here, judging that the difficulty of prosecuting these offenses and the harm they work on children outweighs a defendant's interest in repose. Maxwell's fairness argument is a gripe with Congress's policy judgment, not an impermissibly retroactive application of the statute. The Court concludes that § 3283 allows her prosecution now.

### B. The Government's delay in bringing charges did not violate due process

"As the Supreme Court stated in *United States v. Marion*, the statute of limitations is 'the primary guarantee against bringing overly stale criminal charges.'" *United States v. Cornielle*,

A-154

171 F.3d 748, 751 (2d Cir. 1999) (cleaned up) (quoting *United States v. Marion*, 404 U.S. 307, 322 (1971)).  There is a strong presumption that an indictment filed within the statute of limitations is valid.  To prevail on a claim that pre-indictment delay violates due process, a defendant must show both that the Government intentionally delayed bringing charges for an improper purpose and that the delay seriously damaged the defendant's ability defend against the charges.  *See id.*  This is a stringent standard.  "Thus, while the [Supreme] Court may not have shut the door firmly on a contention that at some point the Due Process Clause forecloses prosecution of a claim because it is too old, at most the door is barely ajar."  *DeMichele v. Greenburgh Cent. Sch. Dist. No. 7*, 167 F.3d 784, 790–91 (2d Cir. 1999).

The Court sees no evidence that the Government's delay in bringing these charges was designed to thwart Maxwell's ability to prepare a defense.  However, it is enough to say that Maxwell does not make the strong showing of prejudice required to support this sort of claim.  Maxwell contends that the Government's delay in bringing charges has prejudiced her interests because potential witnesses have died, others have forgotten, and records have been lost or destroyed.  It is highly speculative that any of these factors would make a substantial difference in her case.

Maxwell first points to several potential witnesses who have passed away.  These include Jeffrey Epstein and his mother, one individual Maxwell believes worked with one of the alleged victims in this case, and a police detective who investigated Epstein in Florida.  She contends they all would have provided exculpatory testimony were they alive today.  Courts have generally found that vague assertions that a deceased witness might have provided favorable testimony do not justify dismissing an indictment for delay.  *See, e.g.*, *United States v. Scala*, 388 F. Supp. 2d 396, 399–400 (S.D.N.Y. 2005).  The Court agrees with this approach.  Maxwell

17

provides no indication of what many of these potential witnesses might have testified to.  The testimony she suggests the detective might have offered—that witnesses in the Palm Beach investigation did not identify Maxwell by name—is propensity evidence that does nothing to establish her innocence of the charged offenses.  There are also serious doubts under all of the relevant circumstances that a jury would have found testimony from Epstein credible even if he had waived his right against self-incrimination and testified on her behalf.  *See United States v. Spears*, 159 F.3d 1081, 1085 (7th Cir. 1999).

Maxwell's arguments that the indictment should be dismissed because of the possibility of missing witnesses, failing memories, or lost records fail for similar reasons.   These are difficulties that arise in any case where there is extended delay in bringing a prosecution, and they do not justify dismissing an indictment.  *United States v. Marion*, 404 U.S. 307, 325–26 (1971); *see United States v. Elsbery*, 602 F.2d 1054, 1059 (2d Cir. 1979).

Finally, the Court finds no substantial prejudice from the pretrial publicity this case has garnered.  Maxwell contends that lengthy public interest in this case has transformed her reputation from that of Epstein's friend to a co-conspirator.  And she also alleges—without evidence—that her accusers fabricated their stories based on media allegations.  The Court will not dismiss the indictment on Maxwell's bare assertion that numerous witnesses are engaged in a perjurious conspiracy against her.  And the Court will take all appropriate steps to ensure that the pretrial publicity in this case does not compromise Maxwell's right to a fair and impartial jury.

The Court thus concludes that Maxwell has failed to establish actual prejudice from the Government's delay in bringing charges.  She may renew her motion if the factual record at trial shows otherwise.  On the present record, neither the applicable statute of limitations nor due process bars the charges here.

18

**III.    The indictment describes the charged offenses with specificity**

Maxwell seeks to dismiss the Mann Act counts for lack of specificity or in the alternative to compel the Government to submit a bill of particulars providing greater detail of the charges. The Court concludes that the charges in the S1 superseding indictment are clear enough.

Under Federal Rule of Criminal Procedure 7, an indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." The indictment must be specific enough to inform the defendant of the charges and allow the defendant to plead double jeopardy in a later prosecution based on the same events. *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992). "Under this test, an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States. v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975). In addition to dismissal, "Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).

The S1 superseding indictment sets out the elements of each charged crime and the facts supporting each element. Nonetheless, Maxwell contends that the indictment is too vague because it refers to open-ended time periods, describes conduct like "grooming" and "befriending" that is not inherently criminal, and does not identify the alleged victims by name.

Maxwell's first argument fails because the Government need only describe the time and place of charged conduct "in approximate terms." *Tramunti*, 513 F.2d at 1113. The details are subject to proof at trial. "[T]he Second Circuit routinely upholds the 'on or about' language used

19

to describe the window of when a violation occurred." *United States v. Kidd*, 386 F. Supp. 3d 364, 369 (S.D.N.Y. 2019) (quoting *United States v. Nersesian*, 824 F.2d 1294, 1323 (2d Cir. 1987)). "This is especially true in cases of sexual abuse of children: allegations of sexual abuse of underage victims often proceed without specific dates of the offenses." *United States v. Young*, No. 08-cr-285 (KMK), 2008 WL 4178190, at *2 (S.D.N.Y. Sept. 4, 2008) (collecting cases). As here, these cases frequently involve alleged abuse spanning a lengthy period of time, and witnesses who were victimized as children may struggle to recall the precise dates when abuse occurred. The indictment adequately describes the time and place of the charged conduct.

Maxwell next contends that allegations of noncriminal conduct render the charges impermissibly vague. The Court disagrees. Rule 7 requires only that the language of the indictment track the language of the statute and provide a rough account of the time and place of the crime. *Tramunti*, 513 F.2d at 1113. The language of the S1 superseding indictment does so. The Government's decision to provide more details than those strictly required does not hamper Maxwell's ability to prepare a defense. Maxwell's argument that some of the conduct alleged is not inherently criminal goes to the merits of the Government's case, not the specificity of the charges.

Finally, Maxwell argues that the indictment is vague because the government does not provide the names of the alleged victims. The Court sees no basis to require that the alleged victims' names be included the indictment. The names of victims, even if important, generally need not appear there unless their omission would seriously prejudice the defendant. *See United States v. Stringer*, 730 F.3d 120, 127 (2d Cir. 2013); *United States v. Kidd*, 386 F. Supp. 3d 364, 369 (S.D.N.Y. 2019). Maxwell likely knows the identity of the alleged victims described in the indictment at this point because the Government has provided extensive discovery on them.

Moreover, the Government has agreed to disclose their names in advance of trial.  There is thus no unfairness here.  *See Stringer*, 730 F.3d at 126.  As discussed below, the Court will require the parties to negotiate and propose a full schedule for all remaining pretrial disclosures.

**IV.**      **The perjury charges are legally tenable**

The Court turns next to Maxwell's motion to dismiss the perjury counts stemming from her answers to questions in a deposition in a civil case.  She contends that these charges are legally deficient because the questions posed were fundamentally ambiguous and the questions were not material to the subject of the deposition.  The Court concludes that the charges are legally tenable and Maxwell's defenses are appropriately left to the jury.

The applicable perjury statute imposes criminal penalties on anyone who "in any proceeding before or ancillary to any court . . . knowingly makes any false material declaration." 18 U.S.C. § 1623(a).  Testimony is perjurious only if it is knowingly false and is material to the proceeding in which the defendant offered it.

**A.  The questions posed were not too ambiguous to support a perjury charge**

The requirement of knowing falsity requires that a witness believe that their testimony is false.  *United States v. Lighte*, 782 F.2d 367, 372 (2d Cir. 1986).  As a general matter, "[a] jury is best equipped to determine the meaning that a defendant assigns to a specific question."  *Id.* Courts have acknowledged a narrow exception for questions that are so fundamentally ambiguous or imprecise that the answer to them cannot legally be false.  *Id.* at 372, 375; *see also United States v. Wolfson*, 437 F.2d 862, 878 (2d Cir. 1970).  A question is fundamentally ambiguous only if reasonable people could not agree on its meaning in context.  *Lighte*, 782 F.2d at 375.  The existence of some arguable ambiguity does not foreclose a perjury charge against a witness who understood the question.

21

At a minimum, Maxwell's motion is premature.  Courts typically evaluate whether a question was fundamentally ambiguous only after the development of a full factual record at trial.  *See, e.g.*, *United States v. Markiewicz*, 978 F.2d 786, 808 (2d Cir. 1992).  The evidence at trial may shed further light on whether the questions posed were objectively ambiguous in context or whether Maxwell subjectively understood them.  In any event, the Court has closely considered each of the categories of questions that Maxwell argues are ambiguous.  None of the alleged ambiguities Maxwell identifies rise to the level supporting dismissal of the charges. The context of the questions and answers, in conjunction with the Government's evidence, could lead a reasonable juror to conclude that the statements were perjurious.  Truth and falsity are questions for the jury in all but the most extreme cases.  The Court declines to usurp the jury's role on the limited pretrial record.

### B.  A reasonable juror could conclude that Maxwell's statements were material

Maxwell also argues that the perjury counts should be dismissed because none of the allegedly false statements were material to the defamation action.  In a civil deposition, a statement is material if it has a natural tendency to influence the court or if a truthful answer might reasonably lead to the discovery of admissible evidence.  *United States v. Gaudin*, 515 U.S. 506, 509 (1995); *United States v. Kross*, 14 F.3d 751, 753–54 (2d Cir. 1994).  Like knowing falsity, materiality is an element of the offense and thus ordinarily must be "decided by the jury, not the court."  *Johnson v. United States*, 520 U.S. 461, 465 (1997).  Only the most extraordinary circumstances justify departure from this general rule.  *United States v. Forde*, 740 F. Supp. 2d 406, 412 (S.D.N.Y. 2010) (citing *Gaudin*, 515 U.S. at 522–23).

The charged statements do not fall within this narrow exception.  Maxwell contends that the questions did not relate to the sex trafficking and sexual abuse allegations at the center of the

civil case, but that is not the legal standard.  The Government may prevail if it proves that

Maxwell's answers could have led to the discovery of other evidence or could influence the

factfinder in the civil case.  *See Gaudin*, 515 U.S. at 509; *Kross*, 14 F.3d at 753–54.  At trial, a

reasonable juror could conclude that truthful answers to the questions may have permitted the

plaintiff to locate other victims or witnesses who could have corroborated the plaintiff's

testimony.  The factual disputes relating to materiality are at least enough to preclude pretrial

resolution.  In criminal cases, courts must guard against "invading the 'inviolable function of the

jury' in our criminal justice system," and if the "defense raises a factual dispute that is

inextricably intertwined with a defendant's potential culpability, a judge cannot resolve that

dispute on a Rule 12(b) motion."  *United States v. Sampson*, 898 F.3d 270, 281 (2d Cir. 2018).

The Court concludes that the perjury charges are legally tenable and appropriately

presented to the jury.

## V.    The perjury charges must be severed and tried separately

Although the perjury charges are legally tenable, the Court concludes that the interests of

justice require severing those counts and trying them separately.  Trying the perjury counts

together with the Mann Act counts would require admitting evidence of other acts likely to be

unduly prejudicial.  It would also risk disqualifying Maxwell's chosen counsel based on their

involvement in the earlier civil case.

Rule 14(a) of the Federal Rules of Criminal Procedure allows a court to order separate

trials if joining all offenses in a single trial would prejudice the defendant.  A defendant seeking

severance must show significant unfairness to outweigh the burden on the court of conducting

multiple trials.  *United States v. Walker*, 142 F.3d 103, 110 (2d Cir. 1998).  The harm to the

defendant must be more than "solely the adverse effect of being tried for two crimes rather than

one." *United States v. Werner*, 620 F.2d 922, 929 (2d Cir. 1980).  Though this standard is

demanding, the Court concludes that, due to unique features of the perjury counts, Maxwell

meets it here.  Trying all counts together would compromise Maxwell's right to the counsel of

her choice and risk an unfair trial.

Trying the perjury counts together with the Mann Act counts would risk an unfair trial on

each set of counts.  First, it would introduce unrelated allegations of sexual abuse, which would

potentially expose the jury to evidence that might otherwise not be admissible.  In particular, a

joint trial would potentially expose the jury to a wider swath of information regarding civil

litigation against Epstein that is remote from Maxwell's charged conduct.  This presents a

significant risk that the jury will cumulate the evidence of the various crimes charged and find

guilt when, if considered separately, it would not do so.  *See United States v. Halper*, 590 F.2d

422, 430 (2d Cir. 1978).  Second, the evidence presented on the Mann Act counts may prejudice

the jury's ability to fairly evaluate Maxwell's truthfulness in her deposition, a critical element of

the perjury counts.  The Court has concerns that a limiting instruction may be inadequate to

mitigate these risks given the nature of the allegations involved.

Importantly, a joint trial is also likely to require disqualification of at least one of

Maxwell's attorneys from participating as an advocate on her behalf.  The perjury counts likely

implicate the performance and credibility of her lawyers in the civil action—two of whom

represent her in this case.  The New York Rules of Professional Conduct generally forbid a

lawyer from representing a client in a proceeding in which the lawyer is likely also to be a

witness.  N.Y. R. Prof'l Conduct § 3.7(a).  Maxwell's counsel in the civil action and the

deposition may be important fact witnesses on the perjury counts.  Even if counsel were not

required to testify, trying all counts together could force Maxwell to choose between having her

24

counsel testify on her behalf on the perjury charges and having them assist her in defending the Mann Act charges.

The Second Circuit has recognized that witness testimony offered by a party's attorney presents serious risks to the fairness of a trial. *See Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009). The lawyer might appear to vouch for their own credibility, jurors might perceive the lawyer as distorting the truth to benefit their client, and blurred lines between argument and evidence might confuse the jury. *Id.* Disqualification of counsel also implicates Maxwell's Sixth Amendment right to be represented by the counsel of her choice. *See, e.g.*, *United States v. Kincade*, No. 15-cr-00071 (JAD) (GWF), 2016 WL 6154901, at *6 (D. Nev. Oct. 21, 2016). The prejudice to Maxwell is especially pronounced because the attorneys who represented her in the civil case have worked with her for years and are particularly familiar with the facts surrounding the criminal prosecution. *See United States v. Cunningham*, 672 F.2d 1064, 1070–71 (2d Cir. 1982).

The Court is of course cognizant of the burden separate trials may impose on all trial participants. But much of the proof relevant to the perjury counts and the Mann Act counts does not overlap. In particular, materiality for statements made in a civil deposition is broad, and evidence on that question is unlikely to bear on the other charges here. *See Kross*, 14 F.3d at 753–54; *Gaudin*, 515 U.S. at 509. Although some allegations of sexual abuse are relevant to both sets of charges, many are not. At a minimum, this will expand the scope of the trial far beyond the narrower issues presented. And while the Court agrees with the Government that at least some of Maxwell's concerns are overstated, there is little question that the jury's consideration of the nature of the defamation action will require a significant investment of time and resources to provide the requisite context.

25

The balance of these considerations favors severance.  "Motions to sever are committed to the sound discretion of the trial judge."  *United States v. Casamento*, 887 F.2d 1141, 1149 (2d Cir. 1989).  In its discretion, the Court concludes that trying the perjury counts separately will best ensure a fair and expeditious resolution of all charges in this case.

## VI.   Maxwell's motion to strike surplusage is premature

Maxwell moves to strike allegations related to one of the alleged victims from the S1 superseding indictment as surplusage.  The Court declines to do so at this juncture.

Federal Rule of Criminal Procedure 7(d) allows a court to strike surplusage from an indictment on a defendant's motion.  "Motions to strike surplusage from an indictment will be granted only where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial."  *United States v. Hernandez*, 85 F.3d 1023, 1030 (2d Cir. 1996) (cleaned up).  Courts in this District generally delay ruling on any motion to strike until after the presentation of the Government's evidence at trial, because that evidence may affect how specific allegations relate to the overall charges.  *See, e.g.*, *United States v. Nejad*, No. 18-cr-224 (AJN), 2019 WL 6702361, at *18 (S.D.N.Y. Dec. 6, 2019); *United States v. Mostafa*, 965 F. Supp. 2d 451, 467 (S.D.N.Y. 2013).

Maxwell contends that the allegations related to "Minor Victim-3" are surplusage because the indictment does not charge that Minor Victim-3 traveled in interstate commerce or was below the age of consent in England where the alleged activities took place.  Thus, she argues, these allegations do not relate to the charged conspiracy and instead reflect an attempt to introduce Minor Victim-3's testimony for impermissible purposes.

The Court will not strike any language from the S1 superseding indictment at this juncture.  The standard under Rule 7(d) is "exacting" and requires the defendant to demonstrate

clearly that the allegations are irrelevant to the crimes charged.  *United States v. Napolitano*, 552 F. Supp. 465, 480 (S.D.N.Y. 1982).  The indictment does not allege that the alleged victim traveled in interstate commerce or was underage during sexual encounters with Epstein.  But the Court cannot rule out that the allegations may reflect conduct undertaken in furtherance of the charged conspiracy or be relevant to prove facts such as Maxwell's state of mind.  *See United States v. Concepcion*, 983 F.2d 369, 392 (2d Cir. 1992).  The Court will follow the well-worn path of others in this District and reserve the issue for trial.  Maxwell may renew her motion then.

**VII.    Maxwell's motion to dismiss multiplicitous charges is premature**

Maxwell's motion to dismiss either the first or third count of the S1 superseding indictment as multiplicitous is also premature.  Maxwell contends that the Government has alleged the same conspiracy twice in the indictment.  "An indictment is multiplicitous when it charges a single offense as an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed." *United States v. Chacko*, 169 F.3d 140, 145 (2d Cir. 1999). "The multiplicity doctrine is based upon the double jeopardy clause of the Fifth Amendment, which assures that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *United States v. Nakashian*, 820 F.2d 549, 552 (2d Cir. 1987) (cleaned up).

"Where there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed."  *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006).  "Since *Josephberg*, courts in this Circuit have routinely denied pre-trial motions to dismiss potentially multiplicitous counts as premature."  *United States v. Medina*, No. 13-cr-272

(PGG), 2014 WL 3057917, at *3 (S.D.N.Y. July 7, 2014) (collecting cases).  The Court therefore

denies Maxwell's motion to dismiss multiplicitous counts without prejudice.

**VIII.   The parties shall negotiate all remaining disclosures**

Maxwell moves to compel the Government to produce certain documents she believes it

has in its possession and has failed to produce.  She also seeks accelerated disclosure of the

Government's witness list, Jencks Act material, *Brady* and *Giglio* material, co-conspirator

statements, and Rule 404(b) material.  Based on the Government's response in briefing and

letters the parties have since submitted to the Court, it appears that most of these requests have

been overtaken by events.  Accordingly, although the Court concludes that Maxwell is not

entitled to expedite this discovery based on the arguments in her motion papers, the Court will

require the parties to confer on an overall schedule for all remaining pretrial disclosures.

**A.   The Court accepts the Government's representations that it has disclosed all**
   ***Brady* and *Giglio* Material**

The Supreme Court's decisions in *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v.*

*United States*, 405 U.S. 150 (1972) require the Government to disclose to defendants certain

evidence that will aid their defense.  *Brady* requires disclosure of exculpatory evidence.  Under

*Giglio*, the Government has a duty to produce "not only exculpatory material, but also

information that could be used to impeach a key government witness."  *United States v. Coppa*,

267 F.3d 132, 135 (2d Cir. 2001) (citing *Giglio*, 405 U.S. at 154).  As a general rule, "*Brady* and

its progeny do not require immediate disclosure of all exculpatory and impeachment material

upon request by a defendant."  *Id.* at 146.  "[A]s long as a defendant possesses *Brady* evidence in

time for its effective use, the government has not deprived the defendant of due process of law

simply because it did not produce the evidence sooner."  *Id.* at 144.

A-166

Maxwell requests an order directing immediate disclosure of all *Brady* and *Giglio*

material and also requests a few specific documents she contends the Government has failed to

disclose.  The Court begins with the specific requests.  The requested materials include (1)

records of witness interviews in connection with an ex parte declaration in support of a response

to a motion to quash subpoenas; (2) an unredacted copy of two FBI reports; (3) pages from a

personal diary that is in the custody of a civilian third party; and (4) copies of all subpoenas the

Government has issued for Maxwell's records as part of its investigation in this case.

The Government represents that it is cognizant of its *Brady* obligations, that is has

reviewed the witness interviews and one of the FBI reports, and that neither set of documents

includes exculpatory information not previously disclosed.  The Court has no reason to doubt the

Government's representation in this case that it is aware of its Brady obligations and that it has

complied and will continue to comply with them.  And because the witness statements are

covered by the Jencks Act, the Court cannot compel production of such statements under the

terms of the statute.  *See* 18 U.S.C. § 3500; *Coppa*, 267 F.3d at 145.  Next, the Government

represents that it has already produced an unredacted copy of the other requested FBI report, and

so that request is moot.  The diary pages she requests are within the control of a civilian third

party, not the Government, and so the Government need not (and perhaps cannot) produce them.

*See United States v. Collins*, 409 F. Supp. 3d 228, 239 (S.D.N.Y. 2019).  Finally, Maxwell's

request for copies of all subpoenas the Government has issued is overly broad and lacks a legal

basis.  Maxwell is not entitled to compel production of these documents.

The Court also will not issue an order requiring the immediate disclosure of *Brady* and

*Giglio* material.  The Government has represented that it recognizes its obligations under Brady

and that it has complied, and will continue to comply, with such obligations.  The Court has no

29

reason to doubt these representations given its expansive approach to document production thus far in this case.  The Government has agreed in its recent letter to produce *Giglio* material six weeks in advance of trial.  The parties shall negotiate the specific timing, but assuming a schedule along those lines is met, the Court concludes that Maxwell will be able to effectively prepare for trial.  *See Coppa*, 267 F.3d at 144.

### B.  Jencks Act material and co-conspirator statements

Maxwell also seeks to expedite discovery of Jencks Act material and non-exculpatory statements of co-conspirators that the government may offer at trial.  The Jencks Act, 18 U.S.C. § 3500, "provides that no prior statement made by a government witness shall be the subject of discovery until that witness has testified on direct examination."  *Coppa*, 267 F.3d at 145.  The statute therefore prohibits a district court in most cases from ordering the pretrial disclosure of witness statements unless those statements are exculpatory.  "A coconspirator who testifies on behalf of the government is a witness under the Act."  *In re United States*, 834 F.2d 283, 286 (2d Cir. 1987).  The Court therefore lacks the inherent power to expedite these disclosures.  In any case, the Government has agreed to produce all Jencks Act material at least six weeks in advance of trial.

The Court also rejects Maxwell's alternative request for a hearing to determine the admissibility of co-conspirator declarations.  Co-conspirator statements may often be admitted at trial on a conditional basis.  If the Court determines that the Government has not met its burden to show that the conditionally admitted statements were made in furtherance of the charged conspiracy, the Court should provide a limiting instruction or, in extreme cases declare a mistrial.  *United States v. Tracy*, 12 F.3d 1186, 1199 (2d Cir. 1993).  Although conditional admissions can pose a problem, a pretrial hearing is unnecessary here because the Government

has committed to producing co-conspirator statements at least six weeks in advance of trial to allow Maxwell to raise any objections. Maxwell will have adequate time to object to any proffered co-conspirator testimony following the Government's Jencks Act disclosures.

### C.  Witness list

As a general matter, "district courts have authority to compel pretrial disclosure of the identity of government witnesses." *United States v. Cannone*, 528 F.2d 296, 300 (2d Cir. 1975). In deciding whether to order accelerated disclosure of a witness list, courts consider whether a defendant has made a specific showing that disclosure is "both material to the preparation of the defense and reasonable in light of the circumstances surrounding the case." *United States v. Bejasa*, 904 F.2d 137, 139–140 (2d Cir. 1990) (cleaned up).

Maxwell has made a particularized showing that the Government must produce a witness list reasonably in advance of trial. The nature of the allegations in this case—decades-old allegations spanning multiple locations—present considerable challenges for the preparation of the defense. However, the Government's proposed disclosure schedule—which will afford Maxwell at least six weeks to investigate testifying witness statements—allows Maxwell significantly more time to review disclosures than schedules adopted in most cases in this District. *See, e.g.*, *United States v. Rueb*, No. 00-CR-91 (RWS), 2001 WL 96177, at *9 (S.D.N.Y. Feb. 5, 2001) (thirty days before trial); *United States v. Nachamie*, 91 F. Supp. 2d 565, 580 (S.D.N.Y. 2000) (fourteen days before trial). In addition, on April 13, 2021, the Government produced over 20,000 pages of interview notes, reports and other materials related to non-testifying witnesses. After considering the circumstances, including the complexity of the issues in this case and what the defense has already received and likely learned in the course of discovery, the Court concludes that the Government's proposal is generally reasonable.

31

**D. Rule 404(b) material**

Maxwell's final discovery request is for early disclosure of evidence the Government seeks to offer under Federal Rule of Evidence 404(b). Under Rule 404(b), if the prosecutor in a criminal case intends to use "evidence of a crime, wrong, or other act" against a defendant, the prosecutor must "provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial" and must "do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice." The Government represents that it will notify the defense of its intent to use 404(b) evidence at least 45 days in advance of trial to allow Maxwell to file any motions in limine to be considered at the final pretrial conference. The Government's proposal will give Maxwell an opportunity to challenge admission of that evidence and to bring to the Court's attention any issues that require resolution before trial. "This is all that Rule 404(b) requires." *United States v. Thompson*, No. 13-cr-378 (AJN), 2013 WL 6246489, at *9 (S.D.N.Y. Dec. 3, 2013). The Court concludes this schedule is generally reasonable, although additional time to enable briefing and resolution in advance of trial is strongly encouraged.

The Court's denial of Maxwell's requests to compel pretrial disclosures does not preclude the parties from negotiating in good faith for an expedited discovery timeline that will account for Maxwell's specific concerns. "[I]n most criminal cases, pretrial disclosure will redound to the benefit of all parties, counsel, and the court." *United States v. Percevault*, 490 F.2d 126, 132 (2d Cir. 1974). In general, the Court will require the parties to negotiate a final, omnibus schedule to propose to the Court. The Court concludes that the disclosure of all of the above materials approximately six to eight weeks in advance of trial is appropriate and sufficient.

A-170

Given the complexities of the case and the addition of two counts via the S2 indictment, the Court encourages the parties to agree to approximately eight weeks.

## IX.    The S2 superseding indictment moots Maxwell's grand jury challenge

The Court has not received supplemental briefing on the motions in light of the return of the S2 superseding indictment and so does resolve any such issues here.[1]  However, Maxwell's motion seeking to dismiss the S1 superseding indictment because it was returned by a grand jury sitting at the White Plains courthouse appears moot.  Maxwell argued that the use of a grand jury drawn from the White Plains Division in this District did not represent a fair cross-section of the community, because her trial would proceed in the Manhattan Division.  A grand jury sitting in Manhattan returned the S2 superseding indictment.  By April 21, 2021, Maxwell shall show cause why her grand jury motion should not be dismissed on that basis.

### Conclusion

The Court DENIES Maxwell's motions to dismiss the indictment as barred by Epstein's non-prosecution agreement (Dkt. No. 141), to dismiss the Mann Act counts as barred by the statute of limitations (Dkt. No. 143), to dismiss the indictment for pre-indictment delay (Dkt. No. 137), to dismiss the Mann Act counts for lack of specificity (Dkt. No. 123), to dismiss the perjury counts as legally untenable (Dkt. No. 135), to strike surplusage (Dkt. No. 145), to dismiss count one or count three as multiplicitous (Dkt. No. 121), and to expedite pretrial disclosures (Dkt. No. 147).  The Court GRANTS Maxwell's motion to sever the perjury counts for a separate trial (Dkt. No. 119).

---

[1] The parties shall negotiate and propose a schedule for any available additional or supplement rulings in light of the filing of the S2 indictment.

A-171

The Court ORDERS the Government to confirm within one week whether it considers any evidence related to negotiation of the non-prosecution agreement to constitute *Brady* or Rule 16 material and, if so, to confirm that it has or will disclose such evidence.

The Court further ORDERS the parties to negotiate a final schedule for all pretrial disclosures that remain outstanding, including: *Brady*, *Giglio*, and Jenks Act materials, including co-conspirator statements; non-testifying witness statements; testifying witness statements; the identity of victims alleged in the indictment; 404(b) material; and the Government's witness list. The Court also requires the parties to negotiate a schedule for any additional or supplemental motions briefing in light of the S2 indictment. The Court ORDERS a joint proposal to be submitted by April 21, 2021.  If agreement is not reached, the parties shall submit their respective proposals.

The Court further ORDERS Maxwell to show cause by April 21, 2021 why her motion to dismiss the S1 superseding indictment under the Sixth Amendment (Dkt. No. 125) should not be denied as moot.

SO ORDERED.


Dated: April 16, 2021
        New York, New York

_____
        ALISON J. NATHAN
        United States District Judge

34

A-172

# Exhibit B

A-173

# COMPOSITE EXHIBIT A

# NON-PROSECUTION AGREEMENT AND ADDENDUM

IN RE:
INVESTIGATION OF
JEFFREY EPSTEIN
_____/

### NON-PROSECUTION AGREEMENT

IT APPEARING that the City of Palm Beach Police Department and the State Attorney's Office for the 15th Judicial Circuit in and for Palm Beach County (hereinafter, the "State Attorney's Office") have conducted an investigation into the conduct of Jeffrey Epstein (hereinafter "Epstein");

IT APPEARING that the State Attorney's Office has charged Epstein by indictment with solicitation of prostitution, in violation of Florida Statutes Section 796.07;

IT APPEARING that the United States Attorney's Office and the Federal Bureau of Investigation have conducted their own investigation into Epstein's background and any offenses that may have been committed by Epstein against the United States from in or around 2001 through in or around September 2007, including:

(1)   knowingly and willfully conspiring with others known and unknown to commit an offense against the United States, that is, to use a facility or means of interstate or foreign commerce to knowingly persuade, induce, or entice minor females to engage in prostitution, in violation of Title 18, United States Code, Section 2422(b); all in violation of Title 18, United States Code, Section 371;

(2)   knowingly and willfully conspiring with others known and unknown to travel in interstate commerce for the purpose of engaging in illicit sexual conduct, as defined in 18 U.S.C. § 2423(f), with minor females, in violation of Title 18, United States Code, Section 2423(b); all in violation of Title 18, United States Code, Section 2423(e);

(3)   using a facility or means of interstate or foreign commerce to knowingly persuade, induce, or entice minor females to engage in prostitution; in violation of Title 18, United States Code, Sections 2422(b) and 2;

(4)   traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, as defined in 18 U.S.C. § 2423(f), with minor females; in violation

Page 1 of 7

of Title 18, United States Code, Section 2423(b); and

(5) knowingly, in and affecting interstate and foreign commerce, recruiting, enticing, and obtaining by any means a person, knowing that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act as defined in 18 U.S.C. § 1591(c)(1); in violation of Title 18, United States Code, Sections 1591(a)(1) and 2; and

IT APPEARING that Epstein seeks to resolve globally his state and federal criminal liability and Epstein understands and acknowledges that, in exchange for the benefits provided by this agreement, he agrees to comply with its terms, including undertaking certain actions with the State Attorney's Office;

IT APPEARING, after an investigation of the offenses and Epstein's background by both State and Federal law enforcement agencies, and after due consultation with the State Attorney's Office, that the interests of the United States, the State of Florida, and the Defendant will be served by the following procedure;

THEREFORE, on the authority of R. Alexander Acosta, United States Attorney for the Southern District of Florida, prosecution in this District for these offenses shall be deferred in favor of prosecution by the State of Florida, provided that Epstein abides by the following conditions and the requirements of this Agreement set forth below.

If the United States Attorney should determine, based on reliable evidence, that, during the period of the Agreement, Epstein willfully violated any of the conditions of this Agreement, then the United States Attorney may, within ninety (90) days following the expiration of the term of home confinement discussed below, provide Epstein with timely notice specifying the condition(s) of the Agreement that he has violated, and shall initiate its prosecution on any offense within sixty (60) days' of giving notice of the violation. Any notice provided to Epstein pursuant to this paragraph shall be provided within 60 days of the United States learning of facts which may provide a basis for a determination of a breach of the Agreement.

After timely fulfilling all the terms and conditions of the Agreement, no prosecution for the offenses set out on pages 1 and 2 of this Agreement, nor any other offenses that have been the subject of the joint investigation by the Federal Bureau of Investigation and the United States Attorney's Office, nor any offenses that arose from the Federal Grand Jury investigation will be instituted in this District, and the charges against Epstein if any, will be dismissed.

Terms of the Agreement:

1.  Epstein shall plead guilty (not nolo contendere) to the Indictment as currently pending against him in the 15th Judicial Circuit in and for Palm Beach County (Case No. 2006-cf-009495AXXXMB) charging one (1) count of solicitation of prostitution, in violation of Fl. Stat. § 796.07. In addition, Epstein shall plead guilty to an Information filed by the State Attorney's Office charging Epstein with an offense that requires him to register as a sex offender, that is, the solicitation of minors to engage in prostitution, in violation of Florida Statutes Section 796.03;

2.  Epstein shall make a binding recommendation that the Court impose a thirty (30) month sentence to be divided as follows:

    (a)  Epstein shall be sentenced to consecutive terms of twelve (12) months and six (6) months in county jail for all charges, without any opportunity for withholding adjudication or sentencing, and without probation or community control in lieu of imprisonment; and

    (b)  Epstein shall be sentenced to a term of twelve (12) months of community control consecutive to his two terms in county jail as described in Term 2(a), *supra*.

3.  This agreement is contingent upon a Judge of the 15th Judicial Circuit accepting and executing the sentence agreed upon between the State Attorney's Office and Epstein, the details of which are set forth in this agreement.

4.  The terms contained in paragraphs 1 and 2, *supra*, do not foreclose Epstein and the State Attorney's Office from agreeing to recommend any additional charge(s) or any additional term(s) of probation and/or incarceration.

5.  Epstein shall waive all challenges to the Information filed by the State Attorney's Office and shall waive the right to appeal his conviction and sentence, except a sentence that exceeds what is set forth in paragraph (2), *supra*.

6.  Epstein shall provide to the U.S. Attorney's Office copies of all

Page 3 of 7

proposed agreements with the State Attorney's Office prior to entering into those agreements.

7.  The United States shall provide Epstein's attorneys with a list of individuals whom it has identified as victims, as defined in 18 U.S.C. § 2255, after Epstein has signed this agreement and been sentenced. Upon the execution of this agreement, the United States, in consultation with and subject to the good faith approval of Epstein's counsel, shall select an attorney representative for these persons, who shall be paid for by Epstein. Epstein's counsel may contact the identified individuals through that representative.

8.  If any of the individuals referred to in paragraph (7), *supra*, elects to file suit pursuant to 18 U.S.C. § 2255, Epstein will not contest the jurisdiction of the United States District Court for the Southern District of Florida over his person and/or the subject matter, and Epstein waives his right to contest liability and also waives his right to contest damages up to an amount as agreed to between the identified individual and Epstein, so long as the identified individual elects to proceed exclusively under 18 U.S.C. § 2255, and agrees to waive any other claim for damages, whether pursuant to state, federal, or common law. Notwithstanding this waiver, as to those individuals whose names appear on the list provided by the United States, Epstein's signature on this agreement, his waivers and failures to contest liability and such damages in any suit are not to be construed as an admission of any criminal or civil liability.

9.  Epstein's signature on this agreement also is not to be construed as an admission of civil or criminal liability or a waiver of any jurisdictional or other defense as to any person whose name does not appear on the list provided by the United States.

10. Except as to those individuals who elect to proceed exclusively under 18 U.S.C. § 2255, as set forth in paragraph (8), *supra*, neither Epstein's signature on this agreement, nor its terms, nor any resulting waivers or settlements by Epstein are to be construed as admissions or evidence of civil or criminal liability or a waiver of any jurisdictional or other defense as to any person, whether or not her name appears on the list provided by the United States.

11. Epstein shall use his best efforts to enter his guilty plea and be

Page 4 of 7

sentenced not later than October 26, 2007. The United States has no objection to Epstein self-reporting to begin serving his sentence not later than January 4, 2008.

12.   Epstein agrees that he will not be afforded any benefits with respect to gain time, other than the rights, opportunities, and benefits as any other inmate, including but not limited to, eligibility for gain time credit based on standard rules and regulations that apply in the State of Florida. At the United States' request, Epstein agrees to provide an accounting of the gain time he earned during his period of incarceration.

13.   The parties anticipate that this agreement will not be made part of any public record. If the United States receives a Freedom of Information Act request or any compulsory process commanding the disclosure of the agreement, it will provide notice to Epstein before making that disclosure.

Epstein understands that the United States Attorney has no authority to require the State Attorney's Office to abide by any terms of this agreement. Epstein understands that it is his obligation to undertake discussions with the State Attorney's Office and to use his best efforts to ensure compliance with these procedures, which compliance will be necessary to satisfy the United States' interest. Epstein also understands that it is his obligation to use his best efforts to convince the Judge of the 15th Judicial Circuit to accept Epstein's binding recommendation regarding the sentence to be imposed, and understands that the failure to do so will be a breach of the agreement.

In consideration of Epstein's agreement to plead guilty and to provide compensation in the manner described above, if Epstein successfully fulfills all of the terms and conditions of this agreement, the United States also agrees that it will not institute any criminal charges against any potential co-conspirators of Epstein, including but not limited to Sarah Kellen, Adriana Ross, Lesley Groff, or Nadia Marcinkova. Further, upon execution of this agreement and a plea agreement with the State Attorney's Office, the federal Grand Jury investigation will be suspended, and all pending federal Grand Jury subpoenas will be held in abeyance unless and until the defendant violates any term of this agreement. The defendant likewise agrees to withdraw his pending motion to intervene and to quash certain grand jury subpoenas. Both parties agree to maintain their evidence, specifically evidence requested by or directly related to the grand jury subpoenas that have been issued, and including certain computer equipment, inviolate until all of the terms of this agreement have been satisfied. Upon the successful completion of the terms of this agreement, all outstanding grand jury subpoenas shall be deemed withdrawn.

Page 5 of 7

By signing this agreement, Epstein asserts and certifies that each of these terms is material to this agreement and is supported by independent consideration and that a breach of any one of these conditions allows the United States to elect to terminate the agreement and to investigate and prosecute Epstein and any other individual or entity for any and all federal offenses.

By signing this agreement, Epstein asserts and certifies that he is aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. Epstein further is aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial. Epstein hereby requests that the United States Attorney for the Southern District of Florida defer such prosecution. Epstein agrees and consents that any delay from the date of this Agreement to the date of initiation of prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at his own request, and he hereby waives any defense to such prosecution on the ground that such delay operated to deny him rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period between the signing of this agreement and the breach of this agreement as to those offenses that were the subject of the grand jury's investigation. Epstein further asserts and certifies that he understands that the Fifth Amendment and Rule 7(a) of the Federal Rules of Criminal Procedure provide that all felonies must be charged in an indictment presented to a grand jury. Epstein hereby agrees and consents that, if a prosecution against him is instituted for any offense that was the subject of the grand jury's investigation, it may be by way of an Information signed and filed by the United States Attorney, and hereby waives his right to be indicted by a grand jury as to any such offense.

/ / /

/ / /

/ / /

By signing this agreement, Epstein asserts and certifies that the above has been read and explained to him. Epstein hereby states that he understands the conditions of this Non-Prosecution Agreement and agrees to comply with them.

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

Dated: _____          By: _____
                                A. MARIE VILLAFAÑA
                                ASSISTANT U.S. ATTORNEY

Dated: 8/24/07                  _____
                                JEFFREY EPSTEIN

Dated: _____              _____
                                GERALD LEFCOURT, ESQ.
                                COUNSEL TO JEFFREY EPSTEIN

Dated: _____              _____
                                LILLY ANN SANCHEZ, ESQ.
                                ATTORNEY FOR JEFFREY EPSTEIN

Page 7 of 7

By signing this agreement, Epstein asserts and certifies that the above has been read and explained to him. Epstein hereby states that he understands the conditions of this Non-Prosecution Agreement and agrees to comply with them.

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

Dated: _____     By: _____
                           A. MARIE VILLAFAÑA
                           ASSISTANT U.S. ATTORNEY

Dated: _____     _____
                     JEFFREY EPSTEIN

Dated: 9/24/07       _____
                     GERALD LEFCOURT, ESQ.
                     COUNSEL TO JEFFREY EPSTEIN

Dated: _____     _____
                      LILLY ANN SANCHEZ, ESQ.
                      ATTORNEY FOR JEFFREY EPSTEIN

Page 7 of 7

By signing this agreement, Epstein asserts and certifies that the above has been read and explained to him. Epstein hereby states that he understands the conditions of this Non-Prosecution Agreement and agrees to comply with them.

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

Dated: _____     By: _____

A. MARIE VILLAFAÑA
ASSISTANT U.S. ATTORNEY

Dated: _____     _____

JEFFREY EPSTEIN

Dated: _____     _____

GERALD LEFCOURT, ESQ.
COUNSEL TO JEFFREY EPSTEIN

Dated: 9-24-07     _____

LILLY ANN SANCHEZ, ESQ.
ATTORNEY FOR JEFFREY EPSTEIN

Page 7 of 7

IN RE:

INVESTIGATION OF

JEFFREY EPSTEIN

_____/

<u>ADDENDUM TO THE NON-PROSECUTION AGREEMENT</u>

   IT APPEARING that the parties seek to clarify certain provisions of page 4, paragraph 7 of the Non-Prosecution Agreement (hereinafter "paragraph 7"), that agreement is modified as follows:

7A.   The United States has the right to assign to an independent third-party the responsibility for consulting with and, subject to the good faith approval of Epstein's counsel, selecting the attorney representative for the individuals identified under the Agreement. If the United States elects to assign this responsibility to an independent third-party, both the United States and Epstein retain the right to make good faith objections to the attorney representative suggested by the independent third-party prior to the final designation of the attorney representative.

7B.   The parties will jointly prepare a short written submission to the independent third-party regarding the role of the attorney representative and regarding Epstein's Agreement to pay such attorney representative his or her regular customary hourly rate for representing such victims subject to the provisions of paragraph C, infra.

7C.   Pursuant to additional paragraph 7A, Epstein has agreed to pay the fees of the attorney representative selected by the independent third party. This provision, however, shall not obligate Epstein to pay the fees and costs of contested litigation filed against him. Thus, if after consideration of potential settlements, an attorney representative elects to file a contested lawsuit pursuant to 18 U.S.C. s 2255 or elects to pursue any other contested remedy, the paragraph 7 obligation of the Agreement to pay the costs of the attorney representative, as opposed to any statutory or other obligations to pay reasonable attorneys fees and costs such as those contained in s 2255 to bear the costs of the attorney representative, shall cease.

By signing this Addendum, Epstein asserts and certifies that the above has been read and explained to him.  Epstein hereby states that he understands the clarifications to the Non-Prosecution Agreement and agrees to comply with them.

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

Dated: _10/30/07_

By: _Jeffrey H. Sloman_  FAUSA
for A. MARIE VILLAFAÑA
ASSISTANT U.S. ATTORNEY

Dated: _1/29/07_

JEFFREY EPSTEIN

Dated: _____

GERALD LEFCOURT, ESQ.
COUNSEL TO JEFFREY EPSTEIN

Dated: _____

LILLY ANN SANCHEZ, ESQ.
ATTORNEY FOR JEFFREY EPSTEIN

By signing this Addendum, Epstein asserts and certifies that the above has been read and explained to him. Epstein hereby states that he understands the clarifications to the Non-Prosecution Agreement and agrees to comply with them.

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

Dated: _10/30/07_                    By: _Jeffrey H. Sloman_ FAUSA
                                         A. MARIE VILLAFAÑA
                                         ASSISTANT U.S. ATTORNEY


Dated: _____

                                         JEFFREY EPSTEIN

Dated: _10/29/07_                        _Gerald Lefcourt_
                                         GERALD LEFCOURT, ESQ.
                                         COUNSEL TO JEFFREY EPSTEIN


Dated: _____

                                         LILLY ANN SANCHEZ, ESQ.
                                         ATTORNEY FOR JEFFREY EPSTEIN

By signing this Addendum, Epstein asserts and certifies that the above has been read and explained to him. Epstein hereby states that he understands the clarifications to the Non-Prosecution Agreement and agrees to comply with them.

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

Dated: 10/30/07                          By: _____ FAUSA

A. MARIE VILLAFAÑA
ASSISTANT U.S. ATTORNEY

Dated: _____                         _____

JEFFREY EPSTEIN

Dated: _____                         _____

GERALD LEFCOURT, ESQ.
COUNSEL TO JEFFREY EPSTEIN

Dated: 10-29-07                          _____

LILLY ANN SANCHEZ, ESQ.
ATTORNEY FOR JEFFREY EPSTEIN

Dec-07-07   04:55pm   From-Fowler-White Burnett                    3057866201        T-966   P.003/004   F-276

**Affirmation**

I, Jeffrey E. Epstein do hereby re-affirm the Non-Prosecution Agreement and Addendum to same dated October 30, 2007.

_____          12/7/07
Jeffrey E. Epstein                      Date

A-188

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/13/21
```

United States of America,

        –v–

Ghislaine Maxwell,

               Defendant.

20-cr-330 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

On April 16, 2021, the Court issued an Opinion & Order granting in part and denying in part Ghislaine Maxwell's various pretrial motions seeking to dismiss portions of the Government's (S1) superseding indictment and compel discovery. Prior to the issuance of that Opinion & Order but after the motions were fully briefed, a grand jury returned a second (S2) superseding indictment adding a sex trafficking count and sex trafficking conspiracy count. The Court did not address the new charges in the April 16, 2021 Opinion & Order. On May 25, 2021, Maxwell filed another round of pretrial motions seeking to dismiss the S2 indictment in whole or in part and to compel discovery. Dkt. No. 292, 293. For appeal preservation purposes or otherwise, the arguments largely, though not entirely, rehash the positions rejected by the Court in its April 16, 2021 Opinion & Order. To the extent new arguments are made, they are addressed below. All pending motions are DENIED. The Court provides a brief summary of its conclusions here and its reasoning on the pages that follow:

- Maxwell moves to dismiss counts one, three, five, and six as barred by Jeffrey Epstein's non-prosecution agreement. The Court again concludes, as it did in its April 16, 2021 Opinion & Order, that the agreement does not bind the United States Attorney for the Southern District of New York.

A-189

- Maxwell moves to dismiss counts five and six on the grounds that prosecuting her on those counts would violate her rights under the Double Jeopardy Clause. The Court concludes that Maxwell has not previously been put in jeopardy for these offenses and therefore her prosecution on these counts does not violate the Double Jeopardy Clause.

- Maxwell moves to dismiss counts five and six as untimely. The Court again concludes, as it did in its April 16, 2021 Opinion & Order, that the Government brought the charges within the applicable statute of limitations.

- Maxwell moves to dismiss count five and either count one or count three as multiplicitous. The Court again determines, as it did in its April 16, 2021 Opinion & Order, that this motion is premature and denies it without prejudice for renewal at trial.

- Maxwell moves to dismiss the S2 indictment for pre-indictment delay. The Court again concludes, as it did in its April 16, 2021 Opinion & Order, that Maxwell has not established that she suffered prejudice and therefore any delay has not violated her rights to due process.

- Maxwell moves for a bill of particulars related to counts five and six because they are too vague, and in particular do not provide specific dates. The Court again concludes, as it did in its April 16, 2021 Opinion & Order, that the charges are sufficiently specific.

- Maxwell moves to compel the Government to produce the statements of "Minor-Victim 4" in the S2 indictment as *Brady* material. The Court concludes that the current disclosure schedule gives Maxwell sufficient time to make effective use of any such statements and therefore immediate disclosure is not warranted.

I.    **Jeffrey Epstein's non-prosecution agreement does not bar the charges in the S2 indictment**

In its April 16, 2021 Opinion & Order on Maxwell's first set of pretrial motions, the

Court held that the non-prosecution agreement ("NPA") between Jeffrey Epstein and the U.S.

Attorney's Office for the Southern District of Florida did not bar the charges against Maxwell in

the S1 superseding indictment. *See United States v. Maxwell*, No. 20-cr-330 (AJN), 2021 WL

1518675, at *2 (S.D.N.Y. Apr. 16, 2021). Maxwell now renews those arguments for the charges

in the S2 superseding indictment. The Court understands the primary purpose of Maxwell's

renewed motion to be to preserve these arguments for appellate review, and the Court denies the

2

renewed motion for substantially the same reasons set forth in its April 16 opinion.  The Court

will proceed to briefly explain why neither the new charges in the S2 superseding indictment nor

the supplemental authority Maxwell cites change the Court's conclusion that the NPA does not

bar the charges against her.

As the Court explained in its April 16, 2021 Opinion & Order, the Second Circuit held in

*United States v. Annabi* that "[a] plea agreement binds only the office of the United States

Attorney for the district in which the plea is entered unless it affirmatively appears that the

agreement contemplates a broader restriction."  771 F.2d 670, 672 (2d Cir. 1985) (per curiam).

The Second Circuit's opinion in *Annabi* is clear, and that court has followed it steadfastly since.

*See, e.g.*, *United States v. Gonzalez*, 93 F. App'x 268, 270 (2d Cir. 2004); *United States v.

Brown*, No. 99-1230(L), 2002 WL 34244994, at *2 (2d Cir. Apr. 26, 2002); *United States v.

Salameh*, 152 F.3d 88, 120 (2d Cir. 1998) (per curiam); *United States v. Rivera*, 844 F.2d 916,

923 (2d Cir. 1988).  The Second Circuit has held that language nearly identical to that in

Epstein's NPA is not enough to overcome the presumption in favor of single-district plea

agreements.  *See Salameh*, 152 F.3d at 120.  Adhering to this binding authority, this Court thus

concluded (and continues to conclude) that the NPA does not bind the U.S. Attorney's Office for

the Southern District of New York.  It thus provides Maxwell no defense in this case even if it

would otherwise cover the conduct charged in the new counts in the S2 superseding indictment.

Maxwell advances two new arguments for why the Court should depart from this

reasoning—the first in her renewed motion and the second in a letter of supplemental authority.

*See* Dkt. Nos. 293, 310.  In her renewed motion, she contends that *Annabi* contains an exception

for out-of-district prosecutions for charges that are "identical to the dismissed charges."  And in

the letter of supplemental authority, she contends that the opinion of the Pennsylvania Supreme

3

Court in *Commonwealth v. Cosby*, No. 39 MAP 2020, 2021 WL 2674380 (Pa. June 30, 2021), requires dismissal. Neither argument is persuasive.

*Annabi* contains no exception for out-of-district prosecutions for charges that are "identical to the dismissed charges." In the language Maxwell cites from *Annabi*, the Second Circuit discussed (and rejected) a claim based on the Double Jeopardy Clause, not a claim based on the plea agreement in that case. *See Annabi*, 771 F.2d at 672. In that section of the opinion, the Second Circuit held that even if the charges had been identical to the dismissed charges, the defendants' double jeopardy claims would fail because they were never in jeopardy on the charges that were dismissed under the plea agreement. Nothing in *Annabi* suggests that the presumption in favor of single-district plea agreements does not apply if later charges in another district are sufficiently "identical" to the dismissed ones, and no subsequent Second Circuit case applying *Annabi* has so held. *Annabi* applies squarely to the facts of this case and binds this Court.

The Court also disagrees that *Cosby* mandates a different result. To begin with, this Court must follow the precedential opinions of the Second Circuit on questions of federal law, not those of a state court. Thus, nothing in *Cosby* could change this Court's view that Second Circuit precedent in *Annabi* forecloses Maxwell's arguments related to the NPA. In any event, the state court in *Cosby* did not purport to decide the same federal question at issue here. In *Cosby*, the court held that it was unfair for a district attorney to proceed with charges against Bill Cosby after the district attorney's office had, in that court's view of the facts, unequivocally promised that it would not charge him. *Cosby*, 2021 WL 2674380, at *34. That case did not involve a question of whether one office's promise bound another, much less whether a plea agreement in one federal district should be construed to apply in another district. Instead, the

4

case focused on whether prosecutors were required to honor a promise that the court found to be clear in the absence of a formal plea agreement. Even if this Court agreed with the analysis in *Cosby*, that opinion sheds no light on the proper interpretation of the NPA in this case.

After considering the arguments in Maxwell's renewed motion and letter of supplemental authority, the Court's view remains unchanged from its April 16, 2021 Opinion & Order. Under Second Circuit precedent, the NPA does not bind the U.S. Attorney for the Southern District of New York. It thus does not bar the charges in the S2 superseding indictment.

## II.    This prosecution does not violate the prohibition against double jeopardy

The Double Jeopardy Clause provides that "[n]o person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "This protection applies both to successive punishments and to successive prosecutions for the same criminal offense." *United States v. Dixon*, 509 U.S. 688, 696 (1993). "A defendant may only raise a Double Jeopardy claim if he has been put in jeopardy (*i.e.* jeopardy has 'attached') sometime before the alleged 'second' prosecution." *United States v. Podde*, 105 F.3d 813, 816 (2d Cir. 1997). A defendant is put in jeopardy when the jury in their case is empaneled or upon the defendant's entry of a guilty plea. *Crist v. Bretz*, 437 U.S. 28, 35 (1978); *Morris v. Reynolds*, 264 F.3d 38, 49 (2d Cir. 2001). Until then, a defendant has not been put in jeopardy and the Government is free to commence a prosecution.

Maxwell has not previously been put in jeopardy for the offenses charged in this case. She concededly has not been punished or prosecuted for any prior offense. She was never charged in the Southern District of Florida in connection with the Epstein investigation. She agreed to nothing in Epstein's NPA, because she was not a party to it. She suffered no criminal consequences as a result of Epstein's guilty plea in Florida state court. To the contrary, there is

no indication that Maxwell was even a subject of the Florida investigation. The Double Jeopardy Clause bars only successive prosecution or punishment for the same offense, and Maxwell has endured neither. Thus, the Double Jeopardy Clause does not bar the charges against her.

Despite facing no prior prosecution or punishment herself, Maxwell contends that she is immune from prosecution because Epstein was already punished for the same conspiracy. The cases she cites, however, deal with successive prosecutions of a particular defendant for the same conspiracy, not separate prosecutions of individual co-conspirators. *See, e.g.*, *United States v. Lopez*, 356 F.3d 463, 469 (2d Cir. 2004). The Double Jeopardy Clause does not require all co-conspirators be tried together for related offenses. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993); *United States v. Hinton*, 543 F.2d 1002, 1014 (2d Cir. 1976). Whether the Government could have charged Epstein again in this case has nothing to do with Maxwell's rights under the Double Jeopardy Clause.

Maxwell finally points to one case in which the Second Circuit held that a subsequent prosecution might not be permissible against a defendant whose charges were dismissed after her husband pleaded guilty. Dkt. No. 293 at 19 (citing *United States v. Cambindo Valencia*, 609 F.2d 603 (2d Cir. 1979)). However, the Court agrees with the Government that the result in *Cambindo Valencia* rested on the terms of the husband's plea agreement, not the Double Jeopardy Clause. *See Cambindo Valencia*, 609 F.2d at 638. No precedent stands for the proposition that an uncharged co-conspirator is put in jeopardy when another co-conspirator accepts a non-prosecution agreement. This is the first case in which Maxwell will be put in jeopardy for these offenses, and so this prosecution does not put her in jeopardy a second time.

6

A-194

### III. Counts five and six are not time-barred

For most non-capital offenses, the statute of limitations under federal law is five years. 18 U.S.C. § 3282(a). Congress has enacted longer limitations periods for certain crimes, in particular for "offense[s] involving the sexual or physical abuse, or kidnapping" of a minor in 18 U.S.C. § 3283. Prior to 2003, the limitations period in § 3283 lasted until the victim reached the age of 25, and then Congress extended the limitations period to the life of the victim with the PROTECT Act of 2003, Pub. L. No. 108-21, 117 Stat 60. In 2006, Congress enacted 18 U.S.C. § 3299, which eliminated the statute of limitations for the sex trafficking of minors in violation of 18 U.S.C. § 1591 and for some other sex crimes. *See* 18 U.S.C. § 3299 ("Notwithstanding any other law, an indictment may be found or an information instituted at any time without limitation for any offense under . . . section 1591.").

In her previous motion, Maxwell argued that the Mann Act charges against her in the indictment were time-barred on the grounds that the extended limitations period § 3283 was not applicable. The Court denied that motion in its April 16, 2021 Opinion & Order. *Maxwell*, 2021 WL 1518675, at *5. Maxwell now argues that the new charges the Government has brought against her in the S2 indictment, Sex Trafficking Conspiracy (18 U.S.C. § 371) and Sex Trafficking (18 U.S.C. § 1591), are time-barred as well because § 3283 does not apply to those offenses either. She renews her contention from her previous motion that the limitations period in § 3283 only applies to offenses which "necessarily entail" the sexual abuse of a minor and argues that a violation of 18 U.S.C. § 1591 does not. Thus, according to Maxwell's reasoning, the general five-year statute of limitations period in 18 U.S.C. § 3282(a) applies to the sex trafficking counts and, because the alleged conduct occurred from 2001 to 2004, the Government is now time-barred for prosecuting her for these offenses.

7

A-195

The Court denies this motion for substantially similar reasons as those discussed in its April 16, 2021 Opinion & Order. As an initial matter, the Court reiterates that Maxwell's analysis of § 3283 is incorrect. As the Court explained, § 3283 does not call for a "categorical approach" nor an "essential ingredient" test, but instead requires that the defendant's conduct in that particular case involved the sexual abuse of a minor. *Maxwell*, 2021 WL 1518675 at *5-7. Here, there is no question that Maxwell is alleged to have engaged in activity that constitutes the sexual abuse of a minor with respect to the sex trafficking counts.

But in any event, as the Government pointed out in its brief – and as Maxwell did not contest in her reply – § 3283 is not the only statute of limitations that applies to the sex trafficking counts. As discussed above, in 2006, Congress enacted § 3299 to eliminate altogether the limitations period for the offense of sex trafficking children in violation of § 1591. *See* 18 U.S.C. § 3299.

Moreover, while the alleged sex trafficking in the S2 indictment is alleged to have occurred prior to the enactment of § 3299 in 2006, the Court holds that the provision nonetheless applies retroactively to cover that conduct. In its April 16, 2021 Opinion & Order, the Court analyzed § 3283 under the *Landgraf v. USA Film Products*, 511 U.S. 244, 280 (1994) framework and concluded that the limitations period applied retroactively so long as the previous limitations period had not yet expired. *Maxwell*, 2021 WL 1518675, at *7-8. Similar to § 3283, which states that "[n]o statute of limitations that would otherwise preclude prosecution" shall apply, the language of § 3299 provides that an indictment may be instituted at any time for certain offenses "[n]otwithstanding any other law." As discussed in the Court's previous opinion with respect to § 3283, this kind of language unambiguously requires that the limitations period apply retroactively to prosecutions for offenses committed before the date of enactment so long as the

8

applicable limitations period has not yet run – offenses that *by definition* are those for which "other law[s]" of limitation would otherwise bar prosecution. *See* 18 U.S.C. § 3299. Moreover, as the Court also explained, not only does this kind of language unambiguously require retroactivity, it also does not result in any impermissible retroactive effects so long as it does not revive time-barred claims. *Maxwell*, 2021 WL 1518675, at *7-8. The Court therefore joins multiple other district courts in concluding that, like § 3283, § 3299 applies retroactively to offenses for which the previous limitations period has not yet run. *See United States v. Nader,* 425 F. Supp. 3d 619, 629 (E.D. Va. 2019); *United States v. Pierre-Louis*, No. 16 CR 541 (CM), 2018 WL 4043140, at *6 (S.D.N.Y. Aug. 9, 2018); *United States v. Vickers*, No. 13-CR-128-A, 2014 WL 1838255, at *8 (W.D.N.Y. May 8, 2014); *United States v. Sensi*, No. 3:08-CR-253 (WWE), 2010 WL 2351484, at *3 (D. Conn. June 7, 2010).

The sex trafficking charges are therefore not time-barred. Regardless of whether it was the general five-year limitations period in § 3282(a) or the extended limitations period for sexual abuse of minors in § 3283 that was applicable to Maxwell's alleged conduct *prior* to the enactment of § 3299 in 2006, neither had expired by that date. Thus, as Maxwell does not contest, § 3299 applies retroactively to the sex trafficking offenses in the indictment and the Government is permitted to bring those charges without time limitation.

## IV. Maxwell's motion to dismiss count five and either count one or count three as multiplicitous is premature

In her previous motions, Maxwell argued that either count one or count three of the S1 indictment, the Mann Act conspiracy charges, must be dismissed because the counts are multiplicitous. In the Court's April 16, 2021 Opinion & Order, the Court joined many other courts in this Circuit holding that pretrial motions of this sort are premature in light of *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006), and the Court dismissed without

9

prejudice.  *Maxwell*, 2021 WL 1518675, at *14.  In the instant motion, Maxwell similarly argues that count five of the S2 indictment, the sex trafficking conspiracy charge, is duplicative of either counts one or three.  Maxwell's motion is denied without prejudice for the reasons stated in the Court's April 16, 2021 Opinion & Order.

## V.     The Government's delay in bringing the charges did not violate due process

Maxwell also renews her motion to dismiss the S2 indictment based on alleged improper pretrial delay.  In its April 16, 2021 Opinion & Order, the Court denied Maxwell's motion, concluding that her efforts to show actual and substantial prejudice fell far short of the "stringent standard" necessary to prevail on such a claim.  *Maxwell*, 2021 WL 1518675, at *9.  Maxwell's motion to dismiss the S2 on these grounds fails for the same reasons.  As before, nothing in the record indicates that the Government's delay in bringing these charges was designed to thwart Maxwell's ability to prepare a defense.  However, it is sufficient to conclude that Maxwell does not make the strong showing of prejudice required to support this sort of claim.  Maxwell contends that the Government's delay in bringing charges has prejudiced her interests because potential witnesses have died, others have forgotten, and records have been lost or destroyed.  It is highly speculative that any of these factors would make a substantial difference in her case.

The Court thus again concludes for the reasons stated in the April 16, 2021 Opinion & Order, that Maxwell has failed to establish actual prejudice from the Government's delay in bringing charges.  She may renew her motion if the factual record at trial shows otherwise.  On the present record, neither the applicable statute of limitations nor due process bars the charges here.

A-198

## VI.    No bill of particulars is warranted

Maxwell moves for a bill of particulars as to counts five and six.  Federal Rule of Criminal Procedure 7 requires that an indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]"  The indictment must be specific enough to inform the defendant of the charges and allow the defendant to plead double jeopardy in a later prosecution based on the same events.  *See United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992).  "Under this test, an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime."  *United States. v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975).

"Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense."  *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).  "The purpose of a bill of particulars is to supplement the allegations in the indictment when necessary to (1) enable the defendant to prepare his defense, (2) avoid unfair surprise to the defendant at trial, and (3) preclude a second prosecution of the same offense." *United States v. Mandell*, 710 F. Supp. 2d 368, 384 (S.D.N.Y. 2010)).  On the other hand, the Court must balance these interests against the harm to the Government from restricting its proof at trial.  *See United States v. Rajaratnam*, No. 09-cr-1184 (RJH), 2010 WL 2788168, at *1 (S.D.N.Y. Jul. 13, 2010).

In her previous motions, Maxwell argued that the Mann Act counts in the indictment should be dismissed for lack of specificity or that, in the alternative, the Court should compel the Government to submit a bill of particulars providing greater detail of the charges.  Maxwell

11

contended specifically that the indictment is too vague because it refers to open-ended time periods for the Mann Act counts. The Court disagreed in light of Circuit precedent requiring only that an indictment describe the time and place of the charged conduct in "approximate terms" and permitting the use of "on or about" language to describe the window of when a violation occurred. *Maxwell*, 2021 WL 1518675, at *10 (citing *Tramunti*, 513 F.2d at 1113; *United States v. Nersesian*, 824 F.2d 1294, 1323 (2d Cir. 1987)). The Court explained that approximate time periods are particularly appropriate if the allegations involved ongoing conduct and especially if the indictment alleges sexual abuse against minor victims. *Id.* (citing *United States v. Young*, No. 08-cr-285 (KMK), 2008 WL 4178190, at *2 (S.D.N.Y. Sept. 4, 2008)).

Maxwell now again moves for a bill of particulars. Maxwell primarily argues that the S2 indictment does not provide specific dates for the conduct alleged with respect to the sex trafficking counts. Instead, the S2 indictment provides a four-year time period from 2001 to 2004 in which the alleged sex trafficking and sex trafficking conspiracy occurred. Maxwell's motion in this respect is denied for the same reasons stated in the Court's April 16, 2021 Opinion & Order. The indictment alleges ongoing conduct that involve the sexual abuse of minors with respect to counts five and six and therefore the approximate time period provided is sufficient. Accordingly, the motion for a bill of particulars is denied.[1]

VII. **The current disclosure schedule for impeachment material is adequate**

Finally, Maxwell moves to compel the immediate disclosure of any of Minor Victim's prior statements in which she did not mention Maxwell, including prior statements made to the

---

[1] Additionally, Maxwell includes in her motion for a bill of particulars a request to require the government to identify the unnamed co-conspirators who allegedly participated in the conspiracies charged in the S2 indictment. Maxwell also made this request in the parties' joint May 21, 2021 letter to the Court regarding the disclosure schedule. Dkt. No. 291. In both her motion and the May 21, 2021 letter, Maxwell requests that this information be disclosed to the defense at the same time that the Government discloses Jencks Act material. The Government has not opposed this request. In the absence

12

A-200

FBI.  The Court has ordered the Government to disclose all Jencks Act and *Giglio* material by October 11, 2021.  Dkt. No. 297 at 1.  That date is seven weeks in advance of trial.  The Court sees no reason to depart from the rule in this district that impeachment material of anticipated witnesses does not warrant an order compelling immediate disclosure.  *See United States v. Campo Flores*, No. 15 Cr. 765 (PAC), 2016 WL 5946472, at *11 (S.D.N.Y. Oct. 12, 2016).  Seven weeks in advance of trial is far more time than is standard in this district and no showing has been made that it will be insufficient for Maxwell to make effective use of the information in preparation of her defense.

    To the extent Maxwell argues that the Government is in possession of prior statements that are exculpatory under *Brady* (for example, if a witness denied Maxwell's involvement), rather than useful only for standard impeachment purposes, it is of course the Government's obligation to "disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case."  Dkt. 68 at 1.  The context of questions and answers surely matters as to whether a statement (or omission) is exculpatory, impeaching, or neither.  It is for the Government to make these assessments *ex ante* and fully meet its disclosure obligations so that the defense may make effective use of any such information in preparation for trial.  *See United States v. Coppa*, 267 F.3d 132, 144-46 (2d Cir. 2001).  The Government has repeatedly confirmed that it understands those obligations, and that it has met them and will continue to meet them.  Accordingly, the motion to compel the immediate disclosure of any of Minor Victim-4's prior statements in which she did not mention Maxwell is denied.

---

of objection, the Court presumes the Government intends to disclose this information to Maxwell at the same time that as it discloses Jencks Act material.

13

A-201

**Conclusion**

For the reasons above and in this Court's April 16, 2021 Opinion & Order, the Court

DENIES Maxwell's motion to obtain relief specified in her supplemental pre-trial motions

relating to the S2 indictment.  This resolves Dkt. No. 292.


SO ORDERED.


Dated: August 13, 2021
      New York, New York

_____
      ALISON J. NATHAN
     United States District Judge

14

LCKVMAX8                    Charge

1   travel across state lines with the intent that she would engage

2   in sexual activity for which a person could be charged with a

3   crime under the penal law of New York State, namely, New York

4   Penal Law Section 130.55.  I instruct you as a matter of law

5   that sexual abuse in the third degree -- the offense set forth

6   in Count Two of the indictment -- was a violation of New York

7   State Penal Law from in or about 1994, up to and including in

8   or about 1997, at the time the acts are alleged to have been

9   committed.

10          A person violates New York State Penal Law Section

11  130.55, sexual abuse in the third degree, when he or she

12  subjects another person to sexual contact without the latter's

13  consent.  Under New York law, "sexual contact" means any

14  touching of the sexual or other intimate parts of a person for

15  the purpose of gratifying the sexual desire of either party.

16  It includes the touching of the victim by the actor, whether

17  directly or through clothing; as well as the emission of

18  ejaculate by the actor upon any part of the victim, clothed or

19  unclothed.

20          Also under New York law, lack of consent can result

21  from incapacity to consent.  A person less than 17 years old is

22  deemed incapable of consenting to sexual contact under New York

23  law.  Thus, the law deems sexual contact with a person less

24  than 17 years old to be without that person's consent even if,

25  in fact, that person did consent.  However, in order to find

LCKVMAX8                    Charge

1   that the intended acts were nonconsensual solely because of the

2   victim's age, you must find that Ms. Maxwell knew that Jane was

3   less than 17 years old.

4          Instruction No. 18.  Count Four.  Transportation of an

5   individual under the age of 17 to engage in illegal sexual

6   activity.  The statute.

7          The relevant statute for Count Four is Title 18,

8   United States Code, Section 2423(a), which provides that a

9   person who "knowingly transports any individual under the age

10  of 17 years in interstate commerce, with the intent that such

11  individual engage in any sexual activity for which any person

12  can be charged with a criminal offense" is guilty of a federal

13  crime.

14         Instruction No. 19.  Count Four.  Transportation of an

15  individual under the age of 17 to engage in illegal sexual

16  activity.  The elements.

17         In order to prove the defendant guilty of Count Four,

18  the government must establish each of the following three

19  elements of the crime beyond a reasonable doubt:

20         First, that the defendant knowingly transported an

21  individual in interstate commerce as alleged in the indictment.

22         Second, that the defendant transported the individual

23  with the intent that the individual would engage in sexual

24  activity for which any person can be charged with a criminal

25  offense under New York law as alleged in the indictment.

**A-204**

LCKVMAX8                    Charge

1          And third, that the defendant knew that the individual

2    was less than 17 years old at the time of the acts alleged in

3    Count Four of the indictment.  Count Four also relates solely

4    to Jane during the time period 1994 to 1997.

5          Instruction No. 20.  Count Four.  Transportation of an

6    individual under the age of 17 to engage in illegal sexual

7    activity.  First element.

8          The first element of Count Four which the government

9    must prove beyond a reasonable doubt is that Ms. Maxwell

10   knowingly transported Jane in interstate commerce as alleged in

11   the indictment.  The phrase "to transport an individual in

12   interstate commerce" means to move or carry or cause someone to

13   be moved or carried from one state to another.

14         The government does not have to prove that Ms. Maxwell

15   personally transported Jane across a state line; it is

16   sufficient to satisfy the element that Ms. Maxwell was actively

17   engaged, either personally or through an agent, in the making

18   of the travel arrangements such as by purchasing tickets

19   necessary for Jane to travel as planned.  Ms. Maxwell must have

20   knowingly transported or caused the transportation of Jane in

21   interstate commerce.  That means that the government must prove

22   that Ms. Maxwell knew both that she was causing Jane to be

23   transported and that Jane was being transported in interstate

24   commerce.  As I've explained, an act is done knowingly when

25   it's done voluntarily and intentionally and not because of