

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 10, 2024

**By CM/ECF**

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:    ***United States v. Ghislaine Maxwell*,**
             **Docket No. 22-1426**
             **Argument date: March 12, 2023**

Dear Ms. Wolfe:

    The Government respectfully submits this letter, pursuant to Federal Rule of Appellate Procedure 28(j), to inform this Court of *United States v. Watkins*, 940 F.3d 152 (2d Cir. 2019).

    In *Watkins*, this Court explained that the portion of the Bail Reform Act, 18 U.S.C. § 3142(f)(1)(E), that required a detention hearing for "any felony . . . that involves a minor victim . . . ." permits a court to conduct a "conduct-specific inquiry in which the judicial officer may look beyond the elements of the charged offense to consider the actual conduct underlying the arrestee's charged offense." 940 F.3d at 165, 167. Because that phrase "refers to a 'minor victim,'" it "suggest[s] factual details surrounding the charged conduct." *Id.* at 166. The Court also noted the absence of a textual trigger for the categorical approach like "that has as an element." *Id.* at 166 n.70. The Court further explained that its conclusion was reinforced by legislative history, namely, the inclusion of Section 3142(f)(1)(E) in a statute intended to "afford minor victims of crime the greatest degree of protection." *Id.* at 166.

    The Court contrasted Section 3142(f)(1)(E) with another portion of the Act that contains the word "involves" but requires use of the categorical approach, because that text "refers, variously, to a 'crime,' an 'offense,' and a 'felony,'" indicating an emphasis on the nature of the legal charge rather than "factual details." *Id.* (quoting 18 U.S.C. § 3182(f)(1) (discussing "a case that involves . . . a crime of violence . . ."); *see id.* at 162-65.

  The same principles apply to the statute of limitations at issue here. (*See* Gov. Br. 42-49).  That statute covers an "offense involving the sexual or physical abuse . . . of a child," 18 U.S.C. § 3283 (2003), which similarly "suggests factual details surrounding the charged conduct" and lacks language like "has as an element."  And it is also part of a statute intended to afford broader protections for minor victims of crimes.  *See, e.g.*, *Weingarten v. United States*, 865 F.3d 48, 54 (2d Cir. 2017).

              Respectfully submitted,

              DAMIAN WILLIAMS
              United States Attorney

       By:   /s/
              Andrew Rohrbach
              Maurene Comey
              Lara Pomerantz
              Hagan Scotten
              Assistant United States Attorneys
              Tel: (212) 637-1944

cc:  Diana Fabi Samson, Esq. (via CM/ECF)